UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-2608-SDM-AAS

HEALTHPLAN SERVICES, INC.,
a Florida corporation,

    Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

    Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO DIXIT'S, KNOWMENTUM'S AND MEDIA SHARK'S MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, HealthPlan Services, Inc. ("HealthPlan"), hereby submits this opposition to Defendants Rakesh Dixit's ("Dixit"), and Knowmentum, Inc.'s, ("Knowmentum"), and Media Shark Productions, Inc.'s, ("Media Shark") Motion to Dismiss Amended Complaint (ECF No. 49) ("Motion").

## I. INTRODUCTION

HealthPlan's Amended Complaint is well-pled, provides each Defendant with full notice of the claims and allegations asserted against them, and does not inappropriately lump

Defendants. Dixit's, Knowmentum's and Media Shark's arguments to the contrary fail because the Amended Complaint specifically alleges, to the extent practicable at this stage of the pleadings, the individual actions that each Defendant committed. Accordingly, Dixit's, Knowmentum's, and Media Shark's Motion should be denied.

## II. STANDARDS FOR MOTIONS TO DISMISS

It is well settled that a complaint should not be dismissed for failure to state a claim "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103,104 (11th Cir. 1982). Indeed, the threshold of sufficiency that a complaint must meet is low. *Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). In deciding a motion to dismiss, therefore, a court is constrained to the four corners of the complaint. See *Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.,* 87 F. Supp. 2d 1287 (S.D.Fla.2000). Additionally, in its examination of the complaint, a court must accept a plaintiff's well-pled facts as true and construe the complaint in the light most favorable to plaintiff. *Sundance Apts. I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1219 (S.D. Fla. May 6, 2008) (citations omitted).

## III. THE COMPLAINT IS NOT A SHOTGUN PLEADING BECAUSE IT ARTICULATES CLAIMS WITH ENOUGH CLARITY FOR DEFENDANTS TO HAVE NOTICE AND RESPOND

HealthPlan's Complaint is not a shotgun pleading. The Eleventh Circuit has long characterized a shotgun pleading as "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008); *Anderson v. District Bd. of Tr. of*

*Cent. Florida Cmty Coll.,* 77 F. 3d 364, 366 (11th Cir. 1996) (explaining that shotgun pleadings are those in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

### A. The Complaint Alleges The Specific Actions Attributable to Each Defendant

Dixit, Knowmentum and Media Shark argue that in the Amended Complaint, "Plaintiff has merely lumped the Defendants together, never apprising each of its contribution to the alleged claim."[1] Motion, p. 5. This argument is unavailing because there is nothing improper about combining defendants in alleging claims for relief from actions by the Defendants acting jointly. *See Sams v. Prison Health Services, Inc.*, 2007 U.S. Dist. LEXIS 97811, *9 (M.D. Fla. Mar. 14, 2007) (stating that the lumping together of defendants into categories is permissible under both Fed. R. Civ. P. 8(a) and 12(b)(6)). A complaint against multiple defendants is read as making the same allegation against each defendant individually. *Id.*

Here, each count in the Amended Complaint alleges which Defendants acted together as well as the cause of action they each violated. Indeed, the heading of each count identifies each accused Defendant by name. This is not an instance where all Defendants were mindlessly named in all counts. To the contrary, each individual Defendant was specifically identified only in the counts against that individual Defendant. For example, Count I of the Amended Complaint makes clear that "Defendants Dixit, Kutsomarkos, E-Integrate, Media Shark, and Knowmentum ***together participated*** in the misappropriation of HealthPlan's confidential, proprietary and trade secret information in the improper and unlawful manner ***as***

---

[1] Defendants E-Integrate, Inc. and Feron Kutsomarkos concede that the Amended Complaint provides sufficient notice insofar as they have indicated that, in due course, they will answer the Amended Complaint rather than file a Motion to Dismiss.

*alleged in paragraphs 57-71, supra*." (emphasis added) (Am. Compl. ¶ 80, ECF No. 1).

Paragraphs 57-71 of the Amended detail the specific actions of each Defendant. Similarly, Count II of the Amended Complaint expressly incorporates by reference the facts set forth in Paragraphs 57-71. Further, Paragraph 86 in Count II recounts facts about Dixit's, Kutsomarkos', E-Integrate's and Media Shark's misconduct. These include factual allegations that Dixit, Kutsomarkos, E-Integrate and Media Shark improperly acquired, and without authorization, used HealthPlan IP to induce others to invest in the development of Focus, IT, LLC and their "rebrand[ing], repackag[ing], and pass[ing] off the HealthPlan IP as their own "Fit" system in an effort to attract investors. . ." (Am. Compl. ¶ 86).

Count IV of the Amended Complaint, specifically Paragraph 101, also incorporates by reference Paragraphs 57-71 which set forth the actions of the Defendants. Paragraph 62 of the Amended Complaint alleges that Dixit, Kutsomarkos, Knowmentum and Media Shark copied the HealthPlan Copyrights, including the HealthPlan scripts, marketing materials and presentations covered by the HealthPlan Copyrights into a rebranded "Fit" demonstration package. Further, Paragraph 63 alleges that they copied, made derivative works of, and displayed the HealthPlan Copyrighted Scripts. Further still, Paragraph 64 alleges that they copied, made derivative works of and displayed the HealthPlan Copyrighted Videos. Even further still, Paragraph 65 alleges that the infringing conduct involved their deriving the Fit system presentation directly from the HealthPlan Copyrighted Scripts and the HealthPlan Copyrighted Videos.

Dixit's, Knowmentum's and Media Shark's parsing of the Amended Complaint and viewing specific paragraphs of the Amended Complaint in a vacuum to support their Motion,

while ignoring other paragraphs, is improper. For example, Dixit, Knowmentum and Media Shark reference Paragraphs 80, 87, 101, and 116 in Counts I-V as examples of the need for more detailed facts about the actions that each Defendant committed. Dixit, Knowmentum and Media Shark overlook, however, Paragraphs 57-71 and the paragraphs in each Count of the Amended Complaint that supply specific facts about each Defendant's actions with respect to the particular Count.

Dixit's, Knowmentum's and Media Shark's insistence on extremely detailed allegations as to precise activities of each Defendant goes far beyond providing adequate notice to each Defendant, which is all that is required by Rule 8. The *Brooks v. Blue Cross Blue Shield of Florida*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) and *Southland Securities Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353 (5th DCA 2004) cases cited by Defendants in their Motion are inapposite because they involved fraud-based claims and/or averments, which must be stated with particularity under Rule 9(b).

Here, the Amended Complaint does not expressly allege fraud and therefore, should not be subject to the heightened pleading standard of 9(b). Even if this Court were to find that the Amended Complaint does not separately allege the specific activities of each Defendant and Rule 9 applied, which it does not, the Amended Complaint would nevertheless provide Dixit, Knowmentum and Media Shark with notice of the claims against them and the ability to respond. *See FTC v. Centro Natural Corp.*, 2014 U.S. Dist. LEXIS 180549, *18 (S.D. Fla. Dec. 10, 2014) (holding that the plaintiff's failure to separately allege the precise activities of 11 defendants was proper even under the heightened pleading requirements of Rule 9(b)); *Bridgewater v. Double Diamond-Delaware, Inc.* 2010 U.S. Dist. LEXIS 45790, *27 (N.D. TX

5

2010) (finding that while the complaint included a number of broad, undifferentiated assertions, it also alleged sufficient facts to avoid dismissal such as sufficiently apprising each defendant of his or her role in alleged scheme).

Given the foregoing, Dixit, Knowmentum and Media Shark each have full and fair notice of the claims and allegations of trade secret misappropriation, unfair competition and deceptive trade practices, and copyright infringement alleged against them in Counts I-V of the Amended Complaint.

### B. The Appropriate Remedy For Alleged Shotgun Pleadings Is A Motion For A More Definitive Statement Rather Than A Motion to Dismiss

Even if the Amended Complaint were a shotgun pleading because it asserts multiple claims against multiple defendants without specifying which applies to which, which it is not, the appropriate remedy and proper procedure would be for the Court to order an amendment of the Amended Complaint, not to dismiss the entire action. The Eleventh Circuit has long held that when confronted with a shotgun pleading, the appropriate remedy is to move for a more definite statement pursuant to Fed. R. Civ. P 12(e). *Anderson*, 77 F.3d at 366.

## IV. CONCLUSION

For the reasons stated herein, the Motion should be denied.


Dated: January 7, 2019                      Respectfully Submitted,


                                            By:  */s/ Evi T. Christou*
                                            Alejandro J. Fernandez
                                            Fla. Bar No. 32221
                                            Board Certified in Intellectual Property Law
                                            E-mail:  afernandez@brinksgilson.com

Stephen J. Leahu
Fla. Bar. No. 54037
Board Certified in Intellectual Property Law
E-mail: sleahu@brinksgilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No. (813) 275-5020
Telefacsimile No. (305) 275-5021

William H. Frankel
IL ARDC No. 3127933
*Admitted Pro Hac Vice*
wfrankel@brinksgilson.com
Andrew J. Avsec
IL ARDC No. 6292313
*Admitted Pro Hac Vice*
aavsec@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Evi T. Christou
D.C. Bar No.1600066
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on January 7, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Evi T. Christou*
Evi T. Christou
