HEALTHPLAN SERVICES, INC.,
a Florida corporation,

 Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

 Defendants.
_____/

## PLAINTIFF/COUNTERCLAIM-DEFENDANT HEALTHPLAN'S MOTION TO STRIKE DEFENDANTS KUTSOMARKOS' AND E-INTEGRATE'S ANSWER AND AFFIRMATIVE DEFENSES AND TO DISMISS DEFENDANT/COUNTERCLAIM-PLAINTIFF E-INTEGRATE'S COUNTERCLAIM

 Plaintiff/Counterclaim-Defendant, HealthPlan Services, Inc. ("HealthPlan"), through its undersigned counsel, moves, pursuant to Fed. R. Civ. P. 12(f) and 12(b)(6) to strike Defendants Feron Kutsomarkos' ("Kutsomarkos") and E-Integrate, Inc.'s ("E-Integrate") (collectively, "Defendants") Answers and Affirmative Defenses and to dismiss E-Integrate, Inc.'s Counterclaim ("Counterclaim") (ECF No. 53).

## I. INTRODUCTION

On December 17, 2018, HealthPlan filed its First Amended Complaint against E-Integrate and Kutsomarkos along with the other defendants for, *inter alia*, trade secret misappropriation, unfair competition, breach of contract, copyright infringement, and deceptive and unfair trade practices. (ECF No. 37). Rather than challenging the sufficiency of the First Amended Complaint, Defendants filed an Answer and E-Integrate filed a counterclaim against HealthPlan for breach of contract and unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (ECF No. 53).

Defendants' Answer fails to meet the pleading standards of Fed. R. Civ. P. 8, as interpreted by decisions of this and other courts in this circuit, because certain responses do not fairly respond to the substance of the allegations in the First Amended Complaint and certain affirmative defenses are boilerplate, conclusory defenses that fail to allege any factual basis, fail to meet the requisite pleading requirement or are not even affirmative defenses. Accordingly, such responses and affirmative defenses should be stricken to avoid wasting the parties' and judicial resources litigating spurious issues.

Likewise, E-Integrate's Counterclaim for breach of contract and unfair and deceptive trade practices under FDUTPA fail to state a claim for relief and fail to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) because they fail to allege any factual basis, and as such, should be dismissed.

## I. LEGAL STANDARDS

### A. Motions to Strike

A court has the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Parties employ motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Clarendon Am. Ins. Co. v. All Bros. Painting*, 2013 U.S. Dist. LEXIS 157668, *2 (M.D. Fla. Nov. 4, 2013) (citing *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp. 2d 393, 402 (E.D. Pa. 2002)).

### B. Motions to Dismiss

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, courts are not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "A complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is not adequate to survive a 12(b)(6) motion to dismiss." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677. The court "should assume, on a case-by-case basis,

that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## II. ARGUMENT AND AUTHORITY

### A. HealthPlan's Motion To Strike Defendants' Answers And Affirmative Defenses

#### 1. Defendants' Answers Do Not Fairly Respond To The Substance Of The Allegations In The First Amended Complaint And Should Be Stricken

Rather than simply admitting, denying or stating that Defendants are without knowledge as to HealthPlan's allegations, as required by Fed. R. Civ. P. 8, Defendants answer nearly all of the allegations in the First Amended Complaint with the following identical running argument:

> The First Amended Complaint is a "shotgun" pleading; and, this paragraph of the Complaint impermissibly lumps all of the Defendants together and is being used to assert multiple claims against multiple Defendants, without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claims are brought against are supported by these allegations. As such, these Defendants cannot determine and/or assume which allegations of this paragraph of the Complaint are directed toward them (or which Defendant(s)) and, therefore, these Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph. To the extent an answer is required, Defendants deny the allegations contained in this paragraph.

Answer, ¶¶ 80-82, 85-89, 92-95,[1] 101, 102, 104, 106-112, 115-120, 122-127, 137-141.

---

[1] Defendants' Answer does not include a response to Paragraph 93 of the First Amended Complaint. Defendants' failure to deny this allegation should be treated as an admission. HealthPlan nevertheless includes this paragraph in this range given that Defendants responded to the remaining allegations in Count III in a similar manner.

4

This Court addressed and struck answers containing a substantially similar argument in *Clarendon Am. Ins. Co. v. All Bros. Painting, Inc.*, 2013 U.S. Dist. LEXIS 157668 (M.D. Fla. Nov. 4, 2013). The answers to the plaintiff's amended complaint in that case each contained, one of the following averments (or something substantially similar):

> Paragraph 10 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Furthermore, the allegations contained in Paragraph 10 are vague and ambiguous. In an abundance of caution, denied.
>
> Admitted to the extent that the terms and conditions contained in Exhibit [x] speak for themselves. Lion Gables denies any allegation or quotation that is inconsistent with the express language set forth in Exhibit [x]. In all other respects, the allegations contained in Paragraph [y] are vague and ambiguous, and Lion Gables is unable to frame a response. However, in an abundance of caution, denied. (Doc. 17, ¶¶ 9, 15).

*Id.* at *4-6. In *Clarendon*, this Court noted that such responses made it impossible to know whether the defendants denied all of the averments in the paragraphs or if they were reading each paragraph as a whole and making a denial because some, but not all, of the allegations in the paragraph are denied. This Court also noted that the fact that the defendants' answers concluded with a general denial did not make its otherwise improper responses proper and found that the surplusage in the defendants' answers is improper. Like this Court found in *Clarendon,* it should also find that the manner in which the concluding denial is made by Defendants leaves HealthPlan, as well as this Court, to guess whether Defendants are denying the entire paragraph because it disputes all the averments, because it disagrees with some part of the paragraph, or because it purportedly believes that more than one defendant

5

is improperly mentioned in a particular paragraph.

The Defendants have attempted to circumvent the pleading requirements by arguing that each of these paragraphs "impermissibly lumps Defendants together," "is being used to assert multiple claims against multiple Defendants, without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claims are brought against are supported by these allegations," and "[a]s such, these Defendants cannot determine and/or assume which allegations of this paragraph of the Complaint are directed toward them (or which Defendant(s)) and, therefore, these Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph." It is clear, however, that certain counts and paragraphs in the First Amended Complaint are not directed to multiple defendants, but rather, unmistakably directed to only one defendant and/or only E-Integrate and/or Kutsomarkos.

First, a cursory review of the headings of each count in the First Amended Complaint reveals that certain counts are only asserted against one Defendant or E-Integrate and/or Kutsomarkos. For example, Count VIII: Breach of Contract is asserted only against Media Shark. Nevertheless, Defendants assert the same boilerplate denial for almost all of the paragraphs in this Count. *See* Answer (ECF No. 53), ¶¶ 137-141. Second, Defendants assert the same boilerplate denial for paragraphs directed only to one particular defendant. For example, Count VI: Vicarious Copyright Infringement is asserted against Dixit and Kutsomarkos, yet, certain paragraphs refer to only Dixit or Kutsomarkos. By way of example, Paragraph 124 of the First Amended Complaint avers that "***Dixit*** obtained a direct

financial benefit from the infringing activities of the individuals or entities who directly infringed the HealthPlan Copyrights. Among other things, ***Dixit*** received hundreds of thousands of dollars in payments either directly or indirectly from Dr. Bojkovic." (emphasis added).

Similarly, Paragraph 125 of the First Amended Complaint avers that "[a]s an owner of Media Shark at relevant times, ***Kutsomarkos***, had the right, and ability to control the infringing acts of Media Shark." (emphasis added) and Paragraph 126 avers that "***Kutsomarkos*** obtained a direct financial benefit in the form of significant payments from at least Media Shark in connection with Media Shark's direct infringement of the HealthPlan Copyrights and use of the Infringing Works." (emphasis added). Defendants' boilerplate denial to Paragraphs 125 and 126 of the First Amended Complaint are wholly without merit because the paragraphs are directed to facts well within the personal knowledge of Kutsomarkos. Thus, it defies logic that Kutsomarkos has no knowledge or information sufficient to form a belief about the truth of the allegations and, thus, the answer does not fairly respond to the substance of the allegations.

Ultimately, Defendants' objectionable answers prejudice HealthPlan because proper answers would give HealthPlan notice of Defendants' position on the facts alleged in the First Amended Complaint and potentially allow the parties to narrow the issues and the scope of discovery. Accordingly, HealthPlan moves to strike paragraphs 80-82, 85-89, 92-95, 101, 102, 104, 106-112, 115-120, 122-127, 137-141 of Defendants' Answer, as insufficient, and for entry of an order that Defendants must provide responses to each allegation within a

given paragraph, with a proper denial, admission or statement of lack of sufficient knowledge as required by the Federal Rules of Civil Procedure.

### 2. E-Integrate's & Kutsomarkos' Boilerplate And Conclusory Affirmative Defenses Should Be Stricken

To properly raise an affirmative defense, a party "must do more than make conclusory allegations." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. Apr. 8, 2005) (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. Dec. 9, 2002)). Therefore, a pleader must include enough facts "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555; *see also Castillo v. Roche Labs. Inc.*, 2010 U.S. Dist. LEXIS 87681 (S.D. Fla. Aug. 2, 2010) (applying the pleading standard in *Twombly* and *Iqbal* to affirmative defenses). Here, Defendants' Answer is riddled with several affirmative defenses that are deficient because they either (1) are not proper affirmative defenses, (2) do not contain any supporting facts that give HealthPlan fair notice of the defense being asserted or how they apply to the facts of the case, or (3) are not pled with particularity, and as such, should be stricken.

First, Defendants' first, second and fourth affirmative defenses are not properly asserted as affirmative defenses because failure to state a claim asserts a defect in HealthPlan's *prima facie* case – it is not an additional set of facts that bar recovery notwithstanding the plaintiff's valid *prima facie* case. *See Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. Oct. 3, 2007). Second, several of the Defendants' affirmative defenses are boilerplate, conclusory defenses, including but not limited to: Defendants' seventh affirmative defense ("Plaintiff's claims are barred by the

8

doctrine of fair use"; eighth affirmative defense ("Plaintiff's claims are barred by license"); tenth affirmative defense ("Plaintiff's claims are barred by the defense of bad faith"); eleventh affirmative defense ("Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations"); twenty-sixth affirmative defense ("Defendants assert that they are not liable to Plaintiff because Plaintiff failed to mitigate it [sic] damages"); twentieth affirmative defense ("Plaintiff's claims are barred by the doctrine of waiver"); thirtieth affirmative defense ("Plaintiff's claims are barred by the doctrine of estoppel"); and thirty-first affirmative defense ("Plaintiff's claims are barred by the doctrine of ratification").

This Court has stricken such bare-bones and conclusory defenses. For example, in *PK Studios, Inc. v. R.L.R. Invs., LLC*, 2016 U.S. Dist. LEXIS 116057 (M.D. Fla. Aug. 30, 2016), this Court struck several bare-bones, conclusory affirmative defenses that are identical or nearly identical to the affirmative defenses asserted by E-Integrate and Kutsomarkos. Such defenses in that case comprised: (1) "[a]ny alleged infringement by [defendant] was *de minimis*" (emphasis in original); (2) "Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel"; (3) "Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations: and (4) "Defendants . . . have not infringed upon Plaintiff's copyright rights and that, to the extent that any of the copyrighted materials were used [], their use constitutes a fair use . . . ." *PK Studios, Inc. v. R.L.R. Invs*, No. 2:15-cv-389-FtM-99CM, Dkt. No. 54 (M.D. Fla. Feb. 5, 2016).; *Castillo v. Roche Labs*, 2010 U.S. Dist. LEXIS 87681 (striking the affirmative defense that a party failed to mitigate damages because it did not contain any supporting facts of the defense that would give the plaintiff

"fair notice" of the defense being asserted); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (merely alleging that the affirmative defense exists is not sufficient).

Third, certain affirmative defenses are subject to the heightened standard of pleading contained in Federal Rule of Civil Procedure 9(b) which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Given this, this Court requires affirmative defenses for laches, unclean hands and equitable estoppel to be pled with particularity as required by Rule 8(b) and 9(b). *Johnson Law Grp. V. Elimadebt, USA, LLC*, 2011 U.S. Dist. LEXIS 163550, *5 (S.D. Fla. Feb. 11, 2011). As for all of the remaining affirmative defenses, they are equally deficient because none of them contain any supporting facts to give HealthPlan fair notice of the defenses being asserted or how they apply to the facts of the case.

### B. HealthPlan's Motion to Dismiss E-Integrate's Counterclaim

#### 1. E-Integrate Fails To State A Claim For Breach Of Contract

The elements of a claim for breach of contract in Florida are: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). A plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendant violated to survive a motion to dismiss. *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) ("Because [plaintiff] cannot point to any

contractual provision that [defendant] breached . . . [plaintiff] cannot state a claim for breach of contract based on these allegations.") (citing *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1327 (11th Cir. 2005); *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1435 (S.D. Fla. 1996) (plaintiff could not claim breach of an express contractual provision based on introductory paragraph in which plaintiff stated that he recognized the benefits to be derived from being identified with franchisor because it did not set forth any obligations).

Here, E-Integrate fails to state a claim for breach of contract for several reasons. First, as a threshold matter, E-Integrate alleges in its breach of contract claim that HealthPlan breached the terms of the HPS-EI Agreement by failing to make timely payments to E-Integrate. Counterclaim, ¶ 58 (ECF No. 53). However, under Florida law, the failure to make timely payments does not constitute a material breach. Rather, to constitute a material breach, the late payment must occur where time is of the essence. *Sublime, Inc. v. Boardman's Inc*., 849 So. 2d 470, 471 (Fla. 4th Dist. Ct. App. 2003). Time is of the essence under Florida law when (1) the agreement explicitly so specifies; or (2) such may be determined from the subject matter of the contract; or (3) treating time as non-essential would produce a hardship; or (4) notice has been given to the defaulting party requesting performance within a reasonable time. *Id.* E-Integrate's Counterclaim is devoid of any facts that meet any of these four scenario. The HPS-EI Agreement does not suggest that time was of the essence, and does not contain an express "time is of the essence" provision.

Second, E-Integrate fails to sufficiently allege specific provisions of the HPS-EI Agreement that were allegedly breached. Courts have frequently granted motions to dismiss

11

where a party has failed to allege the specific provision(s) of a contract that obligated HealthPlan to take the actions that HealthPlan should have taken and were allegedly breached. *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1368-69 (N.D. Ga. 2006) (Thrash, J.) (citing *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1327 (11th Cir. 2005) (breach of contract claim failed because plaintiffs did not identify any contractual provision that obligated defendant to take the actions that plaintiff alleged defendant should have taken); *Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed. Appx. 657, 664 (11th Cir. Jan. 26, 2015).

Here, the allegations in E-Integrate's breach of contract claim present mere labels and conclusions and constitute a formulaic recitation of the elements of a breach of contract claim, which is inadequate under *Twombly* and *Iqbal*. For example, E-Integrate asserts that it entered into the HPS-EI Agreement on January 17, 2015 and then, in conclusory fashion, asserted that HealthPlan "severed all ties with E-Integrate in breach of the HPS-EI Agreement" (Counterclaim, ¶ 47) and "HPS knowingly and intentionally breached the HPS-EI Agreement" (Counterclaim, ¶ 52). E-Integrate fails to specify any term or terms of the HPS-EI Agreement which it claims HealthPlan breached and fails to furnish any facts as to how it claims HealthPlan breached the agreement. The breach of contract claim therefore is so vague and ambiguous as to render it unreasonable to expect HealthPlan to frame a responsive pleading.

Moreover, HealthPlan reads the remaining allegations in the counterclaims as relevant to E-Integrate's FDUTPA claim, rather than its breach of contract claim. For

example, E-Integrate's allegation that HealthPlan entered into the HPS-EI Agreement with no intention to abide by its terms goes toward alleged deceptive conduct, rather than any alleged breach of contract. Counterclaim, ¶ 46. Lastly, to the extent E-Integrate's breach of contract claim relies on allegations of HealthPlan conduct prior to the HPS-EI Agreement effective date of January 17, 2014, E-Integrate is also unable to maintain a claim for breach of contract. For example, Count I purports to incorporate by reference the allegations in Paragraphs 1-54; however, the facts alleged in these paragraphs appear to predate the effective date of the HPS-EI Agreement. As a result, any events allegedly occurring prior to the effective date of the Agreement, as alleged in Paragraphs 1-42, are irrelevant. Courts have found that other allegations that describe conduct of the allegedly breaching party subsequent to a contract's effective date are sufficient to set forth a plausible claim for breach of contract. *See Mortg. Contr. Servs., LLC v. J&S Prop. Servs. LLC*, 2018 U.S. Dist. LEXIS 109967, at fn. 2 (M.D. Fla. July 2, 2018).

### 2. E-Integrate Fails To State A Claim Under FDUTPA

Three elements are required to establish a claim pursuant to FDUTPA: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008). Deception occurs where there is a "'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Zloinick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). "This standard requires a showing of 'probable, not possible deception' that

is 'likely to cause injury to a reasonably relying consumer.'" *Id.* (quoting *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000). Unfair practices are found where such practice "offends established public policy and . . . [where such] practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1264 (N.D. Fla. 2012) (brackets in original).

Where, as here, FDUTPA claims sound in fraud, the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply. *See Blair v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 33941 (M.D. Fla. Mar. 14, 2012) (noting that "federal district courts have split as to whether [FDUTPA] claims are subject to Rule 9(b)," but holding that "where the gravamen of the claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) would apply"); *see also Casey v. Florida Coastal School of Law, Inc.*, 2015 U.S. Dist. LEXIS 176284 (M.D. Fla. 2015) (explaining that "[w]ith Plaintiff's 'peppering' of Defendant's fraudulent conduct throughout the Amended Complaint to support its FDUTPA claim, the claim sounds in fraud and as such, must meet the heightened pleading requirement imposed by Rule 9(b)"); *D.H.G. Properties, LLC v. Ginn Companies, LLC*, 2010 U.S. Dist. LEXIS 140208 (M.D. Fla. 2010) (holding Plaintiff's FDUTPA claim sounded in fraud and was subject to Rule 9(b)); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1263 (N.D. Fla. 2012) (noting Rule 9(b) applied to claims based on fraudulent conduct, while Rule 8(a) applied to claims based on unfair or unlawful conduct).

The heightened pleading requirements under Rule 9(b) demand a party alleging

"fraud or mistake state with particularity the circumstances constituting fraud or mistake." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); Fed. R. Civ. P. 9(b). Rule 9(b) is satisfied if:

> the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of an omission, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *In re Horizon Organic Milk Plus DNA Omega-3*, 955 F. Supp. 2d 1311, 1332 (S.D. Fla. July 24, 2013) (finding plaintiffs' specification of the time and place of each alleged misrepresentation and the party responsible for making the representation, and the manner in which defendant's statements misled plaintiffs, sufficiently pleaded a FDUTPA claim under Rule 9(b)). Thus, Rule 9(b) "ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . [and] protects defendants from harm to their goodwill and reputation." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006). Here, E-Integrate alleges that HealthPlan "trick[ed]" customers and clients into believing that HealthPlan had developed the ExchangeLink system (Counterclaim ¶ 23); "devised a 'scheme' that would allow Ultramatics to wrongfully blame EI and withhold more than $750,000 from EI for services that were provided to, approved by, and accepted by Ultramatics for HealthPlan's benefit" (Counterclaim, ¶ 29); and "knowingly diverted business opportunities belonging to EI" and "surreptitiously used monies and

services belonging to EI for its own interests" (Counterclaim, ¶¶ 63, 64). Each of these allegations sounds in fraud.

Even if the Court finds that E-Integrate's FDUTPA claim need not meet the heightened pleading requirement under Rule 9(b), which HealthPlan does not concede, E-Integrate nevertheless fails to state a claim under Rule 8(b). Besides the conclusory description of HealthPlan's alleged actions, E-Integrate's FDUTPA claim fails to address HealthPlan's alleged representations or omissions or indicate that the damages were directly caused by the alleged unfair or deceptive trade practice. *See Sundance Apartments I, Inc. v. GE Capital Corp.*, 581 F. Supp. 2d 1215, 1220-21 (S.D. Fla. 2008) (finding amended complaint sufficiently pled FDUTPA claim where plaintiff (1) addressed their different interpretations of the contract provision; (2) articulated its respective position regarding that specific contract term and why it believed defendant's interpretation was unreasonable; and (3) identified damages directly caused by the allegedly deceptive enforcement of that contract term). As such, E-Integrate's FDUTPA claim fails to satisfy the general pleading requirements of Rule 8(a). *See Twombly*, 550 U.S. at 555 (noting courts are not required to "accept as true a legal conclusion couched as a factual allegation"); *Iqbal*, 556 U.S. at 678 (holding "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

## III. CONCLUSION

For the reasons stated herein, the Court should grant HealthPlan's Motion to Strike and Motion to Dismiss.

Dated: February 4, 2019                    Respectfully Submitted,

By: /*Evi T. Christou/*

Alejandro J. Fernandez
Fla. Bar No. 32221
Board Certified in Intellectual Property Law
E-mail: AFernandez@BrinksGilson.com
Stephen J. Leahu
Fla. Bar. No. 54037
Board Certified in Intellectual Property Law
E-mail: SLeahu@BrinksGilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No. (813) 275-5020
Telefacsimile No. (305) 275-5021

William H. Frankel
IL ARDC No. 3127933
*Admitted Pro Hac Vice*
wfrankel@brinksgilson.com
Andrew J. Avsec
IL ARDC No. 6292313
*Admitted Pro Hac Vice*
aavsec@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Evi T. Christou
D.C. Bar No.1600066
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I HEREBY certify that on February 4, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

                                            *Evi T. Christou*
                                            Evi T. Christou