HEALTHPLAN SERVICES, INC.,
a Florida corporation,

      Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

      Defendants.
_____/

## HEALTHPLAN'S MOTION TO COMPEL AMENDED INITIAL DISCLOSURES AND SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS

Pursuant to Rule of Civil Procedure 37 and Local Rule 3.04, Plaintiff HealthPlan

Services, Inc. ("HealthPlan"), through its undersigned counsel, hereby respectfully moves

this Court for an order compelling Defendants[1] Rakesh Dixit ("Dixit"), Knowmentum, Inc.

("Knowmentum") and Media Shark Productions, Inc. ("Media Shark"), E-Integrate, Inc. ("E-

Integrate), and Feron Kutsomarkos ("Kutsomarkos") to amend their 26(a)(1) Initial

---

[1] Defendants Dixit, Knowmentum, Media Shark, and E-Integrate will be referred to collectively in this Motion as "the Macfarlane Defendants" and Defendants E-Integrate and Kutsomarkos will be referred collectively as "the Shyamie Dixit Defendants."  Although both Macfarlane and Shyamie Dixit co-represent E-Integrate

Disclosures. HealthPlan further respectfully moves this Court for an order compelling the Macfarlane Defendants to: (1) supplement their responses to HealthPlan's First Sets of Requests for Production ("Requests"); (2) produce documents responsive to HealthPlan's Requests; and (3) negotiate with HealthPlan and file with the Court a Protective Order and an Electronically Stored Information ("ESI") Agreement.

## I.     INTRODUCTION

Despite its attempts to advance this case in a logical manner, the Macfarlane Defendants and the Shyamie Dixit Defendants have conspired to obfuscate and delay discovery. By way of example, the Macfarlane Defendants and the Shyamie Dixit Defendants have provided to HealthPlan Initial Disclosures listing a tsunami of hundreds of potential witnesses with little indication of their relevance to the claims at issue. As another example, the Macfarlane Defendants have refused to agree to a Protective Order and failed to sign an ESI Agreement.

Despite numerous e-mails and telephone conferences, the Macfarlane Defendants and the Shyamie Dixit Defendants refuse to amend their initial disclosures in this case. Pursuant to the parties' Case Management Report, the deadlines of which were adopted in the Court's Case Management and Scheduling Order, the parties agreed to exchange their Rule 26(a)(1) initial disclosures ("Initial Disclosures") on or before December 14, 2018. (Dkt. 31). On December 14, 2018, HealthPlan received the Macfarlane Defendants' and the Shyamie Dixit Defendants' Initial Disclosures. Rather than coordinate efforts, the Macfarlane Defendants

(confusing matters further in this case), for purposes of this Motion, the "Macfarlane Defendants" referenced herein shall only include Dixit, Knowmentum and Media Shark.

2

and the Shyamie Dixit Defendants served 10 page and 35 page Initial Disclosures, respectively, identifying in excess of 400 potential witnesses purportedly having knowledge concerning the claims at issue in the case. The Macfarlane Defendants' and the Shyamie Dixit Defendants' Initial Disclosures failed to provide additional information regarding who these individuals and/or parties are, their significance to the instant action, or the subject matter they purportedly possess. Furthermore, the Macfarlane Defendants and the Shyamie Dixit Defendants neither provided documents nor offered a description by category and location of all documents, electronically stored information, and tangible things in their possession, custody, or control that they may use to support their claims and defenses. HealthPlan immediately addressed these deficiencies via e-mail and addressed them in a 3.01(g) meet and confer, but the parties have failed to reach an agreement.

Moreover, the Macfarlane Defendants have failed to comply with their discovery obligations in this case. Not only have they failed to provide adequate responses to discovery requests and produce responsive documents, but they also have failed to cure their lean production of documents, refused to provide a date certain for the production of other responsive documents, and remain unwilling to agree to a Protective Order and an ESI Agreement in this case. By way of background, HealthPlan served its First Sets of Requests on Dixit on December 19, 2018, and to Knowmentum, and Media Shark on January 2, 2019. HealthPlan received Knowmentum's and Media Shark's Responses on February 1, 2019 and Dixit's Responses on February 8, 2019. *See* Exhibit A. HealthPlan's counsel met and conferred with the Macfarlane Defendants' counsel on February 13, 2019, noting the deficiencies in the Macfarlane Defendants' document production and their responses to

numerous Requests.  To move the process forward, HealthPlan asked opposing counsel to confirm whether it maintains its objections to numerous Requests and to provide a date certain for the production of other responsive documents by February 15, 2019.  Now, more than three weeks after the parties' meet and confer, HealthPlan has not received *any* response from the Macfarlane Defendants on *any* of the issues discussed during the meet and confer. Given that the Macfarlane Defendants have not made a good-faith attempt to respond to discovery and/or produce responsive documents, HealthPlan seeks relief from the Court.

## II.     STANDARD OF LAW

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jones v. Z.O.E. Enters. of Jax*, 2012 U.S. Dist. LEXIS 104768, at *2 (M.D. Fla. July 27, 2012) (citing *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958)). The Federal Rules provide that when a party serving discovery does not receive an adequate response, then the serving party may request an order compelling disclosure. *Arthrex, Inc. v. Parcus Med.*, 2012 U.S. Dist. LEXIS 124173, at *2 (M.D. Fla. Aug. 31, 2012); Fed. R. Civ. P. 37(a). Whether to grant the motion to compel is at the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

## III.    ARGUMENT

### A.     Defendants' Initial Disclosures are Deficient and Must Be Amended

Federal Rule of Civil Procedure 26(a)(1) requires parties in litigation to provide one another with necessary disclosures of information at an early stage of the case.  A major

purpose of Rule 26 is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." *See* Notes of Advisory Committee on Rules – 1993 Amendment. The Macfarlane Defendants and the Shyamie Dixit Defendants have failed to disclose information required by Rule 26(a) by providing a laundry list of undifferentiated individuals alleged to likely have discoverable information supporting their claims or defenses.

For example, the Macfarlane Defendants disclosed over 60 individuals and/or parties and the Shyamie Dixit Defendants disclosed over 350 individuals and/or parties in their respective Initial Disclosures. Rule 26 clearly provides that the list of individuals are those that parties believe in good faith they "may use" to support its claims – it does ***not*** contemplate that parties will initially disclose the names of every single individual/entity they can possibly think of. Courts have found that these blunderbuss disclosures are improper. *United States ex rel. Brown v. Celgene Corp*., 2015 U.S. Dist. LEXIS 189371 (C.D. Cal. July 24, 2015) (finding a party's list of 130 witnesses without any indication of the subject matter of their anticipated testimony did not further the purposes of Rule 26(a) and compelled amended initial disclosures containing narrower list of witnesses and identifying the subject matter of each witnesses' anticipated testimony); *Sender v. Mann*, 225 F.R.D. 645 (D. Col. 2004) (finding plaintiff's initial disclosures deficient because plaintiff simply provided a laundry list of undifferentiated witnesses and gave the same generic disclosure for every witness). If the Macfarlane Defendants and the Shyamie Dixit Defendants do not narrow their list of witnesses, HealthPlan must choose a small group of witnesses to depose out of

the hundreds listed. This allows the Macfarlane Defendants and the Shyamie Dixit Defendants to obscure the identity of witnesses they actually intend to call at trial and prevents HealthPlan from obtaining necessary and timely discovery.

Additionally, the Macfarlane Defendants and the Shyamie Dixit Defendants fail to provide any additional information regarding who these individuals and/or parties are, their significance to the instant action, or the subject matter they purportedly possess. A Rule 26(a)(1)(A)(i) disclosure should indicate "briefly the general topics on which such persons have knowledge." *See* Nots of Advisory Committee on Rules – 1993 Amendments. The Macfarlane Defendants' and the Shyamie Dixit Defendants' mere disclosure that the witnesses "may have knowledge of or documents relating to the claims that are the subject of this lawsuit" is not informative. *Hammonds v. Jackson*, 2015 U.S. Dist. LEXIS 183808, at *5 (N.D. Ga. Mar. 16, 2015) (disclosure that individuals "have knowledge of the facts and allegations…in the Complaint" constitutes a "plainly deficient initial disclosure" under Rule 26(a)(1)).

Lastly, the Macfarlane Defendants and the Shyamie Dixit Defendants neither provided documents nor provided "*a description by category and location* of all documents, electronically stored information, and tangible things . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rather, the Macfarlane Defendants and the Shyamie Dixit Defendants merely state that they "have documents relevant to this lawsuit that are maintained at their place of business, or at home, and/or at their Attorney's office" and "will continue to search for relevant documents and they will supplement their Initial Disclosure as soon as any such documents are identified and located." This sort of "disclosure" is plainly improper under Rule 26 and is

the reason for the discovery disputes in this case.

**B. Motion to Compel Supplemental Responses And Responsive Documents**

    **1. The Macfarlane Defendants' Discovery Responses Do Not Comport With Federal Rule of Civil Procedure 34 Because They Do Not Provide A Date Certain For Production of Documents**

<u>**3.04(A) STATEMENT**</u>

***Requests for Production to Dixit***

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>  All documents and things relating or referring to the development of software for use in connection with healthcare exchanges including, without limitation, documents and things relating or referring to work that You performed with or for HEALTHPLAN, ULTRAMATICS, E-INTEGRATE, and others.
**RESPONSE**: Due to the fact Plaintiff requests all documents and things "relating…to" but yet fails to define or limit "healthcare exchanges" or "others", Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.
<u>**REQUEST FOR PRODUCTION NO. 2:**</u>  All documents and things relating or referring to efforts to promote, market, and sell a program or software package for use in connection with healthcare exchanges including, without limitation, scripts, videos, and presentations.
**RESPONSE:** [SAME RESPONSE]

<u>**REQUEST FOR PRODUCTION NO. 3:**</u>  All documents and things relating or referring to the development and operation of the ExchangeLink® system including, without limitation, specifications, schematics, flow charts, drawings, or other documentation sufficient to show the design and intended operation of the ExchangeLink® system.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to", Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

<u>**REQUEST FOR PRODUCTION NO. 10**</u>: All communications between You and HEALTHPLAN, and relating or referring to ExchangeLink® or any system or software for use in connection with healthcare exchanges.
<u>**RESPONSE**</u>: Due to the fact Plaintiff requests all communications "relating…to" but yet

fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond this request at a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 12:** All communications between You and KUTSOMARKOS, and relating or referring to any of the following: HealthPlan Copyrighted Materials; Accused Infringing Works; the HealthPlan-E-Integrate Agreement; or the HealthPlan- Media Shark Agreement.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 16:** All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 18:** All documents and things relating or referring to ExchangeLink® and MEDIA SHARK.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 19:** All documents and things relating or referring to the proposition that E-INTEGRATE possesses ownership of or rights in any aspects of ExchangeLink® or HealthPlan Copyrighted Materials.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 21:** All documents and things relating or referring to the HealthPlan Copyrighted Materials.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 25:** All documents and things relating or referring to payments made to, and gains and profits realized by, You or companies You control as a result of Your dealings with Dr. Bojkovic.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Further, due to the fact Dr. Michael Bojkovic is an unrelated and independent third party, Defendant objects to this request as harassing and not calculated to lead to the discovery of admissible evidence. Without waiving said

objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 30:** All documents and things You acquired from HEALTHPLAN while employed by HEALTHPLAN and retained after Your termination from HEALTHPLAN.
**RESPONSE:** [SIMILAR RESPONSE]

**REQUEST FOR PRODUCTION NO. 31:** All documents and things authored by You, or to which You contributed, which include "Residuals" as defined in 9(f) of the HealthPlan-E- Integrate Agreement.
**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Additionally, all such documents and things are in the possession of Plaintiff and therefore are equally, if not more, available to Plaintiff. Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to identify the names of all current and past owners, members, directors and managers of E-INTEGRATE.
**RESPONSE:** Due to the fact Plaintiff requests all correspondence "related to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Further, due to the fact such information is available through the public record, the request seeks information which is equally accessible to Plaintiff. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 33:** Documents sufficient to identify the names of all current and past owners, members, directors and managers of KNOWMENTUM.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 34:** Documents sufficient to identify the names of all current and past owners, members, directors and managers of MEDIA SHARK.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 35:** All documents and things relating or referring to the ownership of E-INTEGRATE or the transfer of such ownership.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond to this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 36:** All documents and things relating or referring to the ownership of MEDIA SHARK or the transfer of such ownership.
**RESPONSE:** [SAME RESPONSE]
**REQUEST FOR PRODUCTION NO. 37:** All documents and things relating or referring to the ownership of KNOWMENTUM or the transfer of such ownership.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 39:** All correspondences between You and Frank Perez, III relating or referring to HEALTHPLAN, E-INTEGRATE, MEDIA SHARK, KNOWMENTUM, or KUTSOMARKOS.
**RESPONSE:** Due to the fact Plaintiff requests all correspondence "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 40:** All documents and things relating or referring to ExchangeLink®, which You created, acquired or developed while working for HEALTHPLAN, and which You retained after Your termination by HEALTHPLAN.
**RESPONSE:** Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

*Requests for Production to Knowmentum*

**REQUEST FOR PRODUCTION NO. 16:** All communications between KNOWMENTUM and DIXIT, and relating or referring to ExchangeLink® or any system or software for use in connection with healthcare exchanges.
**RESPONSE:** Due to the fact Plaintiff requests all communications "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.
**REQUEST FOR PRODUCTION NO. 30:** All documents and things relating or referring to payments made to, and gains and profits realized by, KNOWMENTUM in connection with: (a) the ExchangeLink® system, and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 37:** All commercial general liability policies issued to KNOWMENTUM after January 1, 2013.

**RESPONSE:** Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 38:** Documents sufficient to identify all insurers that have issued a commercial general liability policy to KNOWMENTUM after January 1, 2013.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 39:** All documents and things relating or referring to the document retention policies or document destruction policies of KNOWMENTUM.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 40:** All documents and things relating or referring to the intellectual property ownership policies of KNOWMENTUM.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 41:** All documents relating or referring to the ownership of intellectual property by KNOWMENTUM.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 46:** All documents and things relating or referring to the ownership of KNOWMENTUM or the transfer of such ownership.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 47:** Documents sufficient to show the dates when KNOWMENTUM was acquired and/or sold.

**RESPONSE**: Due to the fact Plaintiff requests documents "sufficient to show" without defining "sufficient to show," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 48:** Documents sufficient to show all compensation received in consideration of the acquisition of KNOWMENTUM.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 49:** Documents sufficient to show the yearly capitalization of KNOWMENTUM between 2013 and present day.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 50:** Documents sufficient to show all intellectual property, including without limitation, patents, trademarks, trade secrets and copyrights, owned by KNOWMENTUM.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 67:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue KNOWMENTUM received from Frank Perez, III, whether directly or indirectly.

**RESPONSE:** Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, and not reasonably limited in time or scope. Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Without waiving said objections, Defendant is in the process of gathering these documents and will produce such documents at a mutually agreeable time and place**.**

**REQUEST FOR PRODUCTION NO. 75:** Documents sufficient to identify all current and former employees of KNOWMENTUM.

**RESPONSE:** Due to the fact the request is not limited in time or scope, Defendant objects to this request as overbroad, unduly burdensome, harassing, and vague and ambiguous. Further, due to the fact this request seeks "documents sufficient to identify" without articulating "sufficient to identify", Defendant objects to such request as vague and ambiguous. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

### *Requests for Production to Media Shark*

**REQUEST FOR PRODUCTION NO. 15:** All communications between MEDIA SHARK and HEALTHPLAN, and relating or referring to ExchangeLink® or any system or software for use in connection with healthcare exchanges.

**RESPONSE:** Due to the fact Plaintiff requests all communications "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 31:** All documents and things relating or referring to payments made to, and gains and profits realized by, MEDIA SHARK in connection with: (a) the ExchangeLink® system, and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 38:** All commercial general liability policies issued to MEDIA SHARK after January 1, 2013.

**RESPONSE**: Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 39**: Documents sufficient to identify all insurers that have issued a commercial general liability policy to MEDIA SHARK after January 1, 2013.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 40:** All documents and things relating or referring to the document retention policies or document destruction policies of MEDIA SHARK.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 41:** All documents and things relating or referring to the intellectual property ownership policies of MEDIA SHARK.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 42:** All documents relating or referring to the ownership of intellectual property by MEDIA SHARK.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 79:** Documents sufficient to identify all current and former employees of MEDIA SHARK.
**RESPONSE:** [SIMILAR RESPONSE]

The Macfarlane Defendants respond to numerous Requests stating that they are "in the process of gathering these documents and will supplement this request at a mutually agreeable time and location."[2] However, this type of response is not permissible under the 2015 amendments to Federal Rule of Civil Procedure 34(b)(2)(B), which provide:

> . . . The production must be completed either by the time for inspection *specified in the request* or by another reasonable time *specifically identified in the response.* When it is necessary to make the production in stages the response should s*pecify the beginning and end dates of the production*. (emphasis added).

Notes of Advisory Committee Notes on Rules—2015 Amendment.

This District prohibits this type of response. Middle District Discovery (2015) at III.A.5(c)

(". . . if the documents will be produced, *the response should state a specific date when the*

---

[2] Dixit Response Nos. 10, 12, 35-37; Knowmentum Response Nos. 16, 30, 37-41, 46-50, 67, 75; Media Shark Response Nos. 15, 31, 38-42, 79.

*responsive documents will be available*. . . stat[ing] that the requested documents will be available at an ambiguous *'mutually agreeable time' is not sufficient*." (emphasis added).

Moreover, the Macfarlane Defendants have not provided date certain for the production of responsive documents. Opposing counsel indicated that a date certain would be provided by February 15, 2019, but it would be a date that HealthPlan "probably would not like." HealthPlan has not yet received any response or date certain and, therefore, the Macfarlane Defendants should be compelled to provide a date certain. A date certain is imperative in light of Dixit's Response Nos. 1-3, 16, 18, 19, 21, 25, 30-34, 39, 40 that it "has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located." This response does not make clear whether there are no responsive documents or if responsive documents are forthcoming. Given the uncertainty, HealthPlan requests an order from this Court compelling Dixit to supplement his responses and clearly state whether documents are being withheld or documents to certain requests will be produced and the date by which such documents will be produced.

2. **The Macfarlane Defendants' Responses Do Not Comport With Federal Rules of Civil Procedure 34 and 26 Because They Contain Improper Boilerplate Objections and Are Deemed Waived**

### 3.04(A) STATEMENT

*Requests for Production to Dixit*

**REQUEST FOR PRODUCTION NO. 3:** [REQUEST AND RESPONSE RECITED FULLY IN PREVIOUS SECTION]

**PRODUCTION NO. 16:** All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 17:** All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

**REQUEST FOR PRODUCTION NO. 18:** All documents and things relating or referring to ExchangeLink® and MEDIA SHARK.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 19:** All documents and things relating or referring to the proposition that E-INTEGRATE possesses ownership of or rights in any aspects of ExchangeLink® or HealthPlan Copyrighted Materials.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 21:** All documents and things relating or referring to the HealthPlan Copyrighted Materials.
**RESPONSE:** [SIMILAR RESPONSE]

**REQUEST FOR PRODUCTION NO. 31:** All documents and things authored by You, or to which You contributed, which include "Residuals" as defined in 9(f) of the HealthPlan-E- Integrate Agreement.
**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Additionally, all such documents and things are in the possession of Plaintiff and therefore are equally, if not more, available to Plaintiff. Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to identify the names of all current and past owners, members, directors and managers of E-INTEGRATE.

**RESPONSE:** Due to the fact Plaintiff requests all correspondence "related to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Further, due to the fact such information is available through the public record, the request seeks information which is equally accessible to Plaintiff. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**REQUEST FOR PRODUCTION NO. 33:** Documents sufficient to identify the names of all current and past owners, members, directors and managers of KNOWMENTUM.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 34:** Documents sufficient to identify the names of all current and past owners, members, directors and managers of MEDIA SHARK.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 39:** All correspondences between You and Frank Perez, III relating or referring to HEALTHPLAN, E-INTEGRATE, MEDIA SHARK, KNOWMENTUM, or KUTSOMARKOS.

**RESPONSE:** [SIMILAR RESPONSE]

**REQUEST FOR PRODUCTION NO. 44:** All documents and things that You intend to rely upon at trial.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous. Further, due to the fact discovery is ongoing, Defendant cannot accurately respond to this request. Accordingly, Defendant will not be responding to this request as currently worded.

**REQUEST FOR PRODUCTION NO. 45:** All documents and things that You relied upon in preparing any pleadings, discovery, reports, court arguments or submissions, and motions in this Litigation.

**RESPONSE:** [SIMILAR RESPONSE]

**REQUEST FOR PRODUCTION NO. 46:** All documents and things that You relied upon in preparing Your responses to these requests for production.

**RESPONSE:** [SIMILAR RESPONSE]

**REQUEST FOR PRODUCTION NO. 49:** All documents and things that You may use or offer into evidence at any hearing, tutorial, trial, or other court proceeding in this action.

**RESPONSE:** [SIMILAR RESPONSE]

### *Requests for Production to Knowmentum*

**REQUEST FOR PRODUCTION NO. 21**: All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

**REQUEST FOR PRODUCTION NO. 22**: All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:** [SAME RESPONSE]
**REQUEST FOR PRODUCTION NO. 23**: All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 40:** All documents and things relating or referring to the intellectual property ownership policies of KNOWMENTUM.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.
**REQUEST FOR PRODUCTION NO. 41:** All documents relating or referring to the ownership of intellectual property by KNOWMENTUM.
**RESPONSE:** [SAME RESPONSE]
**REQUEST FOR PRODUCTION NO. 46:** All documents and things relating or referring to the ownership of KNOWMENTUM or the transfer of such ownership.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 55:** All documents relating or referring to the transfer of any intellectual property, including without limitation, patents, trademarks, trade secrets and copyrights, from MEDIA SHARK to KNOWMENTUM.
**RESPONSE:** Due to the fact the burden in responding to this request outweighs any likely benefit, Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.
**REQUEST FOR PRODUCTION NO. 61:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue KNOWMENTUM received from DIXIT, whether directly or indirectly.
**RESPONSE:** [SIMILAR RESPONSE]
**REQUEST FOR PRODUCTION NO. 67:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue KNOWMENTUM received from Frank Perez, III, whether directly or indirectly.
**RESPONSE:** [SIMILAR RESPONSE]

**REQUEST FOR PRODUCTION NO. 81**: All documents and things that KNOWMENTUM intends to rely upon at trial.
**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous. Further, due to the fact discovery is ongoing, Defendant cannot accurately respond to this request. Accordingly, Defendant will not be responding to this request as currently worded.

**REQUEST FOR PRODUCTION NO. 82**: All documents and things that KNOWMENTUM relied upon in preparing any pleadings, discovery, reports, court arguments or submissions, and motions in this Litigation.
**RESPONSE**: [SAME RESPONSE]
**REQUEST FOR PRODUCTION NO. 83:** All documents and things that KNOWMENTUM relied upon in preparing KNOWMENTUM responses to these requests for production.
**RESPONSE:** [SIMILAR RESPONSE]
**REQUEST FOR PRODUCTION NO. 86**: All documents and things that KNOWMENTUM may use or offer into evidence at any hearing, tutorial, trial, or other court proceeding in this action.
**RESPONSE:** [SAME RESPONSE]

### Requests for Production to Media Shark

**REQUEST FOR PRODUCTION NO. 21:** All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.
**REQUEST FOR PRODUCTION NO. 22:** All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:** [SAME RESPONSE]
**REQUEST FOR PRODUCTION NO. 23:** All documents and things relating or referring to ExchangeLink® and MEDIA SHARK.
**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 31:** All documents and things relating or referring to payments made to, and gains and profits realized by, MEDIA SHARK in connection with: (a) the ExchangeLink® system, and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 41:** All documents and things relating or referring to the intellectual property ownership policies of MEDIA SHARK.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in

the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 42:** All documents relating or referring to the ownership of intellectual property by MEDIA SHARK.

**RESPONSE:**  [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 49:** Documents sufficient to show all compensation received in consideration of the acquisition of MEDIA SHARK.

**RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope.  Accordingly, Defendant will not be responding to this request, as currently drafted.

**REQUEST FOR PRODUCTION NO. 50:** Documents sufficient to show the yearly capitalization of MEDIA SHARK between 2013 and present day.

**RESPONSE:**  Due to the fact the burden in responding to this request outweighs any likely benefit, Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, not reasonably limited in time or scope.   Accordingly, Defendant will not be responding to this request, as currently drafted.

**REQUEST FOR PRODUCTION NO. 51:** Documents sufficient to show all intellectual property, including without limitation, patents, trademarks, trade secrets and copyrights, owned by MEDIA SHARK.

**RESPONSE:**  [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 65:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK received from DIXIT, whether directly or indirectly.

**RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope.  Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

**REQUEST FOR PRODUCTION NO. 68:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK received from KUTSOMARKOS, whether directly or indirectly.

**RESPONSE:**  [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 72:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK made to DIXIT, whether directly or indirectly.

**RESPONSE:**  [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 75:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK made to KUTSOMARKOS, whether directly or indirectly.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 77:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK made to Frank Perez, III, whether directly or indirectly.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 85:** All documents and things that MEDIA SHARK intends to rely upon at trial.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous. Further, due to the fact discovery is ongoing, Defendant cannot accurately respond to this request. Accordingly, Defendant will not be responding to this request as currently worded.

**REQUEST FOR PRODUCTION NO. 86:** All documents and things that MEDIA SHARK relied upon in preparing any pleadings, discovery, reports, court arguments or submissions, and motions in this Litigation.

**RESPONSE:** [SAME RESPONSE]

**REQUEST FOR PRODUCTION NO. 87:** All documents and things that MEDIA SHARK relied upon in preparing MEDIA SHARK responses to these requests for production.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous. Accordingly, Defendant will not be responding to this request as currently worded.

**REQUEST FOR PRODUCTION NO. 90:** All documents and things that MEDIA SHARK may use or offer into evidence at any hearing, tutorial, trial, or other court proceeding in this action.

**RESPONSE:** [SIMILAR RESPONSE]

Numerous responses by the Macfarlane Defendants are riddled with boilerplate objections. Specifically, the Macfarlane Defendants object to certain Requests as overbroad, unduly burdensome, harassing, vague, ambiguous, not reasonably limited in time or scope, or not reasonably calculated to lead to the discovery of admissible evidence, and often, a combination of these boilerplate objections."[3] The 2015 amendments to the Federal Rules of

---

[3] Dixit Response Nos. 3, 8, 16-19, 21, 31-34, 39, 44-46, 49; Knowmentum Response Nos. 21-23, 55, 81-83, 86; Media Shark Response Nos. 21-23, 49, 50, 51, 85-87, 90.

Civil Procedure clearly show that these boilerplate objections are improper. *See* Fed. R. Civ. P. 34. Rule 34(b)(2)(B) requires that the responding party "state with specificity the grounds for objection to the request, including the reasons." *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12 ("Objections to requests for production should be specific, not generalized . . . Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case."); *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co*., 2011 U.S. Dist. LEXIS 96501, at *8 (M.D. Fla. Aug. 29, 2011) ("Defendant must state specific grounds for each objection."). Here, the Macfarlane Defendants' responses lack any specificity and do not comport with the 2015 amendments to Rule 34(b)(2)(B).

To the extent the Macfarlane Defendants also respond to certain Requests on the basis that they are "not reasonably calculated to lead to the discovery of admissible evidence," this language is a restatement of the former language from Rule 26(b)(1), which was removed when the rule was amended in 2015 and replaced with the following language:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense and proportional to the needs of the case,*** . . . Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See* Fed. R. Civ. P. 26(b)(1) (emphasis added); *see also Gibson v. Resort at Paradise Lakes, LLC*, 2017 U.S. Dist. LEXIS 186528, at *9 (M.D. Fla. Jan. 26, 2017) (overruling boilerplate objections of vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence and

ordering amended responses to requests for production).

Moreover, this Court has found that boilerplate or general objections constitute a waiver of the discovery sought. *See Spencer v. City of Orlando, Florida*, 2016 U.S. Dist. LEXIS 12234, at *4 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery"). This reasoning applies here, and the Macfarlane Defendants have waived any objections to the discovery sought in the Requests. The Macfarlane Defendants can no longer hide behind such boilerplate and general objections to avoid responding to and producing responsive documents to certain Requests that are critical in this case, such as Requests concerning transactions between the parties, such as: payments and compensation;[4] the yearly capitalization of Media Shark;[5] and transfer of ownership[6] and intellectual property to and from Dixit, Knowmentum and Media Shark.[7] As a result, the Macfarlane Defendants should be compelled to amend their responses in accordance with Rule 26 and produce all responsive documents to such Requests.

### 3. The Macfarlane Defendants Failed to Negotiate a Protective Order and ESI Agreement and Conduct an Adequate Search for Documents

Since at least as early as November 27, 2018, HealthPlan has made multiple efforts to negotiate a Protective Order and an ESI Agreement with the Macfarlane Defendants. However, to date, the Macfarlane Defendants have failed to negotiate either of these necessary documents in this case. HealthPlan's counsel sent numerous e-mails to counsel for

---

[4] Knowmentum Response Nos. 61, 67, Media Shark Response Nos. 31, 65, 68, 72, 75, 77.
[5] Media Shark Response No. 50.
[6] Knowmentum Response Nos. 46, 55.

the Macfarlane Defendants since then – again on January 14, 2019 and on February 21, 2019. With respect to the Protective Order, HealthPlan provided its proposed revisions in a draft of on January 24, 2019. But the Macfarlane Defendants have yet to comment on that iteration of the Protective Order.

Regarding the ESI Agreement, the Macfarlane Defendants failed to comment altogether. The purpose of an ESI Agreement cannot be understated because this Court makes clear that its "e-discovery goal is to facilitate, fair, open, proportional discovery of the facts underlying a dispute so that it is resolved on the merits and not by gamesmanship. This requires cooperation among counsel." *See* Middle District Discovery (2015) at VII.A. It is clear that the Macfarlane Defendants have not only failed to cooperate, but have engaged in the very type of dilatory conduct that this Court specifically renounces. Accordingly, HealthPlan requests that this Court enter the proposed Protective Order and ESI Agreement set forth at Exhibits B and C, respectively.

With respect to documents, the Macfarlane Defendants collectively produced a single, scanned PDF document comprising only 296 pages. The Macfarlane Defendants' lean production—stripped of all metadata—suggests that they failed to adequately search for and collect relevant documents. HealthPlan is unable to assess the scope of the Macfarlane Defendants' document collection efforts because they have wholly failed to enter into an ESI Agreement. It is neither clear on behalf of which party these documents are being produced[8]

---

[7] Knowmentum Response Nos. 40, 41; Media Shark Response Nos. 41, 42.
[8] Defendants' production is bates-stamped with the prefix "DIXIT HPS"; however, the file name contains the phrase "DTS Responsive to Knowmentum and Media Shark 2-1-19 - Discovery."

nor the identity of the custodian(s) of the documents. During the February 13th meet and confer, counsel for the Macfarlane Defendants indicated he would separate these documents out, but has yet to do so. Accordingly, HealthPlan requests that the Macfarlane Defendants be compelled to produce custodian information and produce documents. The Middle District's discovery practices indicate that the Macfarlane Defendants' reasonably diligent document collection efforts should include searching for, collecting, and producing relevant documents from each party. *See* Middle District Discovery (2015) at III.A.5.e. It is clear that the Macfarlane Defendants have not undertaken such efforts and should be compelled to do so.

**C. HealthPlan's Requests Forensic Examination of the Macfarlane Defendants' Computers and Its Reasonable Expenses**

HealthPlan requests inspection of the Macfarlane Defendants' computers to promptly end the Macfarlane Defendants' hide and seek games. Courts in this circuit permit forensic examinations where clear evidence exists that the party responding to discovery defaulted on its discovery obligations. *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 686 (S.D. Fla. Mar. 5, 2012) (permitting forensic examination when party "undertook no efforts" to produce electronic discovery). Here, the Macfarlane Defendants appear to not have undertaken efforts to search for and produce electronic discovery. To the extent the Macfarlane Defendants argue that documents were produced thus far, only 296 pages were produced and were redundant of the documents produced in the pending *Bojkovic v. Dixit* state court case.

Moreover, representations made by Dixit's counsel suggest that a forensic inspection

of Dixit's computers is necessary to bring order to the chaotic discovery efforts of the Macfarlane Defendants. For example, during the February 13th meet and confer, the Macfarlane Defendants made numerous representations about the level of informality and general disorder of their documents and ESI. They specifically represented that they failed to maintain separate corporate records or observe corporate formalities. Despite the seeming chaos, the Macfarlane Defendants also represented at that meet and confer that there are "tens of servers and computers" that may have responsive documents – even going so far as calling it a "vast trove" of information. Similarly, Dixit's Response No. 43 and Knowmentum's Response No. 60, states that "Defendant is in the IT business **with numerous devices capable of retaining ESI**." (emphasis added).

HealthPlan also seeks its reasonable expenses, including its attorneys' fees, in connection with this Motion, to the extent the Motion is granted. Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery is granted, a court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, especially, fees are warranted because of the Macfarlane Defendants' unjustified refusals to cooperate on the most basic discovery requirements.

IV.     CONCLUSION

Based on the foregoing, HealthPlan's Motion should be granted.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certified that they have conferred with opposing counsel, and opposing counsel stated that Defendants oppose the relief sought herein.

Dated: March 6, 2019                      Respectfully Submitted,

By:   /s/ Evi T. Christou  
Alejandro J. Fernandez
Fla. Bar No. 32221
Board Certified in Intellectual Property Law
E-mail:  AFernandez@BrinksGilson.com
Stephen J. Leahu
Fla. Bar. No. 54037
Board Certified in Intellectual Property Law
E-mail: SLeahu@BrinksGilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No.  (813) 275-5020
Telefacsimile No.  (305) 275-5021

William H. Frankel
IL ARDC No. 3127933
*Admitted Pro Hac Vice*
wfrankel@brinksgilson.com
Andrew J. Avsec
IL ARDC No. 6292313
*Admitted Pro Hac Vice*
aavsec@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Evi T. Christou
D.C. Bar No.1600066
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 6, 2019, I electronically filed the foregoing

document with the Clerk of the Court CM/ECF.

*/s/ Evi T. Christou*
Evi T. Christou