# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO. 8:18-cv-2608-SDM-AAS

HEALTHPLAN SERVICES, INC.,
a Florida corporation,

       Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

       Defendants.

_____/

## HEALTHPLAN'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS

Pursuant to Rule of Civil Procedure 37 and Local Rule 3.04, Plaintiff HealthPlan Services, Inc. ("HealthPlan"), through its undersigned counsel, hereby respectfully moves this Court for an order compelling Defendants Rakesh Dixit ("Dixit"), Knowmentum, Inc. ("Knowmentum") and Media Shark Productions, Inc. ("Media Shark") (collectively "Defendants") to (1) supplement their responses to HealthPlan's First Sets of Requests for Production ("Requests"); (2) produce documents responsive to HealthPlan's Requests; and (3) negotiate with HealthPlan and file with the Court a Protective Order and an Electronically Stored Information ("ESI") Agreement.

## I.     INTRODUCTION

Despite HealthPlan's attempts to advance this case in a logical manner, Defendants have not only failed to provide adequate responses to discovery requests and produce responsive documents, but also have failed to cure their lean production of documents, refused to provide a date certain for the production of other responsive documents, and remain unwilling to agree to a Protective Order and an ESI Agreement.   HealthPlan served its First Sets of Requests on Dixit on December 19, 2018, and to Knowmentum, and Media Shark on January 2, 2019.   HealthPlan received Knowmentum's and Media Shark's Responses on February 1, 2019 and Dixit's Responses on February 8, 2019.  HealthPlan met and conferred with Defendants on February 13, 2019, noting the deficiencies in their document production and numerous Responses.   HealthPlan asked Defendants to confirm whether they maintain their objections to numerous Requests and to provide a date certain for the production of responsive documents by February 15, 2019.  Defendants indicated that a date certain would be provided by February 15, 2019, but it would be a date that HealthPlan "probably would not like." HealthPlan has not received *any* response from Defendants on *any* of the issues discussed during the meet and confer.  Defendants have not made a good-faith attempt to respond to discovery and/or produce responsive documents, and as such, HealthPlan seeks relief from the Court.

## II.    STANDARD OF LAW

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a

fair and just result." *Jones v. Z.O.E. Enters. of Jax*, 2012 U.S. Dist. LEXIS 104768, at *2

(M.D. Fla. July 27, 2012) (citing *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682

(1958)). When a party serving discovery does not receive an adequate response, then the

serving party may request an order compelling disclosure. *Arthrex, Inc. v. Parcus Med.*, 2012

U.S. Dist. LEXIS 124173, at *2 (M.D. Fla. Aug. 31, 2012); Fed. R. Civ. P. 37(a).

## III.    ARGUMENT

### A. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD BE COMPELLED FROM DIXIT

The specific Requests for Production that HealthPlan moves to compel at this time,

Dixit's responses, and HealthPlan's reasons to compel are as follows:

**Request No. 6 and Dixit's Response:**
**6.**    All documents and things comprising communications between You and
KUTSOMARKOS, and relating or referring to the development, marketing, or sale of a
software package for use in connection with healthcare exchanges.
**RESPONSE:** Due to the fact Plaintiff requests all communication "relating…to" but yet fails
to define or limit "healthcare exchanges," Defendant objects to this request as overbroad,
unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope.
Accordingly, Defendant will not be responding to this request as currently drafted.

#### HealthPlan's Reason to Compel Responsive Documents
This Response is deficient because fails it to state with specificity the grounds for the

objections to the request, including the reasons.  *See* Fed. R. Civ. P. 34; *see also* Middle

District Discovery (2015) at 12. The Response contains improper boilerplate objections

without a full, fair explanation particular to the facts of the case. *Gibson v. Resort at*

*Paradise Lakes, LLC*, 2017 U.S. Dist. LEXIS 186528, at *9 (M.D. Fla. Jan. 26, 2017)

(overruling boilerplate objections of vague, ambiguous, overly broad, unduly burdensome,

irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible

evidence and ordering amended responses to requests for production). As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *See Spencer v. City of Orlando, Florida*, 2016 U.S. Dist. LEXIS 12234, at *4 (M.D. Fla. Feb. 2, 2016) (concluding that objections that are "are too vague and nonspecific" fail to "preserve any objection to the requested discovery"). Further, the evasive reading of the defined term "relating to" and "healthcare exchanges" does not excuse defendant from production. Middle District Discovery, at 11 (attorney receiving request "shall reasonably and naturally interpret it").

**Request No. 12 and Dixit's Response:**
**12.** All communications between You and KUTSOMARKOS, and relating or referring to any of the following: HealthPlan Copyrighted Materials; Accused Infringing Works; the HealthPlan-E-Integrate Agreement; or the HealthPlan- Media Shark Agreement.
**RESPONSE:** Due to the fact Plaintiff requests all communication "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond this request at a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents
This Response is deficient because fails it to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4. Further, the evasive reading of the defined term "relating to" and "healthcare exchanges" does not excuse defendant from production. Middle District Discovery, at 11 (attorney receiving request "shall reasonably

and naturally interpret it").  This Response is also deficient because stating that requested

documents will be available at an ambiguous "mutually agreeable time" is not sufficient.

Rather, responses must state a specific date on which documents will be produced. Fed. R.

Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 16 and Dixit's Response:**

**16.**  All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope.   Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the

objections to the request, including the reasons.  *See* Fed. R. Civ. P. 34; *see also* Middle

District Discovery (2015) at 12. The Response contains improper boilerplate objections

without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.  As such,

Dixit has waived objections to the discovery sought because boilerplate or general objections

constitute a waiver of the discovery sought. *Spencer*, at *4. Moreover, this Response does not

make clear whether there are no responsive documents or if responsive documents are

forthcoming.   This Response must state a specific date on which documents will be

produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 17 and Dixit's Response:**

**17.**  All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.

**RESPONSE:**  Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope.   Accordingly, Defendant will not be responding to this request, as currently drafted.

**HealthPlan's Reason to Compel Responsive Documents**

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 18 and Dixit's Response:**

**18.** All documents and things relating or referring to ExchangeLink® and MEDIA SHARK.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**HealthPlan's Reason to Compel Responsive Documents**

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *See Spencer*, at *4. Moreover, this Response does not make clear whether there are no responsive documents or if responsive documents are forthcoming. This Response must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 21 and Dixit's Response:**
**21.** All documents and things relating or referring to the HealthPlan Copyrighted Materials.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4. Moreover, this Response does not make clear whether there are no responsive documents or if responsive documents are forthcoming. This Response must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 24 and Dixit's Response:**
**24.** All communications between You and any third party involving (a) the ExchangeLink® system and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.
**RESPONSE:** Due to the fact Plaintiff fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, not reasonably limited in time or scope, harassing and not calculated to lead to the discovery of admissible evidence. Accordingly, Defendant will not be responding to such request as currently worded.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle

District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4. Further, the evasive reading of the common term "healthcare exchanges" does not excuse defendant from production. Middle District Discovery, at 11 (attorney receiving request "shall reasonably and naturally interpret it"). Moreover, the language "not reasonably calculated to lead to the discovery of admissible evidence," was removed from Rule 26(b)(1) when the rule was amended in 2015 and is no longer a proper basis to object to discovery requests.

**Request No. 25 and Dixit's Response:**
**25.** All documents and things relating or referring to payments made to, and gains and profits realized by, You or companies You control as a result of Your dealings with Dr. Bojkovic.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Further, due to the fact Dr. Michael Bojkovic is an unrelated and independent third party, Defendant objects to this request as harassing and not calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

**HealthPlan's Reason to Compel Responsive Documents**
This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. Defendants just sought leave to file a Third Amended Complaint against Dr. Michael Bojkovic, contravening their objection that he is an unrelated and independent third party. Moreover,

this Response does not make clear whether there are no responsive documents or if responsive documents are forthcoming. This Response must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 30 and Dixit's Response:**
**30.** All documents and things You acquired from HEALTHPLAN while employed by HEALTHPLAN and retained after Your termination from HEALTHPLAN.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4. Moreover, this Response does not make clear whether there are no responsive documents or if responsive documents are forthcoming. This Response must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 35 and Dixit's Response:**
**35.** All documents and things relating or referring to the ownership of E-INTEGRATE or the transfer of such ownership.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous,

and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond to this request a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 36 and Dixit's Response:**
**36.** All documents and things relating or referring to the ownership of MEDIA SHARK or the transfer of such ownership.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond to this request a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 37 and Dixit's Response:**
**37.** All documents and things relating or referring to the ownership of KNOWMENTUM or the transfer of such ownership.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond to this request a mutually agreeable time and location.

      **HealthPlan's Reason to Compel Responsive Documents**
      This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 39 and Dixit's Response:**
**39.** All correspondences between You and Frank Perez, III relating or referring to HEALTHPLAN, E-INTEGRATE, MEDIA SHARK, KNOWMENTUM, or KUTSOMARKOS.
**RESPONSE:** Due to the fact Plaintiff requests all correspondence "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving such objection, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

      **HealthPlan's Reason to Compel Responsive Documents**
      This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit has waived objections to the discovery sought because boilerplate or general objections

constitute a waiver of the discovery sought. *Spencer*, at *4.  Moreover, this Response does

not make clear whether there are no responsive documents or if responsive documents are

forthcoming.   This Response must state a specific date on which documents will be

produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

### Request No. 40 and Dixit's Response:

**40.**  All documents and things relating or referring to ExchangeLink®, which You created, acquired or developed while working for HEALTHPLAN, and which You retained after Your termination by HEALTHPLAN.

**RESPONSE:**  Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because it does not make clear whether there are no

responsive documents or if responsive documents are forthcoming.  This Response must state

a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle

District Discovery (2015) at III.A.5(c).

## B. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD BE COMPELLED FROM KNOWMENTUM

The specific Requests for Production that HealthPlan moves to compel at this time,

Knowmentum's responses, and HealthPlan's reasons to compel are as follows:

### Request No. 16 and Knowmentum's Response:

**16.**  All communications between KNOWMENTUM and DIXIT, and relating or referring to ExchangeLink® or any system or software for use in connection with healthcare exchanges.

**RESPONSE:**  Due to the fact Plaintiff requests all communications "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the

objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c). Further, the evasive reading of the defined term "relating to" and the common term "healthcare exchanges" does not excuse defendant from production. Middle District Discovery, at 11 (attorney receiving request "shall reasonably and naturally interpret it").

## Request No. 21 and Knowmentum's Response:
**21**. All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.
RESPONSE: Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents
This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Knowmentum has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4.

## Request No. 22 and Knowmentum's Response:
**22.** All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

**HealthPlan's Reason to Compel Responsive Documents**

      This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Knowmentum has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 30 and Knowmentum's Response:**

**30.** All documents and things relating or referring to payments made to, and gains and profits realized by, KNOWMENTUM in connection with: (a) the ExchangeLink® system, and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.

**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

**HealthPlan's Reason to Compel Responsive Documents**

      This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c). Further, the evasive reading of the defined term "relating to" and "healthcare exchanges" does not excuse defendant from production. Middle District Discovery, at 11 (attorney receiving request "shall reasonably and naturally interpret it").

**Request No. 46 and Knowmentum's Response:**

**46.** All documents and things relating or referring to the ownership of KNOWMENTUM or the transfer of such ownership.

**RESPONSE:** Due to the fact Plaintiff requests all communication "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 48 and Knowmentum's Response:**

**48.** Documents sufficient to show all compensation received in consideration of the acquisition of KNOWMENTUM.

**RESPONSE:** Due to the fact Plaintiff requests documents "sufficient to show" without defining "sufficient to show," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 49 and Knowmentum's Response:**

**49.** Documents sufficient to show the yearly capitalization of KNOWMENTUM between 2013 and present day.

**RESPONSE:** Due to the fact Plaintiff requests documents "sufficient to show" without defining "sufficient to show," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient. Rather, responses must state a specific date on which documents will be produced. Fed. R. Civ. P 34(b)(2)(B); Middle District Discovery (2015) at III.A.5(c).

**Request No. 55 and Knowmentum's Response:**

**55.** All documents relating or referring to the transfer of any intellectual property, including without limitation, patents, trademarks, trade secrets and copyrights, from MEDIA SHARK to KNOWMENTUM.

**RESPONSE:** Due to the fact the burden in responding to this request outweighs any likely benefit, Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Knowmentum has waived objections to the discovery sought because boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 61 and Knowmentum's Response:**
**61:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue KNOWMENTUM received from DIXIT, whether directly or indirectly.
**RESPONSE:** Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope. Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Request is relevant to HealthPlan's claims because compensation, benefits or revenue concerns whether Knowmentum failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use. Furthermore, this Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.

### C. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD BE COMPELLED FROM MEDIA SHARK

The specific Requests for Production that HealthPlan moves to compel at this time, Media Shark's responses, and HealthPlan's reasons to compel are as follows:

**Request No. 21 and Media Shark's Response:**
**21.** All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Response is deficient because fails to state with specificity the grounds for the

objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle

District Discovery (2015) at 12. The Response contains improper boilerplate objections

without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.  As such,

Media Shark has waived objections to the discovery sought because boilerplate or general

objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 22 and Media Shark's Response:**
**22.** All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:**  Due to the fact Plaintiff requests all documents and things "relating…to,"
Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and
ambiguous, and not reasonably limited in time or scope.   Accordingly, Defendant will not
be responding to this request, as currently drafted.

> **HealthPlan's Reason to Compel Responsive Documents**
> This Response is deficient because fails to state with specificity the grounds for the

objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle

District Discovery (2015) at 12. The Response contains improper boilerplate objections

without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.  As such,

Media Shark has waived objections to the discovery sought because boilerplate or general

objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 23 and Media Shark's Response:**
**23.**  All documents and things relating or referring to ExchangeLink® and MEDIA SHARK.
**RESPONSE:**  Due to the fact Plaintiff requests all documents and things "relating…to,"
Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and
ambiguous, and not reasonably limited in time or scope.   Accordingly, Defendant will not
be responding to this request, as currently drafted.

> **HealthPlan's Reason to Compel Responsive Documents**
> This Response is deficient because fails to state with specificity the grounds for the

objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle

District Discovery (2015) at 12. The Response contains improper boilerplate objections

without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.  As such,

Media Shark has waived objections to the discovery sought because boilerplate or general

objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 49 and Media Shark's Response:**
**49.** Documents sufficient to show all compensation received in consideration of the acquisition of MEDIA SHARK.
**RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope.  Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Request is relevant to HealthPlan's claims because compensation received in

consideration of the acquisition of Media Shark, or the lack thereof, concerns whether Media

Shark failed to observe corporate formalities by commingling funds of the corporation with

funds of other corporations and with personal funds or by using the assets of the corporation

for personal use. Furthermore, this Response is deficient because fails to state with

specificity the grounds for the objections to the request, including the reasons. *See* Fed. R.

Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper

boilerplate objections without a full, fair explanation particular to the facts of the case.

*Gibson*, at *9.  As such, Media Shark has waived objections to the discovery sought because

boilerplate or general objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 50 and Media Shark's Response:**
**50.**  Documents sufficient to show the yearly capitalization of MEDIA SHARK between 2013 and present day.
**RESPONSE:**  Due to the fact the burden in responding to this request outweighs any likely benefit, Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, not reasonably limited in time or scope.   Accordingly, Defendant will not be responding to this request, as currently drafted.

**HealthPlan's Reason to Compel Responsive Documents**

This Request is relevant to HealthPlan's claims because Media Shark's capitalization, or inadequate capitalization, concerns whether Media Shark failed to observe corporate formalities. Furthermore, this Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. Fed. R. Civ. P. 34; Middle District Discovery (2015) at 12. Furthermore, this Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Media Shark has waived objections to the discovery sought because boilerplate or general objections constitute waiver of the discovery sought. *Spencer*, at *4.

**Request No. 65 and Media Shark's Response:**

**65.** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK received from DIXIT, whether directly or indirectly.

**RESPONSE:** Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope. Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

**HealthPlan's Reason to Compel Responsive Documents**

This Request is relevant to HealthPlan's claims because compensation, benefits or revenue concerns whether Media Shark failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use. Furthermore, this Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.

**Request No. 68 and Media Shark's Response:**

**68.** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK received from KUTSOMARKOS, whether directly or indirectly.

**RESPONSE:** Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, and not reasonably limited in time or scope. Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Request is relevant to HealthPlan's claims because compensation, benefits or revenue concerns whether Media Shark failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use. Furthermore, this Response is deficient because fails to state with specificity the grounds for the objections to the request, including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at 12. The Response contains improper boilerplate objections without a full, fair explanation particular to the facts of the case. *Gibson*, at *9.

**Request No. 72 and Media Shark's Response:**

**72.** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK made to DIXIT, whether directly or indirectly.

**RESPONSE**: Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, and not reasonably limited in time or scope. Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Request is relevant to HealthPlan's claims because compensation, benefits or revenue concerns whether Media Shark failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal

funds or by using the assets of the corporation for personal use. Furthermore, this Response

is deficient because fails to state with specificity the grounds for the objections to the request,

including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at

12. The Response contains improper boilerplate objections without a full, fair explanation

particular to the facts of the case. *Gibson*, at *9.

**Request No. 75 and Media Shark's Response:**
**75.** Documents sufficient to show all payments, any form of compensation, benefits, or
revenue MEDIA SHARK made to KUTSOMARKOS, whether directly or indirectly.
**RESPONSE:** Due to the fact the request seeks information which is unrelated to the issues
in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome,
and not reasonably limited in time or scope. Further, due to the fact Plaintiff seeks
documents regarding "indirect" payments, compensation, etc., Defendant objects to such
request as vague and ambiguous. Accordingly, Defendant will not be responding to this
request, as currently drafted.

### HealthPlan's Reason to Compel Responsive Documents

This Request is relevant to HealthPlan's claims because compensation, benefits or

revenue concerns whether Media Shark failed to observe corporate formalities by

commingling funds of the corporation with funds of other corporations and with personal

funds or by using the assets of the corporation for personal use. Furthermore, this Response

is deficient because fails to state with specificity the grounds for the objections to the request,

including the reasons. *See* Fed. R. Civ. P. 34; *see also* Middle District Discovery (2015) at

12. The Response contains improper boilerplate objections without a full, fair explanation

particular to the facts of the case. *Gibson*, at *9.

### D. DEFENDANTS SHOULD BE COMPELLED TO NEGOTIATE A PROTECTIVE ORDER AND ESI AGREEMENT AND CONDUCT AN ADEQUATE SEARCH FOR DOCUMENTS

HealthPlan has tried to negotiate a Protective Order and an ESI Agreement with

Defendants since November 27, 2018 – first on January 14, 2019 and again on February 21, 2019. Defendants have failed to negotiate either of these necessary documents with HealthPlan to date. Regarding the Protective Order, HealthPlan proposed its revisions in a draft of on January 24, 2019; however, Defendants have yet to comment on that iteration of the Protective Order. Regarding the ESI Agreement, Defendants have failed to comment altogether and have engaged in the very type of dilatory conduct that this Court renounces. Middle District Discovery (2015) at VII.A ("[E]-discovery goal is to facilitate, fair, open, proportional discovery of the facts underlying a dispute so that it is resolved on the merits and not by gamesmanship. This requires cooperation among counsel.") Accordingly, HealthPlan requests that this Court enter the proposed Protective Order and ESI Agreement set forth at Exhibits A and B, respectively.

Defendants' failure to conduct an adequate search for documents is evidenced by its single, scanned PDF document production, comprising only 296 pages. It is neither clear on behalf of which party these documents are being produced nor the identity of the custodian(s) of the documents. Defendants' counsel indicated the documents would be separated by Defendant, but this has not yet occurred. Defendants' document collection efforts should include searching for, collecting, and producing relevant documents *from each party*. *See* Middle District Discovery (2015) at III.A.5.e. Accordingly, HealthPlan requests that Defendants be compelled to produce documents in this manner.

### E. HealthPlan's Requests Forensic Examination of Defendants' Computers and Its Reasonable Expenses

HealthPlan requests inspection of the Defendants' computers to promptly end the

Defendants' hide and seek games. Forensic examinations are permitted where clear evidence exists that the party responding to discovery defaulted on its discovery obligations. *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 686 (S.D. Fla. Mar. 5, 2012) (permitting forensic examination when party "undertook no efforts" to produce electronic discovery). Here, Defendants appear to not have undertaken efforts to search for and produce electronic discovery. Again, only 296 pages have been produced to date and are redundant of documents produced in the pending *Bojkovic v. Dixit* state court case. Representations made by Defendants[1] about the level of informality and general disorder of their documents and ESI—such as representing that Defendants failed to maintain separate corporate records or observe corporate formalities—suggest that a forensic inspection of Defendants' computers is necessary to bring order to Defendants' chaotic discovery efforts.

HealthPlan also seeks its reasonable expenses, including its attorneys' fees, in connection with this Motion, to the extent the Motion is granted, because of Defendants' unjustified refusals to cooperate on the most basic discovery requirements. Fed. R. Civ. P. 37(a)(5)(A).

## IV.    CONCLUSION

Based on the foregoing, HealthPlan's Motion should be granted.

---

[1] Defendants also represented that there are "tens of servers and computers" that may have

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certified that they have conferred with opposing counsel, and opposing counsel stated that Defendants oppose the relief sought herein.

Dated: March 15, 2019                    Respectfully Submitted,

By:  ___/s/ Evi T. Christou___
Alejandro J. Fernandez
Fla. Bar No. 32221
Board Certified in Intellectual Property Law
E-mail:  AFernandez@BrinksGilson.com
Stephen J. Leahu
Fla. Bar. No. 54037
Board Certified in Intellectual Property Law
E-mail: SLeahu@BrinksGilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No.  (813) 275-5020
Telefacsimile No.  (305) 275-5021

William H. Frankel
IL ARDC No. 3127933
*Admitted Pro Hac Vice*
wfrankel@brinksgilson.com
Andrew J. Avsec
IL ARDC No. 6292313
*Admitted Pro Hac Vice*
aavsec@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

responsive documents – even calling it a "vast trove" of information.

Evi T. Christou
D.C. Bar No.1600066
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 15, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Evi T. Christou*
Evi T. Christou