# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO. 8:18-cv-2608-SDM-AAS

HEALTHPLAN SERVICES, INC.,
a Florida corporation,

      Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

      Defendants.

_____/

## HEALTHPLAN'S MOTION TO COMPEL AMENDED INITIAL DISCLOSURES

Pursuant to Rule of Civil Procedure 37 and Local Rule 3.04, Plaintiff HealthPlan Services, Inc. ("HealthPlan"), through its undersigned counsel, hereby respectfully moves this Court for an order compelling Defendants E-Integrate, Inc. ("E-Integrate), and Feron Kutsomarkos ("Kutsomarkos") (collectively "Defendants") to amend their 26(a)(1) Initial Disclosures.

## I.      INTRODUCTION

Despite HealthPlan's attempts to advance discovery in a logical, efficient manner, Defendants have obfuscated and delayed discovery. In one particularly egregious example of

Defendants' tactics, Defendants have provided to HealthPlan Rule 26(a) initial disclosures ("Initial Disclosures") listing a tsunami of hundreds of potential witnesses with little indication of their relevance to the claims at issue.

In particular, on December 14, 2018, HealthPlan received Defendants' Initial Disclosures. Defendants' Initial Disclosures comprised an eye-popping ***thirty five pages*** identifying in excess of ***350 potential witnesses*** purportedly having knowledge concerning the claims at issue in the case. Further, Defendants' Initial Disclosures failed to provide additional information regarding who these individuals and/or parties are, their significance to the instant action, or the subject matter they purportedly possess.

After Defendants' refusal to reduce the number of named witnesses to comply with Rule 26, HealthPlan sought this Court's intervention by filing a motion to compel on March 6, 2019, ECF No. 62.[1] Within hours of filing, Defendants sent multiple invective emails insisting that they ***had*** actually agreed to amend their initial disclosures to resolve "all of the discovery issues between [the parties]," and threatening to file a motion for sanctions should HealthPlan maintain its motion. *See* Exhibits 1 and 2. Given the Court's dismissal without prejudice of the motion to compel, HealthPlan afforded Defendants yet another opportunity to address the issues raised in the initial motion to compel, namely, reducing the number of witnesses and providing detailed descriptions of the subject matter of such witness' knowledge. When the time came for Defendants to deliver on curing all the issues raised in the initial motion to compel, namely, truncating the list of witnesses, Defendants proved the

emails were claptrap, designed to waste more time and resources.

On March 13, 2019, HealthPlan received Defendants' First Amended Rule 26 Disclosures. The First Amended Initial Disclosures contain essentially the same massive list of potential witnesses, and differ mainly in the organization of the individuals and parties listed and with slight modifications to the subjects of information discoverable from these individuals and parties. Two days later, on March 15, 2019, HealthPlan received Defendants' Second Amended Rule 26 Disclosures, which amended the description by category and location of all documents, electronically stored information, and tangible things pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) by taking into account the production that Defendants made that same day. The deficient Second Amended Rule 26 Disclosures are attached hereto as Exhibit 3.

HealthPlan has repeatedly urged that Defendants slash its onerous list of individuals to comply with Rule 26. Defendants refuse. HealthPlan seeks an order compelling Defendants to comply with Rule 26 by limiting Defendants to ten or less individuals, and imposing fees and sanctions as a result of Defendants' misconduct.

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 26(a)(1) requires parties in litigation to provide one another with necessary disclosures of information at an early stage of the case. Rule 26(a)(1), in pertinent part, requires a party, "without awaiting a discovery request," to disclose to the other parties "the name and, if known, the address and telephone number of each individual

---

[1] The initial motion to compel (ECF No. 62) was dismissed without prejudice, and subsequently a separate motion to compel was filed to address discovery failures of Rakesh Dixit, Knowmentum, Inc. and Media Shark

likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A major purpose of Rule 26 is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." *See* Notes of Advisory Committee on Rules – 1993 Amendment.

## III.   ARGUMENT

### A.  Defendants' Initial Disclosures are Deficient and Must Be Amended

Here, Defendants' Initial Disclosures are deficient because they contain a grossly over-inclusive list of undifferentiated individuals alleged to likely have discoverable information supporting their claims or defenses.   Indeed, Defendants disclosed over 350 individuals and/or parties in their Initial Disclosures.   Rule 26 clearly provides that the list of individuals are those that parties believe in good faith they "may use" to support its claims – it does ***not*** contemplate that parties will initially disclose the names of every single individual/entity they can possibly think of.   Courts have found that these blunderbuss disclosures are improper.   *United States ex rel. Brown v. Celgene Corp*., 2015 U.S. Dist. LEXIS 189371 (C.D. Cal. July 24, 2015) (finding a party's list of 130 witnesses without any indication of the subject matter of their anticipated testimony did not further the purposes of Rule 26(a) and compelled amended initial disclosures containing narrower list of witnesses and identifying the subject matter of each witnesses' anticipated testimony); *Sender v. Mann*,

---

Productions, Inc.  *See* Motion to Compel, ECF No. 65.

225 F.R.D. 645 (D. Col. 2004) (finding plaintiff's initial disclosures deficient because plaintiff simply provided a laundry list of undifferentiated witnesses and gave the same generic disclosure for every witness). If Defendants do not narrow their list of witnesses, HealthPlan must choose a small group of witnesses to depose out of the hundreds listed. This allows Defendants to obscure the identity of witnesses they actually intend to call at trial and prevents HealthPlan from obtaining necessary and timely discovery.

Additionally, Defendants fail to provide any additional information regarding who these individuals and/or parties are, their significance to the instant action, or the subject matter they purportedly possess. A Rule 26(a)(1)(A)(i) disclosure should indicate "briefly the general topics on which such persons have knowledge." *See* Notes of Advisory Committee on Rules – 1993 Amendments. The Advisory Committee's reference to "topics" suggests that the disclosing party must provide more than a perfunctory statement that the identified person has information "about the case." *Lobato v. Ford*, 2007 U.S. Dist. LEXIS 65574 (D. Colo. Sept. 5, 2007) (quoting Fed. R. Civ. P. 26 advisory committee notes (1993 Amendments, Subdivision (a))). For nearly all of the parties listed in Defendants' amended Initial Disclosures, Defendants provide the same or substantially similar perfunctory statement:

> This party may have knowledge of or documents relating to the claims that are the subject of this lawsuit, including Plaintiff's First Amended Complaint . . . Defendants' Answers, Affirmative Defenses, and the Counterclaim to Plaintiff's First Amended Complaint . . .

Alternatively, Defendants state that certain parties "may have knowledge of or documents relating to the claims that are the subject of this lawsuit, including the claims made in the

5

Bojkovic-Dixit Litigation and the FIT Litigation." These types of disclosures are no more informative than the disclosure "these witnesses are knowledgeable about the case"— *Lobato*'s example of a plainly deficient initial disclosure under Rule 26(a)(1). *See also Hammonds v. Jackson*, 2015 U.S. Dist. LEXIS 183808, at *5 (N.D. Ga. Mar. 16, 2015) (disclosure that individuals "have knowledge of the facts and allegations…in the Complaint" constitutes a "plainly deficient initial disclosure" under Rule 26(a)(1)).

It is clear that Defendants have access to information that could disclose the general topics of each of these individuals' and parties' information, but have purposefully refused to do so. HealthPlan is unable to grasp what purpose, beyond gamesmanship, is served by Defendants' limited description of the over 350 potential witnesses they have identified. While Defendants need not provide a detailed outline of anticipated testimony, they must provide some minimal detail that will permit HealthPlan to better evaluate which witnesses warrant deposition, thus saving both parties from the expense of conducting or defending needless depositions.

### B. HealthPlan Requests Its Reasonable Expenses

HealthPlan seeks its reasonable expenses, including its attorneys' fees, in connection with this Motion, to the extent the Motion is granted. Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery is granted, a court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, especially, fees are warranted because of Defendants' unjustified categorical refusal to amend their Initial Disclosures.

## IV.    CONCLUSION

Based on the foregoing, HealthPlan's Motion should be granted.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certified that they have conferred with opposing counsel, and opposing counsel stated that Defendants oppose the relief sought herein.

Dated: March 27, 2019                         Respectfully Submitted,

By: */s/ Alejandro J. Fernandez*
Alejandro J. Fernandez
Fla. Bar No. 32221
Board Certified in Intellectual Property Law
E-mail:  AFernandez@BrinksGilson.com
Stephen J. Leahu
Fla. Bar. No. 54037
Board Certified in Intellectual Property Law
E-mail: SLeahu@BrinksGilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No.  (813) 275-5020
Telefacsimile No.  (305) 275-5021

William H. Frankel
IL ARDC No. 3127933
*Admitted Pro Hac Vice*
wfrankel@brinksgilson.com
Andrew J. Avsec
IL ARDC No. 6292313
*Admitted Pro Hac Vice*

aavsec@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Evi T. Christou
D.C. Bar No.1600066
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on March 27, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Alejandro J. Fernandez*