**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTHPLAN SERVICES, INC.,
     a Florida corporation,

          CASE NO.:  8:18-cv-02608-SDM-AAS

     Plaintiff,

    v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS, an individual,
E-INTEGRATE, INC., a Florida corporation,
KNOWMENTUM, INC, a Florida corporation,  and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

     Defendants.

_____/

**E-INTEGRATE, INC.'S AND FERON KUTSOMARKOS' MOTION TO COMPEL**
**BETTER RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS AND FIRST SET OF INTERROGATORIES TO PLAINTIFF,**
**WITH INCORPORATED MEMORANDUM OF LAW,**
**AND REQUEST FOR ORAL ARGUMENT**

Defendants FERON KUTSOMARKOS ("Kutsomarkos") and E-INTEGRATE, INC ("E-Integrate") (they are referred to herein as "Defendants"), by and through their undersigned counsel and pursuant to Federal Rules 26, 33, 34, and 37, and Local Rule 3.04(a) of the Middle District of Florida, hereby move this Honorable Court for an Order compelling Plaintiff HEALTHPLAN SERVICES, INC. ("Plaintiff" or "HPS") to provide better responses and answers to Defendants' First Request for Production of Documents and First Set of Interrogatories to Plaintiff; and, Defendants Request Oral Argument pursuant to Local Rule 3.01(j).

Defendants estimate that one (1) hour will be required for oral argument in support of this motion, and Defendants state as follows in support:

## I. INTRODUCTION AND BACKGROUND

More than five (5) months ago, Plaintiff filed its original complaint on October 23, 2018 (D.E. 1). However, it was not until last Friday, <u>March 29, 2019</u>, Plaintiff made its "first" production of documents in response to Defendants' First Request for Production of Documents, which were served three (3) months earlier, on <u>December 21, 2018</u> (*see* Exhibit 1). Plaintiff's paltry "first" production of documents generally relates to advertising and marketing materials, which it easily could have been produced months ago, and nothing more (*e.g., no emails, no contracts, no agreements, no employment records, no invoices, no text messages, no correspondence, no software nor code, etc.*).

More importantly, Plaintiff claimed, during it's good faith conference with Defendants, that it needs an additional 30 days to complete its production of documents (*e.g.,* by April 30, 2019), which is unacceptable under the current Case Management Report ("CMR" D.E. 31) and Case Management and Scheduling Order ("CMO" D.E. 34) because, among other reasons described below, Plaintiff's self-inflicted delay in producing documents prejudices Defendants and causes significant, cascading delays of the CMR and CMO deadlines. For example, the parties' expert disclosures are due on April 17, 2019 (*see* CMR, D.E. 31, p. 5, para. 3b.) and the parties cannot possibly meet that deadline without having at least 30-45 days to review the production of documents and information from Plaintiff with, among others, their experts.[1]

Additional reasons for Defendants' Motion to Compel are as follows: Plaintiff refuses to amend its responses to Defendants' First Request for Production of Documents (*see* Exhibit 2) to

---

[1] Although the parties were forced to file a "Joint Supplemental Report and Motion to the Court pursuant to the parties' joint Case Management Report" (D.E. 67) because of, among other things, Plaintiff's discovery delays, it is axiomatic that that the mere filing of a motion for an extension of time does not, absent an order of the Court, extend the deadline for responding to discovery requests or complying with the CMR or CMO.

disclose whether any responsive materials are being withheld on the basis of its boilerplate objections (as described below); *and*, in Plaintiff's answers to Defendants' First Set of Interrogatories (*see* Exhibit 3), Plaintiff generally states the following (emphasis added):

> To the extent in the possession, custody or direct control of HealthPlan, responsive to subparts a-c of this interrogatory **may be determined by examining, auditing, compiling, abstracting or summarizing Plaintiff's business records (including ESI)**. Furthermore, the burden of delivering or ascertaining the answer to subparts a-c will be substantially the same for either party. **Therefore, pursuant to Fed. R. Civ. P. 33(d), HealthPlan will supplement its answer by specifying the documents that must be reviewed, and providing Defendant a reasonable opportunity to examine and audit the documents and to make copies, compilations, abstracts or summaries of those records**. In response to sub-part d, HealthPlan refers to and incorporates by reference herein its Initial Disclosures.

Not only is Plaintiff's self-inflicted delay in producing documents prejudicing Defendants under the CMR and CMO, Plaintiff is causing further and additional delays, thereby further prejudicing Defendants, because it is purposefully preventing Defendants from understanding or determining, *inter alia*, Plaintiff's answers to interrogatories by delaying the "examining, auditing, compiling, abstracting or summarizing Plaintiff's business records."

Plaintiff also refuses to produce for inspection and analysis to Defendants the "**software code development work at HealthPlan**, [*i.e.,*] **the ExchangeLink® system**[, which] included the entirety of the ExchangeLink® software program, including source and object code associated with the ExchangeLink® system" (*see, e.g.,* Plaintiff's First Amended Complaint ("the FAC"), ¶¶ 19, 28(i), 33(e-g), 58, 61, 73, or 99). The discovery Defendants seek in this motion to compel is set forth in additional detail below, pursuant to Local Rule 3.04(a):

## II. PLAINTIFF'S RESPONSES TO KUTSOMARKOS' AND E-INTEGRATE, INC.'S FIRST REQUEST FOR INFORMATION AND DOCUMENTS

As a threshold matter, "Federal Rule of Civil Procedure 34(b)(2)(B) provides that a party who objects to a request must state its objections and include the reasons for the objections."

*Mauro v. Alldredge*, 2013 U.S. Dist. LEXIS 104239, *8 (M.D. Fla. July 25, 2013). Plaintiff's

"PRELIMINARY RESPONSE AND GENERAL OBJECTIONS" and "SPECIFIC

OBJECTIONS AND RESPONSES" to Defendants' First Request to Produce are boilerplate, a one

size fits all variety, which have been rejected by this and other courts. *Id. See also Gonzalez v.*

*Etourandtravel, Inc.*, 2014 U.S. Dist. LEXIS 40180, *18 (M.D. Fla. Mar. 26, 2014) ("The Court

ignores Plaintiff's 3 ½ pages of general objections and goes directly to her supplemental answers

to the interrogatories"). Defendants now move on to Plaintiff's objections to Defendants' specific

Requests for Production:

**REQUEST FOR PRODUCTION NO. 1:** All documents, including text messages, emails and ESI, related to the Consulting Agreement between HPS and EI, attached as Exhibit 1 to the Complaint.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they only relate to work performed pursuant to the Consulting Agreement, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … related to the [requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces

responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** Plaintiff should have put as much effort (during the past six (6) months) to timely complete its document production as it did in objecting to Defendants' Requests for Production.  Instead, Plaintiff sandbagged Defendants by taking more than five (5) months to produce meaningless marketing and advertising documents, while withholding hundreds of thousands (if not millions) of documents, information, and ESI that go to the crux of the claims between the parties.

Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case."  Plaintiff's objections and responses violate, *inter alia*, the following sections of the handbook on civil discovery practice in the United States District Court, Middle District of Florida (emphasis added):

> **III A. 6** - <u>Objections</u>. **Attorneys should not make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues**. Absent compelling circumstances, failure to assert an objection to a request for production within the

time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel. **Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure. Objections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection. Specific objections should be matched to specific requests. General or blanket objections should be used only when they apply to every request. Boilerplate objections such as "the request is overly broad, unduly burdensome, and outside the scope of permissible discovery" are insufficient without a full, fair explanation particular to the facts of the case**.

**III A. 7** - <u>Producing Documents Subject to Objection</u>. **When the scope of the document production is narrowed by one or more objections, this fact and the nature of the documents withheld should be asserted explicitly for that request**.

**III A. 8** - <u>When Production Is Limited by Interpretation</u>. If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, **the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request. When production is limited by a party's objection, the producing party should clearly describe the limitation in its response**.

Middle District Discovery (2015) at 12-13.

**III B. 3** - <u>Response</u>. **An attorney should not state the documents are available for inspection and copying if they are not in fact available when this representation is made**.

**III A. 4** - <u>Manner of Production</u>. Rule 34, Federal Rules of Civil Procedure, requires that a party producing documents for inspection produce them as they are maintained in the usual course of business or organize and label them to correspond with the categories in the request. **In addition, if feasible, all of the documents should be made available simultaneously, and the party inspecting can determine the desired order of review**. While the inspection is in progress, the inspecting party shall have the right to review again any documents which have already been examined during the inspection.

If the documents are produced as they are kept in the usual course of business, the producing party has an obligation to explain the general scheme of record-keeping to the inspecting party. The objective is to acquaint the inspecting party generally with how and where the documents are maintained. If the documents are produced to correspond with the categories in the request, some reasonable effort should be made to identify certain groups of the produced documents with particular categories of the request or to provide some meaningful description of the

documents produced. The producing party is not obligated to rearrange or reorganize the documents.

[* * *]

**III A. 9** - <u>Objections</u>. **Rule 34, Federal Rules of Civil Procedure, requires that if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions of the request. Objections to the production of documents based on generalized claims of privilege will be rejected.** A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. For a more detailed discussion of the invocation of privilege see Section V of this handbook. The procedures for invoking privilege set forth in Section VI also apply to document production (which often requires the production of a "privilege log" containing the information requested in Section VI).

Middle District Discovery (2015) at 14-16.

The discovery sought is relevant and necessary because, *inter alia*, this request directly relates to Plaintiff's FAC (D.E. 37), Defendants' Answer and Affirmative Defenses to Plaintiff's FAC, E-Integrate, Inc.'s Counterclaim (D.E. 53), and Co-Defendants Motion to file a Third-Party Complaint against Michael Bojkovic, M.D. and Perfect Clarity (D.E. 61).[2] Plaintiff has not suggested how or why the documents or information sought is not relevant, or how the scope of

---

[2] Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)*. Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id. at 352*. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974)*. *Rule 26* restricts the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter. *Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007)*.

The party resisting discovery bears the burden to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See FED.R.CIV.P. 33(b)(4)*; *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000)*; *Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000)* ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information").

this request should be more narrowly and appropriately defined. Plaintiff has further failed to state specifically how the objected-to request is unreasonable or otherwise unduly burdensome. In addition, the parties have agreed to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 2.** All documents, including text messages, emails and ESI, related to the Consulting Agreement between HPS and Ultramatics ("UM"), attached as Exhibit 2 to the Complaint.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they only relate to work performed pursuant to the Consulting Agreement, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … related to the [requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3.** All documents, including text messages, emails and ESI, related to the Consulting Agreements between HPS and MEDIA SHARK ("MS") which name KUTSOMARKOS in their address, subject or text lines attached as Exhibit 3 to the Complaint.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "Consulting Agreements between HPS and MEDIA SHARK ("MS") which name KUTSOMARKOS in their address, subject or text lines" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they only relate to work performed pursuant to the Consulting Agreement, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … related to the [requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces

responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 4:** All documents, including text messages, emails and ESI, which contain mention of KUTSOMARKOS.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "contain mention of KUTSOMARKOS" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all documents that merely mention Kutsomarkos, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … which contain mention [an individual]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a

targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 5:**  All documents, including text messages, emails and ESI, which contain mention of EI.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "contain mention of EI" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all documents that merely mention E-

Integrate, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … which contain mention [an entity]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 6**: All billing documents received from UM which reflect monies billed for service rendered by EI to UM and related to development of the ExchangeLink system.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "billing documents," "reflect" and "related to development" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all documents that "reflect" the billed monies, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All billing documents … which reflect monies billed" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the

extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 7:** All billing documents received from UM, which reflect monies billed for service rendered by KUTSOMARKOS to UM and related to development of the ExchangeLink system.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "billing documents," "reflect" and "related to development" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all documents that "reflect" the billed monies, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All billing documents … which reflect monies billed" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 8:** All accounting documents that show the amount the final unpaid balance, if any, (before write-off) as between UM and HPS for services rendered and related to development of the ExchangeLink system, and associated marketing software and media.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "accounting documents," "related to development" and "associated marketing software and media" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents that vaguely relate to a balance for software and media, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All accounting documents that show [a balance]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted

search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 9:** All accounting documents that show the amount paid by HPS to UM for services rendered.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "accounting documents" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue,

claim or defense in suit. Rather they broadly include all documents that show a payment for services rendered, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All accounting documents that show [a payment]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 10:** Any and all billing, invoices, ledgers, etc., reflecting billing and payments made between HPS and EI.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the terms "etc." and "reflecting" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents "reflecting" billings and payments, based on the interpretation of this Request's recitation of the term "etc." to mean the defined term documents, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "all [documents] reflecting billing and payments" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's

production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 11:** All documents, including text messages, emails and ESI, related to any agreement governing any aspect of the relationship between EI, KUTSOMARKOS and HPS.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "any aspect of the relationship" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents that vaguely relate to any aspect of a relationship, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … related to any agreement governing any aspect of the relationship" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that

are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 12:** All documentation and communications sufficient to identify HPS' enforcement of confidentiality agreements with any of its former employees/contractors whether resolved through litigation, arbitration or otherwise. The date range for this request is for the five (5) years preceding the present day.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "enforcement of confidentiality agreements" and "or otherwise" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents that identify the enforcement of confidentiality agreements with unidentified individuals, including such documents that were exchanged via e-mail by former employees of HealthPlan. Moreover, HealthPlan's enforcement of confidentiality agreements with any third party has no relevance to the issues, claims and defenses in this suit, and are thus not discoverable.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documentation and communications sufficient to identify [any confidentiality enforcements]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive

documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 13:** All communications with EI prior to and after its contracting with HPS.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "its contracting" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of communications (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all communications with E-Integrate, including such documents that were exchanged via e-mail by former employees of HealthPlan. On balance, this Request seeks massive amounts of e-mail and other ESI regarding mundane, day-to-day work that has no bearing on any issue, claim or defense in this suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All communications with EI" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 14:** All financial documents that show, or may show, the damages you allege you have sustained as a result of the actions complained of, in the past, and in the future.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "financial documents," "may show" and "the actions complained of, in the past, and in the future" as vague and ambiguous.

HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' financials. Defendants have not yet produced documents, including its financial documents. Accordingly, HealthPlan's investigation into the disgorgement of Defendants' profits is ongoing. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed.

R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All financial documents that show, or may show, the damages" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 15:** Any and all Profit & Loss Reports and other financial reports showing total revenue and gross profit generated by or attributed to EI.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "Profit & Loss Reports and other financial reports" and "generated by or attributed to" as vague and ambiguous.

HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' financials. Defendants have not yet produced documents, including its financial documents. Accordingly, HealthPlan's investigation into the disgorgement of Defendants' profits is ongoing. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all reports showing revenue and profits "attributed to" E-Integrate, including such documents that were exchanged via e-mail by former employees of HealthPlan concerning such reports.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all Profit & Loss Reports and other financial reports showing [the requested profits] attributed to EI" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to

Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 16:** All drafts of contracts exchanged between Plaintiff and Defendant EI.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "contracts exchanged between" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all exchanged drafts with E-Integrate, including such documents that were exchanged via e-mail by former employees of HealthPlan. Moreover, such drafts have no relevance to the executed agreement between HealthPlan and EI.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All drafts of contracts exchanged between [HPS and E-Integrate]" would require HealthPlan

to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 17:** All drafts of contracts exchanged between Plaintiff and Defendant KUTSOMARKOS.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "contracts exchanged between" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from

countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all exchanged drafts with Kutsomarkos, including such documents that were exchanged via e-mail by former employees of HealthPlan. Moreover, such drafts have no relevance to the executed agreement between HealthPlan and EI.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All drafts of contracts exchanged between [HPS and Kutsomarkos]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 18:** All minutes of Board meetings discussing any of the issues raised in the Complaint, against EI and or KUTSOMARKOS.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "Board meetings" and "discussing any of the issues raised in the Complaint" as vague and ambiguous.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All minutes of Board meetings discussing any of the issues raised in the Complaint [against E-Integrate and Kutsomarkos]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 19:** Any and all calendars, date books, diaries or other records which contain information relating to Defendants, including the dates of any meetings or conference calls between EI and Plaintiff.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "other records which contain information relating to Defendants" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all "diaries or other records" relating to Defendants, including such ESI stored in an account of any former employee of HealthPlan. This includes production of countless calendars, date books, diaries or other records regarding day-to-day activities that have no relevance to any issues, claims or defenses in the present action.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all … records which contain information relating to Defendants" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 20:** All communications, including but not limited to E-mails, letters, and/or text messages from anyone at HPS (@HPS.com) to EI since October 1, 2013 through the present day.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "communications ... from anyone at HPS (@HPS.com)" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all communications from "anyone at HPS" to E-Integrate, including such ESI stored in an account of any former employee of HealthPlan. This Request includes numerous documents regarding the day-to-day work at HealthPlan, the vast majority of which has no relevance to any of the issues, claims or defenses in this suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All communications ... from anyone at HPS (@HPS.com) to [E-Integrate]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it

requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 21:** All communications, including but not limited to, emails (including but not limited to non-Ultramatic email addresses such as gmail, yahoo, msn, mac, etc.) and text messages between anyone at HPS and EI and/or KUTSOMARKOS since October 1, 2013 through the present day.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "communications … between anyone at HPS and EI and/or KUTSOMARKOS" and "non-Ultramatic email addresses such as gmail, yahoo, msn, mac, etc." as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all communications between "anyone at HPS" and Defendants, including such ESI stored in an account of any former employee of HealthPlan. This Request includes numerous documents regarding the day-to-day work at HealthPlan, the vast majority of which has no relevance to any of the issues, claims or defenses in this suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All communications ... between anyone at HPS and [Defendants]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are

"not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 22:** A "privilege log." Such log should contain a list of all documents withheld by Plaintiff because of a privilege and should include the date of the document, the type of the document, the parties to the document, and the specific privilege(s) asserted in support of Plaintiff's denial to produce the document.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the request to the extent that it seeks to impose duties beyond the legal obligations set forth by the Federal Rules of Civil Procedure. Pursuant to the Committee Notes on Rule 26(b)(5): "The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection."; "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."; and, "The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" HealthPlan objects to the request to the extent that the creation of the requested log is unduly burdensome, oppressive, or harassing based on Defendants' discovery approach detailed below.

HealthPlan further objects to the phrase "the type of the document" as vague and ambiguous. HealthPlan also objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested information is not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a log for a

voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit, as explained in the specific responses to each Request.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to the production of a log for ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the present Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts that would be reviewed for privilege. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

Subject to these specific objections and the General Objections, HealthPlan will comply with the Federal Rules of Civil Procedure concerning any information otherwise discoverable based on a claim that the information is privileged or subject to protection as trial-preparation material for any responsive, non-privileged documents and things in HealthPlan's possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production of a log based on responsive documents is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the documents listed on the log are relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 23:** All documents, including text messages, emails and ESI, relevant to any aspect of or issues in the Lawsuit have been lost, misplaced, or destroyed, including ESI.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "any aspect of or issues in the Lawsuit" and "documents … lost, misplaced, or destroyed" as vague and ambiguous. HealthPlan objects to the Request as impossible and futile to the extent it seeks information that is lost, misplaced or destroyed.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents "lost, misplaced, or destroyed" by someone, including without limitation Defendants, third parties and any former employee of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All [relevant] documents … [that] have been lost, misplaced, or destroyed" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 24**: All documents, including text messages, emails and ESI, relating to HPS's relationship with EI as a contractor with HPS, as alleged in the complaint, including but not limited to billing and payment ledgers.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "relating to HPS's relationship with EI" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents that vaguely relate to any aspect of the relationship, including all documents exchanged via e-mail by former employees of HealthPlan concerning the work performed pursuant the contractor relationship.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … relating to HPS's relationship with EI as a contractor with HPS" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities,

and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 25:** Records of any and all payments HPS may have made to KUTSOMARKOS, individually.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "payments HPS may have made to KUTSOMARKOS" as vague and ambiguous.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Records of any and all [of the requested] payments" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 26:** All documents, including text messages, emails and ESI, showing or tending to show that MEDIA SHARK'S employees were bound by MEDIA SHARK'S "confidentiality agreement," with HPS, as alleged in the Complaint.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "showing or tending to show that [Media Shark Productions, Inc.'s] employees were bound" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI that "show" Media Shark Productions' employees' compliance and/or non-compliance with confidentiality obligations, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … showing or tending to show [that the employees were bound]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 27:** Any and all documents showing or tending to show that EI's employees were bound by EI's "confidentiality agreement," with HPS, as alleged in the Complaint.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "showing or tending to show that [E-Integrate's] employees were bound" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI that "show" E-Integrate's employees' compliance and/or non-compliance with confidentiality obligations, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … showing or tending to show [that the employees were bound]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by

the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 28:** All documents, including text messages, emails and ESI, showing or tending to show that EI was bought and sold by Dixit.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "showing or tending to show that [E-Integrate] was bought and sold by Dixit" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI that "show" E-Integrate was bought and sold by Dixit, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … showing or tending to show that [E-Integrate] was bought and sold by Dixit" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 29**: All documents, including text messages, emails and ESI, showing the steps HPS took to insure that UM was paying its vendors, including EI for work related to HPS's ExchangeLink system.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "the steps HPS took to insure that UM was paying its vendors" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the entirety of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI that "show" Ultramatics, Inc.'s compliance and/or non-compliance with payment obligations EI, when such payments are not relevant to any issue, claim or defense in this suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … showing the steps HPS took to insure [Ultramatics, Inc.'s payments to vendors]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 30:** All documents, including text messages, emails and ESI, which you contend show that EI "retained one or more copies of the Source Code, as well as numerous HealthPlan Trade Secrets."

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of the source code that Defendants retained. Defendants have not yet produced documents, including its source code. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI relating to source code exchanged during the work performed by E-Integrate, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents … [that show E-Integrate] retained one or more copies of the Source Code" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest and joint defense privileges, the attorney- client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 31:** All documents which show the manner and extent to which HPS analyzed Dixit's FIT software and compared it to HPS's ExchangeLink software.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "show the manner and extent" as vague and ambiguous.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request as being premature because the request includes, among other things, an analysis of Defendants' source code. Defendants have not yet produced documents, including its source code. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents which show the manner and extent to [the analysis/comparison of software]" would require HealthPlan to first restore and index a massive collection of archived and backed-up

accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 32**: Any and all documents, including text messages, emails and ESI, between HPS and any "expert," retained by or on behalf of HPS, and who is expected to testify as the the FIT software being a misappropriation of HPS's ExchangeLink software.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to the phrase "any 'expert,' retained by or on behalf of HPS" as vague and ambiguous. This overly broad Request encompasses expert witnesses, as well as witnesses who are "experts" in the software field but are testifying as fact witnesses. Such fact witnesses may have been previously "retained" by HealthPlan, including HealthPlan's former employees and contractors. While HealthPlan could only speculate as to Defendants' intended scope for this Request, a broad interpretation of this Request could include Defendants' employees, who were previously "retained" as contractors in the development of HealthPlan's software. HealthPlan, however, does not concede that Defendants' employees are "experts."

HealthPlan objects to this Request as being premature because the request requires documents exchanged with HealthPlan's expert witness(es) regarding Defendants' infringing conduct. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include documents relating to the source code for HealthPlan's software that Defendants accessed and later misappropriated, including documents exchanged via e- mail by former employees or contractor of HPS who may be considered by Defendants as an expert in the software field.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents … between HPS and any 'expert,' retained by or on behalf of HPS, and who is expected to testify as [to Defendants' misappropriation]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege or Federal Rule, including but not limited to the attorney-client privilege and/or the work product doctrine, and Fed. R. Civ. P. 26(b)(4). HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf

of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 33**: Any and all documents, including text messages, emails and ESI, that shows or tends to show that KUTSOMARKOS passed HPS's trade secrets to Dixit.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "shows or tends to show that KUTSOMARKOS passed HPS's trade secrets to Dixit" as vague and ambiguous.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI that "show" Kutsomarkos' access to HealthPlan's trade secrets and her compliance and/or non-compliance with her confidentiality obligations, including documents exchanged via e-mail by former employees of HealthPlan with Kutsomarkos that contained HealthPlan's trade secrets.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents … that shows or tends to show [Kutsomarkos' misappropriation of trade secrets]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully

stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine.

HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 34**: Any and all documents, including text messages, emails and ESI, between HPS and any "expert," retained by or on behalf of HPS, and who is expected to testify as the the FIT software marketing materials being a misappropriation of HPS's scripts, marketing materials and presentations covered by the HealthPlan Copyrights.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to the phrase "any 'expert,' retained by or on behalf of HPS" as vague and ambiguous. This overly broad Request encompasses expert witnesses, as well as witnesses who are "experts" in the software marketing field but are testifying as fact witnesses. Such fact witnesses may have been previously "retained" by HealthPlan, including HealthPlan's former employees and contractors. While HealthPlan could only speculate as to Defendants' intended scope for this Request, a broad interpretation of this Request could include Defendants' employees, who were previously "retained" as contractors in the development of HealthPlan's software

marketing materials. HealthPlan, however, does not concede that Defendants' employees are "experts."

HealthPlan objects to this Request as being premature because the request requires documents exchanged with HealthPlan's expert witness(es) regarding Defendants' software marketing materials. Defendants have not yet produced documents, including its software marketing materials. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents … between HPS and any 'expert,' retained by or on behalf of HPS, and who is expected to testify as [to Defendants' misappropriation]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege or Federal Rule, including but not limited to the attorney-client privilege and/or the work product doctrine, and Fed. R. Civ. P. 26(b)(4). HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 35:** Any and all documents, including text messages, emails and ESI, between HPS and KUTOMARKOS evidencing HPS termination of its relationship with her.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "evidencing HPS termination of its relationship with [KUTOMARKOS]" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include all documents that vaguely relate to the relationship between HealthPlan and Kutsomarkos, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents ... evidencing HPS termination of its relationship with [Kutsomarkos]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities,

and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 36:** Any and all documents of any kind that show or tend to the dollar amount of any actual damages, suffered by HPS as a result of the allege acts on the part of the Defendants.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "documents of any kind that show or tend to the dollar amount of any actual damages" as vague and ambiguous.

HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' acts that resulted in damages. Defendants have not yet produced documents. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

Pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show [actual damages] suffered by HPS" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further

proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 37:** Any and all documents of any kind that show or tend to show the dollar amount of the lower of market value of the products delivered by EI and KUTSOMARKOS, suffered by HPS as a result of the allege dacts [sic] on the part of the Defendants. See Complaint paragraph #91.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "documents of any kind that show or tend to the dollar amount of the lower of market value of the products delivered" as vague and ambiguous.

HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' acts that resulted in damages. Defendants have not yet produced documents. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things,

the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. They broadly include "Any and all" documents "of any kind" that vaguely "show or tend" "the lower of market value" suffered by HealthPlan, including all documents that were exchanged via e-mail by former employees of HealthPlan concerning the market value of the products.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show [the requested market value information]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts.

Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 38:** Any and all documents of any kind that show or tend to show that HPS assigned any or all of its ExchangeLink software to third party or parties.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to the phrase "documents of any kind that show or tend to the dollar amount of [a purported assignment of HealthPlan's] software" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include "Any and all" documents "of any kind" that vaguely "show or tend" to show a purported assignment, including all documents that were exchanged via e- mail by former employees of HealthPlan concerning its rights in the software.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show [a purported assignment]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession,

custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 39:** Any and all documents of any kind that show or tend to show that HPS assigned any or all of its ExchangeLink marketing, advertising and promotional software and/or tools to third party or parties.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "documents of any kind that show or tend to the dollar amount of [a purported assignment of HealthPlan's software and tools]" as vague and ambiguous.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include "Any and all" documents "of any kind" that vaguely "show or tend" a purported assignment, including all documents that were exchanged via e-mail by former employees of HealthPlan concerning its rights in the software and tools.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show [a purported assignment]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by

the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 40:** Any and all documents of any kind that show or tend to the dollar amount of any actual damages, paid by HPS, "for corrective advertising" as a result of the Defendants' alleged unfair competition.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "documents of any kind that show or tend to the dollar amount of any actual damages, paid by HPS" as vague and ambiguous.

HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' acts that resulted in damages. Defendants have not yet produced documents. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D),

the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. The request broadly includes "Any and all" documents "of any kind" that vaguely "show or tend" damages paid by HealthPlan. Pursuant to Defendants' instructions, this includes all non- identical copies, such as documents that were exchanged via e-mail by former employees of HealthPlan concerning such damages.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show [actual damages] paid by HPS" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 41:** Any and all documents of any kind that show or tend to the dollar amount that HPS, has budgeted, in the future, "for corrective advertising" as a result of the Defendants' alleged unfair competition.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "documents of any kind that show or tend to the dollar amount … budgeted, in the future … as a result of Defendants' [acts]" as vague and ambiguous.

HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' acts that resulted in damages. Defendants have not yet produced documents. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. They broadly include "Any and all" documents "of any kind" that vaguely "show or tend" dollars budgeted as a result of Defendants' acts. Pursuant to Defendants' instructions, this includes all non-identical copies, such as documents that were exchanged via e-mail by former employees of HealthPlan concerning such budgets due to Defendants' acts.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show [budgets due to Defendants' acts]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery

requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 42:** All documents, correspondence, and communications between You and Bojkovic, including Focus Health, Inc.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of communications (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all communications with Bojkovic, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … communications [with Bojkovic]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018,

in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest and joint defense privileges, the attorney- client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 43:** All agreements and/or contracts with Bojkovic, including Focus Health, Inc.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All [documents with Bojkovic]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take

reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest and joint defense privileges, the attorney- client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 44:** All documents, correspondence, and communications between You and Ultramatics, including its agents, officers, employees, owners, or attorneys.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of communications (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all communications with a non-party, Ultramatics, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … communications [with Ultramatics]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 45:** All   agreements   and/or   contracts   with Ultramatics.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they only relate to work performed in connection with a non-party, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request

for "All [documents with Ultramatics]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 46:** Documents sufficient to show all terms and details of Wipro's acquisition of You.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "Documents sufficient to show all terms and details" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). On its face, the entirety of documents sought in this Request are not relevant to any issue, claim or defense in suit. Rather they only relate to a corporate acquisition of HealthPlan by Wipro, including such documents that were exchanged via e-mail by former employees of HealthPlan concerning Wipro. The corporate acquisition of HealthPlan has no relevance to any of the trade secret, copyright, Florida Deceptive and Unfair Trade Practices or contract counts asserted by any party to this action. This request is merely calculated to harass, annoy and unduly burden HealthPlan.

Further, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a

voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Documents … to show all terms and details [of an acquisition]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 47:** All documents concerning Wipro's due diligence in the acquisition of You, particularly in connection with all software systems developed or used by You that had any connection whatsoever to EI.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "Wipro's due diligence in the acquisition" and "all software systems … that had any connection whatsoever to EI" as vague and ambiguous.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). On its face, the entirety of documents sought in this Request are not relevant to any issue, claim or defense in suit.

Rather they only relate to due diligence conducted in a corporate acquisition of HealthPlan by Wipro, including such documents that were exchanged via e-mail by former employees of HealthPlan concerning Wipro. The corporate acquisition of HealthPlan has no relevance to any of the trade secret, copyright, Florida Deceptive and Unfair Trade Practices or contract counts asserted by any party to this action. This request is merely calculated to harass, annoy and unduly burden HealthPlan. Further, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "Documents … to show all terms and details [of an acquisition]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 48:** All engineering specification, schematic drawings, functional descriptions, user manuals, configurable manuals, installation manuals, maintenance manuals, advertisements, customer lists, and other documents relating to the Healthplan Services Exchange Software.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "other documents relating to the Healthplan Services Exchange Software" as vague and ambiguous.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all of HealthPlan's software, including huge amounts of software unrelated to any of the claims or defenses in-suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … documents [concerning the software]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 49:** Please produce copies of, or make available for inspection, the "HealthPlan Copyrighted Scripts" and the "HealthPlan Copyrighted Videos," that are at issue in this lawsuit.

**PLAINTIFF'S RESPONSE:**

Subject to the General Objections, and upon the execution of a mutually agreeable protective agreement, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 50:** Please make available for inspection the source code for Healthplan Services Exchange Software.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "the source code for Healthplan Services Exchange Software" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes HealthPlan's most confidential, proprietary, and trade secret information.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly relate to any source code for HealthPlan's software, including such documents stored in an account of any former employee of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for source code would require HealthPlan to first restore and index a massive collection of archived and backed- up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

Further, HealthPlan objects to producing any software for inspection to any party, expert or other third party not bound to an agreed protective order governing confidentiality and conflicts.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants insofar as any Defendant(s) retained HealthPlan's software. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce for inspection responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production for inspection is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 51:** A functional copy of Healthplan Services Exchange Software, including a functional copy of all components and backend components permitting the creation of an environment in which to use and test Healthplan Services Exchange Software.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "functional copy of Healthplan Services Exchange Software," "a functional copy of all components and backend components," "permitting the creation of an environment," "use and test" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly relate to any of HealthPlan's software, including such documents stored in an account of any former employee of HealthPlan. More specifically,

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for software would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Further, HealthPlan objects to producing any software for inspection to any party, expert or other third party not bound to an agreed protective order governing confidentiality and conflicts.

Subject to these specific objections and the General Objections, HealthPlan will make available for inspection responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 52:** Exemplars of all marketing, advertising, and promotion of Healthplan Services Exchange Software.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "all marketing, advertising, and promotion of Healthplan Services Exchange Software" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly relate to advertising for any of HealthPlan's software, including such documents stored in an account of any former employee of HealthPlan. The exemplars sought in this case boardly seek all marketing, advertising and promotion of HealthPlan Services Exchange Software, including such exemplars that have no bearing on the issues, claims, and defenses in-suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for software advertising would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed

ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 53:** All documents related to or reflecting any agreement with E-Integrate, including contracts, statements of work (SOWs), Master Services Agreements (MSAs), Requests for Proposals (RFPs), proposals, bids, and communications regarding same.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the term "reflecting" as vague and ambiguous.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of communications (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly relate to documents "reflecting" any agreement with E-Integrate, including such documents stored in an account of any former employee of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All documents related to or reflecting [the requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 54:** All emails in any of your email servers, since January 1, 2015 to present, that include the term "Bojkovic," "Dr. Mike," "Perfect Clarity," "Focus Health," or "Focus IT."

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrase "All emails in any of your email servers" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of emails (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all communications concerning Bojkovic, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for emails concerning Bojkovic would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest or joint defense privileges, the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 55:** All correspondence between you and Frederick Grady, Esquire and/or his law firm from January 1, 2015 to present.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of correspondence (including ESI from e-mail accounts) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all correspondence with Mr. Grady, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … correspondence [with Mr. Grady]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest or joint defense privileges, the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 56:** All correspondence between you and David Lisko, Esquire and/or his law firm from January 1, 2015 to present.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of correspondence (including ESI from e-mail accounts) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all correspondence with Mr. Lisko, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … correspondence [with Mr. Lisko]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest or joint defense privileges, the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's

production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 57:** All correspondence between you and Mark Wall, Esquire and/or his law firm from January 1, 2015 to present.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of correspondence (including ESI from e-mail accounts) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all correspondence with Mr. Wall, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … correspondence [with Mr. Wall]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest or joint defense privileges, the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents

on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 58:** All correspondence between you and Shane Costello, Esquire and/or his law firm from January 1, 2015 to present.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of correspondence (including ESI from e-mail accounts) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all correspondence with Mr. Costello, including such documents that were exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … correspondence [with Mr. Costello]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest or joint defense privileges, the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 59:** All documents you produced in the Ultramatics Litigation, including all privilege logs you produced.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents not relevant to any issue, claim or defense in suit. Rather they broadly relate to documents relevant to another suit, wherein Defendants have waived any and all claims, and which have no relationship with the present suit.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices. HealthPlan further objects to this Request to the extent it seeks information that is protected by a protective order in the Ultramatics Litigation.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 60:** All documents you produced in response to the Ultramatics Litigation Subpoena, including all privilege logs you produced.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents not relevant to any issue, claim or defense in suit. Rather they broadly relate to documents relevant to another suit, wherein Defendants have waived any and all claims, and which have no relationship with the present suit.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices. HealthPlan further objects to this Request to the extent it seeks information that is protected by a protective order in the Ultramatics Litigation.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 61:** All correspondence with any third-parties in connection with the Ultramatics Litigation or its Subpoena.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of correspondence (including ESI from e-mail accounts) from countless custodians. However, the vast majority of such documents not relevant to any issue, claim or defense in suit. Rather they broadly relate to documents relevant to another suit, wherein Defendants have waived any and all claims, and which have no relationship with the present suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … correspondence … in connection with the Ultramatics Litigation or its Subpoena" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine.

HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices. HealthPlan further objects to this Request to the extent it seeks information that is protected by a protective order in the Ultramatics Litigation.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 62:** All documents you produced in the Bojkovic Litigation, including all privilege logs you produced.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest or joint defense privileges, the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices. HealthPlan further objects to this Request to the extent it seeks information that is protected by a protective order in the Bojkovic Litigation.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 63:** All documents you produced in response to the Bojkovic Litigation Subpoena, including all privilege logs you produced.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest and joint defense privileges, the attorney- client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices. HealthPlan further objects to this Request to the extent it seeks information that is protected by a protective order in the Bojkovic Litigation.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**   This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 64:** All correspondence with any third-parties in connection with the Bojkovic Litigation or its Subpoena.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of correspondence (including ESI from e-mail accounts) from countless custodians. However, the vast majority of such communications is not relevant to any issue, claim or defense in suit. Rather they broadly relate to all correspondence relevant to another suit.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request for "All … correspondence … in connection with the Bojkovic Litigation or its Subpoena" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest and joint defense privileges, the attorney- client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices. HealthPlan further objects to this Request to the extent it seeks information that is protected by a protective order in the Bojkovic Litigation.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 65:** All documents, including emails and ESI, related to the allegations contained in paragraphs 15-24 of the Amended Complaint, entitled "HealthPlan Develops And Commercializes The Industry Leading Software Platform For Insurance And Managed Care Companies."

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request as being premature, oppressive, and harassing. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI relating to the development and promotion of the software, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects to this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities,

and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 66:** All documents, including emails and ESI, related to the allegations contained in paragraphs 34-38 of the Amended Complaint, entitled "Dixit And Kutsomarkos Infringe The HealthPlan Copyrights And Misappropriate ExchangeLink Trade Secrets."

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request as being premature, oppressive, and harassing. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI relating to Defendants' improper conduct, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-

up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 67:** All documents, including emails and ESI, related to the allegations contained in paragraphs 39-56 of the Amended Complaint, entitled "Dixit Holds HealthPlan Hostage."

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request as being premature, oppressive, and harassing. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel

"all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI relating to Defendants' improper conduct, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 68:** All documents, including emails and ESI, related to the allegations contained in paragraphs 57-71 of the Amended Complaint, entitled "Dixit's And Kutsomarkos' Heist And Deceptive Use Of HealthPlan's IP."

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request as being premature, oppressive, and harassing. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of ESI from countless custodians. However, the vast majority of such ESI is not relevant to any issue, claim or defense in suit. Rather they broadly include ESI relating to Defendants' improper conduct, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to common interest and joint defense privileges, the attorney- client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 69:** The complete file of James Vertino, and any or all other documents related to his employment and/or association with Plaintiff.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "complete file," "any or all other documents" and "employment and/or association" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include documents relating to Mr. Vertino, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-

up accounts before performing a targeted search for any responsive documents stored on such restored accounts.

Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 70:** The complete file of George Durot, and any or all other documents related to his employment and/or association with Plaintiff.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "complete file," "any or all other documents" and "employment and/or association" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include documents relating to Mr. Durot, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 71:** The complete file of Steve Saft, and any or all other documents related to his employment and/or association with Plaintiff.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "complete file," "any or all other documents" and "employment and/or association" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include documents relating to Mr. Saft, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 72:** The complete file of Nelson Tamayo, and any or all other documents related to his employment and/or association with Plaintiff.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "complete file," "any or all other documents" and "employment and/or association" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include documents relating to Mr. Tamayo, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any

ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine.

HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 73:** The complete file of any of the Defendants, and any or all other documents related to their employment and/or association with Plaintiff.

**PLAINTIFF'S RESPONSE:**

HealthPlan objects to the phrases "complete file," "any or all other documents" and "employment and/or association" as vague, ambiguous, overbroad and susceptible to multiple interpretations.

HealthPlan objects to this Request to the extent it calls for information that constitutes confidential, proprietary, and trade secret information of HealthPlan.

HealthPlan objects to this Request pursuant to Fed. R. Civ. P. 26(b)(1). Specifically, the requested documents are not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present Request seeks a voluminous production of documents (including ESI from e-mail accounts, pursuant to Defendants' definitions) from countless custodians. However, the vast majority of such documents is not relevant to any issue, claim or defense in suit. Rather they broadly include documents relating to Defendants, including documents exchanged via e-mail by former employees of HealthPlan.

Likewise, pursuant to Fed. R. Civ. P. 26(b)(2)(B), HealthPlan objects to producing ESI from sources that are not reasonably accessible because of the undue burden or cost associated with this overly broad Request. Without any limitation on the number of custodians, the Request would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Defendants have refused to take reasonable steps to limit the undue burden created by the present Request. On November 27, 2018, in connection with the Rule 26(f) discovery conference, HealthPlan proposed a reasonable agreement to govern and purposefully stage the discovery of ESI, including text messages and electronic mail. The proposed ESI agreement was specifically calculated to avoid a scattershot discovery approach that imposes discovery burdens of vast quantities of irrelevant documents. Defendants' counsel, Shyamie Dixit, responded that they are "not inclined to agree to anything" until after seeing responses to Defendants' discovery requests. Defendants further proposed that they might "discuss further" any ESI agreement after HealthPlan produces responsive documents. This approach to discovery is overly broad, unduly burdensome, oppressive, and harassing.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

## III. PLAINTIFF'S RESPONSES TO E-INTEGRATE, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18), AS IT RELATES TO THE PRODUCTION OF DOCUMENTS

As a threshold matter, Rule 33 of the Federal Rules of Civil Procedure allows any party to serve on any other party written interrogatories concerning matters within the scope of Federal Rule Civil Procedure 26(b). The scope of discovery Under Rule 26(b) is broad: "parties may

obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947)*; *Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)* (the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979)*.  All issues raised are relevant to the claims in the case and the party resisting discovery bears the burden to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See FED.R.CIV.P. 33(b)(4)*; *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000)*; *Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000)* ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information").

To voice a successful objection to an interrogatory, the objecting party cannot simply intone the familiar litany that an interrogatory is overly broad, burdensome, oppressive, and irrelevant. Rather, the objector must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 1980 U.S. Dist. LEXIS 10039, 28 Fed. R. Serv. 2d (Callaghan) 1170 (E.D. Pa. 1980).

Plaintiff's "PRELIMINARY RESPONSE TO THE INTERROGATORIES" and "GENERAL OBJECTIONS TO THE INTERROGATORIES" to Defendants' First Set of Interrogatories to Plaintiff are boilerplate, a one size fits all variety, which have been rejected by this and other courts. *Id. See also Gonzalez v. Etourandtravel, Inc.*, 2014 U.S. Dist. LEXIS 40180,

*18 (M.D. Fla. Mar. 26, 2014) ("The Court ignores Plaintiff's 3 ½ pages of general objections and goes directly to her supplemental answers to the interrogatories"). Defendants now move on to Plaintiff's objections to Defendants' specific Interrogatories:

**INTERROGATORIES NOS. 2, 3, 8, 9, 10, 11 (*see* Exhibit 3):** Each of these interrogatories, as they relate to Plaintiff's production of documents and information, requires Defendants to, *inter alia*, review and analyze Plaintiff's documents, information, and records, ***which have not been produced***; as such, it is impossible for Defendants to understand or determine, *inter alia*, Plaintiff's answers to interrogatories.

**REASON MOTION SHOULD BE GRANTED:** Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." Plaintiff's objections and responses violate, *inter alia*, the handbook on civil discovery practice in the United States District Court, Middle District of Florida, as set forth above in response to Request for Production No. 1, and it violates the following section (emphasis added):

**III A. 10 - <u>Producing Business Records in Lieu of Answering Interrogatories</u>**. Rule 33(d), **Federal Rules of Civil Procedure, allows a party in very limited circumstances to produce business records in lieu of answering interrogatories**. To avoid abuses of Rule 33(d), the party wishing to respond to interrogatories in the manner contemplated by Rule 33(d) should observe the following practice:

    **(a) Specify the documents to be produced in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought.**

    **(b) The producing party shall make its records available in a reasonable manner [i.e., with tables, chairs, lighting, air conditioning or heat, and the like if possible] during normal business hours, or, in lieu of agreement, from 8:00 a.m. to 5:00 p.m., Monday through Friday, excluding holidays.**

**(c)** The producing party shall designate one of its regular employees to instruct the interrogating party on the use of the records retention system involved. That person shall be one who is fully familiar with the records system and, if a question concerning the records arises and the designated person cannot answer, the producing party should act reasonably and cooperatively in locating someone who knows the answer to the question.

**(d)** The producing party shall make available any computerized information or summaries that it either possesses or can produce by a reasonably efficient procedure. See, Section VII on E-Discovery.

**(e)** The producing party shall provide any relevant compilations, abstracts, or summaries, either in its custody or reasonably obtainable by it, not prepared in anticipation of litigation. If it has any documents arguably subject to this clause but which it declines to produce for some reason, the producing party shall call the circumstances to the attention of the opposing party, who may move to compel.

(f) All of the actual clerical data extraction work shall be performed by the interrogating party unless agreed to the contrary, or unless, after actually beginning the effort, it appears that the task could be performed more efficiently by the producing party. In that event, the interrogating party may ask the Court to review the propriety of the Rule 33(d) election. **In other words, it behooves the producing party to make the document search as simple as possible, or the producing party may be required to answer the interrogatory in full.**

Middle District Discovery (2015) at 14-16.

Plaintiff has not offered nor done anything in compliance with the handbook on civil discovery practice in the United States District Court, Middle District of Florida. The discovery sought is relevant and necessary because, *inter alia*, this request directly relates to Plaintiff's FAC (D.E. 37), Defendants' Answer and Affirmative Defenses to Plaintiff's FAC, E-Integrate, Inc.'s Counterclaim (D.E. 53), and Co-Defendants Motion to file a Third-Party Complaint against Michael Bojkovic, M.D. and Perfect Clarity (D.E. 61).[3] Plaintiff has not suggested how or why

---

[3] Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the

the documents or information sought is not relevant, or how the scope of this request should be more narrowly and appropriately defined. Plaintiff has further failed to state specifically how the objected-to request is unreasonable or otherwise unduly burdensome. In addition, the parties have agreed to a confidentiality agreement.

## IV.     DEFENDANTS ARE ENTITELD TO THEIR REASONABLE FEES, COSTS, AND EXPENSES

Rule 37 expressly allows for motions to compel discovery and provides that "[f]or the purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose answer or respond." Fed. R. Civ. P. 37(a)(2)(B), 37(a)(3). In addition, the form of the instant Motion complies with United States District Court for the Middle District of Florida, Local Rules, Rule 3.04(a). Federal Rule of Civil Procedure 26 provides, in pertinent part:

> (b) Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. [...] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. [...].

---

case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)*. Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id. at 352*. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974)*. *Rule 26* restricts the scope of discovery to the claims or defenses of the parties, rather than merely the subject matter. *Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007)*.

The party resisting discovery bears the burden to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome. *See FED.R.CIV.P. 33(b)(4)*; *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v. Rundle, 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000)*; *Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000)* ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information").

Fed. R. Civ. P. 26(b)(1).

In addition, the Rules provide:

(d) Timing and Sequence of Discovery. … Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

Fed. R. Civ. P. 26(b)(1).

Defendants seek their reasonable fees, costs, and expenses in connection with this Motion, to the extent the Motion is granted. Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery is granted, a court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, especially, fees are warranted because of Plaintiff's unjustified categorical refusal to follow the Rules of Federal Civil Procedure, the Local Rules, and the handbook on civil discovery practice in the United States District Court, Middle District of Florida.

## M.D. FLA. LOC. R. 3.01(G) CERTIFICATION

Pursuant to M.D. Fla. Loc. R. 3.01(g), undersigned counsel, Shyamie Dixit, certifies that he has corresponded and conferred with Plaintiff's counsel, Alejandro J. Fernandez (among several other attorneys for the Plaintiff), on multiple occasions, in a good faith effort to eliminate our dispute and/or the necessity of a motion to compel, including as recently as Tuesday, March 26, 2019. Plaintiff's counsel(s) advised that Plaintiff objects to the relief requested in this Motion and that it refuses to supplement its discovery responses any further.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter an order granting Defendants' Motion to Compel Plaintiff to provide better responses and answers to Defendants' First Request for Production of Documents and First Set of Interrogatories to Plaintiff.

Respectfully submitted,
***Dixit Law Firm***

*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
Florida Bar No.: 314536
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
Tel: (813) 252-3999
Fax: (813) 252-3997
*Attorneys for Defendants Feron Kutsomarkos and E-Integrate, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the parties and their counsel of record on this 31st day of March 2019.

***Dixit Law Firm***

*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684