**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.: 8:18-cv-02608-SDM-AAS

HEALTHPLAN SERVICES, INC.,
a Florida corporation,

       Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation.

_____/

## OPPOSITION TO MOTION OF CERTAIN DEFENDANTS KUTSOMARKOS AND E-INTEGRATE TO EXCEED PAGE LIMITATION

Plaintiff, HealthPlan Services, Inc. ("HealthPlan") hereby submits its response in opposition to the motion to exceed page limitation for Certain Defendants' motion to compel (ECF No. 74, "Motion for Leave") filed by Certain Defendants Feron Kutsomarkos ("Kutsomarkos") and E-Integrate, Inc. ("E-Integrate") (collectively, "Certain Defendants"):

### I.      INTRODUCTION

*Ninety-four* pages of Certain Defendants' hundred page motion to compel relate to Certain Defendants' requests for production. Certain Defendants did not discuss a single one of those requests with HealthPlan in a meet and confer, and refuses to do so now. Forcing the

Certain Defendants to comply with this Court's meet and confer requirement will obviate the vast amount of Certain Defendants' hundred page motion. After a good faith meet and confer, any *bona fide* dispute requiring this Court's attention should comply with Local Rule 3.01(a).

By way of short background, prior to filing its massive motion, Certain Defendants requested a meet and confer *limited only to Interrogatory responses, initial disclosures, and the timing of production*. (Exhibit 1) At the meet and confer held on March 26, HealthPlan agreed in good faith to supplement its Interrogatory responses and initial disclosures by April 2, 2019. (Exhibit 2) Certain Defendants — knowing that this supplementation was three days away—filed the present motion this past Sunday afternoon.

Shortly after the Certain Defendants' motion was dismissed for exceeding this Court's page limitations, HealthPlan notified Defendant that the filing was improper because there was no meeting about the requests for production. HealthPlan insisted on such a meeting to resolve the request for production issues raised in Certain Defendants' motion to compel. (Exhibit 3) In response, Certain Defendants flatly refused to meet, parsing words about prior meetings regarding "discovery responses" justifying the filing concerning newly minted disputes over their requests for production. (Exhibit 4). In reality, the "discovery responses" referenced by Certain Defendants were the Interrogatory responses. The limited focus of the meeting was memorialized both before it (by Certain Defendants) and after it (by HealthPlan). (Exhibits 1-2)

To protect the Court's and HealthPlan's limited resources, discourage tactical filings and enforce its meet and confer requirements, Certain Defendants' Motion for Leave should be denied. Certain Defendants should be required to both: (1) have a proper meet and confer

on disputed discovery matters; and (2) focus on specific and legitimate disputes rather than waste everyone's time with an omnibus 100 page diatribe.

## II. MEMORANDUM

Local Rule 3.01(g) requires a party to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion," and to include in its motion a certification that such a conference took place. Local Rule 3.01(g) is designed to "foster communication" between parties and help "resolve disputes without court intervention." *Desai v. Tire Kingdom*, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996). The importance of Local Rule 3.01(g) "cannot be overstated" because it helps avoid needless litigation. *Miller v. Summers*, No. 214CV347FTM38DNF, 2015 WL 12859329, at *1–2 (M.D. Fla. Sept. 25, 2015). Due to this importance, moving parties *must* have "*meaningfully* conferred on the substance of their dispute" before filing a motion in order to comply with the rule. *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-CV-597-OC-30PRL, 2017 WL 2257707, at *2–3 (M.D. Fla. May 23, 2017) (denying motion to strike for failure to comply with Local Rule 3.01(g)) (emphasis added); *see also Regions Bank v. Legal Outsource PA*, No. 214CV476FTM29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) (denying a motion to compel because movants "failed to satisfy their obligations under both rules [Fed. R. Civ. P. 37(a)(1) and Local Rule 3.01(g)] because the parties never meaningfully conferred or attempted to confer in good faith . . . on the substance of their dispute"). Therefore, violation of Local Rule 3.01(g) is "sufficient grounds to deny the relief sought by the noncompliant moving party." *Esrick v. Mitchell*, No. 5:08–cv–50, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008).

In this case, Certain Defendants wanted to file a massive motion, presumably to overtake and distract from HealthPlan's recently filed motion to compel (ECF No. 68). Rather than narrow the issues through a proper Rule 3.01(g) meeting, Certain Defendants deliberately *enlarged* the issues by not raising them during a meet and confer, and by prematurely filing before Certain Defendants' promised supplementation. It is precisely this tactic that led to a 100 page motion to compel. Had Certain Defendants raised the issues in good faith, most if not all of their motion would be obviated, as was the case with the Interrogatories that were discussed. Unfortunately, it is apparent from Certain Defendants' blind refusal, even now, to attend a *bona fide* meet and confer that Certain Defendants would rather exacerbate than resolve their discovery issues.

This sort of tactical motion practice is abusive and oppressive. On the one hand, the Court is burdened with reading and deciding issues that *should* have been resolved by cooperative, professional parties. On the other, HealthPlan is burdened with addressing matters that are commonly resolved among counsel with a phone call. To stop such practices, Certain Defendants' Motion for Leave should be denied, and Defendant should be forced to have a good faith meeting prior to filing another motion to compel. To the extent any issues remain that *truly* require this Court's attention, Defendant should be forced to strictly comply with the 25 page limit of Local Rule 3.01(a).

## III.    CONCLUSION

Based on the foregoing, Certain Defendants' Motion for Leave should be denied.


Dated: April 2, 2019                        Respectfully Submitted,

By:  */s/ Alejandro J. Fernandez*

Alejandro J. Fernandez (Fla. Bar No. 32221)
Board Certified in Intellectual Property Law
E-mail:  afernandez@brinksgilson.com
Stephen J. Leahu (Fla. Bar. No. 54037)
Board Certified in Intellectual Property Law
E-mail: sleahu@brinksgilson.com
**BRINKS GILSON & LIONE, P.A.**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone No.  (813) 275-5020
Facsimile No.  (813) 275-5021

William H. Frankel (Ill. ARDC No. 3127933)
*Admitted Pro Hac Vice*
E-mail: wfrankel@brinksgilson.com
Andrew J. Avsec (Ill. ARDC No. 6292313)
*Admitted Pro Hac Vice*
E-mail: aavsec@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
Telephone No. (312) 321-4200
Facsimile No. (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
E-mail: echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Counsel for Plaintiff*

5

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 2, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

/s/ Alejandro J. Fernandez
Alejandro J. Fernandez