UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,

    Plaintiff,

v.                                        Case No. 8:18-cv-2608-T-23AAS

RAKESH DIXIT, et al.,

    Defendants.
_____/

## ORDER

This order follows the parties submitting discovery motions that fail to comply with the Local Rules and the parties' failure to properly confer. (Docs. 65, 68, 74).

Local Rule 3.01(a) states that motions must not exceed twenty-five pages. Local Rule 3.04(a) states the following:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefore as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

Compliance with Local Rule 3.04(a) allows the court to readily examine each objection in the context of each discovery request and determine whether each objection is meritorious. *Smith v. Univ. Cmty. Hosp., Inc.*, No. 8:18-CV-270-T-AAS, 2018 U.S. Dist. LEXIS 139414, at *3 (M.D. Fla. Aug. 17, 2018). Local Rule 3.04(a)

1

eliminates the need for the court to sift through the motion for requests, responses, or legal argument. *Smith*, 2018 U.S. Dist. LEXIS 139414, at *3.

HealthPlan's March 6th motion sought to compel amended initial disclosures from the defendants. (Doc. 62). HealthPlan also moved compel the defendants to (1) supplement their responses to HealthPlan's first requests for production; (2) "produce documents responsive to HealthPlan's Requests;" and (3) negotiate a protective order and electronically stored information (ESI) agreement with HealthPlan. (*Id.*). HealthPlan's motion was twenty-eight pages. (*Id.*). Its motion therefore violated Local Rule 3.01(a).

HealthPlan's March 6th motion also failed to comply with Local Rule 3.04(a). Instead of quoting in full the defendants' response to each request for production, HealthPlan wrote "[SAME RESPONSE]" multiple times. (Doc. 62). HealthPlan also attached 104 pages of exhibits with its motion. (Docs. 62-1, 62-2, 62-3). HealthPlan's motion therefore failed to comply with the text of Local Rule 3.04(a) and the rule's purpose—to eliminate the need for the court to sift through pages of discovery. As a result, the March 7th order denied without prejudice HealthPlan's motion to compel. (Doc. 63).

HealthPlan later submitted two more motions to compel. (Doc. 65, 68). However, the substance of HealthPlan's motions are the same as its original motion to compel. The difference is HealthPlan divided its motion-to-compel requests into separately filed motions. HealthPlan's first motion seeks to compel Rakesh Dixit,

2

Knowmentum, and Media Shark to (1) supplement their responses to HealthPlan's first requests for production; (2) "produce documents responsive to HealthPlan's Requests;" and (3) negotiate a protective order and ESI agreement with HealthPlan. (Doc. 65). HealthPlan's second motion seeks to compel the defendants to amend their initial disclosures. (Doc. 68).

Even though HealthPlan divided its requests into two separate motions, it still fails to comply with Local Rule 3.01(a). HealthPlan's motion to compel supplemental responses and production of documents is twenty-seven pages. (Doc. 65). Therefore, its motion exceeds Local Rule 3.01(a)'s twenty-five page maximum.

Feron Kutsomarkos and E-Integrate then filed their own motion to compel. (Doc. 72). Their motion was one hundred pages and included 143 pages of attachments. (Docs. 72-1, 72-2, 72-3). An order denied Kutsomarkos's and E-Integrate's motion because it violated Local Rule 3.01(a).

Kutsomarkos and E-Integrate now request leave to file a motion in excess of twenty-five pages. (Doc. 74). HealthPlan opposes Kutsomarkos's and E-Integrate's motion. (Doc. 75).

At the heart of the parties' failure to comply with Local Rules 3.01(a) and 3.04(a) is their failure to comply with Local Rule 3.01(g). Local Rule 3.01(g) requires a party submitting a non-dispositive motion to include a statement in the motion that (1) certifies that moving counsel conferred with opposing counsel about the motion and (2) states whether counsel agree on the resolution of the motion. Confer means

3

a substantive, good-faith discussion. Middle District Discovery (2015) at I(A)(2).

The parties attach email correspondence to their motions to try and show compliance with Local Rule 3.01(g). But the emails reveal a lack of substantive, good-faith discussion. For example, HealthPlan attaches emails that include language showing a lack of good faith. (Docs. 68-1, 68-2).

Kutsomarkos and E-Integrate also attach emails in their current motion for leave to file excess pages. (Doc. 74-1). Their email illustrates how the parties fail to comply with Local Rule 3.01(g). In his email, counsel for Kutsomarkos and E-Integrate states the following:

> Counselors, pursuant to Local Rule 3.01(g), please let me know if you're opposed to Defendants' Motion to File a Motion to Compel in excess of 25 pages. Thank you.

(Doc. 74-1, p. 1). Local Rule 3.01(g) requires the parties to confer in good faith about the substance of any motion. The substance of Kutsomarkos's and E-Integrate's underlying motion to compel is not whether it should file more than twenty-five pages but the discovery responses they claim are deficient.

The limitations the Local Rules place are purposeful. If a motion to compel exceeds twenty-five pages, the solution is not to seek leave to file a one-hundred-page motion. The solution is to confer with opposing counsel substantively and in good faith to resolve the discovery dispute. The parties' failure to properly comply with Local Rule 3.01(g) means their motions are denied.

To ensure the parties comply with Local Rule 3.01(g), this order requires the

parties to confer substantively and in good faith before the May 3rd preliminary pretrial conference. The parties must first confer telephonically before filing any motions ahead of the preliminary pretrial conference. The parties must confer again in person in attempt to resolve any discovery disputes before the preliminary pretrial conference begins.

During discovery, the parties must remember the following rules:[1]

- Boilerplate objections to discovery requests, including those based on attorney-client privilege, are presumptively invalid. *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 698 (M.D. Fla. 2005).

- "Generalized assertions of privilege will be rejected." Middle District Discovery (2015) at IV(B)(2). Counsel must instead provide an adequate privilege log. *See id.* at VI (outlining procedure for claiming privilege).

- Parties have an ongoing to duty to supplement discovery responses. Fed. R. Civ. P. 26(e).

And the parties should be mindful that their adherence to the highly persuasive Middle District Discovery handbook on civil discovery practice is not merely aspirational, but obligatory.

\*   \*   \*

---

[1] This list is not exhaustive but reflects the rules that frequently apply when discovery responses are allegedly insufficient.

In light of the parties' failure to comply with the Local Rules and their notice providing a date to hold the preliminary pretrial conference (Doc. 77), the following is **ORDERED**:

1. HealthPlan's motion to compel supplemental responses and production of documents (Doc. 65) is **DENIED WITHOUT PREJUDICE**.

2. HealthPlan's motion to compel amended initial disclosures (Doc. 68) is **DENIED WITHOUT PREJUDICE**.

3. Kutsomarkos's and E-Intergrate's motion for leave to file excess pages (Doc. 74) is **DENIED**.

4. By **April 12, 2019**, the parties must confer with at least one attorney from each side appearing in person and any others appearing telephonically in a good-faith and substantive attempt to resolve all discovery disputes. By **April 15, 2019**, the parties must file a notice of compliance and include in the notice the conference's location, attendees (specifying telephonic appearances and in-person appearances), and length of time.

5. By **April 19, 2019**, the parties must submit any motions to be addressed at the May 3rd preliminary pretrial conference. Responses to any submitted motions are due **April 26th**.

6. The preliminary pretrial conference is scheduled for **May 3, 2019, at 10:00 a.m.** in Tampa Courtroom 10B. Counsel for the parties must

arrive at the courthouse by **8:30 a.m.** to discuss any outstanding discovery issues and to resolve any pending motions. The parties may meet and confer in one of the conference rooms in front of Courtroom 10B. If the parties need more room, a suitable space for this meeting in the courthouse will be located.

**ENTERED** in Tampa, Florida, on April 5, 2019.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge