**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:18-cv-2608-SDM-AAS

HEALTHPLAN SERVICES, INC.,

      Plaintiff,

v.

RAKESH DIXIT,
FERON KUTSOMARKOS,
E-INTEGRATE, INC.,
KNOWMENTUM, INC, and
MEDIA SHARK PRODUCTIONS, INC.,

      Defendants.
_____/

## HEALTHPLAN SERVICES, INC.'S MOTION TO COMPEL

Pursuant to Rule of Civil Procedure 37 and Local Rule 3.04, Plaintiff HealthPlan Services, Inc. ("HealthPlan"), through its undersigned counsel, hereby respectfully moves to compel Defendants Rakesh Dixit ("Dixit"), Knowmentum, Inc. ("Knowmentum") and Media Shark Productions, Inc. ("Media Shark") (collectively the "Dixit Defendants") and Feron Kutsomarkos and E-Integrate, Inc. ("the Kutsomarkos Defendants") to amend their Rule 26(a)(1) Initial Disclosures and produce crucial documents in this case.

**I.  INTRODUCTION**

Pursuant to the Court's Order (D.E. 78), the parties met and conferred on April 12, 2019 to discuss the outstanding discovery issues in this case. Concerning the Initial Disclosures, the Kutsomarkos Defendants refuse to reduce the list of ***more than 350*** individuals they contend are likely to have discoverable information. The Dixit Defendants, conceding that their initial disclosures are too voluminous, agreed to pare them down by

April 17th; however, have yet to do so. Regarding the production of documents, all Defendants are playing "keep away" with entire categories of documents crucial to HealthPlan's case.  Accordingly, HealthPlan seeks relief from the Court.

## II.      STANDARD OF LAW

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Jones v. Z.O.E. Enters. of Jax*, 2012 U.S. Dist. LEXIS 104768, at *2 (M.D. Fla. July 27, 2012) (internal citations omitted). When a party serving discovery receives inadequate responses, the serving party may seek compelled disclosure. *Arthrex, Inc. v. Parcus Med.*, 2012 U.S. Dist. LEXIS 124173, at *2 (M.D. Fla. 2012); FRCP 37(a).

## III.     ARGUMENT

### A.  DEFENDANTS MUST AMEND THEIR INITIAL DISCLOSURES

Amended Initial Disclosures should be compelled from all of the Defendants because they contain a grossly over-inclusive list of undifferentiated individuals alleged to likely have discoverable information supporting their claims or defenses.  The Kutsomarkos Defendants still categorically refuse to reduce their list of *350 potential witnesses* purportedly having knowledge concerning the claims at issue in the case. *See* Exhibit A. While the Dixit Defendants have conceded that their Initial Disclosures are too voluminous and have agreed to pare them down by April 17th, they have yet to do so. *See* Exhibit B.  Rule 26 provides that the list of individuals are those that parties believe in good faith they "may use" to support its claims – it does *not* contemplate that parties will initially disclose the names of every single

individual/entity they can possibly think of.  These blunderbuss disclosures are improper. *United States ex rel. Brown v. Celgene Corp.*, 2015 U.S. Dist. LEXIS 189371 (C.D. Cal. July 24, 2015) (list of 130 witnesses without any indication of the subject matter of their anticipated testimony did not further the purposes of Rule 26(a) and Court compelled narrower list of witnesses); *Sender v. Mann*, 225 F.R.D. 645 (D. Col. 2004) (laundry list of undifferentiated witnesses improper).  Here, Defendants are deliberately hiding the identity of witnesses they actually intend to call at trial in an industry-sized disclosure.

Additionally, Defendants fail to provide specifics about the individuals and/or parties, their significance to the instant action, or the subject matter they purportedly possess. Rule 26(a)(1)(A)(i) disclosures must indicate "the general topics on which such persons have knowledge." *See* Notes of Advisory Committee on Rules – 1993 Amendments. The reference to "topics" provides that disclosing parties must provide more than a perfunctory statement that the identified person has information "about the case." *Lobato v. Ford*, 2007 U.S. Dist. LEXIS 65574 (D. Colo. Sept. 5, 2007) (internal citations omitted).  For nearly all of the parties listed in the Dixit Defendants' amended Initial Disclosures, Defendants provide a similar perfunctory statement about the party having knowledge of or documents relating to the claims that are the subject of this lawsuit.  *Hammonds v. Jackson*, 2015 U.S. Dist. LEXIS 183808, at *5 (N.D. Ga. Mar. 16, 2015) (disclosure that individuals "have knowledge of the facts and allegations…in the Complaint" are "plainly deficient" under Rule 26(a)(1)).

## B. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS REGARDING CRUCIAL INFORMATION SHOULD BE COMPELLED

### 1.  Disputed Requests for Production to Dixit and Responses (<u>Exhibit C</u>)

**Request No. 12 and Dixit's Response:** All communications between You and KUTSOMARKOS, and relating or referring to any of the following: HealthPlan Copyrighted Materials; Accused Infringing Works; the HealthPlan-E-Integrate Agreement; or the HealthPlan- Media Shark Agreement.
**RESPONSE:** Due to the fact Plaintiff requests all communication "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will respond this request at a mutually agreeable time and location.

This Response is deficient because it fails it to state with specificity the grounds for the objections to the request.  FRCP 34; Middle District Discovery (2015) (hereinafter "Handbook") at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson v. Resort at Paradise Lakes, LLC*, 2017 U.S. Dist. LEXIS 186528, at *9 (M.D. Fla. Jan. 26, 2017) (overruling boilerplate objections and ordering amended responses).  As such, Dixit must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer v. City of Orlando, Florida*, 2016 U.S. Dist. LEXIS 12234, at *4 (M.D. Fla. Feb. 2, 2016) (vague, non-specific objections waive "any objection to the requested discovery").  Further, evasive reading of "relating to" and "healthcare exchanges" does not excuse defendant from production.  Handbook at 11 (responding party shall reasonably interpret requests).

**Request No. 17 and Dixit's Response:** All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
**RESPONSE:**  Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Response is deficient because it fails to specifically state the grounds for the objections to the request.  FRCP 34; Handbook at 12. The Response contains improper

boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   As such, Dixit must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.   Further, evasive reading of "relating to" does not excuse defendant from production.  Handbook at 11.

> **Request No. 21 and Dixit's Response:** All documents and things relating or referring to the  HealthPlan Copyrighted Materials.
> **RESPONSE:**  Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope.   Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

This Response is deficient because it fails to specifically state the grounds for the objections to the request.   FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   As such, Dixit must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.   This Response also obscures whether there are no responsive documents or if/when they are forthcoming.

> **Request No. 24 and Dixit's Response:** All communications between You and any third party involving (a) the ExchangeLink® system and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.
> **RESPONSE:** Due to the fact Plaintiff fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, not reasonably limited in time or scope, harassing and not calculated to lead to the discovery of admissible evidence. Accordingly, Defendant will not be responding to such request as currently worded.

This Response is deficient because it fails to specifically state the grounds for the objections to the request.   FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*,

at *9.   As such, Dixit must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.   Further, evasive reading of the common term "healthcare exchanges" does not excuse Dixit from production.   Handbook at 11.   Moreover, the language "not reasonably calculated to lead to the discovery of admissible evidence," is outdated and improper.

> **Request No. 25 and Dixit's Response:** All documents and things relating or referring to payments made to, and gains and profits realized by, You or companies You control as a result of Your dealings with Dr. Bojkovic.
> **RESPONSE:**   Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Further, due to the fact Dr. Michael Bojkovic is an unrelated and independent third party, Defendant objects to this request as harassing and not calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such documents, if any are located.

This Request is relevant to HealthPlan's claims because compensation, benefits or revenue concerns whether Dixit failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber v. Osprey Alaska, Inc.,* 187 F.R.D. 675, 679 (M.D. Fla. 1999).  This Response is also deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.

> **Request No. 26 and Dixit's Response:** All documents relating or referring to payments made to, and gains and profits realized by, You or companies You control as a result of Your efforts relating to ExchangeLink®.
> **RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome,

vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, none.

This Request is relevant to HealthPlan's claims because payments, gains and profits concern whether Dixit failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. Further, stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient; responses must provide a specific date on which documents will be produced. Handbook at III.A.5(c). Further, evasive reading of "relating to" does not excuse production. *Id.* at 11.

**Request No. 27 and Dixit's Response:** All documents relating or referring to payments made to, and gains and profits realized by, You or companies You control as a result of Your efforts to promote and sell to others a software package for use in connection with healthcare exchanges.
**RESPONSE:** Due to the fact Plaintiff requests all documents and things "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, none.

This Request is relevant to HealthPlan's claims because payments, gains and profits concern whether Dixit failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. Further, stating that requested documents will be available at a "mutually agreeable time" is not sufficient; responses must

provide a specific date. FRCP 34(b)(2)(B); Handbook at III.A.5(c). Further, evasive reading

of "relating to" and "healthcare exchanges" does not excuse production. *Id.* at 11.

> **Request No. 30 and Dixit's Response:** All documents and things You acquired from
> HEALTHPLAN while employed by HEALTHPLAN and retained after Your
> termination from HEALTHPLAN.
> **RESPONSE:** Due to the fact Plaintiff requests all documents and things
> "relating…to," Defendant objects to this request as overbroad, unduly burdensome,
> vague and ambiguous, and not reasonably limited in time or scope. Without waiving
> said objections, Defendant has not located any responsive documents at this time;
> however, Defendant will continue to diligently search for any and all responsive
> documents and will produce such documents, if any are located.

This Response is deficient because it fails to specifically state the grounds for the

objections to the request. FRCP 34; Handbook at 12. The Response contains improper

boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*,

at *9. As such, Dixit must produce responsive documents because boilerplate objections

constitute a waiver of the discovery sought. *Spencer*, at *4.

> **Request No. 35 and Dixit's Response:** All documents and things relating or referring
> to the ownership of E-INTEGRATE or the transfer of such ownership.
> **RESPONSE:** Due to the fact Plaintiff requests all documents and things
> "relating…to," Defendant objects to this request as overbroad, unduly burdensome,
> vague and ambiguous, and not reasonably limited in time or scope. Without waiving
> said objections, Defendant is in the process of gathering these documents and will
> respond to this request a mutually agreeable time and location.

This Response is deficient because it fails to specifically state the grounds for the

objections to the request. FRCP 34; Handbook at 12. Additonally, stating that requested

documents will be available at an ambiguous "mutually agreeable time" is not sufficient;

responses must state a specific date on which documents will be produced. FRCP

34(b)(2)(B); Handbook at III.A.5(c). As such, Dixit must produce responsive documents

because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 38 and Dixit's Response:** Documents sufficient to establish Your revenues, profits and/or losses relating to any business venture between You and Michael Bojkovic, MD.

**RESPONSE:** Due to the fact Dr. Michael Bojkovic is an unrelated and independent third party, Defendant objects to this request as irrelevant and harassing. Additionally, this request seeks information which is unrelated to the current action, as such, Defendant objects to this request as harassing and not calculated to lead to the discovery of admissible evidence. Further, the burden and expense associated with responding to such request far outweighs any likely benefit to Plaintiff. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Request is relevant to HealthPlan's claims because revenue, profits and losses relate to HealthPlan's damages claims, and Dixit's failure to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. This Response also fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Dixit must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

### 2.  Requests for Production to Knowmentum and Responses (<u>Exhibit D</u>)

**Request No. 16 and Knowmentum's Response:** All communications between KNOWMENTUM and DIXIT, and relating or referring to ExchangeLink® or any system or software for use in connection with healthcare exchanges.

**RESPONSE:** Due to the fact Plaintiff requests all communications "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. Additionally, stating that requested

documents will be available at an ambiguous "mutually agreeable time" is not sufficient; responses must state a specific date on which documents will be produced. FRCP 34(b)(2)(B); Handbook at III.A.5(c). Further, evasive reading of "relating to" and the common term "healthcare exchanges" does not excuse production. *Id.* at 11.

> **Request No. 21 and Knowmentum's Response:** All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.
> **RESPONSE:**   Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   As such, Knowmentum must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

> **Request No. 22 and Knowmentum's Response:** All documents and things relating or referring to ExchangeLink® and KNOWMENTUM.
> **RESPONSE:**   Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   As such, Knowmentum must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

> **Request No. 30 and Knowmentum's Response:** All documents and things relating or referring to payments made to, and gains and profits realized by, KNOWMENTUM in

connection with: (a) the ExchangeLink® system, and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.

**RESPONSE:**   Due to the fact Plaintiff requests all documents and things "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

This Request is relevant to HealthPlan's claims because payments, gains and profits concern whether Knowmentum failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. This Response is deficient because, pursuant to  it fails to specifically state the grounds for the objections to the request.  FRCP 34; Handbook at 12. Additionally, stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient; responses must state a specific date on which documents will be produced. FRCP 34(b)(2)(B); Handbook at III.A.5(c).   Further, evasive reading of "relating to" and "healthcare exchanges" does not excuse defendant from production.  Handbook at 11.

**Request No. 46 and Knowmentum's Response:** All documents and things relating or referring to the ownership of KNOWMENTUM or the transfer of such ownership.

**RESPONSE:**   Due to the fact Plaintiff requests all communication "relating…to," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. Additionally, stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient; responses must provide a specific date. FRCP 34(b)(2)(B); Handbook at III.A.5(c).

**Request No. 48 and Knowmentum's Response:** Documents sufficient to show all compensation received in consideration of the acquisition of KNOWMENTUM.
**RESPONSE:**   Due to the fact Plaintiff requests documents "sufficient to show" without defining "sufficient to show," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

This Request is relevant because the compensation concerns whether Knowmentum failed to observe corporate formalities by undercapitalizing the company. *Raber,* at 679. This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. This Response is also deficient because stating that requested documents will be available at a "mutually agreeable time" is not sufficient; responses must provide a specific date. FRCP 34(b)(2)(B); Handbook at III.A.5(c).

**Request No. 49 and Knowmentum's Response:** Documents sufficient to show the yearly capitalization of KNOWMENTUM between 2013 and present day.
**RESPONSE:**   Due to the fact Plaintiff requests documents "sufficient to show" without defining "sufficient to show," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

This Request is relevant because the yearly capitalization of Knowmentum concerns whether Knowmentum failed to observe corporate formalities by undercapitalizing the company. *Raber,* at 679. This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. This Response is also deficient because stating that requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient; responses must state a specific date on which documents will be produced. FRCP 34(b)(2)(B); Handbook at III.A.5(c).

**Request No. 58 and Knowmentum's Response:** Documents sufficient to show KNOWMENTUM revenues, profits and/or losses relating to any business venture with Dr. Michael Bojkovic.

**RESPONSE:** Due to the fact Dr. Michael Bojkovic is an unrelated and independent third party, Defendant objects to this request as irrelevant and harassing. Further, the burden and expense associated with responding to such request far outweighs any likely benefit to Plaintiff. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Request is relevant to HealthPlan's claims because revenue, profits and/or losses relating to a business venture with Dr. Michael Bojkovic concerns whether Knowmentum failed to observe corporate formalities by using the corporate form to avoid liability and by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. Furthermore, this Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   Knowmentum must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

**Request No. 61 and Knowmentum's Response:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue KNOWMENTUM received from DIXIT, whether directly or indirectly.

**RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope.  Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Request is relevant to HealthPlan's claims because compensation, benefits or revenue concerns whether Knowmentum failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal

funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. Furthermore, this Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   Knowmentum must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

### 3.   Requests for Production to Media Shark and Responses (<u>Exhibit E</u>)

<u>**Request No. 21 and Media Shark's Response:**</u> All documents and things relating or referring to ExchangeLink® and E-INTEGRATE.
<u>**RESPONSE:**</u>   Due to the fact Plaintiff requests all documents and things "relating…to," Defendant objects to this request as overbroad, unduly burdensome, harassing, vague and ambiguous, and not reasonably limited in time or scope. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   As such, Media Shark must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

<u>**Request No. 31 and Media Shark's Response:**</u> All documents and things relating or referring to payments made to, and gains and profits realized by, MEDIA SHARK in connection with: (a) the ExchangeLink® system, and/or (b) any system or software for use in connection with Affordable Care Act related or other healthcare exchanges.
<u>**RESPONSE:**</u> Due to the fact Plaintiff requests all documents and things "relating…to" but yet fails to define or limit "healthcare exchanges," Defendant objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not reasonably limited in time or scope. Without waiving said objections, Defendant is in the process of gathering these documents and will supplement this request a mutually agreeable time and location.

This Request is relevant to HealthPlan's claims because payments made to, and gains and profits realized by, Media Shark regarding ExchangeLink® concerns whether Media Shark failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil.  *Raber,* at 679. Furthermore, this Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9.   As such, Media Shark must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

> **Request No. 59 and Media Shark's Response:** Documents sufficient to show MEDIA SHARK revenues, profits and/or losses relating to any business venture with Dr. Michael Bojkovic.
> **RESPONSE:** Due to the fact Dr. Michael Bojkovic is an unrelated and independent third party, Defendant objects to this request as irrelevant and harassing. Further, the burden and expense associated with responding to such request far outweighs any likely benefit to Plaintiff. Notwithstanding such objection, see Defendant's Response to RFP #5.

This Request is relevant to HealthPlan's claims because revenues, profits and/or losses relating to the business venture with Dr. Michael Bojkovic concerns whether Media Shark failed to observe corporate formalities by using the corporate form to avoid liability and by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil.  *Raber,* at 679. Further, this Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular

to the facts of the case. *Gibson*, at *9.  Moreover, Media Shark's response to Request for

Production No. 5 is not applicable here.  Media Shark must produce responsive documents

because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

> **Request No. 65 and Media Shark's Response:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK received from DIXIT, whether directly or indirectly.
>
> **RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, harassing, and not reasonably limited in time or scope.  Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Request is relevant to HealthPlan's claims because payments, compensation,

benefits or revenue from Dixit to Media Shark concerns whether Media Shark failed to

observe corporate formalities by commingling funds of the corporation with funds of other

corporations and with personal funds or by using the assets of the corporation for personal

use, and if so, warrants piercing the corporate veil.  *Raber,* at 679. Furthermore, this

Response is deficient because it fails to specifically state the grounds for the objections to the

request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections

without a fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Media

Shark must produce responsive documents because boilerplate objections constitute a waiver

of the discovery sought. *Spencer*, at *4.

> **Request No. 68 and Media Shark's Response:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK received from KUTSOMARKOS, whether directly or indirectly.
>
> **RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, and not reasonably limited in time or scope.  Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc.,

Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Request is relevant to HealthPlan's claims because payments, compensation, benefits or revenue from Kutsomarkos to Media Shark concerns whether Media Shark failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679. Furthermore, this Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34; Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Media Shark must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

> **Request No. 72 and Media Shark's Response:** Documents sufficient to show all payments, any form of compensation, benefits, or revenue MEDIA SHARK made to DIXIT, whether directly or indirectly.
> **RESPONSE:**  Due to the fact the request seeks information which is unrelated to the issues in this case, Defendant objects to this request as irrelevant, overbroad, unduly burdensome, and not reasonably limited in time or scope.  Further, due to the fact Plaintiff seeks documents regarding "indirect" payments, compensation, etc., Defendant objects to such request as vague and ambiguous. Accordingly, Defendant will not be responding to this request, as currently drafted.

This Request is relevant to HealthPlan's claims because payments, compensation, benefits or revenue from Media Shark to Dixit concerns whether Media Shark failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679.  This Response is deficient because it fails to specifically state the grounds for the objections to the request. FRCP 34;

Handbook at 12. The Response contains improper boilerplate objections without a fair explanation particular to the facts of the case. *Gibson*, at *9. As such, Media Shark must produce responsive documents because boilerplate objections constitute a waiver of the discovery sought. *Spencer*, at *4.

### 4.   Requests for Production to Kutsomarkos and Responses (**Exhibit F**)

**Request No. 26 and Kutsomarkos' Response:** Documents relating or referring to expenses incurred by You in connection with your ownership of MEDIA SHARK.
**RESPONSE:** In addition to the General Objections, KUTSOMARKOS objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. KUTSOMARKOS further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. KUTSOMARKOS further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because KUTSOMARKOS sold MEDIASHARK and Plaintiff is fishing for irrelevant information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome.
Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as KUTSOMARKOS has no responsive documents.

This Request is relevant to HealthPlan's claims because expenses incurred by Kutsomarkos concern whether Kutsomarkos failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679.

**Request No. 31 and Kutsomarkos' Response:** Documents sufficient to show all payments received by You, whether directly or indirectly, from DIXIT, E-INTEGRATE, MEDIA SHARK, KNOWMENTUM, Drake Collaborative, Inc., Dr. Michael Bojkovic or Frank Perez, III.

RESPONSE: In addition to the General Objections, KUTSOMARKOS objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. KUTSOMARKOS further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. KUTSOMARKOS further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because KUTSOMARKOS sold MEDIASHARK and Plaintiff is fishing for irrelevant information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome.

Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as KUTSOMARKOS has no responsive documents.

This Request is relevant to HealthPlan's claims because payments by Kutsomarkos to the individuals listed in the Request concern whether Kutsomarkos failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679.

**Request No. 43 and Kutsomarkos' Response:** Documents sufficient to show all compensation received for the purchase of MEDIA SHARK.

**RESPONSE:** In addition to the General Objections, KUTSOMARKOS objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. KUTSOMARKOS further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. KUTSOMARKOS further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because KUTSOMARKOS sold MEDIASHARK and Plaintiff is fishing for irrelevant information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome. Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as KUTSOMARKOS has no responsive documents.

This Request is relevant to HealthPlan's claims because compensation for the purchase of Media Shark concerns whether Kutsomarkos failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679.

**Request No. 48 and Kutsomarkos' Response:** Documents sufficient to show Your revenues, profits and/or losses relating to any business venture between You and Dr. Michael Bojkovic.
**RESPONSE:** In addition to the General Objections, KUTSOMARKOS objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. KUTSOMARKOS further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. KUTSOMARKOS further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because KUTSOMARKOS sold MEDIASHARK and Plaintiff is fishing for irrelevant

information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome.
Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as KUTSOMARKOS has no responsive documents.

This Request is relevant to HealthPlan's claims because revenue, profits and/or losses concern whether Kutsomarkos failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil.

*Raber,* at 679.

### 5. Requests for Production to E-Integrate and Responses (<u>Exhibit G</u>)

<u>**Request No. 30 and E-Integrate's Response**</u>: All documents and things relating or referring to payments made to, and gains and profits realized by, E-INTEGRATE as a result of any dealings with Dr. Michael Bojkovic.
<u>**RESPONSE:**</u> In addition to the General Objections, E-INTEGRATE objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. E-INTEGRATE further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. E-INTEGRATE further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because E-INTEGRATE has been out of business since Plaintiff drove it out of business in 2014 and Plaintiff is fishing for irrelevant information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome.
Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as E-INTEGRATE has no responsive documents.

This Request is relevant to HealthPlan's claims because payments, gains and profits concern whether E-Integrate failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679.

> **Request No. 33 and E-Integrate's Response**: Documents sufficient to show all payments made by E-INTEGRATE, whether directly or indirectly, to DIXIT, KUTSOMARKOS, MEDIA SHARK, KNOWMENTUM, Drake Collaborative, Alex Pokusholov, Dr. Michael Bojkovic or Frank Perez.
> **RESPONSE:** In addition to the General Objections, E-INTEGRATE objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. E-INTEGRATE further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. E-INTEGRATE further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because E-INTEGRATE has been out of business since Plaintiff drove it out of business in 2014 and Plaintiff is fishing for irrelevant information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome.
> Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as E-INTEGRATE has no responsive documents.

This Request is relevant to HealthPlan's claims because payments concern whether E-Integrate failed to observe corporate formalities by commingling funds of the corporation with funds of other corporations and with personal funds or by using the assets of the corporation for personal use, and if so, warrants piercing the corporate veil. *Raber,* at 679.

**Request No. 47 and E-Integrate's Response**: All documents and things relating or referring to the ownership of E-INTEGRATE or the transfer of such ownership.

**RESPONSE:** In addition to the General Objections, E-INTEGRATE objects to this Request as seeking information that is not relevant to or not calculated to lead to the discovery of evidence related to the claims made the basis of this lawsuit. See FED.R.CIV.P. 26(b)(1); FED.R.EVID. 401. E-INTEGRATE further objects that the information sought in this Request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and that the burden or expense of the proposed discovery outweighs its likely benefit. See FED.R.CIV.P. 26(b)(1). Given the lack of relevance of such information to the parties' claims and defenses, as well as its lack of importance to the significant issues at stake, the burden of requiring its production outweighs its benefit. E-INTEGRATE further objects to this Request because it is overly broad and unduly burdensome. See FED.R.CIV.P. 26(b)(1); FED.R.CIV.P. 26(b)(2)(C)(iii). It is overly broad and burdensome because E-INTEGRATE has been out of business since Plaintiff drove it out of business in 2014 and Plaintiff is fishing for irrelevant information that has no bearing on the parties' claims and defenses, and that seems designed for purposes of harassment rather than seeking information relevant to the parties' claims and defenses, and is therefore overly broad and unduly burdensome.

Despite the foregoing objections, no information responsive to this Request is being withheld pursuant to such objections as E-INTEGRATE has no responsive documents.

This Request is relevant to HealthPlan's claims because the ownership and transfer of ownership of E-Integrate concerns whether E-Integrate failed to observe corporate formalities and if so, warrants piercing the corporate veil. *Raber,* at 679.

### C.  OUTSTANDING DISCOVERY ISSUES PENDING RESOLUTION

HealthPlan is still attempting to resolve additional discovery disputes without burdening the Court.  HealthPlan briefly raises these issues here to preserve them in the event agreement is not reached by the May 3, 2019 hearing. Regarding the ESI Agreement, the only outstanding issue is the number of custodians to be searched.  The Dixit Defendants proposed a sum total of ten custodians per side, which HealthPlan has now accepted. *See* Exhibit H, January 2019 version of ESI Agreement.  Once HealthPlan accepted, the Dixit

Defendants abandoned that proposal and joined the Kutsomarkos Defendants' demand for searches of *twenty-five custodians*. Five search terms per custodian would entitle Defendants to *250* distinct email searches, the results of which will have to each be reviewed, classified and produced. This would place an unwarranted discovery burden on HealthPlan without any justification or proportionality to the needs of the case. Moreover, given that Defendants appear to be mostly shell companies and they maintain that the vast majority of responsive documents do not exist, they essentially have no search burden, no matter how many custodians and searches are used.

Regarding discovery responses and document production, the Dixit Defendants agreed to supplement their responses to HealthPlan's First Requests for Production by April 17th and produce a round of documents by April 19th. The Dixit Defendants have pushed these dates to April 30th. Aside from the generic representation that the Dixit Defendants will supplement their responses, HealthPlan has no concrete representation which responses they will supplement, to what extent or whether they will agree to produce all documents they previously indicated they were withholding. If the Dixit Defendants do not supplement their responses and/or produce documents by April 30th, HealthPlan requests relief as deemed appropriate from the Court at the May 3, 2019 hearing.

## IV.    CONCLUSION

Based on the foregoing, HealthPlan's Motion should be granted.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certify that they have conferred with opposing counsel, and opposing counsel have stated that Defendants oppose the relief sought herein.

Dated: April 19, 2019                              Respectfully Submitted,

                                                   By:   */s/ Evi T. Christou*

                                                   Alejandro J. Fernandez (Fla. Bar No. 32221)
                                                   E-mail:  AFernandez@BrinksGilson.com
                                                   Stephen J. Leahu (Fla. Bar. No. 54037)
                                                   E-mail: SLeahu@BrinksGilson.com
                                                   **BRINKS GILSON & LIONE**
                                                   401 E. Jackson Street, Suite 3500
                                                   Tampa, FL 33602
                                                   Telephone No.  (813) 275-5020
                                                   Telefacsimile No.  (305) 275-5021

                                                   William H. Frankel (IL ARDC No. 3127933)
                                                   *Admitted Pro Hac Vice*
                                                   E-mail: wfrankel@brinksgilson.com
                                                   Andrew J. Avsec (IL ARDC No. 6292313)
                                                   *Admitted Pro Hac Vice*
                                                   E-mail: aavsec@brinksgilson.com
                                                   **BRINKS GILSON & LIONE**
                                                   455 N. Cityfront Plaza Drive, Suite 3600
                                                   Chicago, Illinois 60611
                                                   Telephone No. (312) 321-4200
                                                   Telefacsimile No. (312) 321-4299

                                                   Evi T. Christou (D.C. Bar No.1600066)
                                                   *Admitted Pro Hac Vice*
                                                   E-mail: echristou@brinksgilson.com
                                                   1775 Pennsylvania Avenue, NW, Suite 900
                                                   **BRINKS GILSON & LIONE**
                                                   Washington, D.C. 20006
                                                   Telephone No. (202) 296-6923
                                                   Facsimile No. (202) 296-8701

                                                   *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 19, 2019, I electronically filed the foregoing

document with the Clerk of the Court CM/ECF.

                                                   */s/ Evi T. Christou*
                                                        Evi T. Christou