**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTHPLAN SERVICES, INC.,
    a Florida corporation,

                              CASE NO.:  8:18-cv-02608-SDM-AAS

    Plaintiff,

  v.

RAKESH DIXIT, an individual, *et al.*,
    Defendants.

_____/

### DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ORAL ARGUMENT

Defendants Feron Kutsomarkos ("Kutsomarkos") and E-Integrate, Inc. ("E-Integrate") (collectively "Defendants"), by and through undersigned counsel and pursuant to Federal Rules 26, 34, and 37, and Local Rule 3.04(a), hereby move this Court for an Order compelling Plaintiff to provide better responses and answers to Defendants' First Request for Production of Documents to Plaintiff; and, Defendants Request Oral Argument pursuant to Local Rule 3.01(j); Defendants estimate that one (1) hour will be required for oral argument in support of this motion:

## I.      INTRODUCTION AND BACKGROUND

More than five (5) months ago, Plaintiff filed its original complaint on October 23, 2018 (D.E. 1).  However, it was not until <u>March 29, 2019</u>, Plaintiff made its "first rolling" production of documents in response to Defendants' First Request for Production of Documents, which were served three (3) months earlier, on <u>December 21, 2018</u> (*see **Exhibit 1**).  Plaintiff's *paltry* "first" production of documents generally relates to advertising and marketing materials, which it easily could have been produced months ago.  **Plaintiff has produced nothing more since then** (*e.g., no emails, no contracts, no agreements, no employment records, no invoices, no text messages, no correspondence, no software nor code, nothing, etc.*).

Despite this Court's Order to the contrary (*see* D.E. 78, *and **Exhibit 2** that was the parties' agenda for the "meet/confer" per the Court's Order that Plaintiff clearly abandoned*), Plaintiff has not produced (*and it refuses to produce*) any more documents or information. Plaintiff is, in fact, using the Local Rules against Defendants (*e.g., serving discovery responses that exceed 25 pages*) and making false excuses to not produce any additional discovery in timely manner. For example, after the parties complied with the Court's Order, and met and conferred in person on April 12, 2019 (*see* D.E. 79), Plaintiff agreed to amend its "responses to E-Integrate & Kutsomarkos' Requests for Production" by <u>April 17, 2019</u>. Instead, on that day, Plaintiff's counsel (Ms. Evi Christou, Esq.) said, "***[Plaintiff] could not do so [in a timely manner because] Alex had to be out of the office unexpectedly, so we will send them to you tomorrow***" (*see **Exhibit 3***).

Then, on April 18, 2019, Plaintiff served its "Response" to Kutsomarkos' and E-Integrate Inc.'s First Request For Information and Documents, which was <u>**101** pages of "supplemental"</u> **objections** (*see **Exhibit 4***). On the same day, Defendants' counsel protested stating the following, in relevant part:

> Your Responses to RFPs are still deficient and improper. **Your attempt to provide "SUPPLEMENTAL RESPONSE[S]" is, by definition, "something that completes or enhances something else when added to it." So, you left intact your baseless, boilerplate, and unsupported general objections.** We have discussed several times the following deficiencies in your objections and responses:

(*See **Exhibit 5***). On the same day, April 18, 2019, Alejandro ("Alex") J. Fernandez (*who allegedly was out of the office unexpectedly*) said, "We'll remove the original objections and get our supplement to you tomorrow [**April 19, 2019**]" (*see **Exhibit 6***); **<u>thus, he admitted Plaintiff's false and baseless objections</u>**.

At this point, it's more than fair to assume or believe that, based on Plaintiff's various and obfuscating discovery responses over the last six (6) months referenced herein, Plaintiff and its

counsel are purposely delaying/avoiding discovery in this action. For example, Plaintiff refuses, to this day, to adequately respond to Defendants' First Request for Production of Documents (*see Exhibit 1*) and to disclose whether any responsive materials are being withheld on the basis of its boilerplate objections (as described below and *compare Exhibits 4, 6 and 7*).

In other words, Plaintiff is purposefully delaying the production of documents and information in case, thus prejudicing Defendants under the "Case Management Report" (D.E. 31) and "Case Management Order" (D.E. 34). More importantly, Plaintiff claims a untrue refusal to produce for inspection and analysis to Defendants the "**software code development work at HealthPlan**, [*i.e.,*] **the ExchangeLink® system**[, which] included the entirety of the ExchangeLink® software program, including source and object code associated with the ExchangeLink® system" (*see, e.g.,* Plaintiff's First Amended Complaint ("the FAC"), ¶¶ 19, 28(i), 33(e-g), 58, 61, 73, or 99).

The discovery Defendants seek in this motion to compel is set forth in additional detail below, pursuant to Local Rule 3.04(a):

## II. PLAINTIFF'S FIRST AMENDED RESPONSES TO DEFENDANTS' FIRST REQUEST FOR INFORMATION AND DOCUMENTS (*Exhibit 7*).[1]

As a threshold matter, "Federal Rule of Civil Procedure 34(b)(2)(B) provides that a party who objects to a request must state its objections and include the reasons for the objections." *Mauro v. Alldredge*, 2013 U.S. Dist. LEXIS 104239, *8 (M.D. Fla. July 25, 2013). Plaintiff's "PRELIMINARY RESPONSE AND GENERAL OBJECTIONS" and "SPECIFIC OBJECTIONS AND RESPONSES" to Defendants' First Request to Produce are boilerplate, a one

---

[1] **To the extent that Plaintiff "claims" it will produce responsive documents in its possession, custody, or control by April 30, 2019, Defendants reserve the right to object and file an additional or subsequent Motion to Compel.**

size fits all variety, which have been rejected by this and other courts. *Id. See also Gonzalez v. Etourandtravel, Inc.*, 2014 U.S. Dist. LEXIS 40180, *18 (M.D. Fla. Mar. 26, 2014) ("The Court ignores Plaintiff's 3 ½ pages of general objections and goes directly to her supplemental answers to the interrogatories").

Defendants now move on to Plaintiff's objections to Defendants' specific Requests for Production:

> REQUEST FOR PRODUCTION NO. 1: All documents, including text messages, emails and ESI, related to the Consulting Agreement between HPS and EI, attached as Exhibit 1 to the Complaint.
> FIRST AMENDED RESPONSE:
> HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, related to the Consulting Agreement between HPS and EI, attached as Exhibit 1 to the Complaint" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** Plaintiff should have put as much effort (during the past six (6) months) to timely complete its document production as it did in objecting to Defendants' Requests for Production. Instead, Plaintiff sandbagged Defendants by taking more than six (6) months to produce meaningless marketing and advertising documents, while withholding hundreds of thousands of documents, information, and ESI that go to the crux of the claims between the parties. Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." Plaintiff's objections and responses violate, *inter alia*, the following

sections of the handbook on civil discovery practice in the United States District Court, Middle

District of Florida (emphasis added):[2]

> **III A. 6** - <u>Objections</u>. **Attorneys should not make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand those the issues. […]. Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure. Objections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection. Specific objections should be matched to specific requests. General or blanket objections should be used only when they apply to every request. Boilerplate objections such as "the request is overly broad, unduly burdensome, and outside the scope of permissible discovery" are insufficient without a full, fair explanation particular to the facts of the case.**

> **III A. 7** - <u>Producing Documents Subject to Objection</u>. **When the scope of the document production is narrowed by one or more objections, this fact and the nature of the documents withheld should be asserted explicitly for that request.**

> **III A. 8** - <u>When Production Is Limited by Interpretation</u>. If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, **the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request. When production is limited by a party's objection, the producing party should clearly describe the limitation in its response.**

Middle District Discovery (2015) at 12-13.

> **III B. 3** - <u>Response</u>. **An attorney should not state the documents are available for inspection and copying if they are not in fact available when this representation is made.**

> **III A. 4** - <u>Manner of Production</u>. Rule 34, Federal Rules of Civil Procedure, requires that a party producing documents for inspection produce them as they are

---

[2] Federal Rule of Civil Procedure 34(E) [*states*]: *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information: (i) **A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request**; (ii) **If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms**; and (iii) A party need not produce the same electronically stored information in more than one form.

maintained in the usual course of business or organize and label them to correspond with the categories in the request. **In addition, if feasible, all of the documents should be made available simultaneously, and the party inspecting can determine the desired order of review**. While the inspection is in progress, the inspecting party shall have the right to review again any documents which have already been examined during the inspection.

If the documents are produced as they are kept in the usual course of business, the producing party has an obligation to explain the general scheme of record-keeping to the inspecting party. The objective is to acquaint the inspecting party generally with how and where the documents are maintained. If the documents are produced to correspond with the categories in the request, some reasonable effort should be made to identify certain groups of the produced documents with particular categories of the request or to provide some meaningful description of the documents produced. The producing party is not obligated to rearrange or reorganize the documents.

[* * *]

**III A. 9** - <u>Objections</u>. **Rule 34, Federal Rules of Civil Procedure, requires that if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions of the request. Objections to the production of documents based on generalized claims of privilege will be rejected.** A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. For a more detailed discussion of the invocation of privilege see Section V of this handbook. The procedures for invoking privilege set forth in Section VI also apply to document production (which often requires the production of a "privilege log" containing the information requested in Section VI).

Middle District Discovery (2015) at 14-16.

The discovery sought is relevant and necessary because, *inter alia*, this request directly relates to Plaintiff's FAC (D.E. 37), Defendants' Answer and Affirmative Defenses to Plaintiff's FAC, E-Integrate, Inc.'s Counterclaim (D.E. 53).[3]  Plaintiff has not suggested how or why the

---

[3] Under Rule 26, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)*. Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id. at 352*. Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974)*. *Rule 26* restricts the scope of discovery to the claims or defenses of the parties, rather than

documents or information sought is not relevant, nor how the scope of this request should be more

narrowly and appropriately defined. Plaintiff has further failed to state specifically how the

objected-to request is unreasonable or otherwise unduly burdensome. In addition, the parties have

agreed to a confidentiality agreement.

REQUEST FOR PRODUCTION NO. 2: All documents, including text messages, emails
and ESI, related to the Consulting Agreement between HPS and Ultramatics ("UM"), attached as
Exhibit 2 to the Complaint.
FIRST AMENDED RESPONSE:
HealthPlan objects to producing e-mails responsive to this Request without the entry of an
ESI order limiting the number of custodians and search terms. Without any limitation on the
number of custodians, the Request for "All documents, including text messages, emails and ESI,
related to the Consulting Agreement between HPS and Ultramatics ("UM"), attached as Exhibit 2
to the Complaint " would require HealthPlan to first restore and index a massive collection of
archived and backed-up accounts before performing a targeted search for any responsive
documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive
documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April
30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol,
within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 3: All documents, including text messages, emails
and ESI, related to the Consulting Agreements between HPS and MEDIA SHARK ("MS") which
name KUTSOMARKOS in their address, subject or text lines attached as Exhibit 3 to the
Complaint.
FIRST AMENDED RESPONSE:
HealthPlan objects to producing e-mails responsive to this Request without the entry of an
ESI order limiting the number of custodians and search terms. Without any limitation on the
number of custodians, the Request for "All documents, including text messages, emails and ESI,
related to the Consulting Agreements between HPS and MEDIA SHARK ("MS") which name
KUTSOMARKOS in their address, subject or text lines attached as Exhibit 3 to the Complaint"

---

merely the subject matter. *Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687
(S.D. Fla. 2007)*.

The party resisting discovery bears the burden to demonstrate specifically how the objected-to
request is unreasonable or otherwise unduly burdensome. *See FED.R.CIV.P. 33(b)(4)*; *Panola
Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v. Rundle, 128
F.Supp.2d 1348, 1354 (S.D. Fla. 2000)*; *Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D.
Fla. 2000)* ("The party resisting production of information bears the burden of establishing lack of
relevancy or undue burden in supplying the requested information").

would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 4: All documents, including text messages, emails and ESI, which contain mention of KUTSOMARKOS.

FIRST AMENDED RESPONSE:

HealthPlan objects to the phrase "contain mention of KUTSOMARKOS" as vague and ambiguous because it is not clear whether documents must directly or indirectly mention Kutsomarkos by name. Moreover, this Request broadly seeks documents not proportional to the needs of this case considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. HealthPlan reasonably interprets this Request to seek documents that directly mention Kutsomarkos by either her first or last name as well as concern a party's claim or defense in this case.

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, which contain mention of KUTSOMARKOS" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 5: All documents, including text messages, emails and ESI, which contain mention of EI.

FIRST AMENDED RESPONSE:

HealthPlan objects to the phrase "contain mention of EI" as vague and ambiguous because it is not clear whether documents must directly or indirectly mention E-Integrate, or its owners or employees, by name. Moreover, this Request broadly seeks documents not proportional to the needs of this case considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit.

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, which contain mention of EI" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 9: All accounting documents that show the amount paid by HPS to UM for services rendered.
FIRST AMENDED RESPONSE:
HealthPlan objects to this Request as overbroad because accounting documents that show the amount paid by HPS to UM for services rendered are not relevant to any party's claim or defense in this dispute. The Request is also not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. In particular, the present broadly seeks documents relating to any and all services rendered by Ultramatics, rather than services rendered and related to development of the ExchangeLink system, and associated marketing software and media.

HealthPlan reasonably interprets the Request to seek information showing the amount paid by HPS to UM for services rendered and related to development of the ExchangeLink system, and associated marketing software and media. Accordingly, HealthPlan will produce responsive, non-privileged documents and things, excluding emails, in its possession, custody, or control, to the extent any exist by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 11: All documents, including text messages, emails and ESI, related to any agreement governing any aspect of the relationship between EI, KUTSOMARKOS and HPS.
FIRST AMENDED RESPONSE:
HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, related to any agreement governing any aspect of the relationship between EI, KUTSOMARKOS

and HPS" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 12: All documentation and communications sufficient to identify HPS' enforcement of confidentiality agreements with any of its former employees/contractors whether resolved through litigation, arbitration or otherwise. The date range for this request is for the five (5) years preceding the present day.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documentation and communications sufficient to identify HPS' enforcement of confidentiality agreements with any of its former employees/contractors whether resolved through litigation, arbitration or otherwise" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 13: All communications with EI prior to and after its contracting with HPS.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All communications with EI prior to and after its contracting with HPS" would require HealthPlan to first restore and index a massive collection of archived and backed- up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 20: All communications, including but not limited to E-mails, letters, and/or text messages from anyone at HPS (@HPS.com) to EI since October 1, 2013 through the present day.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All communications, including but not limited to E-mails, letters, and/or text messages from anyone at HPS (@HPS.com) to EI since October 1, 2013 through the present day" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 21: All communications, including but not limited to, emails (including but not limited to non-Ultramatic email addresses such as gmail, yahoo, msn, mac, etc.) and text messages between anyone at HPS and EI and/or KUTSOMARKOS since October 1, 2013 through the present day.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All communications, including but not limited to, emails (including but not limited to non-Ultramatic email addresses such as gmail, yahoo, msn, mac, etc.) and text messages between anyone at HPS and EI and/or KUTSOMARKOS since October 1, 2013 through the present day" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. HealthPlan also objects to the Request because e-mails from non-Ultramatic e-mail addresses are not in HealthPlan's possession, custody, or control. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court- ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 22: A "privilege log." Such log should contain a list of all documents withheld by Plaintiff because of a privilege and should include the date of the document, the type of the document, the parties to the document, and the specific privilege(s) asserted in support of Plaintiff's denial to produce the document.

FIRST AMENDED RESPONSE:

HealthPlan will produce a privilege log after its April 30, 2019 production, as well as after any subsequent rolling and email productions, wherein documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine have been identified.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 24: All documents, including text messages, emails and ESI, relating to HPS's relationship with EI as a contractor with HPS, as alleged in the complaint, including but not limited to billing and payment ledgers.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, relating to HPS's relationship with EI as a contractor with HPS, as alleged in the complaint, including but not limited to billing and payment ledgers" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 26: All documents, including text messages, emails and ESI, showing or tending to show that MEDIA SHARK'S employees were bound by MEDIA SHARK'S "confidentiality agreement," with HPS, as alleged in the Complaint.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, showing or tending to show that MEDIA SHARK'S employees were bound by MEDIA SHARK'S "confidentiality agreement," with HPS, as alleged in the Complaint" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or

control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 28: All documents, including text messages, emails and ESI, showing or tending to show that EI was bought and sold by Dixit.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, showing or tending to show that EI was bought and sold by Dixit" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 29: All documents, including text messages, emails and ESI, showing the steps HPS took to insure that UM was paying its vendors, including EI for work related to HPS's ExchangeLink system.

HealthPlan also objects to this Request to the extent that it seeks information protected by any privilege, including but not limited to the attorney-client privilege and/or the work product doctrine. HealthPlan further objects because this overly broad Request also seeks documents that are equally or readily available to Defendants, as well as documents not within the possession, custody and direct control of HealthPlan. HealthPlan objects to this Request to the extent that it requires HealthPlan to provide responsive documents on behalf of other individuals or entities, and to the extent that it invades any right of privacy that protects individuals' private accounts or devices.

Subject to these specific objections and the General Objections, HealthPlan will produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist, upon the execution of a mutually agreeable protective agreement. HealthPlan's production is necessarily based on the current state of HealthPlan's understanding of the requested subject matter and the location of responsive documents and information. HealthPlan does not concede that the information requested is relevant to this action. HealthPlan expressly preserves all objections as to competency, relevancy, materiality, and admissibility.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, showing the steps HPS took to insure that UM was paying its vendors, including EI for work related to HPS's ExchangeLink system" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 30: All documents, including text messages, emails and ESI, which you contend show that EI "retained one or more copies of the Source Code, as well as numerous HealthPlan Trade Secrets."

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents, including text messages, emails and ESI, which you contend show that EI 'retained one or more copies of the Source Code, as well as numerous HealthPlan Trade Secrets'" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 32: Any and all documents, including text messages, emails and ESI, between HPS and any "expert," retained by or on behalf of HPS, and who is expected to testify as the FIT software being a misappropriation of HPS's ExchangeLink software.

FIRST AMENDED RESPONSE:

HealthPlan objects to the phrase "any 'expert,' retained by or on behalf of HPS" as vague and ambiguous. This overly broad Request encompasses expert witnesses, as well as witnesses who are "experts" in the software field but are testifying as fact witnesses. Such fact witnesses may have been previously "retained" by HealthPlan, including HealthPlan's former employees and contractors. While HealthPlan could only speculate as to Defendants' intended scope for this

Request, a broad interpretation of this Request could include Defendants' employees, who were previously "retained" as contractors in the development of HealthPlan's software. HealthPlan, however, does not concede that Defendants' employees are "experts." HealthPlan objects to this Request as being premature because the request requires documents exchanged with HealthPlan's expert witness(es) regarding Defendants' infringing conduct. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ.

P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan will produce responsive non-email documents in its possession, custody, or control, to the extent any exist, by April 30, 2019 or as such information becomes available to HealthPlan. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 33: Any and all documents, including text messages, emails and ESI, that shows or tends to show that KUTSOMARKOS passed HPS's trade secrets to Dixit.

FIRST AMENDED RESPONSE:

HealthPlan objects to the phrase "shows or tends to show that KUTSOMARKOS passed HPS's trade secrets to Dixit" as vague and ambiguous. Specifically, the term "passed" is vague because it is not defined and is susceptible to multiple interpretations. HealthPlan reasonably interprets this Request to seek documents reflecting Dixit and Kutsomarkos' misappropriation of HealthPlan's trade secrets. HealthPlan will therefore limit its search to its interpretation and produce responsive, non-privileged documents and things in its possession, custody, or control, to the extent any exist.

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents … related to the [requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 34: Any and all documents, including text messages, emails and ESI, between HPS and any "expert," retained by or on behalf of HPS, and who is expected to testify as the FIT software marketing materials being a misappropriation of HPS's scripts, marketing materials and presentations covered by the HealthPlan Copyrights.

FIRST AMENDED RESPONSE:

HealthPlan objects to the phrase "any 'expert,' retained by or on behalf of HPS" as vague and ambiguous. This overly broad Request encompasses expert witnesses, as well as witnesses who are "experts" in the software field but are testifying as fact witnesses. Such fact witnesses may have been previously "retained" by HealthPlan, including HealthPlan's former employees and contractors. While HealthPlan could only speculate as to Defendants' intended scope for this Request, a broad interpretation of this Request could include Defendants' employees, who were previously "retained" as contractors in the development of HealthPlan's software. HealthPlan, however, does not concede that Defendants' employees are "experts." HealthPlan objects to this Request as being premature because the request requires documents exchanged with HealthPlan's expert witness(es) regarding Defendants' infringing conduct. Defendants have not yet produced documents. Accordingly, HealthPlan's investigation into this matter is ongoing. HealthPlan objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan will produce non-email, responsive documents in its possession, custody, or control, to the extent any exist, by April 30, 2019 or as such information becomes available to HealthPlan. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 35: Any and all documents, including text messages, emails and ESI, between HPS and KUTOMARKOS evidencing HPS termination of its relationship with her.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "Any and all documents … between HPS and KUTOMARKOS evidencing HPS termination of its relationship with her" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 36: Any and all documents of any kind that show or tend to the dollar amount of any actual damages, suffered by HPS as a result of the allege acts on the part of the Defendants.

FIRST AMENDED RESPONSE:

HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' financials. HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan is in the process of searching for and collecting documents responsive to this Request. Accordingly, HealthPlan's investigation into the disgorgement of Defendants' profits is ongoing. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan will produce responsive, non-email documents in its possession, custody, or control, to the extent any exist, by April 30, 2019 or as such information becomes available to HealthPlan. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 37: Any and all documents of any kind that show or tend to show the dollar amount of the lower of market value of the products delivered by EI and KUTSOMARKOS, suffered by HPS as a result of the allege dacts [sic] on the part of the Defendants. See Complaint paragraph #91.

FIRST AMENDED RESPONSE:

HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' financials. HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan is in the process of searching for and collecting documents responsive to this Request. Accordingly, HealthPlan's investigation into the disgorgement of Defendants' profits is ongoing. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan will produce responsive, non-email documents in its possession, custody, or control, to the extent any exist, by April 30, 2019 or as such information becomes available to HealthPlan. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 38: Any and all documents of any kind that show or
tend to show that HPS assigned any or all of its ExchangeLink software to third party or parties.
FIRST AMENDED RESPONSE:
HealthPlan objects to producing e-mails responsive to this Request without the entry of an
ESI order limiting the number of custodians and search terms. Without any limitation on the
number of custodians, the Request for "Any and all documents of any kind that show or tend to
show that HPS assigned any or all of its ExchangeLink software to third party or parties" would
require HealthPlan to first restore and index a massive collection of archived and backed-up
accounts before performing a targeted search for any responsive documents stored on such restored
accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its
possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce
emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the
exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 39: Any and all documents of any kind that show or
tend to show that HPS assigned any or all of its ExchangeLink marketing, advertising and
promotional software and/or tools to third party or parties.
FIRST AMENDED RESPONSE:
HealthPlan objects to producing e-mails responsive to this Request without the entry of an
ESI order limiting the number of custodians and search terms. Without any limitation on the
number of custodians, the Request for "Any and all documents of any kind that show or tend to
show that
HPS assigned any or all of its ExchangeLink marketing, advertising and promotional
software and/or tools to third party or parties" would require HealthPlan to first restore and index
a massive collection of archived and backed-up accounts before performing a targeted search for
any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce
responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any
exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered
ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the
parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 40: Any and all documents of any kind that show or tend to the dollar amount of any actual damages, paid by HPS, "for corrective advertising" as a result of the Defendants' alleged unfair competition.

FIRST AMENDED RESPONSE:

HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' financials. HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan is in the process of searching for and collecting documents responsive to this Request. Accordingly, HealthPlan's investigation into the disgorgement of Defendants' profits is ongoing. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan will produce responsive, non-email documents in its possession, custody, or control, to the extent any exist, by April 30, 2019 or as such information becomes available to HealthPlan. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 41: Any and all documents of any kind that show or tend to the dollar amount that HPS, has budgeted, in the future, "for corrective advertising" as a result of the Defendants' alleged unfair competition.

FIRST AMENDED RESPONSE:

HealthPlan objects to this Request as being premature, oppressive, and harassing because the request requires an analysis of Defendants' financials. HealthPlan's Initial Disclosures explains that HealthPlan's investigation into damages is ongoing. HealthPlan is in the process of searching for and collecting documents responsive to this Request. Accordingly, HealthPlan's investigation into the disgorgement of Defendants' profits is ongoing. HealthPlan also objects to this Request because it improperly seeks to require HealthPlan to marshal all of its available proof and limit the evidence that HealthPlan may present at trial, or in an expert report. Further, HealthPlan objects to this Request because it seeks to compel "all" responsive documents before being due pursuant to Fed. R. Civ. P. 26(a)(2)(D), the Local Rules of the Middle District of Florida, and the Court's Order entered in this action governing the timing and obligations of pre-trial discovery.

HealthPlan will produce responsive, non-email documents in its possession, custody, or control, to the extent any exist, by April 30, 2019 or as such information becomes available to HealthPlan. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 42: All documents, correspondence, and communications between You and Bojkovic, including Focus Health, Inc.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Further, HealthPlan objects to producing any documents covered by the common interest and joint defense privileges between Dr. Bojkovic and HealthPlan. Without any limitation on the number of custodians, the Request for "Any and all documents of any kind that show or tend to show that HPS assigned any or all of its ExchangeLink marketing, advertising and promotional software and/or tools to third party or parties" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 43: All agreements and/or contracts with Bojkovic, including Focus Health, Inc.

FIRST AMENDED RESPONSE:

HealthPlan objects to producing any documents covered by the joint defense agreement between Dr. Bojkovic and HealthPlan. Apart from documents covered by the common interest and joint defense privileges, HealthPlan is in the process of searching for and collecting non-privileged documents responsive to this Request. HealthPlan will produce responsive, non-email documents in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 46: Documents sufficient to show all terms and details of Wipro's acquisition of You.

FIRST AMENDED RESPONSE:

HealthPlan objects to this Request as overbroad because documents pertaining to the acquisition of HealthPlan by WiPro are not relevant to any party's claim or defense in this dispute. Moreover, this Request broadly seeks documents not proportional to the needs of this case considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. Based on these objections, HealthPlan has not conducted a search for responsive documents, and while it is likely that some responsive

documents may exist, HealthPlan has not identified any such document, and is not withholding any identified document as a result of these objections.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 47: All documents concerning Wipro's due diligence in the acquisition of You, particularly in connection with all software systems developed or used by You that had any connection whatsoever to EI.
FIRST AMENDED RESPONSE:
HealthPlan objects to this Request as overbroad because documents pertaining to the acquisition of HealthPlan by WiPro are not relevant to any party's claim or defense in this dispute. Moreover, this Request broadly seeks documents not proportional to the needs of this case considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit. Based on these objections, HealthPlan has not conducted a search for responsive documents, and while it is likely that some responsive documents may exist, HealthPlan has not identified any such document, and is not withholding any identified document as a result of these objections.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 50: Please make available for inspection the source code for Healthplan Services Exchange Software.
FIRST AMENDED RESPONSE:
HPS agrees to a source code inspection agreement whereby only experts properly designated pursuant to the proposed protective order, with restricted access, have permission to view relevant portions of the 2013-2014 version(s) of HPS' software source code. Defendants' counsel are excluded from reviewing the source code. The parties agreed that this agreement shall be reciprocal and apply to Defendants' source code. HPS is presently working on a proposal regarding this source code inspection and will amend this response once an agreement is reached.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 53: All documents related to or reflecting any agreement with E-Integrate, including contracts, statements of work (SOWs), Master Services Agreements (MSAs), Requests for Proposals (RFPs), proposals, bids, and communications regarding same.
FIRST AMENDED RESPONSE:
HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the

number of custodians, the Request for "All documents related to or reflecting any agreement with E-Integrate, including contracts, statements of work (SOWs), Master Services Agreements (MSAs), Requests for Proposals (RFPs), proposals, bids, and communications regarding same" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Moreover, HealthPlan will not produce information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. HealthPlan will produce a privilege log after its April 30, 2019 production, as well as after any subsequent rolling productions wherein documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine have been identified.

Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 54: All emails in any of your email servers, since January 1, 2015 to present, that include the term "Bojkovic," "Dr. Mike," "Perfect Clarity," "Focus Health," or "Focus IT."
FIRST AMENDED RESPONSE:
HealthPlan objects to producing any documents covered by the common interest and joint defense privileges between Dr. Bojkovic and HealthPlan.

Further, HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All emails in any of your email servers, since January 1, 2015 to present, that include the term "Bojkovic," "Dr. Mike," "Perfect Clarity," "Focus Health," or "Focus IT" would require HealthPlan to first restore and index a massive collection of archived and backed- up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:** This should be granted on the same grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 61: All correspondence with any third-parties in connection with the Ultramatics Litigation or its Subpoena.
FIRST AMENDED RESPONSE:
HealthPlan objects to this Request as overbroad because it seeks information concerning the Ultramatics Litigation and Subpoena, generally, rather than particularized aspects of same. The Request is also not proportional to the needs of the case, considering, among other things, the

issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit.

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents … related to the [requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 64: All correspondence with any third-parties in connection with the Bojkovic Litigation or its Subpoena.

FIRST AMENDED RESPONSE:

HealthPlan objects to this Request as overbroad because it seeks information concerning the Bojkovic Litigation and Subpoena, generally, rather than particularized aspects of same. The Request is also not proportional to the needs of the case, considering, among other things, the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden/expense outweighing its likely benefit.

Further, HealthPlan will not produce documents protected by the common-interest and joint defense privileges.

HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. Without any limitation on the number of custodians, the Request for "All documents … related to the [requested subject matter]" would require HealthPlan to first restore and index a massive collection of archived and backed-up accounts before performing a targeted search for any responsive documents stored on such restored accounts. Accordingly, HealthPlan will produce responsive documents, excluding e-mail, in its possession, custody, or control, to the extent any exist, by April 30, 2019. HealthPlan will produce emails identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

**REASON MOTION SHOULD BE GRANTED:**  This should be granted on the same

grounds as set forth above to Request for Production No. 1.

**IV.    DEFENDANTS ARE ENTITELD TO THEIR REASONABLE FEES, COSTS, AND EXPENSES**

Rule 37 expressly allows for motions to compel discovery and provides that "[f]or the purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose answer or respond." Fed. R. Civ. P. 37(a)(2)(B), 37(a)(3). In addition, the form of the instant Motion complies with United States District Court for the Middle District of Florida, Local Rules, Rule 3.04(a). Federal Rule of Civil Procedure 26 provides, in pertinent part:

> (b) Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. [...] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. […].

Fed. R. Civ. P. 26(b)(1).

In addition, the Rules provide:

> (d) Timing and Sequence of Discovery. … Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

Fed. R. Civ. P. 26(b)(1).

Defendants seek their reasonable fees, costs, and expenses in connection with this Motion, to the extent the Motion is granted. Federal Rule of Civil Procedure 37 provides that if a motion to compel discovery is granted, a court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, especially, fees are warranted because of Plaintiff's unjustified categorical

refusal to follow the Rules of Federal Civil Procedure, the Local Rules, and the handbook on civil discovery practice in the United States District Court, Middle District of Florida.

## M.D. FLA. LOC. R. 3.01(G) CERTIFICATION

Pursuant to M.D. Fla. Loc. R. 3.01(g), undersigned counsel, Shyamie Dixit, certifies that he has corresponded and conferred with Plaintiff's counsel, Alejandro J. Fernandez (among several other attorneys for the Plaintiff), on multiple occasions, in a good faith effort to eliminate our dispute and/or the necessity of a motion to compel. Plaintiff's counsel(s) advised that Plaintiff objects to the relief requested in this Motion and that it refuses to supplement its discovery responses any further.

**WHEREFORE**, Defendants respectfully request this Honorable Court enter an order granting Defendants' Motion to Compel Plaintiff to provide better responses and answers to Defendants' First Request for Production of Documents and First Set of Interrogatories to Plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the parties and their counsel of record on this 19th day of April 2019.

Respectfully submitted,
***Dixit Law Firm***

*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
Florida Bar No.: 314536
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
Tel: (813) 252-3999
Fax: (813) 252-3997
*Attorneys for Defendants Feron Kutsomarkos and E-Integrate, Inc.*