UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
a Florida corporation,

      CASE NO.: 8:18-cv-02608-SDM-AAS

    Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS, an individual,
E-INTEGRATE, INC., a Florida corporation,
KNOWMENTUM, INC, a Florida corporation, and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO
## HEALTHPLAN SERVICES INC.'S MOTION TO COMPEL

Defendants RAKESH DIXIT ("Dixit"), KNOWMENTUM, INC. ("Knowmentum"), and MEDIA SHARK PRODUCTIONS, INC. ("Media Shark") (collectively referred to herein as the "Defendants"), file their "Response to Healthplan Services, Inc.'s Motion to Compel" and state as follows:

### PRELIMINARY STATEMENT

Healthplan Services, Inc. ("Healthplan") filed "Healthplan Services, Inc.'s Motion to Compel" [DE 81] (the "Motion to Compel") seeking an order compelling Defendants to respond to certain Healthplan's discovery requests; however, Healthplan's Motion to Compel should be denied due to the fact that the requests for which Healthplan seeks a response are overbroad and disproportionate given the current needs of the case.

1

# OVERVIEW OF CASE

1. On October 23, 2018, Healthplan filed its complaint [DE 1] initiating this action, asserting the following nine (9) separate causes of action against Defendants and Co-Defendants, Feron Kutsomarkos ("Kutsomarkos") and E-Integrate, Inc. ("E-Integrate") (together, the "Co-Defendants"):

   1) Violation of Defend Trade Secrets Act (Against Dixit, Kutsomarkos, E-Integrate, Media Shark, Knowmentum);
   2) Violation of Florida Deceptive and Unfair Trade Practices Act (Against Dixit, Kutsomarkos, E-Integrate and Media Shark);
   3) Common Law Unfair Competition (Against Dixit, Kutsomarkos, E-Integrate, Media Shark, Knowmentum);
   4) Copyright Infringement (Against Dixit, Kutsomarkos, E-Integrate, Media Shark. Knowmentum);
   5) Contributory Copyright Infringement (Against Dixit and Kutsomarkos);
   6) Induced Copyright Infringement (Against Dixit and Kutsomarkos);
   7) Vicarious Copyright Infringement (Against Dixit and Kutsomarkos);
   8) Breach of Contract (Against E-Integrate); and
   9) Breach of Contract (Against Media Shark).

2. On December 17, 2018, Healthplan filed its "First Amended Complaint" [DE 37] against Defendants and Co-Defendants, dropping the "Induced Copyright Infringement" count against Dixit and Kutsomarkos (the "Complaint").

3. On January 2, 2019, Healthplan served each of the Defendants "Healthplan Services, Inc.'s First Set of Requests for Production of Documents and Things" (collectively, the "Production Requests").

4. On February 8, 2019, Defendants served their respective response and objections to the Production Requests (collectively, the "Production Responses").

5. On April 12, 2019, counsel for all parties conffered in good faith regarding the Production Responses.

6. However, Healthplan's counsel refused to yield to Defendants' concerns and on April 19, 2019, filed its Motion to Compel.

## LEGAL STANDARD

Under Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding nonprivileged matter **that is relevant** to [its] claim or defense and proportional to the needs of the case." *Haukereid v. Nat'l R.R. Passenger Corp.*, No. 14-3752, 2016 WL 877955, at *5 (8th Cir. 2016) (Emphasis Added). As such, "'Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *In re Takata Airbag Prods. Liab. Litig.*, No. MDL-2599, 2016 WL 1460143 (S.D. Fla. Feb. 29, 2016) (quoting Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary 6 (2015)). Additionally, courts and legal authorities have observed that the rule change was to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114 at *3 (citing advisory committee notes). Therefore, the rule amendments were not merely a reshuffling of language--they were intentionally "changing the culture of discovery." Accordingly, parties may obtain discovery only "regarding any nonprivileged matter **that is relevant** to any party's claim or defense and **proportional to the needs of the case**." Fed. R. Civ. Proc. 26(b)(1). (Emphasis Added).

In determining proportionality, the parties and the court are to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1). Importantly, although the scope of discovery is broad, "the discovery rules **do not permit the [parties] to go on a fishing expedition**." *Porter v. Ray*,

461 F.3d 1315, 1324 (11th Cir. 2006) (Emphasis Added). Therefore, "[a]ny application of the proportionality factors must start with the actual claims and defenses in the case, and a **consideration of how and to what degree the requested discovery bears on those claims and defenses**." *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-CV-1701-ORL-41TBS, 2016 WL 1408098 (M.D. Fla. Apr. 11, 2016) (quoting *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co*., No. 2:14-CV-2148-JHH, 2016 WL 1319697 (N.D. Ala. April 5, 2016)) (Emphasis Added). Notwithstanding, and as explained in the Advisory Committee Notes to Rule 26, "the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. Proc. 26, Notes of Advisory Committee on 2015 Amendments. Accordingly, "[a] party claiming undue burden or expense" should provide "information with respect to that part of the determination," "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues," and "[t]he court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.* Applying the foregoing, Healthplan's Production Requests unquestionably go beyond the scope of permissible discovery and as such, the Motion to Compel should be denied.

A. INITIAL DISCLOSURES

As stated in the Motion to Compel, during the parties' April 12, 2019 conferral, counsel for Defendants agreed to "pare down" such respective parties listed in their Initial Disclosures. And although counsel was hopeful that such revisions could be accomplished (5) five days after such conferral (i.e. by April 17, 2019), such timeline was not possible. As further discussed herein, Dixit is the sole owner of Knowmentum and Media Shark.

4

Accordingly, in addition to amending his own Initial Disclosure, he is also solely burdened with amending the Initial Disclosures of Knowmentum and Media Shark. However, Dixit personally does not have the financial resources or time to drop everything and amend all three (3) Initial Disclosures as soon as possible, in addition to sifting through the thousands, if not hundreds of thousands of documents, potentially responsive to Healthplan's overbroad and oppressive discovery requests. Notwithstanding, Defendants will amend their Initial Disclosures; however, Dixit requests that the parties work in good faith to determine an Initial Disclosure amendment deadline that will not pose an undue hardship to Dixit, his family, and/or his businesses.

Healthplan also suggests that Defendants did not provide enough specifics regarding the individuals in their Initial Disclosure. However, the central goal of the initial disclosure requirement is "to get out the basic information at an early point" in the case. *8A Wright, Miller, and Marcus, Federal Practice and Procedure* § 2053, 352 (3d ed. 2010). Accordingly, the disclosure is designed to give the opposing party information as to the **<u>identification and location</u>** of persons with knowledge so that they can be contacted in connection with the litigation. *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359 (D. Mass. 2001). Emphasis Added. To that end, "[i]ndicating briefly the general topics on which such persons have information" suffices to meet the requirement. Fed. R. Civ. P. 26(a)(1)(A) advisory committee's note (1993). Accordingly, Defendants are of the position that the information regarding each individual contained in their Initial Disclosure satisfies the spirit of the rule because it allows Healthplan to identify such individuals and contact the same. Notwithstanding, due to the fact Defendants have previously agreed to amend their Initial Disclosures, any argument regarding the adequacy of the current Initial Disclosure seems moot

5

at this time. As such, Defendants request that this Court deny Healthplan's Motion to Compel, as to the Initial Disclosure, or, in the alternative, defer ruling on such motion until such time as Defendants amend their Initial Disclosures and the parties have an opportunity to confer regarding the same, if necessary.

### B. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD NOT BE COMPELLED FROM DIXIT

In the Motion to Compel, Healthplan seeks to have this Court enter an order compelling Dixit to respond, or amend his response, to Healthplan's Production Requests Nos. 12, 17, 21, 24, 25, 26, 27, 30, 35, and 38. However, Healthplan is vastly misguided in seeking such order due to the fact such requests are objectionable under the Federal Rules of Civil Procedure and/or Dixit's respective responses were appropriate. Accordingly, Healthplan's Motion to Compel should be denied for the foregoing reasons:

**Production Requests Nos. 12, 17, 25, 26, 27, 30, and 35**

Healthplan's Production Requests Nos. 12, 17, 25, 26, 27, 30, and 35 all sought documents "relating or referring to" a particular topic or subject area. In making such requests, Healthplan failed to define the term "relating or referring to." Accordingly, due to the fact the inclusion of such ambiguous terms could potentially make any and all documents related to Dixit, his time at Healthplan, or his work on health insurance IT platforms relevant, Dixit objected to such requests as overbroad, unduly burdensome, vague and ambiguous. Thereafter, Healthplan filed the Motion to Compel alleging that such objection lacked specificity; however, in reviewing such requests, and as expressed during counsel's conferral, Healthplan's inclusion of "relating or referring to" is precisely the issue. By way of example, Request No. 17 states:

> **17.** All documents and things **relating or referring to** ExchangeLink® and **KNOWMENTUM**.

6

In making such request, Healthplan fails to recognize that beyond owning Knowmentum and conducting business on its behalf, Dixit worked with Knowmentum for several years and on several projects. Therefore, Dixit is potentially in possession of thousands of responsive documents that are wholly unrelated to this case. Accordingly, providing all documents "relating or referring to" Knowmentum is not relevant to the Healthplan's claims and is not proportional to the needs of the case. Another example can be seen in Production Request No. 25 which states:

> **25**. All documents and things **relating or referring to** payments made to, and gains and profits realized by, You or companies You control as a result of Your dealings with Dr. Bojkovic.

However, Dixit was involved in several partnerships with Dr. Bojkovic, ranging from everything to a software platform to a yoga studio. Accordingly, producing any documents "relating or referring to" payments, gains, profits, etc. realized by Dixit based on his dealings with Dr. Bojkovic is extremely burdensome and not narrowly tailored to address the needs of the case; especially considering the current causes of action. Further, it is unclear how discovery regarding Dr. Bojkovic is relevant given that Healthplan filed its "Opposition to Motion for Leave to File Third Party Complaint" [DE 66] alleging that Dr. Bojkovic should not be brought into the current action due to the fact such third party would be "unjust and prejudicial to Healthplan."

Notwithstanding, Production Requests Nos. 17, and 25 are just an illustration of the impropriety of Healthplan's requests. Production Requests Nos. 12, 26, 27, 30, and 35 also contain such "relating or referring to" language, thereby making such requests vastly overbroad and disproportional to the current needs of the case. As such, due to the fact that a simple restriction would minimize the objectionable nature of the requests, during the parties meet and confer discussing the Production Requests and Production Responses, counsel for Dixit requested that Healthplan narrow its Production Requests and refrain from seeking all documents "relating

or referring to," in an attempt to ascertain precisely the documents sought and avoid allegations of failing to respond appropriately. However, counsel for Healthplan refused to accommodate such request and instead, chose to bring this issue before the Court on its Motion to Compel. Dixit therefore requests that this Court deny Healthplan's Motion to Compel regarding Production Requests Nos. 12, 17, 25, 26, 27, 30, and 35, or, in the alternative, require Healthplan to modify or limit such requests to a particular subject matter, time frame, or other limitation as this Court deems appropriate.

### Production Requests Nos. 21, 25, and 30

In response to Requests Nos. 21, 25, and 30, Dixit stated that he "has not located any responsive documents at this time; however, Defendant will continue to diligently search for any and all responsive documents and will produce such document, if any are located." Accordingly, at the time of responding, Dixit had not located any documents responsive to the subject request, but Dixit recognized that discovery is ongoing, and he is under a continuing obligation to amend and supplement his discovery responses, pursuant to Federal Rule of Civil Procedure 26(e). Notwithstanding, despite the fact Dixit stated he had "not located any responsive documents," Healthplan's Motion to Compel states that such responses "obscure whether there are no responsive documents" or do not provide a "fair explanation." Accordingly, given Dixit's original responses, it appears Healthplan wishes to utilize judicial resources to do nothing more than "compel" Dixit to modify his syntax. Notwithstanding, in an effort to clarify any misunderstanding and avoid the unnecessary waste of judicial resources, Defendant Dixit will amend such responses accordingly.

**Production Requests Nos. 12, 24, and 27**

Healthplan's Production Requests Nos. 12, 24, and 27 seeks all documents related to "healthcare exchanges." However, in making such request Healthplan fails to define the terms "healthcare exchanges." Accordingly, as discussed above, Dixit objected to such request due to the fact Dixit is in the business of designing, engineering, and developing software for the healthcare industry. As such, virtually all of Dixit's business-related documents could, in some form or fashion, be potentially responsive.

Additionally, Dixit, Knowmentum, and Media Shark are all in the business of designing, engineering, and developing unique software, including healthcare platforms. As such, the information potentially responsive to such requests has independent economic value from not being generally known and not being readily ascertainable through proper means. Further, like Defendants, Healthplan is in the business of providing healthcare exchange connectivity, administration, distribution and technology services. Accordingly, due to the fact Healthplan is a potential competitor to Defendants, Healthplan could obtain economic value from the information obtained via such broad requests, resulting in harsh and potentially ruinous to Dixit, KnowMentum and Media Shark. Dixit therefore requests that this Court deny Healthplan's Motion to Compel with regard to Production Requests Nos. 12, 24, and 27, or, in the alternative, require Healthplan to define and/or limit the term "healthcare exchanges."

**Production Request No. 25, 26, 27, and 38**

In the Motion to Compel, Healthplan stated the documents sought through Request Nos. 25, 26, 27, and 38 were relevant because such request concerns whether there was "comingling [of] funds of the corporation with funds of other corporations and with personal funds."

Accordingly, it appears Healthplan is attempting to circumvent well settled law in Florida governing personal financial information and obtain personal financial information on Dixit, and the manner in which he funds his closely held businesses. However, beyond the unconstitutional nature of such request, the comingling of funds is not relevant to any of Healthplan's current causes of action. Specifically, the eight (8) causes of action in the Complaint are: 1) Violation of Defend Trade Secret Act, 2) Violation of Florida Deceptive and Unfair Trade Practices Act, 3) Common Law Unfair Competition, 4) Copyright Infringement, 5) Contributory Copyright Infringement, 6) Vicarious Copyright Infringement, 7) Breach of Contract, and 8) Breach of Contract. Accordingly, Production Request Nos. 25, 26, 27, and 38, and Healthplan's reasoning for obtaining such information, are not proportional to the needs of the case at this time and therefore, Healthplan's Motion to Compel a response to Production Request Nos. 25, 26, 27, and 38 should be denied.

**Production Request No. 38**

Healthplan's Production Request No. 38 seeks documents "sufficient to establish…any revenues, profits and/or loses relating to any business venture between [Dixit] and Michael Bojkovic, M.D." However, the term "sufficient to establish" is, by its nature, subjective. Specifically, the documents that Dixit may view as "sufficient to establish" may be vastly different that the documents Healthplan believes are "sufficient to establish." Further, if "sufficient to establish" is not viewed as a subjective term, then such requests are objectionable because they require Dixit to provide a legal conclusion regarding the burden of proof necessary to establish each item. Accordingly, Dixit has previously requested that Healthplan modify its request to seek specific documents or limit the documents sought; however, Healthplan refused to amend such requests and instead chose to utilize judicial time and resources by filing its Motion

to Compel. Therefore, Dixit requests the Motion to Compel be denied or, in the alternative, Healthplan be required to modify or limit such requests to a particular subject matter, time frame, or other limitation as this Court deems appropriate.

**Production Requests Nos. 26 and 27**

It should be noted that in the Motion to Compel, Healthplan objected to Requests Nos. 26 and 27 on the grounds that Dixit alleged stated that such responsive documents would be available at a "mutually agreeable time" (as stated in Nos. 12 and 35). However, in Dixit's actual responses to Request Nos. 26 and 27, which Healthplan quoted in the Motion to Compel, Dixit responded to such requests by stating "[w]ithout waiving such objections, none." Accordingly, Dixit has fully responded to such requests and no further discussion, much less Court intervention, is necessary. Notwithstanding, Healthplan filed the Motion to Compel apparently requesting that Dixit provide a specific date to respond to requests for which he has already informed opposing counsel that he has no responsive documents. As such, it appears Healthplan is utilizing inapplicable and misguided objections in an attempt to do nothing more than burden and harass Dixit, by forcing him to respond to such unfounded allegations. Therefore, Dixit requests that this Court deny Healthplan's Motion to Compel with regard to Production Requests Nos. 26 and 27.

**C. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD NOT BE COMPELLED FROM KNOWMENTUM**

Healthplan filed its Motion to Compel seeking an order from this Court compelling Knowmentum to respond or amend its responses to Production Requests Nos. 16, 21, 22, 30, 46, 48, 49, 58, and 61. However, such requests exhibit the same impropriety as the Production Requests directed to Dixit (and discussed above). Accordingly, Healthplan' s Motion to Compel Knowmentum should be denied.

**Production Request Nos. 16, 21, 22, 30, and 46**

Similar to the issue discussed at length above, Production Requests Nos. 16, 21, 22, 30, and 46 all use the language "relating or referring to." Accordingly, since the term "relating or referring to" is not defined, Knowmentum objected to such requests as overbroad, unduly burdensome, and not proportional to the needs of the case. Specifically, Knowmentum is a closely held IT company that has, for almost two decades, assisted numerous companies with IT platforms, including healthcare platforms; therefore, thousands, if not hundreds of thousands, of documents could be "relating or referring to" "healthcare exchanges" (Production Requests No. 16, 30), E-Integrate (Production Request No. 21), and ownership of Knowmentum (Production Request No. 46). Likewise, Production Request No. 22 seeks all documents "relating…to…Knowmentum." Accordingly, it would appear that Healthplan is seeking each and every document that in some form or fashion could be connected to Knowmentum. As such, Healthplan's Production Requests Nos. 16, 21, 22, 30, and 46 are not proportional to the needs of the case and this Court should deny Healthplan's Motion to Compel, especially considering a simple restriction could minimize the objectionable nature of the majority of its requests. In the alternative, Knowmentum would request an order requiring Healthplan to modify or limit such requests to a particular subject matter, time frame, or other limitation as this Court deems appropriate.

**Production Requests Nos. 48, 49, 58 and 61**

Healthplan's Production Requests Nos. 48, 49, 58 and 61 request documents "sufficient to show" certain items (i.e. compensation (Production Request No. 48), capitalization (Production Request No. 49), revenues, profits and/or losses (Production Request No. 58) and compensation

(Production Request No. 61). However, as stated above, the term "sufficient to show" is, by its nature, subjective. Specifically, the documents that Knowmentum may view as "sufficient to show" may be vastly different that the documents Healthplan believes are "sufficient to show." Further, if "sufficient to show" is not viewed as a subjective term, then such requests are objectionable because they require Knowmentum to provide a legal conclusion regarding the burden of proof necessary to establish each item. Accordingly, Knowmentum has previously requested that Healthplan modify its request to seek specific documents or limit the documents sought; however, Healthplan refused to amend such requests and instead chose to utilize judicial time and resources by filing its Motion to Compel. Therefore, Knowmentum requests the Motion to Compel be denied or, in the alternative, Healthplan be required to modify or limit such requests to a particular subject matter, time frame, or other limitation as this Court deems appropriate.

### Requests Nos. 16, 30, 46, 48, and 49

Knowmentum responded to Production Requests Nos. 16, 30, 46, 48, and 49 by stating that it was "in the process of gathering [responsive] documents and will respond to [such] request at a mutually agreeable time and location." However, Healthplan failed to consider the extremely overbroad and burdensome nature of their request in addition to the fact that Dixit is the sole owner of Knowmentum and, in addition to responding to the burdensome requests directed to Dixit personally, does not have the financial resources or time to drop everything and spend days, if not weeks, sifting through documents relating to Knowmentum. Notwithstanding, Knowmentum will produce documents responsive to such requests; however, Knowmentum requests that the parties work in good faith to determine a production deadline that will not pose an undue hardship to Dixit and/or his family. Accordingly, Knowmentum requests that this Court deny Healthplan's Motion to Compel with regard to Production Requests Nos. 16, 30, 46, 48, and

49 or, in the alternative, require Healthplan to confer with Knowmentum's counsel regarding a mutually agreeable time and date for producing the responsive documents.

**Production Request Nos. 22, 30, 48, 49, 58 and 61**

Healthplan's Production Request Nos. 22, 30, 48, 49, 58 and 61 seek documents "sufficient to show." Therefore, for the reasons set forth above, Knowmentum objected to such request based on the "sufficient to show" language. However, Healthplan responded by stating that such documents were relevant because such requests concern whether "Knowmentum failed to observe corporate formalities" and/or there was "comingling [of] funds of the corporation with funds of other corporations and with personal funds." Accordingly, as in the Dixit requests, it appears Healthplan is attempting to circumvent well settled law in Florida governing personal financial information and obtain personal financial information on Dixit, and the manner in which he funds his closely held businesses. However, beyond the potentially unconstitutional nature of such request, the comingling of funds or the "observation of corporate formalities" is not relevant to any of Healthplan's current causes of action; especially considering Healthplan is not a shareholder or investor in Knowmentum nor has Healthplan obtained a judgment against Knowmentum. Specifically, the eight (8) causes of action in the Complaint are: 1) Violation of Defend Trade Secret Act, 2) Violation of Florida Deceptive and Unfair Trade Practices Act, 3) Common Law Unfair Competition, 4) Copyright Infringement, 5) Contributory Copyright Infringement, 6) Vicarious Copyright Infringement, 7) Breach of Contract, and 8) Breach of Contract. Accordingly, Production Request Nos. 22, 30, 48, 49, 58 and 61, are not proportional to the needs of the case at this time and therefore, Healthplan's Motion to Compel a response to Production Request Nos. 22, 30, 48, 49, 58 and 61 should be denied.

### D. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD NOT BE COMPELLED FROM MEDIA SHARK

In the Motion to Compel, Healthplan seeks to have this Court enter an order compelling Media Shark to respond, or amend its response, to Healthplan's Production Requests Nos. 21, 31, 59, 65, 68, and 72. However, for the reasons similar to those discussed at length above, Healthplan's Motion to Compel Media Shark should be denied.

#### Production Requests Nos. 21 and 31

Healthplan's Production Requests Nos. 21 and 31 to Media Shark seek documents "relating or referring to" certain topics. For the reasons discussed at length in the response to both the Dixit and Knowmentum Production Requests, Media Shark objects to such requests as overbroad and nonproportional to the needs of the case given that "relating or referring to" could encompass a large number of documents irrelevant to Healthplan's current claims. Accordingly, Media Shark requests that the Motion to Compel be denied or, in the alternative, Healthplan be required to modify or limit such requests to a particular subject matter, time frame, or other limitation as this Court deems appropriate.

#### Production Requests Nos. 59, 65, 68, and 72

Healthplan's Production Requests Nos. 59, 65, 68, and 72 seek documents "sufficient to show" certain items. However, as discussed above, the term "sufficient to show" is, by its nature, subjective, or in the alternative, is objectionable because it requires Media Shark to provide a legal conclusion regarding the burden of proof necessary to establish each item. Accordingly, Media Shark has requested that Healthplan modify its request to seek specific documents or limit the documents sought; however, Healthplan refused to amend such requests and instead filed its Motion to Compel. Media Shark therefore requests that the Motion to Compel be denied or, in

the alternative, Healthplan be required to modify or limit such requests to a particular subject matter, time frame, or other limitation as this Court deems appropriate.

### Production Requests Nos. 31, 59, 65, 68, and 72

Similar to Knowmentum Production Request Nos. 22, 30, 48, 49, 58 and 61, Healthplan's Requests Nos. 31, 59, 65, 68, and 72 seek certain documents, and allege in the Motion to Compel, that such requests are relevant because the requests concern whether "Media Shark failed to observe corporate formalities" and/or there was "comingling [of] funds of the corporation with funds of other corporations and with personal funds." However, as discussed in greater length above, Healthplan is not a shareholder or investor in Media Shark nor has Healthplan obtained a judgment against Media Shark, accordingly, it is extremely unclear how the comingling of funds or the failure to observe corporate formalities is relevant to any of Healthplan's current causes of action. Accordingly, Production Requests Nos. 31, 59, 65, 68, and 72 are not proportional to the needs of the case at this time and therefore, Healthplan's Motion to Compel responses to Production Requests Nos. 31, 59, 65, 68, and 72 should be denied.

**E. SUPPLEMENTAL RESPONSES AND RESPONSIVE DOCUMENTS SHOULD NOT BE COMPELLED FROM E-INTEGRATE**

Co-Counsel for E-Integrate, Mr. Shyamie Dixit, will be filing a response to the Motion to Compel, on behalf of E-Integrate. Accordingly, this response will not address that portion of the Motion to Compel directed to E-Integrate. Notwithstanding, the undersigned, as co-counsel for E-Integrate, joins in the arguments raised in Mr. Shyamie Dixit's "Response in Opposition to Plaintiff's Motion to Compel."

**F. OTHER OUTSTANDING DISCOVERY ISSUES**

In the Motion to Compel, Healthplan informed the Court of various other outstanding discovery issues in an attempt to "preserve" such issues. However, in attempting to inform the Court of these outstanding issues, Healthplan has failed to fully apprise the Court of the situation. Accordingly, Defendants will be briefly responding to each of these alleged issues.

    **i.    ESI Agreement**

Defendants have requested that the proposed ESI Agreement between the parties allow for (25) twenty-five email custodians. Healthplan has objected to such request, alleging that such a request would place an unwarranted discovery burden on Healthplan and therefore Dixit, Media Shark and Knowmentum should be limited to five custodian total, for all three defendants. However, in objecting to such request, Healthplan overlooks the fact it currently employs "3,000 employees in locations across the US." See https://www.healthplan.com/index.html%3Fp=646.html. Accordingly, due to such an expansive operation, Defendants have requested (25) twenty-five custodians to ensure that they have an equitable opportunity to locate the proper custodians and determine what, if any, responsive emails such individuals possess. As such, it is Defendants' position that limiting the ESI Agreement to (5) five emails custodians would be unfairly prejudicial due to the fact it would require such Defendants to essentially gamble the vast majority of discovery in this case on the blind selection of an extremely small portion of Healthplan's workforce (approximately 0.16%). Whereas, allowing (25) twenty-five custodians, would provide Defendants a greater opportunity to mine down from among Healthplan's 3000+ employees to the appropriate custodians and obtain the discovery necessary to fully defend themselves.

In addition to the foregoing, it should be noted that Healthplan made the conscious

decision to file suit against, amongst others, Dixit, Media Shark and Knowmentum. Accordingly, Healthplan cannot now allege that allowing each defendant to obtain an amount of discovery, equal to that of plaintiff (i.e. Healthplan), is somehow an "unwarranted…burden." Likewise, by including additional defendants, Healthplan should not be allowed to restrict the discovery to which each defendant is entitled; if such were the case, plaintiffs could resort to naming multiple defendants, in an effort to diminish the power of discovery. By way of example, under Healthplan's current position, if Healthplan named two additional defendants, who were also represented by the undersigned counsel, each of the five defendants would then only be entitled to seek discovery from one custodian. However, such an inequitable limit on discovery, and, in turn, the right to fully defend one's innocence, runs counter to the foundation of the United States legal system. Accordingly, Defendants maintain that (25) twenty-five custodians is a reasonable request.

### ii. Document Production

Defendants have agreed to use best efforts to supplement their discovery responses by April 30, 2019. However, as stated earlier, Dixit as the sole owner of Knowmentum and Media Shark, is solely responsible for responding to all discovery issued to such entities, in addition to responding to the requests directed to him personally. Further, Dixit is solely responsible for responding to such requests, all the while, operating numerous businesses and maintaining his personal commitments. As such, Dixit will be supplementing the discovery responses but requests that the parties continue to work together in good faith to avoid posing an undue hardship to Dixit, his family, and/or his businesses.

### **CONCLUSION**

Based on the foregoing, Healthplan's Motion to Compel should be denied. Defendants

have requested certain reasonable accommodations in order to ensure their full and appropriate responses to Healthplan's Production Requests. However, Healthplan has failed to grant such accommodations and has instead pursued a Motion to Compel seeking an unfettered fishing exhibition, despite the fact the such information is irrelevant and disproportionate to the needs of the current action, and the causes of action raised therein. Therefore, the Motion to Compel should be denied.

Dated: April 26, 2019.

*/s/ Justin L. Dees*
**Justin L. Dees, Esq.**
FBN: 48033
**Jeffrey W. Gibson, Esq.**
FBN: 0568074  SPN: 02530932
**Thomas R. Farrior, Esq.**
FBN: 111965
MACFARLANE FERGUSON& McMULLEN
Post Office Box 1531
Tampa, FL  33601
(813) 273-4200 (Telephone)
(813) 273-4396 (Facsimile)
Primary email:   jdees@macfar.com
Secondary email: vac@macfar.com
Secondary email: ash@macfar.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Alejandro Fernandez, Esq. AFernandez@BrinksGilson.com; Stephen Leahu, Esq., SLeahu@BrinksGilson.com, Brinks Gilson & Lione, P.A. 401 E. Jackson Street, Suite 3500, Tampa, FL 33602, and William H. Frankel, Esq., wfrankel@brinksgilson.com; Andrew J. Avsec, Esq., aavsec@brinksgilson.com, Brinks Gilson & Lione, P.C., NBC Tower, Suite 3600, 455 N. Cityfront Plaza Drive, Chicago, Illinois 60611, Attorneys for Plaintiff, and Shyamie Dixit, Esq., sdixit@dixitlaw.com; Robert L. Vessel, Esq., rvessel@dixitlaw.com, Dixit Law Firm, 3030 N. Rocky Point Drive West, Suite 260, Tampa, FL 33607, Attorneys for Feron Kutsomarkos and E-Integrate, Inc., this 26th day of April, 2019.

*/s/ Justin L. Dees*
**Attorney**