UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:18-cv-2608-SDM-AAS

HEALTHPLAN SERVICES, INC.,

    Plaintiff,

v.

RAKESH DIXIT,
FERON KUTSOMARKOS,
E-INTEGRATE, INC.,
KNOWMENTUM, INC, and
MEDIA SHARK PRODUCTIONS, INC.,

    Defendants.
_____/

## HEALTHPLAN'S NOTICE PURSUANT TO COURT ORDER (D.E. 88)

Plaintiff HealthPlan Services, Inc. ("HealthPlan"), through its undersigned counsel, and pursuant to the Court's Order (D.E. 88), hereby notifies the Court of the supplemental exchanges' impact on the outstanding discovery disputes in this case, as follows:

1. Since the April 12, 2019 mandatory in-person meet and confer and the filing of the parties' respective motions to compel, the parties have continued to communicate about the outstanding discovery issues in this case and the need to finalize certain discovery protocols. In particular, the parties have exchanged drafts and comments on three agreements, which HealthPlan believes are fundamental to ordered discovery moving forward. These agreements include (1) a Protective Agreement; (2) a Stipulated Agreement Regarding Discovery of Electronically Stored Information; and (3) a Stipulated Agreement Regarding Inspection of Computer Code. As of this afternoon, there appear to be three remaining issues with respect to these agreements. As to the ESI Agreement, (1) attorney Shyamie Dixit has

1

argued that such agreement should not hold up HealthPlan's production of emails, and HealthPlan disagrees with that position, believing that email discovery should take place pursuant to an ESI Agreement; and (2) Defendants insist that they should be able to propound email discovery requests of 5 HealthPlan custodians per defendant, for a total of 25 HealthPlan custodians and 250 searches – whereas HealthPlan believes that the defendants should collectively limit their email production requests to a sum total of 10 custodians and 100 searches for all such requests, with HealthPlan similarly limiting its email production requests to a sum total of ten custodians and 100 searches for all such requests. The third matter in dispute concerns the Protective Agreement in this case, and Defendants' insistence that such Agreement apply to "any related actions, and any actions involving one or more of the Parties and substantially related subject material whether or not ordered related by any Court, or appeals therefrom." HealthPlan opposes a "one size fits all" Protective Agreement that combines three unrelated cases and potentially conflicts with discovery orders in those other agreements.

2. As anticipated, on April 30, 2019, HealthPlan produced 774 non-email documents totaling 5,373 pages to Defendants E-Integrate, Inc. and Feron Kutsomarkos ("Kutsomarkos Defendants") that were responsive to numerous Requests for Production and Interrogatories. HealthPlan also supplemented several of its responses to the Kutsomarkos Defendants' Requests for Production and Interrogatories. Including its April 30th production, HealthPlan has produced a total of 1,789 non-email documents comprising 31,775 pages. HealthPlan is still in the process of reviewing responsive non-email documents and will produce additional non-email documents by May 6, 2019. As indicated by HealthPlan, responsive e-mails and

associated documents will be produced upon entry of an ESI Agreement. HealthPlan contends that its supplemental exchange of documents and discovery responses sufficiently address the issues raised in the Kutsomarkos Defendants' motion to compel (D.E. 82).

3. On April 30, 2019, Defendants Rakesh Dixit, Knowmentum, Inc. and Media Shark Inc. (collectively, "the Dixit Defendants") produced documents and served amended initial disclosures. However, the issues identified in HealthPlan's Motion to Compel (D.E. 81) concerning the Dixit Defendants' document production and initial disclosures still remain. HealthPlan's issues with Dixit Defendants' document production still remain because the production appears to consist of the very same documents that the Dixit Defendants attached to their initial disclosures back in December 2018. Moreover, the documents that were produced on April 30, 2019 lack any metadata, comprise confusing bates prefixes (i.e. DIX, DIXIT, KNOW and KNOWMENTUM) and include overlapping bates ranges. The Dixit Defendants' amended initial disclosures are still deficient because the list of individuals and/or parties are not sufficiently pared down and do not provide any additional specifics about their significance to the instant action, or the subject matter they purportedly possess.

Dated: May 2, 2019

Respectfully Submitted,

By: */s/*Alejandro J. Fernandez

Alejandro J. Fernandez (Fla. Bar No. 32221)
E-mail: AFernandez@BrinksGilson.com
Stephen J. Leahu (Fla. Bar. No. 54037)
E-mail: SLeahu@BrinksGilson.com
**BRINKS GILSON & LIONE**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Tel. (813) 275-5020 / Fax. (305) 275-5021

William H. Frankel (IL ARDC No. 3127933)

*Admitted Pro Hac Vice*
E-mail: wfrankel@brinksgilson.com
Andrew J. Avsec (IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
E-mail: aavsec@brinksgilson.com
**BRINKS GILSON & LIONE**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
Tel. (312) 321-4200 / Fax. (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
E-mail: echristou@brinksgilson.com
**BRINKS GILSON & LIONE**
1775 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Tel. (202) 296-6923 / Fax. (202) 296-8701

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on May 2, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/Alejandro J. Fernandez*
Alejandro J. Fernandez