UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
    a Florida corporation,
    Plaintiff,
  v.                                            CASE NO.: 8:18-cv-02608-SDM-AAS
RAKESH DIXIT, an individual,
FERON KUTSOMARKOS, an individual,
E-INTEGRATE, INC., a Florida corporation,
KNOWMENTUM, INC, a Florida corporation, and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,
    Defendants.
_____/

**DEFENDANTS' NOTICE REGARDING THEIR MOTION TO COMPEL**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (D.E. 82)**

Defendants FERON KUTSOMARKOS and E-INTEGRATE, INC. (referred to herein as "Defendants") hereby submit, pursuant to the Court's Order (D.E. 88), this Notice "summarizing the supplemental exchanges' impact on outstanding discovery disputes:"

On March 29, 2019, Plaintiff made its "*first rolling*" production of documents in response to Defendants' First Request for Production of Documents. Plaintiff's "first" production is approximately 16.9 gigabytes, and it generally relates to advertising and marketing materials, which are documents Plaintiff easily could have produced several months ago – *Plaintiff did not dispute this assertion in Response to Defendants' Motion to Compel*. Then, Plaintiff stopped its "rolling" production. Instead, on April 30, 2019, Plaintiff produced another approximately 1.9 gigabytes of nugatory documents and information,[1] which generally relate to contracts and agreements between the parties, and other third parties, and documents produced in, *Ultramatics,*

---

[1] In comparison to Plaintiff's total production of about 18.8 gigabytes, Defendants (Plaintiff's former employees, subcontractors, or vendors) produced more than 56 gigabytes of documents and information, and Plaintiff should have produced as much and actually much more because, among other reasons, Defendants know for a fact that more exists.

1

*Inc. v. E-Integrate, Inc., et al.*, Case No. 13-CA-13413. **Plaintiff refuses to produce anything else** (*e.g., no emails, no text messages, no software nor code*), and it refuses to describe what documents and information are being otherwise withheld.[2] Plaintiff's refusals can be broken down into the following three general discovery categories (*although there are more*): (1) emails, (2) software or code, and (3) damages. Defendants summarize the disputes as follows:

**(1) Emails:** Plaintiff makes the following blanket objection, among others, regarding its email production:

> HealthPlan objects to producing e-mails responsive to this Request without the entry of an ESI order limiting the number of custodians and search terms. […].
> […]. HealthPlan will produce emails responsive to this request and identified pursuant to a Court-ordered ESI protocol, within thirty (30) days after the exchange of custodians and search terms by the parties.

The reason the parties cannot (and will not) agree to an ESI protocol agreement is because the Plaintiff demands that Defendants limit their requested email custodians/witnesses to ten (10) persons … *not five or ten each Defendant, but ten in total for all five Defendants*. Plaintiff makes this baseless demand despite the fact that it disclosed more than twelve witnesses in its Rule 26 Disclosures, which included the Defendants. In other words, Plaintiff is forcing Defendants to choose **less than ten** – *not ten because Plaintiff is counting the Defendants in its cap of ten email custodians* – of (*its chosen*) twelve witnesses. Even more troubling is that Plaintiff has refused, and is refusing, to produce emails, *etc.*, for its own witnesses (*e.g., Steve Saft and James Vertino, who is named in the Amended Complaint as Plaintiff's "star" witness*) and the individual Defendants (*Rakesh Dixit and Feron Kutsomarkos*). There is no valid or justifiable reason for Plaintiff's failure and refusal to produce (*at the very least*) these emails to date.

---

[2] Attached is a courtesy copy of HealthPlan Services, Inc.'s Second Amended Response To Kutsomarkos' And E-Integrate, Inc.'s First Request For Information And Documents (Nos. 23, 31, 69-72), served on April 30, 2019.

**(2) Software or Code:** The crux of the parties' dispute is the scope of their proposed (i) confidentiality agreement (or protective order) and (ii) "Source Code Inspection Agreement." Specifically, Plaintiff wants to limit the scope of the definition of "Litigation" to the following:

> "Litigation" means the above captioned case, *HealthPlan Services, Inc. v. Rakesh Dixit, an individual, Feron Kutsomarkos, an individual, E-Integrate, Inc., a Florida corporation, Knowmentum, Inc., a Florida corporation, and Media Shark Productions, a Florida corporation*, pending in the United States District Court for the Middle District of Florida, Tampa Division, and any related actions or appeals therefrom.

However, Defendants' cannot agree to such a narrow definition and, as such, proposed the following addition: "'Litigation' means […]**, and any actions involving one or more of the Parties and substantially related subject material whether or not ordered related by any Court, or appeals therefrom**." The parties' need the expanded definition of "Litigation" because, among other reasons to be argued, there exists a "**common interest and joint defense privileges between Dr. Bojkovic[3] and HealthPlan**" (*see* D.E. 82-7, p. 21), and Defendants were served subpoenas by Blue Shield California ("BSC") in, *California Physicians Service, Inc. v. HealthPlan Services, Inc., et al*, Case No. 3:18-cv-03730-JD, pending in the U.S.D.C., N.D. of CA, which is also the subject of a Motion to Quash, *etc*., pending in this district, *HealthPlan Services, Inc. v. California Physicians Service, Inc., et al*, Misc. Case No. 8:19-MC-50-T-35AEP. BSC's subpoenas relate to the same documents, software, code, *etc*., the subject of this case. In addition, the parties' respective software experts need to review discovery across the three (3) separate lawsuits, which would not be possible under Plaintiff's proposed agreements and definitions.

**(3) Damages:** Plaintiff refuses to produce any documents or information related to its damages, likely because it has not been damaged and it should be compelled to confirm the same.

---

[3] *Michael Bojkovic v. Rakesh Dixit, et al.*, Case No. 16-001246-CI, pending in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

3

**WHEREFORE**, Defendants respectfully request this Honorable Court enter an order granting Defendants' Motion to Compel Plaintiff to provide better responses and answers to Defendants' First Request for Production of Documents and First Set of Interrogatories to Plaintiff.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the parties and their counsel of record on this 2nd day of May 2019.

Respectfully submitted,
***Dixit Law Firm***
*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
Florida Bar No.: 719684
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
Florida Bar No.: 314536
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
Tel: (813) 252-3999
Fax: (813) 252-3997
*Attorneys for Defendants Feron Kutsomarkos and E-Integrate, Inc.*