**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.: 8:18-cv-2608-SDM-AAS

HEALTHPLAN SERVICES, INC.,
a Florida corporation,

       Plaintiff,

v.

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS,
an individual,
E-INTEGRATE, INC.,
a Florida corporation,
KNOWMENTUM, INC,
a Florida corporation,
and
MEDIA SHARK PRODUCTIONS, INC.,
a Florida corporation,

       Defendants.
_____/

## Motion for Entry of Protective Order, ESI Order and Computer Code Inspection Order

HealthPlan Services, Inc. ("HealthPlan"), through its undersigned attorneys, hereby moves for entry of a Protective Order, an Electronically Stored Information Order, and a Computer Code Inspection Order, pursuant to this Court's Order (ECF No. 93), and state as follows.[1]

As shown in the correspondence attached as composite Exhibit 1, the parties cannot agree on the final terms of the Protective Order or the Electronically Stored Information

Order.  The entry of these fundamental discovery agreements is long overdue, and the parties having failed to reach agreement, despite considerable effort on their parts and on the part of this Court.  Accordingly, HealthPlan moves for entry of the attached Protective Order (Exhibit 2), Electronically Stored Information Order (Exhibit 3), and Computer Code Inspection Order (Exhibit 4).  The remaining disputed issues are as follows.

**I.  Protective Order**

This Court rejected the Defendants' definition of "Litigation" due to overbreadth and lack of jurisdiction: "For purposes of this protective agreement, though, I am willing to adopt the HealthPlan proposed language and not Defendants' proposed language because I do think it goes beyond my authority."  *See* Transcript of May 3 Hearing, p27, lns. 12-15.  Beyond this issue, however, Defendants argued that Defendants' "experts need to cross-pollinate the information between the three cases…."  *See* Transcript of May 3 Hearing, p11, lns. 5-9.  This Court provided an opportunity to meet and confer about the narrower issue. *See* Transcript of May 3 Hearing, p27, lns. 16-20.  After the hearing, Defendants completely ignored the purported expert "cross-pollination" issue in their draft proposal.  See Exhibit 1, pp. 6.  In fact, the draft provided by Defendants, Defendants focused entirely on re-litigating the rejected definition of "Litigation."  *See* Defendants' Proposed Protective Agreement, Exhibit 6.  The telephonic meet/confer on May 9 was more of the same.  In response, HealthPlan maintains its stipulation that, subject to the existence of a protective order agreed

---

[1] Despite HealthPlan's requests to submit a single, joint motion, Defendants insisted on filing separate motions concerning these orders.  *See* Exhibit 1, p6.

2

to by HealthPlan in both Florida cases, an expert qualified in both cases can use confidential source code information.

## II. Electronically Stored Information Order

Rather than resolving issues, Defendants are creating new ones. Having lost their attempt to expand the number of custodians beyond 15, Defendants now attempt to *double* the number of searches per custodian from ten to twenty searches. *See* Defendants' Proposed ESI Agreement, Exhibit 5, para. 12, and Exhibit 1, pp. 3-4. This sharp increase requires that HealthPlan conduct some *300* discrete searches for emails, incurring undue and disproportional burden and expense relative to the needs of the case. Defendants offer no justification for their new demand. In any case, Defendants waived such arguments by not raising it in their motion or at the hearing.

## III. Computer Code Inspection Order

As of the filing of this Motion, the Defendants have agreed to entry of the Computer Code Inspection Order at Exhibit 4.

## IV. Conclusion

Accordingly, HealthPlan respectfully requests that the Court enter the attached Orders at Exhibits 2, 3 and 4.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certify that they have conferred with opposing counsel, and opposing counsel have stated that Defendants oppose the relief sought herein.

Dated: May 10, 2019

Respectfully submitted,

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone No. (813) 275-5020
Telefacsimile No. (813) 275-5021

Andrew Avsec (IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel (IL ARDC No. 3127933)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
aavsec@brinksgilson.com
wfrankel@brinksgilson.com
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

*Attorneys for Plaintiffs*
*Healthplan Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 10, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez