| | |
|---|---|
| **From:** | Frankel, William |
| **To:** | Shyamie Dixit; Justin L. Dees |
| **Cc:** | Fernandez, Alex |
| **Subject:** | Continuing Discussions Prior to May 10 Submission and May 23 Preliminary Pretrial Conference |
| **Date:** | Tuesday, May 7, 2019 11:12:43 AM |
| **Attachments:** | HPS v. Dixit - Stipulated Code Inspection Agreement.docx |
| | HPS v. Dixit - Stipulated ESI Agreement .docx |
| | HPS v. Dixit - Stipulated Protective Agreement.docx |
| **Importance:** | High |

Shyamie and Justin,

We write further to last Friday's preliminary pretrial conference and the Court's order (Doc. 93) that followed.

Please find attached current drafts of the following agreements:

1. Protective Agreement   (modified since last week to delete Defendant's definition of "Litigation" in para. 2(b))

2. Stipulated Agreement Regarding Discovery of Electronically Stored Information   (modified since last week to recite, in para. 11, that each side shall limit their email production requests to a sum total of fifteen custodians)

3. Stipulated Agreement Regarding Inspection of Computer Code   (no changes)

As to all three agreements, we have changed the signature date to May 10, 2019.

As far as we are concerned, these documents all should be in their final form.  However, we note the Court's suggestion that the parties attempt to agree on language that addresses defendants' concerns about the use of experts.  As it is unclear to us what you are seeking, we requested from you on Friday, and you agreed to provide us with, specific language addressing your concern and where, if at all, you believe such language fits in one or more of these three agreements.  Please let us have your proposed language and your approval of the attached documents at the earliest and in any event by no later than COB Wednesday, as we must move the Court for approval of the final versions by this Friday, May 10, 2019.

Lastly, and also pursuant to the Court's Order, please advise as to your availability next week to resume a meet and confer regarding narrowing the discovery disputes addressed in the motions to compel.

Thank you.

Regards,

Bill

**William H. Frankel**
Intellectual Property Attorney
312.321.7736 | Direct
312.316.1872 | Mobile
wfrankel@brinksgilson.com
www.brinksgilson.com



**Administrative Assistant**: Jacqueline M. Masters
312.245.3452 | jmasters@brinksgilson.com

**BRINKS GILSON & LIONE**
NBC Tower - Suite 3600 | 455 N. Cityfront Plaza Drive | Chicago, IL 60611

**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.

| | |
|---|---|
| **From:** | Shyamie Dixit |
| **To:** | Frankel, William |
| **Cc:** | Justin L. Dees; Fernandez, Alex; Robert L. Vessel; Clarissa Moreno |
| **Subject:** | [EXT] Re: Continuing Discussions Prior to May 10 Submission and May 23 Preliminary Pretrial Conference |
| **Date:** | Wednesday, May 8, 2019 2:57:22 PM |
| **Attachments:** | HPS v. Dixit - Stipulated ESI Agreement - Dixit Revised.docx |
| | ATT00001.htm |
| | HPS v. Dixit - Stipulated Protective Agreement - Dixit Revised.docx |
| | ATT00002.htm |
| | HPS v. Dixit - Stipulated Code Inspection Agreement - Dixit Revisions.docx |
| | ATT00003.htm |
| | Defendants Emails Custodians and ST.docx |
| | ATT00004.htm |
| **Importance:** | High |

Hi Bill,

My mediation today went as good as ours did, and I am done. Please see attached, and call me to discuss the definition of "Litigation," as I am open to other suggestions.

Also attached is Defendants' List of (15) Email Custodians and Search Terms, which exceeds 10 and we are open to discuss further. Thank you,

--
Shyamie Dixit
3030 North Rocky Point Drive West, Suite 260, Tampa, Florida 33607
Tel: (813) 252-3999 | Fax: (813) 252-3997 | Cell: (813) 992-8118
Dixit Law Firm: www.dixitlaw.com

**NOTE: This e-mail transmission originates from the sender. This transmission, as well as any attached file transmitted contemporaneously, contain(s) confidential information that may be subject to certain and specific privileges, or otherwise protected against unauthorized use, all of which are hereby reserved. The information contained in this transmission, as well as any file transmitted contemporaneously, is transmitted in this form based on a reasonable expectation of privacy, consistent with U.S. law. Any disclosure, distribution, copying, or use of the information contained in this transmission by any person other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this transmission in error, please advise the sender by immediate reply, and delete the original message.

| | |
|---|---|
| **From:** | Frankel, William |
| **To:** | Shyamie Dixit; Justin L. Dees |
| **Cc:** | Fernandez, Alex |
| **Subject:** | Motion for Entry due Friday |
| **Date:** | Thursday, May 9, 2019 12:26:12 PM |
| **Attachments:** | Motion for Entry.doc |

Dear Shyamie and Justin,

We have reviewed your proposed edits to the three agreements. We do not believe that they are responsive either to the Court's Order (Doc. 93) or to my letter of May 7.

HealthPlan rejects the proposed edits to paragraph 2 of the Protective Order Agreement, as ignoring and circumventing the Court's adoption of HealthPlan's definition of "Litigation". Moreover, your proposed edits still fail to articulate your "expert" issue, which we still don't understand and which is what you represented to the Court was your real concern.

HealthPlan rejects the proposed edit of paragraph 12 of the ESI Agreement, as revisiting language that was previously agreed to and jointly submitted to the Court and as an attempt to circumvent the Court's ruling constraining email discovery by limiting it to 15 custodians per side in paragraph 11. As you now propose 20 search terms per custodian instead of the 10 you previously suggested and agreed to, the defendants could require that HealthPlan conduct 300 discrete email searches, which is entirely disproportionate in terms of need, burden, and cost.

As for the Computer Code Inspection Agreement, the definition of "affiliates" in paragraph 2(e) (which you previously agreed to) is intended to encompass the broadest definition of that term for obvious reasons. We ask that you give us your approval to execute this document on behalf of the defendants and file it for entry by the Court.

Pursuant to the Court's Order, please find enclosed a draft Motion for Entry for filing tomorrow. Please let us have your comments on this draft soon.

Lastly, please be sure to copy Alex on all correspondence concerning this matter as I will be out of the office later this afternoon and all day tomorrow.

Thank you.

Regards,


Bill

**William H. Frankel**
Intellectual Property Attorney
312.321.7736 | Direct
312.316.1872 | Mobile
wfrankel@brinksgilson.com
www.brinksgilson.com



**Administrative Assistant**: Jacqueline M. Masters
312.245.3452 | jmasters@brinksgilson.com

**BRINKS GILSON & LIONE**
NBC Tower - Suite 3600 | 455 N. Cityfront Plaza Drive | Chicago, IL 60611

**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.

**From:** Shyamie Dixit
**To:** Frankel, William
**Cc:** Justin L. Dees; Fernandez, Alex; Robert L. Vessel; Clarissa Moreno; Valerie A. Cisco
**Subject:** [EXT] Re: Motion for Entry due Friday
**Date:** Thursday, May 9, 2019 12:45:34 PM

I do not agree and I am opposed to your motion, please remove my signature block, and I will file a separate motion,

--
Shyamie Dixit
3030 North Rocky Point Drive West, Suite 260, Tampa, Florida 33607
Tel: (813) 252-3999 | Fax: (813) 252-3997 | Cell: (813) 992-8118
Dixit Law Firm: www.dixitlaw.com

**NOTE:  This e-mail transmission originates from the sender.  This transmission, as well as any attached file transmitted contemporaneously, contain(s) confidential information that may be subject to certain and specific privileges, or otherwise protected against unauthorized use, all of which are hereby reserved.  The information contained in this transmission, as well as any file transmitted contemporaneously, is transmitted in this form based on a reasonable expectation of privacy, consistent with U.S. law.  Any disclosure, distribution, copying, or use of the information contained in this transmission by any person other than the intended recipient, regardless of address or routing, is strictly prohibited.  If you have received this transmission in error, please advise the sender by immediate reply, and delete the original message.

On May 9, 2019, at 12:26 PM, Frankel, William <wfrankel@brinksgilson.com> wrote:

Dear Shyamie and Justin,

We have reviewed your proposed edits to the three agreements.   We do not believe that they are responsive either to the Court's Order (Doc. 93) or to my letter of May 7.

HealthPlan rejects the proposed edits to paragraph 2 of the Protective Order Agreement, as ignoring and circumventing the Court's adoption of HealthPlan's definition of "Litigation".  Moreover, your proposed edits still fail to articulate your "expert" issue, which we still don't understand and which is what you represented to the Court was your real concern.

HealthPlan rejects the proposed edit of paragraph 12 of the ESI Agreement, as revisiting language that was previously agreed to and jointly submitted to the Court and as an attempt to circumvent the Court's ruling constraining email discovery by limiting it to 15 custodians per side in paragraph 11.  As you now propose 20 search terms per custodian instead of the 10 you previously suggested and agreed to, the defendants could require that HealthPlan conduct 300 discrete email searches, which is entirely disproportionate in terms of need, burden, and cost.

As for the Computer Code Inspection Agreement, the definition of "affiliates" in paragraph 2(e) (which you previously agreed to) is intended to encompass the broadest definition of that term for obvious reasons.  We ask that you give us your approval to execute this document on behalf of the defendants and file it for entry by the Court.

Pursuant to the Court's Order, please find enclosed a draft Motion for Entry for filing tomorrow.  Please let us have your comments on this draft soon.

Lastly, please be sure to copy Alex on all correspondence concerning this matter as I will be out of the office later this afternoon and all day tomorrow.

Thank you.

Regards,

Bill


**William H. Frankel**
Intellectual Property Attorney
312.321.7736 | Direct
312.316.1872 | Mobile
wfrankel@brinksgilson.com
www.brinksgilson.com

**Administrative Assistant:**  Jacqueline M.  Masters
312.245.3452 | jmasters@brinksgilson.com

**BRINKS GILSON & LIONE**
NBC Tower - Suite 3600 | 455 N. Cityfront Plaza Drive | Chicago, IL 60611

**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.

<Motion for Entry.doc>

**From:** Frankel, William
**To:** Shyamie Dixit
**Cc:** Justin L. Dees; Fernandez, Alex; Robert L. Vessel; Clarissa Moreno; Valerie A. Cisco
**Subject:** RE: [EXT] Re: Motion for Entry due Friday
**Date:** Thursday, May 9, 2019 12:48:43 PM

Shyamie,

Understood and acknowledged.

The parties will submit separate motions.

Just one question – as to the Computer Code Agreement, concerning which there was no disagreement before, will you consent to submission of that one agreement for entry by the Court?   Or are you now refusing to agree to that document as well?

Thanks.

Bill

**From:** Shyamie Dixit <sdixit@dixitlaw.com>
**Sent:** Thursday, May 9, 2019 11:44 AM
**To:** Frankel, William <wfrankel@brinksgilson.com>
**Cc:** Justin L. Dees <JDees@macfar.com>; Fernandez, Alex <afernandez@brinksgilson.com>; Robert L. Vessel <rvessel@dixitlaw.com>; Clarissa Moreno <cmoreno@dixitlaw.com>; Valerie A. Cisco <VAC@macfar.com>
**Subject:** [EXT] Re: Motion for Entry due Friday

I do not agree and I am opposed to your motion, please remove my signature block, and I will file a separate motion,
--
Shyamie Dixit
3030 North Rocky Point Drive West, Suite 260, Tampa, Florida 33607
Tel: (813) 252-3999 | Fax: (813) 252-3997 | Cell: (813) 992-8118
Dixit Law Firm: www.dixitlaw.com

**NOTE:  This e-mail transmission originates from the sender.  This transmission, as well as any attached file transmitted contemporaneously, contain(s) confidential information that may be subject to certain and specific privileges, or otherwise protected against unauthorized use, all of which are hereby reserved.  The information contained in this transmission, as well as any file transmitted contemporaneously, is transmitted in this form based on a reasonable expectation of privacy, consistent with U.S. law.  Any disclosure, distribution, copying, or use of the information contained in this transmission by any person other than the intended recipient, regardless of address or routing, is strictly prohibited.  If you have received this transmission in error, please advise the sender by immediate reply, and delete the original message.

> On May 9, 2019, at 12:26 PM, Frankel, William <wfrankel@brinksgilson.com> wrote:

Dear Shyamie and Justin,

We have reviewed your proposed edits to the three agreements. We do not believe that they are responsive either to the Court's Order (Doc. 93) or to my letter of May 7.

HealthPlan rejects the proposed edits to paragraph 2 of the Protective Order Agreement, as ignoring and circumventing the Court's adoption of HealthPlan's definition of "Litigation". Moreover, your proposed edits still fail to articulate your "expert" issue, which we still don't understand and which is what you represented to the Court was your real concern.

HealthPlan rejects the proposed edit of paragraph 12 of the ESI Agreement, as revisiting language that was previously agreed to and jointly submitted to the Court and as an attempt to circumvent the Court's ruling constraining email discovery by limiting it to 15 custodians per side in paragraph 11. As you now propose 20 search terms per custodian instead of the 10 you previously suggested and agreed to, the defendants could require that HealthPlan conduct 300 discrete email searches, which is entirely disproportionate in terms of need, burden, and cost.

As for the Computer Code Inspection Agreement, the definition of "affiliates" in paragraph 2(e) (which you previously agreed to) is intended to encompass the broadest definition of that term for obvious reasons. We ask that you give us your approval to execute this document on behalf of the defendants and file it for entry by the Court.

Pursuant to the Court's Order, please find enclosed a draft Motion for Entry for filing tomorrow. Please let us have your comments on this draft soon.

Lastly, please be sure to copy Alex on all correspondence concerning this matter as I will be out of the office later this afternoon and all day tomorrow.

Thank you.

Regards,


Bill

**William H. Frankel**
Intellectual Property Attorney
312.321.7736 | Direct
312.316.1872 | Mobile
wfrankel@brinksgilson.com
www.brinksgilson.com



**Administrative Assistant**:  Jacqueline M. Masters
312.245.3452 | jmasters@brinksgilson.com

**BRINKS GILSON & LIONE**
NBC Tower - Suite 3600 | 455 N. Cityfront Plaza Drive | Chicago, IL 60611

**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.

\<Motion for Entry.doc\>

**From:** Shyamie Dixit
**To:** Frankel, William
**Cc:** Justin L. Dees; Fernandez, Alex; Robert L. Vessel; Clarissa Moreno; Valerie A. Cisco
**Subject:** Re: [EXT] Re: Motion for Entry due Friday
**Date:** Thursday, May 9, 2019 1:01:31 PM

I will set forth my position in my motion, as you have not made any actual effort to discuss these issues with us nor understand Defendants' issues regarding the two-front litigation campaign that you and Bojokivc have contrived; and, as I told you previously, I am not engaging in lengthy email campaigns that you and Alex can attach to your motions.

--
Shyamie Dixit
3030 North Rocky Point Drive West, Suite 260, Tampa, Florida 33607
Tel: (813) 252-3999 | Fax: (813) 252-3997 | Cell: (813) 992-8118
Dixit Law Firm: www.dixitlaw.com

**NOTE:** This e-mail transmission originates from the sender. This transmission, as well as any attached file transmitted contemporaneously, contain(s) confidential information that may be subject to certain and specific privileges, or otherwise protected against unauthorized use, all of which are hereby reserved. The information contained in this transmission, as well as any file transmitted contemporaneously, is transmitted in this form based on a reasonable expectation of privacy, consistent with U.S. law. Any disclosure, distribution, copying, or use of the information contained in this transmission by any person other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this transmission in error, please advise the sender by immediate reply, and delete the original message.

On May 9, 2019, at 12:48 PM, Frankel, William <wfrankel@brinksgilson.com> wrote:

Shyamie,

Understood and acknowledged.

The parties will submit separate motions.

Just one question – as to the Computer Code Agreement, concerning which there was no disagreement before, will you consent to submission of that one agreement for entry by the Court?   Or are you now refusing to agree to that document as well?

Thanks.

Bill

**From:** Shyamie Dixit <sdixit@dixitlaw.com>
**Sent:** Thursday, May 9, 2019 11:44 AM
**To:** Frankel, William <wfrankel@brinksgilson.com>
**Cc:** Justin L. Dees <JDees@macfar.com>; Fernandez, Alex <afernandez@brinksgilson.com>; Robert L. Vessel <rvessel@dixitlaw.com>; Clarissa Moreno <cmoreno@dixitlaw.com>; Valerie A. Cisco <VAC@macfar.com>
**Subject:** [EXT] Re: Motion for Entry due Friday

I do not agree and I am opposed to your motion, please remove my signature block, and I will file a separate motion,

--
Shyamie Dixit
3030 North Rocky Point Drive West, Suite 260, Tampa, Florida 33607
Tel: (813) 252-3999 | Fax: (813) 252-3997 | Cell: (813) 992-8118
Dixit Law Firm: www.dixitlaw.com

**NOTE:** This e-mail transmission originates from the sender. This transmission, as well as any attached file transmitted contemporaneously, contain(s) confidential information that may be subject to certain and specific privileges, or otherwise protected against unauthorized use, all of which are hereby reserved. The information contained in this transmission, as well as any file transmitted contemporaneously, is transmitted in this form based on a reasonable expectation of privacy, consistent with U.S. law. Any disclosure, distribution, copying, or use of the information contained in this transmission by any person other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this transmission in error, please advise the sender by immediate reply, and delete the original message.

On May 9, 2019, at 12:26 PM, Frankel, William <wfrankel@brinksgilson.com> wrote:

Dear Shyamie and Justin,

We have reviewed your proposed edits to the three agreements.  We do not believe that they are responsive either to the Court's Order (Doc. 93) or to my letter of May 7.

HealthPlan rejects the proposed edits to paragraph 2 of the Protective Order Agreement, as ignoring and circumventing the Court's adoption of HealthPlan's definition of "Litigation".  Moreover, your proposed edits still fail to articulate your "expert" issue, which we still don't understand and which is what you represented to the Court was your real concern.

HealthPlan rejects the proposed edit of paragraph 12 of the ESI Agreement, as revisiting language that was previously agreed to and jointly submitted to the Court and as an attempt to circumvent the Court's ruling constraining email discovery by limiting it to 15 custodians per side in paragraph 11.  As you now propose 20 search terms per custodian instead of the 10 you previously suggested and agreed to, the defendants could require that HealthPlan conduct 300 discrete email searches, which is entirely disproportionate in terms of need, burden, and cost.

As for the Computer Code Inspection Agreement, the definition of "affiliates" in paragraph 2(e) (which you previously agreed to) is intended to encompass the broadest definition of that term for obvious reasons.  We ask that you give us your approval to execute this document on behalf of the defendants and file it for entry by the Court.

Pursuant to the Court's Order, please find enclosed a draft Motion for Entry for filing tomorrow.  Please let us have your comments on this draft soon.

Lastly, please be sure to copy Alex on all correspondence concerning this matter as I will be out of the office later this afternoon and all day tomorrow.

Thank you.

Regards,

Bill

**William H. Frankel**
Intellectual Property Attorney
312.321.7736 | Direct
312.316.1872 | Mobile
wfrankel@brinksgilson.com
www.brinksgilson.com



**Administrative Assistant**: Jacqueline M. Masters
312.245.3452 | jmasters@brinksgilson.com

**BRINKS GILSON & LIONE**
NBC Tower - Suite 3600 | 455 N. Cityfront Plaza Drive | Chicago, IL 60611

Please Note: This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.

<Motion for Entry.doc>