**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| HEALTHPLAN SERVICES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> RAKESH DIXIT, ET AL. <br><br>  Defendants. | **Case No. 8:18-CV-02608-SDM-AAS** |

**ORDER REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION**

This Order regarding the discovery of electronically stored information ("Order") is made and entered into by and between the undersigned counsel on behalf of their respective clients (collectively, the "Parties") effective as of May 3, 2019 ("Effective Date").

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1." This Order incorporates by reference the definitions and provisions set forth in the Protective Order.

2. The Parties may amend this Order without an additional court order by executing a joint stipulation identifying the modification.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A Party's meaningful compliance with this Order and efforts to promote

efficiency and reduce costs will be considered in cost-shifting determinations.

5. The Parties are expected to comply with the Federal Rules of Civil Procedure and are encouraged to meet and confer regarding Electronically Stored Information preservation, systems that contain discoverable ESI, search and production, phasing of discovery, and opportunities to reduce costs and increase efficiency.

6. The Parties agree that all documents existing in electronic format shall be produced in native file format and/or Tagged Image File Format (TIFF, or .TIF) with load files. The Parties agree that native files and/or TIFF plus load files should include, where applicable, all relevant metadata. Each TIFF image shall be electronically stamped with a confidentiality designation and a unique corresponding Bates number and prefix to identify the producing party, in accordance with the Middle District of Florida Discovery Handbook, Section III.B.5. E-Integrate and Kutsomarkos have agreed to produce all documents in native file format, which HealthPlan will process and Bates stamp on behalf of E-Integrate and Kutsomarkos.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, Parties must propound specific email production requests.

8. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

9. Email production requests shall be phased to occur after the Parties have exchanged initial disclosures and basic documentation. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

10. Email production requests shall identify the custodian, search terms, and time frame. The Parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth herein.

11. Rakesh Dixit, Feron Kutsomarkos, E-Integrate, Inc., Knowmentum, Inc., and

Media Shark Productions shall limit their email production requests to a sum total of fifteen custodians for all such requests, and Healthplan Services, Inc., shall limit its email production requests to a sum total of fifteen custodians for all such requests. The Parties may jointly agree to modify this limit in writing without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

12. Each requesting party shall limit its email production requests to a total of ten search terms per custodian. The Parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a Party serve email production requests with search terms beyond the limits agreed to by the Parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any Party shall bear all reasonable costs caused by such additional discovery.

13. Nothing in this Order prevents the Parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

Date: May 10, 2019

_____
Amanda Arnold Sansone
United States Magistrate Judge