IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,

    Plaintiff,

v.

RAKESH DIXIT,
FERON KUTSOMARKOS,
E-INTEGRATE, INC.,
KNOWMENTUM, INC, and
MEDIA SHARK PRODUCTIONS, INC.,

    Defendants.

Case No. 8:18-CV-02608-T-23AAS

## ORDER REGARDING INSPECTION OF COMPUTER CODE

This Order Regarding Inspection of Computer Code ("Order") governs the inspection by the parties to this case according to the following terms.

1. This Order supplements all other discovery rules and orders, and provides for the inspection of Highly Confidential – Computer Code pursuant to Paragraph 5 of the Protective Order entered in this action. This Order incorporates by reference the definitions and provisions set forth in the Protective Order.

2. The Parties agree that the following restrictions apply to Highly Confidential – Computer Code:

    (a) Access to a Party's Highly Confidential – Computer Code shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The computer shall be password protected, and maintained in a secure, locked area during storage. The stand-alone computer(s) may be connected to (1) a printer, or (2) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs (h) and (k) below. Additionally, except as provided in paragraph (k) below, the stand-alone computer(s) may only be located at the offices of the

producing Party or its outside counsel. As used herein, "Highly Confidential – Computer Code" information is any computer code, source code (including comments contained therein), human-readable programming language text that defines software, firmware, or electronic hardware descriptions, object code, Register Transfer Level ("RTL") files, Hardware Description Language ("HDL") files, or other hardware description language, live data (i.e. data as it exists residing in a database or databases), or pseudo-code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of a programming language with an informal natural-language description of the computations to be carried out);

(b) The inspecting Party shall restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. upon reasonable notice by the inspecting Party. However, upon reasonable notice from the inspecting Party, the producing Party shall make reasonable efforts to accommodate the inspecting Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Highly Confidential – Computer Code at the offices of its outside counsel shall not unreasonably hinder the inspecting Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the inspecting Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Highly Confidential – Computer Code on the stand-alone computer(s);

(d) The producing Party will produce for inspection Highly Confidential – Computer Code in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to material designated "HIGHLY CONFIDENTIAL – COMPUTER CODE" shall be limited to three (3) Outside Software Experts[1] (*i.e.*, not existing or prior employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Litigation and approved to access such materials pursuant to the Protective Order entered in this action. A

---

[1] For the purposes of this paragraph, an "Outside Software Expert" is defined to include the outside expert disclosed by the inspecting Party pursuant to FRCP 26(a)(2) who will testify at trial on subject matter relating to software, computer code and/or source code, and that expert's direct reports and other support personnel, such that the disclosure to an expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single expert.

list of names of the Outside Software Experts who will view the Highly Confidential – Computer Code computer will be provided in conjunction with any written notice requesting inspection. The inspecting Party's outside counsel shall not be permitted access to such materials, except as set forth in paragraph (j) below. An inspecting Party may include excerpts of Highly Confidential – Computer Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Code-Related Documents"), provided that the Code-Related Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Highly Confidential – Computer Code are quoted in a Code-Related Document, either (1) the entire Code-Related Document will be stamped and treated as "HIGHLY CONFIDENTIAL – COMPUTER CODE" or (2) those pages containing quoted Highly Confidential – Computer Code will be separately stamped and treated as "HIGHLY CONFIDENTIAL – COMPUTER CODE";

(g) Except as set forth in paragraph (k) below, no reproductions (*e.g.*, electronic copies, photocopies or handwritten copies) of Highly Confidential – Computer Code shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically (i.e., expert reports);

(h) Each of the inspecting Party's Outside Software Expert(s) shall be provided three (3) printouts of specifically requested portions of the producing Party's Highly Confidential – Computer Code, pursuant to restrictions set forth herein. Such printouts shall be designated, labeled and treated as Highly Confidential – Computer Code. The inspecting Party's Outside Software Expert(s) shall maintain a detailed custodial log of all such printouts that shall be considered by such expert in forming his or her expert opinion. Absent any objections, the inspecting Party's Outside Software Expert(s) shall receive within ten (10) business days, the three (3) printouts. After identifying the portions of the Highly Confidential – Computer Code contained in such printouts that will be relied upon and quoted in an export report, the inspecting Party's Outside Software Expert(s) may scan those limited portions of Highly Confidential – Computer Code that are reasonably necessary for the preparation of the expert report(s). Upon that expert's finalization of his or her expert report, that expert shall permanently delete any scanned copy of the Highly Confidential – Computer Code information, expect for those portions quoted in the final expert report. All drafts of the expert report that contain quoted Highly

Confidential – Computer Code shall be promptly and permanently deleted by that expert. For purposes of any court filings, pleadings, or other papers, or for deposition or trial, portions of the three (3) printouts shall be presented upon receiving written consent from the producing Party pursuant to reasonable restrictions to ensure the confidentiality of the material designated Highly Confidential – Computer Code (i.e., filing such portions under seal, or submitting such portions to the Court *in camera*, in accordance with the Court's rules, procedures and orders). The inspecting Party, and its existing or prior employees or affiliates, shall not request or make paper or electronic copies of the producing Party's Highly Confidential – Computer Code. Without a finding of good cause by the Court, the inspecting Party's Outside Software Expert(s) may not request for printing more than fifteen (15) consecutive pages of Highly Confidential – Computer Code or more than a total of 20% of the total Highly Confidential – Computer Code information for any program, program file or application. However, to the extent any party believes this limit is not sufficient to provide for meaningful review, the parties agree to cooperate to revise this limit to a suitable number of pages, and may submit their dispute to the Court if necessary for resolution. Subject to that restriction, the Outside Software Expert(s) inspecting the Highly Confidential – Computer Code may take notes relating to the Highly Confidential – Computer Code, but may not copy any actual lines of the Highly Confidential – Computer Code information into the notes. No copies of all or any portion of the Highly Confidential – Computer Code information may be taken by the inspecting Party's Outside Software Expert(s) from the room in which it is inspected. Further, no other written or electronic record of the Highly Confidential – Computer Code information is permitted except as otherwise provided in this Order. A representative(s) of the producing Party may visually monitor the activities of the inspecting Party's Outside Software Expert(s) during any Highly Confidential – Computer Code review, and may monitor and track the files/information being reviewed by the inspecting Party's Outside Software Expert(s), but shall not review any notes taken by the inspecting Party's Outside Software Expert(s);

(i) Should the producing Party reproduce any portion of the printouts referenced in paragraph (h) above in electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – COMPUTER CODE" and shall continue to be treated as such;

(j) If the inspecting Party's Outside Software Expert(s) obtain printouts of Highly Confidential – Computer Code pursuant to Section (h) above, the inspecting Party shall ensure that such expert keeps the printouts in a secured locked area in the offices of such expert. The inspecting Party's outside counsel shall be permitted to review the inspecting Party's **final** expert report(s) that contain

quoted Highly Confidential – Computer Code, and confer the inspecting Party's Outside Software Expert(s) with regard to findings concerning such Highly Confidential – Computer Code. The inspecting Party's Outside Software Expert(s) may temporarily keep the printouts within his or her possession at: (1) the Court for any proceedings(s) relating to the Highly Confidential – Computer Code, for the dates associated with the proceeding(s); (2) the sites where any deposition(s) relating to the Highly Confidential – Computer Code are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k) Subject to the restrictions set forth herein, a producing Party's Highly Confidential – Computer Code may only be transported by the inspecting Party's Outside Software Expert(s) at the direction of a person authorized under paragraph (e) above to another person authorized under paragraph (e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Highly Confidential – Computer Code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Highly Confidential – Computer Code may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph (j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the inspecting Party's final expert report(s) may be loaded onto a computer controlled by the inspecting Party and its outside counsel.

(l) Any and all Code-Related Documents and Highly Confidential – Computer Code information may be used only in connection with the Litigation, and not for any other purpose.

3. The Parties hereby agree that any unauthorized dissemination of Highly Confidential – Computer Code would result in irreparable harm to the producing Party.

4. Nothing in this Order prevents the Parties from amending this Order without an additional court order by executing a joint stipulation identifying the modification.

5. One or more copies or counterparts of this Order may be executed, and each such copy or counterpart shall constitute a duplicate original hereof.

Date: May 16, 2019

*Amanda Arnold Sansone*
Amanda Arnold Sansone
United States Magistrate Judge