**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTHPLAN SERVICES, INC.,

     Plaintiff,

v.                                       CASE NO. 8:18-cv-2608-T-23AAS

RAKESH DIXIT, et al.,

     Defendants.

_____/

**<u>AMENDED JOINT CASE MANAGEMENT REPORT</u>**

     Pursuant to the Court's Order (ECF No. 109), the parties hereby jointly submit the

following Amended Case Management Report:

1.     Meeting of the Parties:  Under Local Rule 3.05(c)(2)(B)(A), a meeting was held on November 21, 2018 at 11:00 a.m.  A subsequent meeting was held:
(check one)

(  )  by telephone
(X)  at <u>the Discovery Conference of May 23, 2019</u>

     The meeting was attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| Justin L. Dees | Rakesh Dixit |
| | Media Shark Productions, Inc. |
| | Knowmentum, Inc. |
| | E-Integrate, Inc. |
| Alejandro J. Fernandez | Healthplan Services, Inc. |
| Shyamie Dixit | Feron Kutsomarkos |
| | E-Integrate |

2     Initial Disclosure:

a.      Rule 26(a)(1), Federal Rules of Civil Procedure, states:

Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i)      the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii)      a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii)      a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv)      for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. [1]

The parties (check one)

(X)      have exchanged Rule 26(a)(1)(A) information.
( )      agree to exchange Rule 26(a)(1)(A) information
on or before_____. [2]

---

[1]  A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose.  Fed. R. Civ. P. 26(a)(1).

[2]  Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."  Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined.  Fed. R. Civ. P. 26(a)(1)(D).

( )    stipulate not to disclose Rule 26(a)(1)(A) information because

_____

_____

_____

( )    are unable to agree to disclosure of Rule 26(a)(1)(A) information because

_____

_____

_____

3.    Discovery Plan (Plaintiff):  The parties jointly propose the following discovery plan for the plaintiff:

a.    Planned Discovery:  A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

(1)    Request for Admission:

Pursuant to Fed. R. Civ. P. 36, no limit to requests for admission ("RFAs"); RFAs may be served on all discoverable matters prior to January 20, 2020, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of February 28, 2020.

Number of Requests for Admission:  In paragraph 6 of this Order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the plaintiff's requests for admission.

(2)    Written Interrogatory:

Pursuant to the Fed. R. Civ. P. 33 each party may serve up to twenty-five on each receiving party by January 20, 2020, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of February 28, 2020.

Number of Interrogatories:  Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

(3)     Request for Production or Inspection:

Pursuant to the Fed. R. Civ. P. 34 no limit to requests for production ("RFPs"); RFPs may be served on all discoverable matters prior to January 20, 2020, thus permitting parties to evaluate whether to file any necessary Motion To Compel before discovery cutoff of February 28, 2020.  RFPs must comply with Electronically Stored Information Agreement between the parties.

(4)     Oral Deposition:

Given that this case involves five defendants, as well as officers, employees and multiple third parties having knowledge of discoverable facts, Plaintiff hereby moves for leave to take 15 depositions. Defendants oppose this motion.

Number of Depositions:  Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  In paragraph 6 of this Order the plaintiff may request leave to exceed this limit.

Time Permitted for Each Deposition:  Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

Plaintiff requests an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
| --- | --- | --- |
| Rakesh Dixit | Two days limited to 7 hours per day. | Rakesh Dixit was directly involved in in almost every aspect of nine different counts spanning years of fact-intensive activities. Moreover, Mr. Dixit is a fact witness in connection |

with the development and functionality of software at issue in this case.

Defendants oppose the requested second day for Mr. Dixit's deposition.

b.      Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the Plaintiff's Rule 26(a)(2) disclosure is due on or before  December 18, 2019.

Notwithstanding, to the extent a party other than the plaintiff carries the burden of proof on any matter, the parties stipulate that the party with the burden of proof will disclose by Friday, December 18, 2019.  The rebutting party will disclose by Friday January 31, 2020.

c.      Supplementation of Disclosure and Response: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

d.      Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before February 28, 2020.

4.      Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:

a.      Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

(1)      Request for Admission:

Pursuant to Fed. R. Civ. P. 36, no limit to requests for admission ("RFAs"); RFAs may be served on all discoverable matters prior to January 20, 2020, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of February 28, 2020.

Number of Requests for Admission:  In paragraph 6 of this order, a party may seek — in accord with Rule 26(b)(2) — to limit the number of the defendant's requests for admission.

(2)    Written Interrogatory:

Pursuant to the Fed. R. Civ. P. 33 each party may serve up to twenty-five on each receiving party by January 20, 2020, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of February 28, 2020.

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

(3)    Request for Production or Inspection:

Pursuant to the Fed. R. Civ. P. 34 no limit to requests for production ("RFPs"); RFPs may be served on all discoverable matters prior to January 20, 2020, thus permitting parties to evaluate whether to file any necessary Motion To Compel before the discovery cutoff of February 28, 2020.  RFPs must comply with Electronically Stored Information Agreement between the parties.

(4)    Oral Deposition:

Defendants agree to take no more than ten depositions.

Number of Depositions:  Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  In paragraph 6 of this Order the defendant may request leave to exceed this limit.

Time Permitted for Each Deposition:  Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

|  | Proposed Length |  |
| Name | of Deposition | Grounds |

      b.      Disclosure of Expert Testimony:  Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before <u>December 18, 2019.</u>

Notwithstanding, to the extent a party carries the burden of proof on any matter, the parties stipulate that the party with the burden of proof will disclose by December 18, 2019.  The rebutting party will disclose by January 31, 2020.

      c.      Supplementation of Disclosure and Response:  The parties agree that the defendant will supplement under Rule 26(e) at the following times:

      d.      Completion of Discovery:  The defendant will begin discovery in time to complete the discovery on or before <u>February 28, 2020</u>.

5.      Joint Discovery Plan:  The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

      The Court has entered an Order Regarding Discovery of Electronically Stored Information (ECF No.105), a Protective Order (ECF No. 104) and an Order Regarding Inspection of Computer Code (106).

6.      Disagreement or Unresolved Issue Concerning Discovery:  No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

Plaintiff moves for leave to take 15 depositions.  Given that this case involves five defendants, as well as officers, employees and multiple third parties having knowledge of discoverable facts, Plaintiff hereby moves for leave to take 15 depositions.  Defendants oppose Plaintiff's move for leave to take 15 depositions.

Plaintiff further moves for 2 days of depositions for Rakesh Dixit. Rakesh Dixit was directly involved in in almost every aspect of nine different counts spanning years of fact-intensive activities. Moreover, Mr. Dixit is a fact witness in connection with the development and functionality of software at issue in this case.  Defendants oppose the requested second day of deposition.

7.      Third-Party Claim, Joinder of Party, *Daubert*, or Potentially Dispositive Motion:  The parties agree that they must move by <u>March 1, 2019</u> for leave to file a third-party claim or for leave to join a party.  See Local Rule 4.03.  The parties agree that any *Daubert* or dispositive motion is due on or before <u>May 1, 2020.</u>

8.      Settlement and Alternative Dispute Resolution:  Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

The parties agree that settlement is (check one)

( )     likely.
(X)     unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

( )     consent.
(X)     fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

( )     likely.
(X)     unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.      Consent to Magistrate Judge Jurisdiction:  Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (see 28 U.S.C. § 636), the parties (check one)

( )     consent.
(X)     fail to consent.

If the parties do not consent, future consent is (check one)

( )     likely.

(X)     unlikely.

10.     Final Pretrial Conference and Trial:  The parties will prepare for a final pretrial conference, which will occur on or after <u>September 4, 2020 at 10am,</u> and for trial, which will occur on or after <u>the October 2020 term</u>.  This trial is expected to last approximately <u>ten trial days</u> and is a (check one)

(X)     jury trial.
(  )     bench trial.

11.     Pretrial Disclosure and Final Pretrial Procedure:  The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12.     Other Items:

All parties agree to electronic service as provided in Fed. R. Civ. P. 5(b)(2)(E).

Dated: <u>May 30, 2019</u>

<u>/s/Justin L. Dees</u>
Justin L. Dees
Jeffrey W. Gibson
Thomas Richard Farrior
MacFarlane, Ferguson & McMullen,
 P.A.
201 N. Franklin Street, Ste 2000
Tampa, FL 33602
jdees@macfar.com
jg@macfar.com
trf@macfar.com
Telephone No. (813) 273-4200
Telefacsimile No. (813) 273-4396

*Attorneys for Defendants Rakesh Dixit, E-Integrate, Inc., Knowmentum, Inc., and Media Shark Productions, Inc.*

Dated: <u>May 30, 2019</u>

<u>/s/ Alejandro J. Fernandez</u>
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone No. (813) 275-5020
Telefacsimile No. (813) 275-5021

Andrew Avsec (IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel (IL ARDC No. 3127933)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
aavsec@brinksgilson.com

Dated: May 30, 2019

*/s/ Shyamie Dixit, Jr.*
Shyamie Dixit, Jr. (FBN: 719684)
Robert L. Vessel (FBN: 314536)
3030 N. Rocky Point Drive West,
Ste 260
Tampa, FL 33607
sdixit@dixitlaw.com
rvessel@dixitlaw.com
Telephone No. (813) 252-3999
Telefacsimile No. (813) 252-3997

*Attorneys for Defendants Feron*
*Kutsomarkos and*
*co-counsel for E-Integrate, Inc.*

wfrankel@brinksgilson.com
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

*Attorneys for Plaintiffs*
*Healthplan Services, Inc.*