# Exhibit 1

William H. Frankel
312.321.7736
wfrankel@brinksgilson.com

**BRINKS GILSON & LIONE**
100 YEARS OF IP LAW

August 8, 2019

*<u>Via e-mail and First Class Mail</u>*
sdixit@dixitlaw.com; dustin@deeselegal.com

Shyamie Dixit, Esq.
Dixit Law Firm
3030 North Rocky Point Drive West
Suite 260
Tampa, Florida  33607

Dustin D. Deese, Esq.
Dustin D. Deese, PA
P.O. Box 1720
Dade City, Florida 33526

Re:   *HEALTHPLAN SERVICES, INC. v. RAKESH DIXIT, ET AL.*
      **BGL Ref. No. 16355/3**

Dear Shyamie and Dustin,

HPS counsel in the BSC case has informed us that one or more of your clients recently produced additional documents to BSC in response to BSC's April 19 non-party subpoena.

Please be advised that, to the extent that any of the produced documents contain HPS confidential or proprietary information, such production to a third party will be deemed and treated as an egregious, wanton, willful, and continuing breach of contract, misappropriation of trade secrets, and/or an act of unfair competition by the producing party(ies).  HPS demands that you immediately recall and produce to us for inspection copies of any and all HPS documents or information in this recent production, including without limitation documents pertaining to the ExchangeLink® platform, so we can review the relevant production for confidential and trade secret information contained therein.  Your failure to comply with this demand within 24 hours will necessitate our seeking a protective order and possible sanctions from the court.  Going forward, we insist that any HPS documents or information to be produced to third parties be designated Attorneys' Eyes Only, and that we be provided with a copy in advance of production, so that we can assess the propriety of the production, confidentiality level, and/or the need for a protective order.

As your clients are well aware, HPS has filed the present lawsuit to protect its business confidential information, its trade secrets, and its competitive advantage; and to ensure your clients' compliance with their legal and contractual obligations to maintain the

Shyamie Dixit, Esq.
Dustin D. Deese, Esq.
August 8, 2019
Page 2

confidentiality of HPS' proprietary information. Those legal and contractual obligations include, without limitation, confidentiality obligations undertaken by Rakesh Dixit in connection with the July 2011 Consulting Agreement between Ultramatics and HPS, confidentiality obligations undertaken in connection with the May 1, 2012 Master Services Agreement between Ultramatics and E-Integrate, Rakesh Dixit's May 9, 2013 Restrictive Covenant Agreement with HPS, confidentiality requirements outlined in the Ethical Code of Conduct signed by Rakesh Dixit on May 16th and May 28th of 2013, Rakesh Dixit's May 28, 2013 HIPAA Confidentiality Agreement with HPS, the January 17, 2014 Consulting Agreement between E-Integrate and HPS; and confidentiality obligations undertaken by Feron Kutsomarkos and MediaShark in connection with at least the February 3, 2014 Independent Contractor Agreement.

The foregoing does not constitute an exhaustive list of HPS' concerns and complaints regarding this production to BSC, and HPS reserves all rights and remedies in this matter.

We look forward to hearing from you promptly.

Sincerely,

William H. Frankel

WHF/jmm

cc: Alejandro Fernandez