**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| HEALTHPLAN SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAKESH DIXIT, FERON ) <br> KUTSOMARKOS, E-INTEGRATE, INC., ) <br> KNOWMENTUM, INC., and MEDIA ) <br> SHARK PRODUCTIONS, INC. ) <br> ) <br> Defendants. ) | Case No.: 8:18-cv-2608-T-23AAS |

**PLAINTIFF HEALTHPLAN SERVICES INC.'S MOTION FOR SANCTIONS, FEES AND ORDER TO SHOW CAUSE WHY DIXIT DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT ORDER [ECF NO. 141]**

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.01(g), Plaintiff HealthPlan Services, Inc. ("HealthPlan"), by and through their undersigned counsel, respectfully moves this Court for sanctions and fees against Defendants Rakesh Dixit, Media Shark Productions, Inc. and Knowmentum, Inc. (collectively, "Dixit Defendants") and an order to show cause, and in support of this motion states as follows:

**I.   INTRODUCTION**

For more than eight months, Dixit Defendants have systematically flouted their discovery obligations. At this point, Dixit Defendants are continuing their disregard by violating multiple aspects of this Court's Order of July 30, 2019, ECF No. 141 ("Discovery Order"). Dixit Defendants' violations of the Discovery Order are egregious and ongoing: from refusing to have lead counsel represent the Dixit Defendants for purposes of Local

Rule 3.01(g)'s meet-and-confer requirements, to supplementing written discovery responses, among other violations. HealthPlan's only recourse is sanctions and attorneys fees under this Court's inherent powers and Rule 37, as well as an order to show cause why Dixit Defendants should not be held in contempt.

## MEMORANDUM OF LAW

II.     STANDARD OF LAW

### A. Rule 37 Sanctions And Attorneys Fees For Failure To Obey Court Orders

A court may award sanctions pursuant to its inherent authority. *People for the Ethical Treatment of Animals v. Dade City's Wild Things*, 2018 U.S. Dist. LEXIS 8761, at *2 (M.D. Fla., Jan. 19, 2018). "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted).

Federal Rule of Civil Procedure 37 provides that a court shall award sanctions, including expenses incurred as a result of filing a discovery motion, if the party's failure to comply with its discovery obligations is not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C); *see, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048-49 (11th Cir. 1994) (imposing monetary sanctions against party and its counsel for failure to obey a discovery order). Sanctions may be imposed for noncompliance with a court order even without a showing of willfulness or bad faith on the part of the disobedient party. *See BankAtlantic*, 12 F.3d at 1049 (only when a court imposes the most severe sanctions is a finding of willfulness or bad faith failure to comply necessary).

Courts enjoy broad discretion to fashion appropriate sanctions for discovery order violations. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Among the sanctions options available under Rule 37, courts may treat as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A).

### B. Discovery Order ECF No. 141

After extensive briefing and oral arguments, this Court granted numerous discovery motions made by HealthPlan. *See* Order, ECF No. 141 ("Discovery Order"). In particular, after hearing arguments about Rakesh Dixit's antics of rotating unprepared attorneys in and out of the case to forestall discovery, the Court ordered Dixit Defendants to confirm Dixit Defendants' "permanent lead counsel for the remainder of the case." Discovery Order, para. 1. The Court specifically ordered that "[l]ead counsel *must* be prepared for, and attend, all future hearings; have full settlement authority; and *represent the Dixit defendants for purposes of Local Rule 3.01(g)'s meet and confer requirement*." Discovery Order, para. 1. (emphasis added)

In addition, the Discovery Order required Dixit Defendants to amend written responses to numerous discovery requests that had been outstanding since January 2. These included supplemental responses to Dixit Requests for Production Numbers 12, 17, 21, 24, 25, 26, 27, 30, 35, 38; Knowmentum Requests for Production Numbers 16, 21, 22, 30, 46, 48, 49, 58, 61; and Media Shark Requests for Production Numbers 21, 31, 59, 65, 68, 72 (ECF No. 132). Discovery Order, para. 3. The Discovery Order required service of such supplemental responses by *August 12*. *Id.* (emphasis added)

The Discovery Order also required production of addresses or phone numbers, if known, of individuals identified in initial disclosures as requested by the opposing party. Discovery Order, para. 8.

### III.   DIXIT DEFENDANTS' UNBROKEN RECORD OF DELIBERATELY FLOUTING DISCOVERY RULES AND COURT ORDERS WARRANTS IMPOSITION OF SEVERE SANCTIONS AND AN ORDER TO SHOW CAUSE

#### A.   Dixit Defendants' Designated Permanent Lead Counsel Is AWOL

After attending a single meet/confer on August 9, Rakesh Dixit's "lead counsel" reverted to old form.  On August 13, the undersigned called Dustin Deese for a meet and confer about the production of confidential documents to Blue Shield of California. As detailed in the correspondence memorializing the call, counsel refused to engage in a meet/confer under 3.01(g) because it would require him to "immediately drop everything." *See* Fernandez Correspondence of August 13, Exhibit 1.

A week later, Mr. Deese skipped a scheduled meet and confer concerning Dixit Defendants' deficient interrogatory responses. *See* Fernandez Correspondence of August 19, Exhibit 2.  Instead, Johnny Hightower attended the meeting and made excuses for Mr. Deese's absence, indicating that Mr. Deese was at a scheduled doctor's appointment. In terms of the meet and confer, it was impossible to complete because Mr. Deese's absence prevented the parties from discussing the topics Mr. Deese was to address with Mr. Dixit in advance of the meet and confer. *Id*.  Avoiding such waste and delay was precisely the reason that the Discovery Order required Mr. Deese's presence at meet and confers.

Regarding the absence of Mr. Deese in violation of the Discovery Order, Mr. Hightower indicated it would not make a difference even if Mr. Deese had attended

because Mr. Dixit had not responded to any of the issues raised on August 9. *Id*. Even so, Mr. Hightower acknowledged during the call that he did not have first hand knowledge because he had not himself attended any call or meeting with Mr. Dixit in preparation for the meet and confer.

Given Mr. Deese's angry insistence on August 13 that meet and confers must be pre-scheduled, on August 20, the undersigned again contacted him for a meet and confer regarding Dixit Defendants' growing number of discovery failures and the present motion. *See* Fernandez Correspondence of August 20, Exhibit 3. As of the filing of this motion, Dixit Defendants' attorneys have ignored the request and failed to provide dates for a meet and confer.

The repetitious and continuous failure of Mr. Deese to attend and participate meaningfully meet and confers, or respond to requests for required meet and confers from HealthPlan's counsel amount to multiple violations of the Discovery Order, para. 1. Unfortunately, these violations are not isolated. They simply continue the Dixit Defendants' history of depriving HealthPlan of discovery while grossly increasing HealthPlan's discovery expenses. This strategy was detailed at length during the July 29 discovery conference. *See* Transcript of July 29, 2019 Hearing, at 8-12.

At this point, the Dixit Defendants' nearly nine month campaign to obstruct discovery, including the meet and confer process, and the subsequent disobedience of paragraph 1 of the Discovery Order, warrants sanctions under Rule 37(b)(2)(C). Without such sanctions, Dixit Defendants will continue to disobey this Court's orders *ad infinitum.*

### B. Dixit Defendants Are Violating The Discovery Order By Not Supplementing Request For Production Responses By August 19

Although initially due on August 12 pursuant to the Discovery Order, Dixit Defendants, to date, have not served supplemental responses to Dixit Requests for Production Numbers 12, 17, 21, 24, 25, 26, 27, 30, 35, 38; Knowmentum Requests for Production Numbers 16, 21, 22, 30, 46, 48, 49, 58, 61; and Media Shark Requests for Production Numbers 21, 31, 59, 65, 68, 72 (ECF No. 132). *See* Discovery Order, para. 3. Rather, on the afternoon when the responses were due, Mr. Deese requested a belated meet and confer for a one week extension to supplementing their written discovery responses. Despite the lack of a proper meet and confer required by Local Rule 3.01(g), Mr. Deese's last minute request was granted. Regardless, as of the filing of this motion, Dixit Defendants have *not* supplemented their discovery responses as promised to the Court. Accordingly, Dixit Defendants are in direct violation of the Discovery Order, paragraph 3.

HealthPlan has gone through incredible lengths for the most basic of discovery responses to requests for production. The requests for production at issue were served January 2, 2019, nearly nine months ago. Since then, HealthPlan has contended with numerous meet and confers with numerous attorneys (in person and telephonic), countless promises to produce in the near future (both on and off the record), motions to compel, follow-on notices pertaining to discovery conferences, three discovery conferences, and now the Discovery Order, which Dixit Defendants are flouting. The waste of time and treasure in forcing the Dixit Defendants to provide appropriate written discovery responses is astonishing. There is no legitimate justification or excuse for Dixit Defendant's discovery misconduct.

Accordingly, pursuant to Rule 37(b)(2)(C), the Dixit Defendants should be sanctioned, and attorneys fees incurred in seeking such discovery, including the fees incurred in drafting the present motion, should be awarded to HealthPlan.

### C. Dixit Defendants Refused To Update Initial Disclosures Or Explain Their Refusal

Dixit Defendants are also in violation of the Discovery Order, paragraph 8, which requires that the parties update their initial disclosures with addresses and phone numbers, if available.  Discovery Order, para. 8.  Just as Defendants requested of HealthPlan, HealthPlan requested that the Dixit Defendants provide addresses and phone numbers for all individuals identified in their initial disclosures.  *See* Fernandez Correspondence of July 31, Exhibit 5.  In yet another violation of the Discovery Order, the Dixit Defendants flouted the deadline of August 19 to supplement their initial disclosures.  To date, they have not provided a single supplemented address and telephone associated with their initial disclosures.  Further still, Dixit Defendants have not responded to requests for a meet and confer about their failure to supplement initial disclosures, sought an extension or otherwise provided any basis for their violation.  *See* Fernandez Correspondence of August 20, Exhibit 6.  This additional unexcused violation of the Discovery Order likewise warrants sanctions pursuant to Rule 37.

### D. Attorneys Fees Should Be Awarded Immediately

In order to immediately compel Dixit Defendants' to comply with the Discovery Order and Rules, HealthPlan requests that this Court award both sanctions and attorneys fees immediately.

### E. Dixit Defendants' Willful Violations Of The Discovery Order As Well As Their History Of Discovery Abuses Warrants An Order to Show Cause

Taken together, all of Rak Dixit's discovery failures establish a concerted and deliberate strategy of skirting even the most basic of discovery obligations. To make matters worse, Rak Dixit, through a fiction that E-Integrate is represented by "independent counsel" (Rak Dixit's brother, Shyamie Dixit), is waging an extremely aggressive discovery campaign against HealthPlan. This creates a gross imbalance insofar as Rak Dixit unapologetically withholds discovery, while his brother rigorously pursues self-serving discovery.

The extent and calculated nature of Rak Dixit's and his sham companies' discovery misconduct merits a show cause order why Dixit Defendants—all of whom are acting in concert—should not be held in contempt.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting HealthPlan's present motion for sanctions and an order to show cause why Dixit Defendants should not be held in contempt.

### Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with Johnny Hightower regarding the relief requested in the form of sanctions and attorneys fees, and have attempted to confer with Dustin Deese regarding the remainder of this motion. I will make continued efforts to meet and confer with Mr. Deese pursuant to Local Rule 3.01(g).

Dated: August 24, 2019

Respectfully Submitted,

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)

                              **BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL  33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone:  (813) 275-5020
Facsimile:  (813) 275-5021

Andrew J. Avsec
(IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel
(IL ARDC No. 3127933)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois  60611
aavsec@brinksgilson.com
wfrankel@brinksgilson.com
Telephone:  (312) 321-4200
Facsimile:  (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Attorneys for Plaintiff
HealthPlan Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 24, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone: (813) 275-5020
Facsimile: (813) 275-5021