## COMMON INTEREST CONFIDENTIALITY AGREEMENT

This **Common Interests Confidentiality Agreement** ("Agreement") is made and entered into by and between the undersigned counsel on their own behalf and on behalf of their respective clients (collectively, the "Parties") effective as of the 1st day of February, 2017 ("Effective Date").

**WHEREAS**, the Parties have concluded that they have interests in common relating to their respective disputes and proceedings against common individuals and entities, and wish to cooperate in the pursuit of their common interest.

**WHEREAS**, the Parties have determined it to be in their individual and common interests for them to share information relating to common interests and common issues, including certain privileged communications, work product, and discovery planning with each other in order to facilitate their representation and anticipated claims and defenses in their respective proceedings.

**WHEREAS**, the Parties recognize that the exchange of information will further their common interest and wish to avoid waiving any applicable privileges. The Parties desire to retain common consultants, and to share the use, benefit, and expense of said consultants, while preserving to the maximum extent allowed by law all privileges available to them.

**NOW THEREFORE**, in consideration of the mutual promises and covenants set forth in this Agreement, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged by all Parties, the Parties agree as of the Effective Date as follows:

1. Communications between and among the Parties and the results of such communications and of joint interviews of prospective witnesses in connection with the proceedings are confidential and are protected from disclosure to any third party by the attorney-client privilege, the work product doctrine, and by other applicable rules or rules of law.

2. All documents, including but not limited to memoranda of law, debriefing memoranda, factual summaries, transcript digests, and other written materials which would otherwise be protected from disclosure to third parties and which are exchanged among any of the Parties in connection with the proceedings will remain confidential and protected from disclosure to any third party by the attorney-client privilege, the work product doctrine, and by any other applicable rules or rules of law.

3. Nothing in this Agreement shall be construed to require any of the Parties to disclose any privileged or work product documents or information which any of the Parties, in their sole discretion, shall determine not to disclose.

4. Any disclosure or exchange of information by the Parties in connection with the proceedings has been and shall be accomplished pursuant to the doctrine referred to as the "common interest" or "joint-defense doctrine" as recognized by numerous authorities and to the maximum extent recognized by law. Any counsel who receives information as a result of this Agreement may disclose the same to his client and to those individuals assisting counsel in the

EXHIBIT 2

preparation and defense of the client's case. However, none of the information obtained by any of the undersigned counsel as a result of this Agreement shall be disclosed to anyone by his client and those individuals assisting him in the preparation or defense of that case without the consent of the Party who first furnished the privileged information. In addition, no client who receives information as a result of this Agreement may disclose the information to anyone but his counsel and those individuals assisting his counsel in the preparation and defense of his case, without the consent of the Party who first furnished the privileged information. In the event that a motion is filed in any court or forum seeking to compel disclosure by any of the Parties of information obtained as the result of this Agreement, the Party shall notify the other Parties hereto in time sufficient to permit them to intervene or otherwise protect their interest.

5.      All tangible materials exchanged pursuant to this Agreement (including all copies thereof), including but not limited to all documents and any other tangible thing on or in which information is recorded, shall be deemed to be "on loan" while they are in the hands of any person other than the producing Party. All originals of such materials shall be returned upon request at any time to the Party who furnished them, and all copies thereof shall be destroyed at that time. Original materials also shall be returned promptly to the Party who furnished them and all copies thereof shall be destroyed in the event either of the undersigned counsel or each of their clients determine that the Parties no longer share a common interest in their respective disputes and proceedings or if, for any reason, the joint-defense effort or this Agreement is terminated. The obligations imposed by this Agreement shall remain in effect with respect to all privileged or work product information obtained by a withdrawing Party prior to such withdrawal. At the conclusion of their respective proceedings, all original tangible materials exchanged pursuant to this Agreement shall be returned to the Party who furnished them, and all copies thereof shall be destroyed.

6.      Nothing contained in this Agreement shall obligate any Party to consult or agree with any other Party on any specific decision or strategy. Likewise, nothing in this Agreement obligates any Party to exchange or share any information that such Party concludes should not be disclosed.

7.      Information exchanged under this Agreement shall be used only in connection with asserting common claims and defenses in their respective proceedings and conducting such other activities that are necessary and proper to carry out the purposes of this Agreement.

8.      Each Party agrees that he or it will not use and hereby waives any right to use any and all information which has been provided to him or it pursuant to this Agreement in any forum or manner in any way adverse to the interests of the other Parties, without prejudice to the Parties obtaining the same information through discovery or other sources to use in the event any adverse interests arise between the Parties.

9.      Any Party may withdraw from the joint-defense group and this Agreement by providing written notice of that intention to the remaining Parties. If a party determines that it no longer has a mutuality of interest in a joint defense, such party shall withdraw from this Agreement. Each undersigned Counsel has a duty to withdraw from the Agreement if, in good faith, he or she reasonably believes that a mutuality of interest no longer exists between

EXHIBIT 2

or among his or her client and all other defendants. Notwithstanding a party's withdrawal, this Agreement shall remain operative as to: (a) all other remaining parties to this Agreement; and (b) all Defense Materials previously furnished to and from the withdrawing party. Any withdrawal will be solely on a prospective basis and the parties to this agreement and their counsel (including the withdrawing party and its counsel) remain obligated to preserve the confidentiality and privilege of all defense materials previously provided to or received from the withdrawing party or its counsel, pursuant to this Agreement. As to any tangible materials already obtained under this Agreement, any Party which withdraws from this Agreement shall, not more than ten days after providing notice, return the originals of all tangible materials to the Party who furnished them and destroy all copies thereof, and turn over the originals of all tangible work product of any Consultant to counsel for the remaining clients and destroy all copies thereof. A Party's withdrawal from the joint-defense group and this Agreement shall not affect the duty of confidentiality which that Party has undertaken by virtue of having entered into this Agreement and such Party shall remain obligated to preserve the privileges and confidentiality of all information exchanged pursuant to this Agreement.

10.     In the event any client settles in their respective disputes and proceedings, said client shall be deemed to withdraw from the joint-defense group and from this Agreement and shall, not more than ten days thereafter, comply with the terms of paragraph 9. A client's settlement shall not affect the duty of confidentiality which that client has undertaken by virtue of having entered into this Agreement and such client shall remain obligated to preserve the privileges and confidentiality of all information exchanged pursuant to this Agreement.

11.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective representatives, successors and assigns.

12.     This Agreement contains the entire understanding of the Parties relating to its subject matter, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, are merged herein.

13.     No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.

14.     All notices and demands under this Agreement shall be sent by registered or certified mail, postage prepaid, to the applicable counsel at the addresses set forth below. Notices shall be deemed given and demands made when received by addressee.

15.     If any provision of this Agreement is deemed invalid or unenforceable, the balance of this Agreement shall remain in full force and effect.

16.     This Agreement may be executed in counterparts and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart hereof. All counterparts so executed shall constitute one Agreement binding on all Parties.

17.     This Agreement may be modified only by a writing executed by the Parties.

EXHIBIT 2

The Parties have entered into this Agreement intending to be legally bound as of the Effective Date.

/s/

Mark M. Wall, FL. Bar No. 58483
Email: mark.wall@hwhlaw.com
Shane T. Costello, FL Bar No. 68538
Email: shane.costello@hwhlaw.com
**HILL WARD HENDERSON**
101 E. Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
Telephone: (813) 221-3900

*Counsel for Dr. Michael Bojkovic and Perfect Clarity, LLC*

/s/

Alejandro J. Fernandez, FL. Bar No. 32221
Email: afernandez@brinksgilson.com
**BRINKS GILSON & LIONE**
401 E. Jackson Street, Suite 3500
Tampa, FL 33602
Telephone: (813) 275-5020

*Counsel for HealthPlan Services, Inc.*

EXHIBIT 2