# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
    Plaintiff,
v.
RAKESH DIXIT, an individual, *et al.*,
Defendants.
_____/ CASE NO.: 8:18-cv-02608-SDM-AAS

E-INTEGRATE, INC.,
    Counter-Plaintiff,
v.
HEALTHPLAN SERVICES, INC.,
Counter-Defendant.
_____/

## HEALTHPLAN'S NOTICE OF DISCOVERY ISSUES

HealthPlan Services, Inc. ("HealthPlan"), through their respective undersigned attorneys, hereby provide this Notice of Discovery Issues pursuant to the Court's Order (ECF No. 141, "Order"), directing the parties to file a notice outlining outstanding discovery issues to be addressed at the upcoming October hearing as well as setting forth the parties' discovery plan, including scheduled depositions and remaining document productions and written discovery responses. Pursuant to the Court's Order requiring this to be a joint submission, this filing will be converted to a joint filing upon receipt of the Defendants' respective positions. Accordingly, HealthPlan states as follows:

## I. PLAINTIFF'S DISCOVERY ISSUES

Pursuant to the Court's Order, Plaintiff HealthPlan Services, Inc. ("HealthPlan") has attempted to resolve each of the discovery issues raised at the July 29, 2019 hearing. However, numerous discovery response and document production issues still remain with Defendants

Rakesh Dixit ("Dixit"), Knowmentum, Inc. ("Knowmentum") and Media Shark Productions, Inc. ("Media Shark") (collectively, "the Dixit Defendants") and Feron Kutsomarkos ("Kutsomarkos").

A. **Dixit Defendants' Initial Disclosures**

*HealthPlan's Position:*

Pursuant to paragraph 8 of the Court's July 30th Order, if any party wanted an address or phone number of an individual listed on the opposing party's Rule 26 disclosures, that party must request same from the opposing party by August 12, 2019, and the responding party was required to provide the most recent address or phone number, if known, of the requested individual(s) on August 19, 2019. *See* D.E. 141. On July 31, 2019, counsel for HealthPlan requested from the Dixit Defendants all of the addresses and phone numbers for all of the individuals listed in the Dixit Defendants Rule 26 disclosures. *See* Exhibit A. The Dixit Defendants neither supplemented their Rule 26 disclosures to include *any* further contact information for the requested individuals nor provided *any* explanation for failing to do so. Given the months of continuous discovery and inexcusable failures, which have required that HealthPlan repeatedly and at great cost seek Court intervention multiple times, HealthPlan moves for sanctions and fees pursuant to Rule 37.

*Dixit Defendants' Position:*

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

**B. Dixit Defendants' Document Production**

*HealthPlan's Position:*

Pursuant to Paragraph 2 of the Court's July 30th Order, the Dixit Defendants were required to correct the Bates prefixes and numbers on documents responsive to HealthPlan's discovery requests so they complied with the ESI Order in this case. The Dixit Defendants—after claiming they were heavily burdened with the process of correcting the Bates prefixes and numbers on the documents they previously produced, each produced less than 200 corrected Bates-numbered pages. Unfortunately, and after repeated requests by HealthPlan both on and off the record that Dixit Defendants comply with this Court's ESI Order, D.E. 105, the documents were not produced in compliance with the ESI Order. Instead, they were produced in barely legible PDF format (rather than the required TIFF file format) and did not include any metadata associated with the documents, such as load files. Paragraph 6 of the ESI Order specifically sets forth that ". . . all documents existing in electronic format shall be produced in native file format and/or Tagged Image File Format (TIFF, or .TIF) with load files. The Parties agree that the native files and/or TIFF plus load files should include, where applicable, all relevant metadata." ESI Order, D.E. 105. The repeated production of non-compliant PDFs without metadata is impeding HealthPlan's review of documents and related investigation regarding their authenticity.

Given that the ESI Order is in place and controls the manner in which documents are produced by the parties, the parties met and conferred on August 28, 2019 to discuss the dispute. Counsel for the Dixit Defendants took the position that they were not required to re-produce the documents in TIFF and load files pursuant to the ESI Order because the documents

were initially produced *before* the ESI Order was entered, and the work of re-producing the documents in TIFF and load files with metadata was not necessary. Counsel for HealthPlan explained that producing documents in TIFF and load files was always contemplated by the parties and even pointed counsel to an April 17, 2019 e-mail where the Dixit Defendants' prior counsel, Justin Dees from the MacFarlane firm, agreed to provide the document production in native or TIFF format with load files, along with metadata (as set forth in the proposed ESI Order) once the ESI was entered. *See* Exhibit B. The Dixit Defendants' counsel then explained that the documents they produced were in hard copy/paper form and is still in the possession of the MacFarlane firm. Production of these documents in accordance with the ESI Order is essential for HealthPlan to have a reasonably usable format for reviewing and analyzing such documents. For example, TIFF plus load file contain essential information about each document, including but not limited to, where the document came from, where it resides, and pointers to associated metadata.

Also pursuant to paragraph 3 of the Court's July 30th Order, the Dixit Defendants were required to provide HealthPlan with a reasonable estimate of the timeframe in which the Dixit Defendants will produce the remaining responsive documents. On August 26, 2019, counsel for the Dixit Defendants represented that the "rolling production of documents will continue to be made to this folder." *See* Exhibit C. However, other than one additional file uploaded on behalf of Rakesh Dixit on August 27, 2019 (which comprised a mere eighty (80) pages), no additional documents have been produced to date. Moreover, counsel for the Dixit Defendants also represented in the August 26th e-mail that "the next major production" would be completed by September 9th and "the final production" would be completed by September 16th. *Id.* Not

surprisingly, the Dixit Defendants failed to make any additional productions on either of these dates. After the August 10th deposition of Knowmentum, counsel for Dixit Defendants refused to provide a date certain for completion of their production, or any justification for their *months* of delays.

Given the months of continuous discovery and inexcusable failures, which have required that HealthPlan repeatedly and at great cost seek Court intervention multiple times, HealthPlan moves for sanctions and fees pursuant to Rule 37.

*Dixit Defendants' Position:*

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

C. **Dixit Defendants' Responses to HealthPlan's Requests for Production**

*HealthPlan's Position:*

In short, the Dixit Defendants continue to ignore this Court's order to amend their responses to numerous discovery requests, not to mention Dixit Defendants' discovery obligations, representations to counsel and written stipulations dating back *months*. The Dixit Defendants' discovery responses *remain* un-amended since May 31 and are grossly deficient. As provided in this Court's July 30th Order, the Dixit Defendants were required to amend their document request responses by August 12, 2019 as follows: Rakesh Dixit to supplement responses to Requests for Production Nos. 12, 17, 21, 24, 25, 26, 27, 30, 34 and 38; Knowmentum to supplement responses to Requests for Production Nos. 16, 21, 22, 30, 46, 48,

49, 58, and 61; and Media Shark to supplement Requests for Production Nos. 21, 31, 59, 65, 68 and 72.[1]

On August 12, 2019, after months of delay, the Dixit Defendants requested an extension of time to supplement their responses through August 19, 2019 (which the Court granted even though Dixit Defendants had not undertaken a proper meet/confer under L.R. 3.01(g)). Notwithstanding the extension, the Dixit Defendants have yet to supplement their responses.

The Dixit Defendants continue to ignore discovery obligations *ad infinitum* while providing the same bad faith representations that the Dixit Defendants will supplement their responses at some undefined future time. For example, during a meet and confer between the parties on August 28, 2019 to discuss the late responses, counsel for the Dixit Defendants indicated that they would supplement the responses by August 30, 2019. At 11:59pm on August 30th, counsel for the Dixit Defendants sent an e-mail to counsel for HealthPlan indicated that supplementation of the responses would not be completed by the end of the day because he was ill but would continue to work and serve them the following day, August 31, 2019. *See* Exhibit D. The Dixit Defendants did not serve any supplemented responses that day, nor sent any follow up e-mail explaining its failure to do so. As a result, HealthPlan is in exactly the *same* position it was in at the July 30th hearing, some six weeks ago. Dixit Defendants still fail to identify responsive documents, fail to identify whether documents are

---

[1] HealthPlan had inadvertently included the original responses in the last Notice, ECF No. 123. The last amended responses, dated May 31, 2019, are attached as Exhibit E. The inadvertent inclusion of the previous responses made no real difference, however, as the amended responses remain grossly deficient. Indeed, despite the oversight, Dixit Defendants had agreed to serve second amended responses as discussed below.

being withheld, assert boilerplate objections and have not been updated subsequent to multiple productions, thus making it impossible to know what has been produced and what has not, or what documents are responsive to HealthPlan's Requests for Production.

Given the months of continuous discovery and inexcusable failures, which have required that HealthPlan repeatedly and at great cost seek Court intervention multiple times, HealthPlan moves for sanctions and fees pursuant to Rule 37.

*Dixit Defendants' Position:*

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

### D. Dixit Defendants' Responses to HealthPlan's Interrogatories

*HealthPlan's Position:*

The Dixit Defendants also failed to supplement their interrogatory responses. Pursuant to Paragraph 10 of the Court's July 30th Order, the Dixit Defendants were required to respond to HealthPlan's interrogatories by noon on August 26, 2019. Despite *two* separate hours long additional meet and confers to again discuss the Dixit Defendants' deficient interrogatories – one on August 9, 2019 and another on August 19, 2019 – Dixit Defendants have refused to provide good faith responses on fundamental interrogatories. In fact, after the parties' meet and confer on August 19, 2019, HealthPlan agreed to a one-week extension to supplement the interrogatories to August 26, 2019 and another extension to August 30, 2019. Hereagain, the Dixit Defendants went silent—no responses and no explanation.

Given the months of continuous discovery and inexcusable failures, which have required that HealthPlan repeatedly and at great cost seek Court intervention multiple times, HealthPlan moves for sanctions and fees pursuant to Rule 37.

*Dixit Defendants' Position:*

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

E.     **Dixit Defendants' Privilege Log**

*HealthPlan's Position:*

The Dixit Defendants have also not provided a privilege log, as required by Paragraph 7 of the Court's July 30th Order. During the August 10th custodian deposition of Knowmentum, counsel for the Dixit Defendants advised that they could not produce a privilege log until discovery was complete and the responses to the requests for production were amended. Given the months of continuous discovery and inexcusable failures, which have required that HealthPlan repeatedly and at great cost seek Court intervention multiple times, HealthPlan moves for sanctions and fees pursuant to Rule 37.

*Dixit Defendants' Position:*

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

F.     **Kutsomarkos' Apparent Spoliation**

*HealthPlan's Position:*

During the custodian deposition of Feron Kutsomarkos ("Kustomarkos), Ms. Kutsomarkos testified that approximately **six weeks ago,** Kutsomarkos transferred a laptop containing all native documents and e-mails belonging to her and Media Shark, to *Rakesh Dixit*. Kutsomarkos' actions in this regard are in complete contravention of her obligation to preserve evidence in this case. This Court consistently holds that a party "is under a duty to preserve [evidence] it knows, or reasonably should know, is relevant to [litigation or potential

8

litigation]." *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 127 (S.D. Fla. 1987). Thus, a duty to preserve evidence can arise prior to the commencement of litigation. *St. Cyr v. Flying J Inc.*, No 3:06-cv-13-33, 2007 U.S. Dist. LEXIS 42502, 2007 WL 1716365, at *3 (M.D. Fla. June 12, 2007).

The parties in this case do not dispute that the laptop contained information that was crucial to establishing HealthPlan's claims against all of the Defendants, especially Kutsomarkos and Rak Dixit as individuals. In fact, at the custodian deposition of Rakesh Dixit, Mr. Dixit conceded the laptop may be a "gold mine" of documents in light of Ms. Kutsomarkos' testimony about the laptop's contents. Custodian Deposition of Rakesh Dixit dated September 11, 2019, 36:15-22. *See* Exhibit F. The electronically stored information on the laptop should provide evidence of all of Kutsomarkos' and Media Shark's documents and e-mails, when these documents were created and modified, by whom, and all other relevant metadata. Moreover, the laptop will contain all of the e-mails in native format, with all of the metadata preserved. This is particularly important because Kutsomarkos' last production of documents contained numerous e-mails in PDF form, rather than native format. At the custodian deposition, Kutsomarkos indicated that she converted all of the e-mails that were produced into PDFs and the only way to obtain the native e-mails would be to obtain them off of the laptop. Despite only receiving it six weeks ago, Rak Dixit was mystified about the transfer and the laptop's whereabouts or even if he had received it. *Id*. He represented that he would search for the laptop; however, until now, the laptop has not been produced for inspection. To the extent Rak Dixit destroyed, damages or "lost" the laptop, HealthPlan intends to move for appropriate sanctions against all the Defendants.

*Kutsomarkos' Position:*

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

II. **DEFENDANTS' DISCOVERY ISSUES**

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

III. **PARTIES' DISCOVERY PLAN**

Pursuant to the Court's Order [D.E. 141], the parties hereby submit their discovery plan for September and October.

**Deposition Schedule**

Thus far, the parties have worked diligently to schedule fact witness depositions and have agreed in principle as follows:

- HealthPlan to depose:

    o Rakesh Dixit either October 2-4 or October 16-18 in Tampa, Florida
    o Knowmentum 30(b)(6) either October 2-4 or October 16-18 in Tampa, Florida
    o E-Integrate 30(b)(6) either October 2-4 or October 16-18 in Tampa, Florida
    o Feron Kutsomarkos on October 23-25 in Tampa, Florida (or in Detroit if other dates necessary)
    o Media Shark 30(b)(6) on October 23-25 in Tampa, Florida (or in Detroit if other dates necessary)

- Defendants to depose:
    o Stephen Saft on November 12 or November 14
    o Jeffrey Bak on November 25-27
    o George Durot (TBD)
    o Nelson Tamayo (TBD)
    o HPS corporate representative (TBD)
    o BSC corporate representative (TBD)

**HealthPlan's Discovery Plan**

HealthPlan submits the following discovery plan with respect to its remaining document productions, written discovery responses, and inspection.

(1) Document Productions:

To date, HealthPlan has produced more than fifty-thousand (50,000) documents responsive to E-Integrate and Kutsomarkos' document requests (Dixit Defendants have not propounded any written discovery). There are a handful of requests for which HealthPlan's search for responsive documents is still ongoing. For such requests, HealthPlan will continue its search and make a subsequent document production on or before October 30, 2019.

(2) Written Discovery Responses:

To date, HealthPlan does not have any outstanding discovery responses due to E-Integrate and Kutsomarkos (Dixit Defendants have not propounded any written discovery). Pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules and the Middle District of Florida Discovery Handbook, HealthPlan will continue to supplement its responses if and when appropriate.

(3) Inspection of Software:

Defendants' Motion to Compel the 2018 Version of HPS' Software Code is still pending (D.E. 170). Once the Court resolves the issues raised therein, HealthPlan will produce for inspection the ExchangeLink® code.

**Defendants' Discovery Plan**

**[TO BE INCLUDED UPON RECIEPT OF DEFENDANTS' POSITIONS]**

Dated: September 17, 2019							Respectfully Submitted,

*/s/ Evi T. Christou*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 54037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
E-mail: afernandez@brinksgilson.com
E-mail: sleahu@brinksgilson.com
Telephone No. (813) 275-5020
Telefacsimile No. (813) 275-5021

William H. Frankel (IL No. 3127933)
*Admitted Pro Hac Vice*
Andrew J. Avsec (IL No. 6292313)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
E-mail: aavsec@brinksgilson.com
E-mail: wfrankel@brinksgilson.com
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20006
E-mail: echristou@brinksgilson.com
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Attorneys for Plaintiffs*
*HealthPlan Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on September 17, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

*/s/ Evi T. Christou*