# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| HEALTHPLAN SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 8:18-cv-2608-T-23AAS |
| ) | |
| RAKESH DIXIT, FERON ) | |
| KUTSOMARKOS, E-INTEGRATE, INC., ) | |
| KNOWMENTUM, INC., and MEDIA ) | |
| SHARK PRODUCTIONS, INC. ) | |
| ) | |
| Defendants. | |

### PLAINTIFF HEALTHPLAN SERVICES INC.'S SECOND MOTION FOR SANCTIONS, FEES AND ORDER TO SHOW CAUSE WHY DIXIT DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT ORDER [ECF NO. 141]

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.01(g), Plaintiff HealthPlan Services, Inc. ("HealthPlan"), by and through their undersigned counsel, respectfully moves this Court for sanctions and fees against Defendants Rakesh Dixit, Media Shark Productions, Inc. and Knowmentum, Inc. (collectively, "Dixit Defendants") and an order to show cause, and in support of this motion states as follows:

## I.   INTRODUCTION

Dixit Defendants have *further* violated this Court's Order of July 30, 2019, ECF No. 141 ("Discovery Order"), not dissuaded in the least by the Discovery Order or HealthPlan's first Motion for Sanctions, Fees and Order to Show Cause, ECF No. 168 ("First Motion").[1]

---

[1] Dixit Defendants have yet to cure any of the violations of the Discovery Order noted in HealthPlan's previous motion for sanctions.

Specifically, Dixit Defendants refused to amend their evasive interrogatory responses by noon on August 26 as required by the Discovery Order. Moreover, in efforts to avoid the present motion, HealthPlan undertook *hours* of additional good faith meet and confers with counsel for Dixit Defendants. Those meetings resulted in hard-fought stipulations, memorialized in writing, whereby Dixit Defendants would supplement numerous aspects of their evasive discovery responses by dates certain. As with the Court's noon August 26 deadline, Dixit Defendants ignored the additional stipulated deadlines and have produced *nothing* to date.

Further, Dixit Defendants violated the Discovery Order by not producing documents by noon on Aug. 26. Rather, Dixit Defendants only produced several hundred re-Bates numbered pages with promises of a future production, which did not take place. Further still, Dixit Defendants' designated lead counsel remains unresponsive to efforts to meet and confer. Thus, two months after the discovery hearing, HealthPlan is left at the same place as when this Court ordered the Dixit Defendants to comply with numerous discovery obligations.

As detailed here and in the First Motion, Dixit Defendants and their attorneys of record are in open defiance and contempt of nearly every material aspect of the Discovery Order that applies to them. At this point, Dixit Defendants and their attorneys have exhausted their superficial excuses. Many months of false promises and refusal to cooperate with discovery have frustrated almost all aspects of HealthPlan's discovery efforts. The false promises and refusals to cooperate have also greatly multiplied discovery expenses by requiring multiple meet/confers, repeated discovery hearings and extensive motions practice forcing Dixit Defendants to comply with discovery obligations and multiple Court orders.

HealthPlan's only recourse is this Court's sanctions power. Thus, HealthPlan moves

for sanctions as detailed herein under this Court's inherent powers and Rule 37, as well as an order to show cause why Dixit Defendants and their attorneys should not be held in contempt.

## MEMORANDUM OF LAW

II. **STANDARD OF LAW**

    **A. Rule 37 Sanctions And Attorneys' Fees For Failure To Obey Court Orders**

A court may award sanctions pursuant to its inherent authority. *People for the Ethical Treatment of Animals v. Dade City's Wild Things*, 2018 U.S. Dist. LEXIS 8761, at *2 (M.D. Fla., Jan. 19, 2018). "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted).

Federal Rule of Civil Procedure 37 provides that a court shall award sanctions, including expenses incurred as a result of filing a discovery motion, if the party's failure to comply with its discovery obligations is not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C); *see, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048-49 (11th Cir. 1994) (imposing monetary sanctions against party and its counsel for failure to obey a discovery order). Sanctions may be imposed for noncompliance with a court order even without a showing of willfulness or bad faith on the part of the disobedient party. *See BankAtlantic*, 12 F.3d at 1049 (only when a court imposes the most severe sanctions is a finding of willfulness or bad faith failure to comply necessary).

Courts enjoy broad discretion to fashion appropriate sanctions for discovery order violations. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Among the sanctions options available under Rule 37, courts may treat as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A).

### B. Discovery Order ECF No. 141

After extensive briefing and oral arguments, this Court granted numerous discovery motions made by HealthPlan. *See* Order, ECF No. 141 ("Discovery Order"). In addition, the Discovery Order required that, no later than noon on Aug. 26, Dixit Defendants: (i) amend responses to interrogatories (para. 10); (ii) produce a first batch of documents responsive to numerous requests for production (para. 3); and (iii) provide a reasonable timeframe for production of remaining documents (para. 3). It also required Dixit Defendants to appoint "permanent lead counsel for the remainder of the case." Discovery Order, para. 1. The Court specifically ordered that "[l]ead counsel *must* be prepared for, and attend, all future hearings; have full settlement authority; and *represent the Dixit defendants for purposes of Local Rule 3.01(g)'s meet and confer requirement*." Discovery Order, para. 1. (emphasis added)

## III. THE DIXIT DEFENDANTS' OPEN DEFIANCE OF THE DISCOVERY ORDER WARRANTS IMPOSITION OF SEVERE SANCTIONS AND AN ORDER TO SHOW CAUSE

### A. THE DIXIT DEFENDANTS' REFUSAL TO AMEND INTERROGATORY RESPONSES VIOLATES THE DISCOVERY ORDER

The Court Ordered Dixit Defendants to amend their interrogatory responses by noon on August 26. Discovery Order, para. 10. Dixit Defendants ignored this direct requirement of the Discovery Order, and to date has not amended a single interrogatory response. Instead, they have repeatedly agreed to comply and subsequently reneged.

By way of background, from the outset, Dixit Defendants filed multiple motions for extensions of time to respond to interrogatories, thus extending their time to respond to July

26. *See* Motions for Extensions of Time, ECF Nos. 118 and 125. Even with the multiple extensions, Dixit Defendants did not serve timely responses by July 26, instead waiting until the eve of the July 29 discovery hearing.[2] At that time, Dixit Defendants served responses that belie any reasonable search for responsive information as required by Rule 33. As a result, the Court granted HealthPlan's oral motion to compel Dixit Defendants to amend interrogatories by noon on August 26. Discovery Order, para. 10, and Disc. Hr'g Tr. 93:1-4, ECF No. 162 ("So I'll give [Dixit Defendants] time to amend and produce final interrogatory responses, to the extent that they think they need to, by August 26th at noon as well.")

After the discovery hearing of July 29, HealthPlan undertook multiple long meet and confer conferences concerning the Dixit Defendants' improper interrogatory responses. At each conference, the parties spent hours meticulously addressing numerous problems with Dixit Defendants' discovery responses. As a result of those conferences, Dixit Defendants *repeatedly* stipulated to produce proper responses. To evidence such agreements, the undersigned spent significant time memorializing the stipulations reached by both parties. *See* Composite Exhibit 1, which includes true and accurate copies of emails memorializing multiple stipulations reached at multiple conferences with opposing counsel. To date, Dixit Defendants have disregarded *every single stipulation* reached during meet and confers and

---

[2] As a result of their untimely service, Dixit Defendants waived their objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). There is no good cause for Dixit Defendants' untimely service. They had the interrogatories for some six weeks. Yet, they did not turn to them until the weekend *after they were due*. As conceded by Dixit Defendants at the July 29 hearing, Dixit Defendants did not draft initial responses until the weekend of July 27 and 28, after they were due. Disc. Hr'g Tr. 97:18-19, ECF No. 162 ("I spent all weekend working on those interrogatories. I know it doesn't look like it….").

5

have not amended a single interrogatory response.

Subsequently, Dixit Defendants pressed HealthPlan's counsel to hold off on another motion for sanctions and just provide until Aug. 30 in a showing of good faith. Among other things, Dixit Defendants' lead counsel, Dustin Deese, represented that he was scheduled to consult with Rakesh Dixit in the coming days to get the necessary information to supplement interrogatory responses.[3] This is consistent with the representations of at least two of Rakesh Dixit's previous attorneys of record, who on multiple occasions indicated they were scheduled to consult with Rakesh Dixit to get information, but ultimately failed to provide such information and respond as promised. Despite the months-long pattern of multiple attorneys anticipating meetings with Rakesh Dixit and subsequently not having information or documents to produce, HealthPlan agreed to wait for the promised interrogatory responses yet again. Fernandez Correspondence of Aug. 29, Exhibit 2.

Yet again, however, at midnight Dixit Defendants asked for a one-day extension. Hightower Correspondence of Aug. 30, Exhibit 3. Saturday came and went, and to date, Dixit Defendants have amended and produced *nothing*. Finally, at the conclusion of the Court-ordered deposition of Rakesh Dixit on Sept. 3, the undersigned asked Mr. Deese about the status of the promised interrogatory responses and whether they would be served that day. Mr. Deese responded, "I hope so. I hope Johnny's working on them because I was here today."

---

[3] During the meet and confer of Aug. 28, the undersigned specifically asked Mr. Hightower if he would contact Rakesh Dixit to inquire about the location of certain documents. In response, Mr. Hightower stated that he did not "want to get into details about why he could not ask Rakesh Dixit for the specific documents" and categorically refused to speak with Such comments are consistent with Rakesh Dixit's subversive and intransigent approach to withholding discoverable information from his attorneys and, ultimately, from production.

6

As of the filing of this motion, Dixit Defendants have refused to amend their responses.

The harm caused by Dixit Defendants' obstruction is that HealthPlan has not received proper interrogatory responses to factual matters central to this case, including facts about the software-in-suit, name and contact information for persons involved in creating the software in suit; the locations of software-in-suit; intellectual property ownership; and monetary transactions between the shell companies, owners and officers of the Dixit Defendants, among many other facts. Attached as Exhibit 4 are true and accurate copies of Dixit Defendants' Interrogatory Responses.

Making matters worse, Dixit Defendants have evaded HealthPlan's efforts to gather or discover information through other means or sources, thus making the interrogatory responses particularly important. Specifically, over the course of several short records custodian depositions of Dixit Defendants, Rakesh Dixit responded with a lack of knowledge or any recollection to more than 150 questions. Such questions were calculated to identify the whereabouts of custodians and documents, but did little more than expose Rakesh Dixit as the central cause of Dixit Defendants' withholding of information and raise serious credibility issues with Rakesh Dixit.

Dixit Defendants' refusal to fairly and fully respond to interrogatories as ordered by the Discovery Order has further obstructed HealthPlan from taking crucial discovery concerning its claims and defenses, and required additional motions practice. Moreover, Dixit Defendants have no justification for their *months* of delays, broken stipulations and violations of the Discovery Order. Accordingly, pursuant to Rule 37(b)(2)(A) and (C), the Dixit Defendants must be sanctioned for this violation.

## B. DIXIT DEFENDANTS ARE VIOLATING THE DISCOVERY ORDER BY NOT PRODUCING DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION

Dixit Defendants did not produce any of the documents ordered in paragraph 3 of the Discovery Order. Rather, their production of August 26 was limited to several hundred pages that were re-Bates numbered pursuant to the Discovery Order, paragraph 2. Dixit Defendants represented that there would be a rolling production, with one production promised on Sept. 9 and another production promised on September 16. Hightower Correspondence of Aug. 26, 2019, Exhibit 5. In complete breach of their representations, Dixit Defendants have not produced a single document since August 26. Dixit Defendants neither requested any extensions nor offered any justification for this additional violation of the Discovery Order. This wholesale refusal to produce documents is in direct violation of the Discovery Order, paragraph 3.

Dixit Defendants' refusal to produce documents ordered in the Discovery Order has further obstructed HealthPlan from taking crucial discovery concerning its claims and defenses, and required additional motions practice, time and expense. Accordingly, pursuant to Rule 37(b)(2)(A) and (C), the Dixit Defendants must be sanctioned for this violation.

## C. THE DIXIT DEFENDANTS' DESIGNATED PERMANENT LEAD COUNSEL IS NOT ENGAGING IN L.R. 3.01(G) CONFERENCES

Dixit Defendants' lead counsel still refuses to cooperate with discovery or act as a *bona fide* lead counsel. After the First Motion, the undersigned asked Dustin Deese for a meet and confer about deficiencies in Dixit Defendants' responses to HealthPlan's first requests for

production.[4] *See* Fernandez Correspondence of Aug. 29, Exhibit 6. Mr. Deese never responded, either by correspondence or during the subsequent depositions, where he deferred discovery efforts to Johnny Hightower. As a result, HealthPlan continues to chase down Dixit Defendants for discovery that is outstanding since *April*. The unresponsiveness and disengagement from the case is not isolated, and is what required HealthPlan's motion (ECF No. 130) for the appointment of a permanent lead counsel, which was granted in the first paragraph of the Discovery Order.

The First Motion and Dixit Defendants' anemic opposition of the First Motion, coupled with their continuing refusal to engage in good faith discovery, establish that Dixit Defendants have no intention of following paragraph 1 of the Discovery Order. This violation, which is increasing expenses and obstructing discovery, warrants sanctions under Rule 37(b)(2)(C). Without such sanctions, Dixit Defendants will continue to disobey the Discovery Order.

### D. RULE 37 SANCTIONS SHOULD BE AWARDED IMMEDIATELY

The Court ordered "major progress" by the previously scheduled September discovery hearing. Disc. Hr'g Tr. 93:22-23. Unfortunately, all HealthPlan has to show for the past two months is several hundred pages of documents that were re-Bates stamped by Dixit Defendants, and numerous ongoing violations of the Discovery Order. HealthPlan is unfairly prejudiced because it has been unable to prepare its case, and has wasted enormous time and resources seeking basic discovery. Dixit Defendants and their attorneys have no justification for their refusal to comply with the Discovery Order. Quite the contrary, Dixit Defendants'

---

[4] As detailed in the First Motion, ECF No. 168 at 4, Dustin Deese refuses to take meet and confer conferences under L.R. 3.01(g) without prior scheduling.

and their attorneys' months of continuous false promises and discovery violations establish an obvious pattern of bad faith discovery filibustering that warrants severe sanctions.

First, Dixit Defendants and their attorneys should be ordered to immediately pay HealthPlan's expenses incurred in connection with preparation for and attendance at each discovery conference and hearing, the motions to compel that were granted by this Court, and the subsequent motions for sanctions. Second, HealthPlan requests that this Court award such attorneys' fees immediately so that Dixit Defendants and their attorneys cannot put off sanctions. Third, HealthPlan moves for an award of monetary sanctions of $1,000 per day (payable on the 30th day of each month) until Dixit Defendants and their attorneys all certify under penalty of perjury that they are in full compliance with every aspect of the Discovery Order. Fourth, HealthPlan seeks sanctions deemed appropriate by this Court to prevent Dixit Defendants from further benefiting from their discovery misconduct in connection with their claims and defenses.

### E. Dixit Defendants' Willful Violations Of The Discovery Order As Well As Their History Of Discovery Abuses Warrants An Order to Show Cause

Taken together, the First Motion and the present motion show that the Dixit Defendants—controlled by Rakesh Dixit—are deliberately violating all manner of discovery obligations and the Discovery Order. Moreover, it is important to consider that Rakesh Dixit is not new, by any stretch, to litigation or the discovery process. As a result of various actions from various third parties accusing him of numerous business torts, Rakesh Dixit has *years* of litigation and trial experience, including substantial discovery practice. Because he is acutely aware of the Rules and the impact of his discover misconduct, there is no question his refusal to abide by the Rules is entirely deliberate.

To an even greater degree now than in the First Motion, the extent and calculated nature of Rakesh Dixit's and his sham companies' discovery misconduct merits a show cause order why Dixit Defendants as well as their attorneys—all of whom are violating the Discovery Order as detailed in the First Motion and above—should not be held in contempt.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting HealthPlan's present motion for sanctions and an order to show cause why Dixit Defendants and their attorneys should not be held in contempt.

### Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with counsel for Dixit Defendants regarding the relief sought in this motion and they oppose said relief.

Dated: September 26, 2019

Respectfully Submitted,

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone: (813) 275-5020
Facsimile: (813) 275-5021

Andrew J. Avsec
(IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel
(IL ARDC No. 3127933)
*Admitted Pro Hac Vice*

11

**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
aavsec@brinksgilson.com
wfrankel@brinksgilson.com
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Attorneys for Plaintiff
HealthPlan Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 26, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone: (813) 275-5020
Facsimile: (813) 275-5021