Exhibit 4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTHPLAN SERVICES, INC.,

      Plaintiff,

v.

RAKESH DIXIT, an individual, *et al.*,

      Defendants.

_____/

E-INTEGRATE, INC.,                CASE NO.:  8:18-cv-02608-SDM-AAS

      Counter-Plaintiff,

v.

HEALTHPLAN SERVICES, INC.,

      Counter-Defendant.

_____/

**DEFENDANT RAKESH DIXIT'S OBJECTIONS AND ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**(corrected[1])**

Defendant, RAKESH DIXIT ("DIXIT" or "INTERROGEE") objects to and otherwise answers Plaintiff's First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Within Plaintiff's First Set of Interrogatories (the "Interrogatories") the individual interrogatories are mis-numbered. The mis-numbering begins with what should be interrogatory "3" numbered with a duplicate "2" and the rest of the interrogatories are

_____

[1] This Response is a corrected version to change the date in the Certificate of Service and restore accidentally deleted text that addresses interrogatory 5(e).

correspondingly mis-numbered. This Response numbers the interrogatories correctly and references the individual interrogatories using their correct numbers.

## **GENERAL OBJECTIONS**

1) <u>Privileged</u> – Objection is made to each of these Interrogatories to the extent they seek information protected from discovery by attorney-client privilege or other applicable privilege and any information so privileged will not be provided.

2) <u>Work-Product and Trial Preparation Materials</u> – Objection is made to each of these Interrogatories to the extent they seek information exempt from discovery as work-product or trial preparation materials and any information so exempt will not be provided.

3) <u>Confidential Information</u> – Objection is made to each of these Interrogatories to the extent they seek information that is confidential under statutory or common law and not appropriately protected by the terms of any agreement or order; any information of this nature will not be provided absent appropriate protections provided by an order of the Court.

4) <u>Limitations</u> – Objection is made to each of these Interrogatories to the extent they require providing information or performance of acts beyond the requirements of the Federal Rules of Civil Procedure.

## **SPECIFIC OBJECTIONS & ANSWERS**

1.    Identify and fully describe all Pre-Existing Materials (as defined in the Consulting Agreement), including without limitation:

a. The full name of each and every software, program, tool and device comprising the Pre-Existing Materials, as well as each and every version, release, and update of such software, program, tool or device comprising the Pre-Existing Materials;

**OBJECTION: Interrogee objects to this interrogatory as burdensome and oppressive because it would require Interrogee to expend an enormous amount of time, effort, and expense to identify, collect, research, and document the disparate and aged pieces of history detailing a highly complex project developed over approximately ten years and beginning as far back as eighteen years ago in 2001. Moreover, there is no benefit to this information as a full, accurate, and mutually agreed upon description of the Pre-Existing Materials already exists as memorialized in Exhibit "F" to the Consulting Agreement. This exhibit is titled "Pre-existing Property" and reflects a table of specifically described properties constituting the materials referenced in this Interrogatory.**

**Furthermore, this topic is irrelevant and immaterial to this action as the Interrogatory seeks information about the "Pre-Existing Materials" despite the undisputed fact and legal reality that the "Pre-Existing Materials" are amongst the prime subjects covered by the Consulting Agreement which fully and finally resolved all related issues and disputes by bargain and design of the parties. Therefore, this Interrogatory would impose an obscenely disproportionate burden when balanced against zero possible benefit to this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, under Fed. R. Civ. P. 33(d), Interrogee identifies and produces Exhibit "F" to the Consulting Agreement, attached as Exhibit "1" to this Response. From this record the burden of deriving or ascertaining the answer to the Interrogatory will be substantially the same for the Parties.**

b.  The name(s), contact information, employment title and development role for each author, developer or programmer of each software, program, tool and device comprising the Pre-Existing Materials;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

c.  The date(s) of authorship, publication and release of each version, release and update of each software, program, tool and device comprising the Pre-Existing Materials;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

d.  A detailed description the functionality of each component of each software, program, tool and device comprising the Pre-Existing Materials;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

e.   The name and owner of all known software systems into which E-INTEGRATE incorporated one or more components of each software, program, tool and device comprising the Pre-Existing Materials;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

f.   A detailed description of the modifications made to each software, program, tool and device comprising the Pre-Existing Materials in connection with incorporation of such Pre-Existing Materials into any HealthPlan system or program;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

g.   A detailed description of all modifications made to each software, program, tool and device comprising the Pre-Existing Materials in connection with any HealthPlan system or program;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

h.   A detailed description of all modifications made to each software, program, tool and device comprising the Pre-Existing Materials in connection with any FIT or Focus IT, LLC system or program; and

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

i.  The current and previous location and custodian of each copy of the Pre-Existing Materials in E-INTEGRATE's possession.

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 1(a) above.**

2.      Identify and fully describe all general know-how and skills developed by You between January 6, 2019 and October 31, 2019 in connection with Your work for HealthPlan or E-INTEGRATE, including without limitation:

a.  A detailed description of such general know-how and skills;

**OBJECTION: Interrogee objects to this interrogatory as exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. In this case, all the parties' claims and defenses are based upon events alleged to have occurred and ended several years prior to the dates covered by the interrogatory.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: none.**

b.  A detailed description of how and when You acquired such general know-how and skills;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 2(a) above.**

    c.   The location of any journal, log, memorandum, correspondence or other document used to memorialize such general know-how and skills;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 2(a) above.**

    d.   The name and contact information of each person that was present when You acquired such general know-how and skills, or that You are aware witnessed You acquire such general know-how and skills;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 2(a) above.**

    e.   The name of each and every software, program, tool and device in connection with which You have used such general know-how and skills; and

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 2(a) above.**

    f.   A detailed description of how and by whom such general know-how and skills was used in the development of any program or system for Focus IT, LLC.

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 2(a) above.**

3.      Describe each sale, license and transfer of the Pre-Existing Materials, as defined in the Consulting Agreement of January 17, 2014 including:

a.   The date(s) of each sale, license and transfer;

**OBJECTION: Interrogee objects to this interrogatory as overbroad because it fails to limit the inquiry to any specific period of time or to the relevant industry in which all the claims and defenses are based. In addition, the interrogatory is irrelevant and immaterial to this action as it seeks information about the "Pre-Existing Materials" despite the undisputed fact and legal reality that the "Pre-Existing Materials" are amongst the prime subjects covered by the Consulting Agreement which fully and finally resolved all related issues and disputes by bargain and design of the parties.**

b.   The recipient of each sale, license and transfer;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION to Interrogatory 3(a) above.**

c.   Each agreement memorializing such sale, license and transfer; and

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION to Interrogatory 3(a) above.**

d.   All consideration paid in connection with such sale, license and transfer.

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION to Interrogatory 3(a) above.**

8

4.    Describe in detail all physical and intellectual assets You acquired from E-INTEGRATE, including:

a.   A name and description of each physical and intellectual asset(s);

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, and immaterial because the disposition of any physical assets is inconsequential to any party's claims or defenses. Likewise, inquiring into all intellectual assets is overbroad as they are only relevant or material to the claims and defenses in this case if those assets relate to the healthcare exchange industry. Any intellectual assets unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, under Fed. R. Civ. P. 33(d), Interrogee identifies and produces the Sales Agreement between E-Integrate, Inc. and Drake Collaborative, Inc., attached to this Response as Exhibit "2." From this record the burden of deriving or ascertaining the answer to the Interrogatory will be substantially the same for the Parties.**

b.   How, when and the terms under which You acquired such physical assets;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 4(a) above.**

c.   How, when and the terms under which You received such intellectual asset(s);

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 4(a) above.**

    d.  The name and date of any agreement concerning Your acquisition of such physical and intellectual assets identified in section "a" of this interrogatory;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 4(a) above.**

    e.  How, when and under what terms You disposed of, sold, licensed, or otherwise transferred each and every physical asset You acquired from E-INTEGRATE; and

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, and immaterial because the disposition of any physical assets is inconsequential to any party's claims or defenses.**

    f.  How, when and under what terms You disposed of, sold, licensed, or otherwise transferred each and every intellectual asset You acquired from E-INTEGRATE.

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, and immaterial because inquiring into all intellectual assets is overbroad as they are only relevant or material to the claims and defenses in this case if those assets relate to the healthcare exchange industry. Any intellectual assets unrelated to the healthcare exchange industry are inconsequential to any of the issues in this case.**

5.     For the period from January 1, 2014 through present, describe in detail money transactions from E-INTEGRATE, KNOWMENTUM, DR. MICHAEL BOJKOVIC, MEDIA SHARK, FOCUS IT, LLC, MANTECH ENTERPRISES, INC., DRAKE COLLABORATIVE, INC., EAI CONCEPTS, INC., FOCUS HEALTH, INC., NAI CONCEPTS, Gerry Beacht, and Frank Perez, III, to You, each and every one of Your relatives and spouse, and any entity You previously or currently own, manage, direct or control. Include in your answer the following details:

**OBJECTION: Interrogee objects to this interrogatory as irrelevant, immaterial, oppressive, violative of privacy interests and merely serves to annoy, embarrass, and harass. First, none of the parties' claims or defenses have any elements impacted by any of this information. Second, even if this information was relevant the collection, compilation, and documentation of this information would require daily commitments of substantial time, effort, and expense. Third, due process, justice, and equity prevent the invasion of privacy contemplated by this interrogatory. Fourth, this directly targets interrogee's family members without any plausible basis for connecting this information with the issues in this case. Under Fed. R. Civ. P. 26(g) the attorney signing this set of interrogatories was certifying it was "not interposed for any improper purpose, such as to *harass*," but that appears to be the only possible purpose for this interrogatory. Fed. R. Civ. P. 26(g)(1)(B)(ii) (emphasis added).**

    a.  The name(s) of person(s) authorizing each transaction;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 5(a) above.**

    b.  The name(s) of the recipient for each transaction;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 5(a) above.**

    c.  The amount and date of each transaction;

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 5(a) above.**

    d.  The name of each financial institution where the transaction originated and the name of each financial institution(s) where the transaction was directed; and

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 5(a) above.**

    e.  All income received from E-Integrate that You reported, whether filing single or jointly, to the Internal Revenue Service.

**To avoid needless repetition, Interrogee refers to and incorporates here for this Interrogatory, the OBJECTION and ANSWER to Interrogatory 5(a) above.**

///

///

///

## **VERIFICATION**

Pursuant to 28 U.S. Code § 1746 and Sections 92.52 and 92.525, Florida Statues, I declare under penalty of perjury that the foregoing Declaration is true and correct, and to the best of my knowledge and belief.

_____
                                                             Declarant

As to Objections:

/s/ Dustin D. Deese_____
DUSTIN D. DEESE
Florida Bar No. 0634441
Primary Email: dustin@deeselegal.com
Secondary Email: dustin.deese@yahoo.com
DUSTIN D. DEESE, PA
P.O. Box 1720
Dade City, Florida 33526
Telephone: 813-517-9732
Telefax: 813-574-2664
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on July 28, 2019, I served the foregoing document via e-mail to all counsel of record in this action.

*/s/ Dustin D. Deese*_____
Attorney

13

## Exhibit F
## Pre-existing Property

*All of the following are Pre-existing Property but only as such existed prior to enhancements or modifications for Company*

| Type | Description | Role | Notes | EI Value |
|---|---|---|---|---|
| WMB Node | ConfigurationLoaderNode | Loads and manages runtime configuration files | HPS Specific Enhancements have been made | Re-Use |
| Maintenance Tool | ProjectAutomate | Series of scripts to build message flows, dependency scripts, and raw configuration files | HPS specific enhancements have been made | Re-Use |
| Maintenance Tool | ConfigurationJumpStart | Script to manage configuration files in a controlled, predictable, and repeatable manner | HPS Specific Enhancements have been made, Re-wrote to improve performance for HPS, HPS env allows all files to be fully managed at this time | Re-Use |
| Reusable Asset | Items under G2E_LIB_ARCHITECTURE_ASSETS - Excluding items under the following: BizRules Database Meta | Generic re-usable assets that derive runtime behaviors from configuration files | HPS specific enhancements have been made | Re-Use |
| Reusable Behavior | Items under G2E_LIB_L1_SUBFLOWS - Excluding items under the following: BizRules Validation | Organization of re-usable assets into desirable behaviors. | HPS specific enhancements have been made | Re-Use |
| Reusable Exit Controller Model | Items under G2E_LIB_CONNECTOR_EXIT_CONTROLLERS | All exit controllers follow the same model that was brought to HPS | HPS specific enhancements have been made | Re-Use |
| Reusable Logging Service | Items under G2E_MFP_ARCHITECTURE_SERVICES Include ActivityManager & ActivityReader | Produces log file using a generic technique | HPS specific enhancements have been made. ActivityReader was never made production ready. | Re-Use |
| Reusable Development Concept & Tool Hook | If we introduce Master Patterns back in to HPS, the concept of Master Patterns will not be limited to HPS | Provides a master pattern to expedite manual development efforts and/or a hook for project automate to build out flows and/or a position for leveraging future capabilities of WMB | The concept of Master Patterns is generic, while its implementation at HPS would be HPS specific. However, there can be no guarantee that a generic Master Pattern & HPS specific Master Pattern would not look identical due to the nature of the solution. | Re-Use |
| Reusable Development Concept & Tool Hook | If we introduce Master Patterns back in to HPS, the concept of Master Patterns will not be limited to HPS | Provides a master pattern to expedite manual development efforts and/or a hook for project automate to build out flows and/or a position for leveraging future capabilities of WMB | The concept of Master Patterns is generic, while its implementation at HPS would be HPS specific. However, there can be no guarantee that a generic Master Pattern & HPS specific Master Pattern would not look identical due to the nature of the solution. | Re-Use |

EXHIBIT "1"



3030 N Rocky Pt. Dr. #265
Tampa, FL 33614

## SALES AGREEMENT:

This Business Sale Agreement, hereinafter referred to as "Agreement", is executed on February 16, 2015 by and between E-Integrate, Inc., hereinafter referred to as "Seller", and Drake Collaborative, Inc., hereinafter referred to as "Buyer".

WITNESSETH:

WHEREAS Seller is the owner of, and has the rights to, the source code and full use of the following assets:

| | |
|---|---|
| 1. ePlatform | $650,000 |
| 2. eCommand | $100,000 |
| 3. IPAKS | (included) |
| 4. EIntegrate.net website & repository content | $25,500 |
| 5. EI version of Enterprise Design Center | $99,500 |
| SUB TOTAL | $875,000 |
| 6. Access to EI Chief Architect Clyde Fritz for annual salary | $250,000 |
| TOTAL | $1,125,000 |

WHEREAS, Seller desires to sell the rights and assets to Buyer, and Buyer desires to purchase the rights and assets from Seller.

As total consideration for the purchase price, the Buyer shall pay the Seller the sum of $1,125,000, payable as set forth in the "Terms" agreement.

_____                                    _____

E-Integrate, Inc.                                                        Drake Collaborative, Inc.

Frank Perez III
e-Integrate



EXHIBIT "2"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTHPLAN SERVICES, INC.,

      Plaintiff,

v.

RAKESH DIXIT, an individual, *et al.*,

      Defendants.

_____/   CASE NO.:  8:18-cv-02608-SDM-AAS

E-INTEGRATE, INC.,

      Counter-Plaintiff,

v.

HEALTHPLAN SERVICES, INC.,

      Counter-Defendant.

_____/

**DEFENDANT MEDIA SHARK PRODUCTIONS, INC.'S OBJECTIONS AND**
**ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    Defendant, MEDIA SHARK PRODUCTIONS, INC. ("MEDIA SHARK" or

"INTERROGEE") objects to and otherwise answers Plaintiff's First Set of Interrogatories

as follows:

**PRELIMINARY STATEMENT**

    Within Plaintiff's First Set of Interrogatories (the "Interrogatories") the individual

interrogatories are mis-numbered. The mis-numbering begins with what should be

interrogatory "3" numbered with a duplicate "2" and the rest of the interrogatories are

1

correspondingly mis-numbered. This Response numbers the interrogatories correctly and references the individual interrogatories using their correct numbers.

## **GENERAL OBJECTIONS**

1) <u>Privileged</u> – Objection is made to each of these Interrogatories to the extent they seek information protected from discovery by attorney-client privilege or other applicable privilege and any information so privileged will not be provided.

2) <u>Work-Product and Trial Preparation Materials</u> – Objection is made to each of these Interrogatories to the extent they seek information exempt from discovery as work-product or trial preparation materials and any information so exempt will not be provided.

3) <u>Confidential Information</u> – Objection is made to each of these Interrogatories to the extent they seek information that is confidential under statutory or common law and not appropriately protected by the terms of any agreement or order; any information of this nature will not be provided absent appropriate protections provided by an order of the Court.

4) <u>Limitations</u> – Objection is made to each of these Interrogatories to the extent they require providing information or performance of acts beyond the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS & ANSWERS

1.      For the period from January 1, 2013 to present, identify and describe MEDIA SHARK's client/customer relationships, including without limitation, providing:

    a.   The total number of client/customer relationships;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: three (3) client/customer relationship.**

    b.   The point of contact name and last known contact information for each client/customer involved in: (i) the healthcare industry, (ii) healthcare exchanges, (iii) the use of software having an electronic dashboard tool permitting data analysis, (iv) the use of software incorporating an enterprise transformation layer or "ETL", (v) the use of software regarding the application of business rules to analysis of transactions information, (vi) the transmission, receipt or analysis of data or information of multiple formats

and sources, or (vii) representation of information by geographical location, process steps, client, or origination/source;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: HealthPlan Services, Inc. – unknown; Ultramatics, Inc. – Saru Seshadri; KnownMentum, Inc. – Gerry Beacht.**

c. The point of contact name and last known contact information for each client/customer introduced to MEDIA SHARK by Rakesh Dixit, Feron Kutsomarkos, E-INTEGRATE, KNOWMENTUM or HEALTHPLAN;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the**

healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.

ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: HealthPlan Services, Inc. – Jim Vertino; otherwise unknown.

    d.  The date(s) on which each client/customer identified in sections "b" and "c" of this interrogatory engaged MEDIA SHARK to perform work;

OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.

ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: unknown as to specific dates but see general dates in answer to interrogatory 1(e) below.

    e.  The time period during which MEDIA SHARK performed work for each client/customer identified in sections "b" and "c" of this interrogatory;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: HealthPlan Services, Inc. – 2014-2018; Ultramatics, Inc. – 2012-2014; KnownMentum, Inc. – 2013-2016.**

  f. A detailed description of the work performed for each client/customer identified in sections "b" and "c" of this interrogatory;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: HealthPlan Services, Inc. – demonstration services, content development; Ultramatics, Inc. – demonstration services, content development; KnownMentum, Inc. – marketing.**

    g.  The person(s) at MEDIA SHARK responsible for performing the work for each client/customer identified in sections "b" and "c" of this interrogatory;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Feron Kutsomarkos, otherwise unknown.**

    h.  The total yearly payments received by MEDIA SHARK in consideration for the work performed for each client identified in sections "b" and "c" of this interrogatory; and

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R.**

Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: unknown.**

    i.  If applicable, the date and circumstances of the termination of the client/customer relationship identified in sections "b" and "c" of this interrogatory.

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: HealthPlan Services, Inc. – lawsuit by Dr.**

**Bojkovic; Ultramatics, Inc. – due to HealthPlan Services, Inc. working directly with Media Shark; KnowMentum, Inc. – lawsuit by Dr. Bojkovic.**

2.      For the FIT demonstration video MEDIA SHARK played or demonstrated to Dr. Michael Bojkovic and/or FOCUS IT, LLC, identify and describe in detail each of the following:

a.   The source of the voiceover script, including the author(s), date(s) of authorship, and whether it is derivative of any other work of authorship;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: There was no script; the voiceover was an impromptu, casual description of recordings to show user-interface changes and explain to Dr. Bojkovic what the software is and does.**

b.   The date(s) of creation of the voiceover script;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Not applicable.**

c.   The source of the FIT demonstration video, including the author(s), date(s) of authorship, and whether it is derivative of any other work of authorship;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Focus IT, LLC in conjunction with Feron Kustomarkos.**

9

d.  The name and last known contact information for each individual that worked on any aspect of the FIT demonstration video;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Feron Kutsomarkos, otherwise unknown.**

e.  To the extent the FIT demonstration video is a derivative work, identify each work from which it was derived, the terms of every license or assignment agreement MEDIA SHARK received in connection with the FIT demonstration video, the date such license or assignment was granted, who granted it, the scope of the license grant, and whether the license or assignment was written or oral; and

**OBJECTION: Interrogee objects to this interrogatory as vague and ambiguous because "derivative" is subject to different meanings and understandings in different contexts or situations.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: none.**

f.  To the extent the FIT demonstration video was played to anyone, provide the name and last known contact information for each viewer of the FIT demonstration video, and each date(s) and location(s) on which the FIT demonstration video was played.

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Only given to Gerry Beacht and Dr. Bojkovic, otherwise unknown.**

3.     Describe in detail all intellectual property You acquired from E-INTEGRATE, KNOWMENTUM, Rakesh Dixit, Feron Kutsomarkos and/or HEALTHPLAN. In your detailed description, provide:

a.  The name(s) and description(s) for each acquired item of intellectual property;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: as to Rakesh Dixit – none; otherwise unknown.**

11

b. The terms under which You acquired each item of intellectual property, including the date(s) of acquisition, whether it was acquired with a written or oral agreement, the name and last known contact information for each party to the agreement, the terms of the agreement (e.g., scope of grant, duration, and enforcement provisions), and all consideration associated with the agreement;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: none.**

c. The name, date of execution and location of all written agreements concerning Your acquisition of such intellectual property identified in section "a" of this interrogatory;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or**

12

**defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

d. For each intellectual property identified in section "a" of this interrogatory, describe whether MEDIA SHARK is the current owner of such intellectual property; and

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

e. For each intellectual property identified in section "a" of this interrogatory that MEDIA SHARK no longer owns, describe how, when and under what

terms You disposed of, sold, licensed, or otherwise transferred such intellectual property.

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

4.      For each officer, owner, manager, director, member, employee or contractor of MEDIA SHARK, provide the following information for the time frame from January 1, 2012 to present:

a.   Name and last known contact information;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: prior to 2018 – Feron Kutsomarkos; since then – Rakesh Dixit; otherwise unknown.**

b.   Yearly compensation and all benefits paid to such person;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. The requested information about compensation and benefits does nothing to impact the likely existence of any facts related to the elements of the claims and defenses pled in this case.**

    c.   The dates during which such person worked with MEDIA SHARK;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: see the answer to interrogatory 4(a) above.**

    d.   The MEDIA SHARK supervisor, manager or director of such person;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: as to Feron Kutsomarkos – unknown; as to Rakesh Dixit – none; otherwise unknown.**

    e.   The job responsibilities of such person; and

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: as to Feron Kutsomarkos – unknown; as to Rakesh Dixit – dormant company, no business activity.**

    f.   The reason for such person's termination or separation from MEDIA SHARK.

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: as to Feron Kutsomarkos – acquisition; as to Rakesh Dixit – still owns.**

## VERIFICATION

Pursuant to 28 U.S. Code § 1746 and Sections 92.52 and 92.525, Florida Statues, I declare under penalty of perjury that the foregoing Declaration is true and correct, and to the best of my knowledge and belief.

_____
                              Declarant

As to Objections:

/s/ Dustin D. Deese
_____
DUSTIN D. DEESE
Florida Bar No. 0634441
Primary Email: dustin@deeselegal.com
Secondary Email: dustin.deese@yahoo.com
DUSTIN D. DEESE, PA
P.O. Box 1720
Dade City, Florida 33526
Telephone: 813-517-9732
Telefax: 813-574-2664
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 28, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

*/s/ Dustin D. Deese*
_____
Attorney

16

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HEALTHPLAN SERVICES, INC.,

      Plaintiff,

v.

RAKESH DIXIT, an individual, *et al.*,

      Defendants.

_____/   CASE NO.:  8:18-cv-02608-SDM-AAS

E-INTEGRATE, INC.,

      Counter-Plaintiff,

v.

HEALTHPLAN SERVICES, INC.,

      Counter-Defendant.

_____/

**DEFENDANT KNOWMENTUM, INC.'S OBJECTIONS AND ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    Defendant, KNOWMENTUM, INC. ("KNOWMENTUM" or "INTERROGEE")

objects to and otherwise answers Plaintiff's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1)    <u>Privileged</u> – Objection is made to each of these Interrogatories to the extent they

    seek information protected from discovery by attorney-client privilege or other

    applicable privilege and any information so privileged will not be provided.

2)    <u>Work-Product and Trial Preparation Materials</u> – Objection is made to each of these

    Interrogatories to the extent they seek information exempt from discovery as work-

product or trial preparation materials and any information so exempt will not be provided.

3) <u>Confidential Information</u> – Objection is made to each of these Interrogatories to the extent they seek information that is confidential under statutory or common law and not appropriately protected by the terms of any agreement or order; any information of this nature will not be provided absent appropriate protections provided by an order of the Court.

4) <u>Limitations</u> – Objection is made to each of these Interrogatories to the extent they require providing information or performance of acts beyond the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS & ANSWERS

1.    For the period from January 1, 2012 to present, identify and describe KNOWMENTUM's client/customer relationships, including without limitation, providing:

a.  The total number of client/customer relationships;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the**

healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: one (1) client/customer relationship.**

    b.  The point of contact name and last known contact information for each client/customer involved in: (i) the healthcare industry, (ii) healthcare exchanges, (iii) the use of software having an electronic dashboard tool permitting data analysis, (iv) the use of software incorporating an enterprise transformation layer or "ETL", (v) the use of software regarding the application of business rules to analysis of transactions information, (vi) the transmission, receipt or analysis of data or information of multiple formats and sources, or (vii) representation of information by geographical location, process steps, client, or origination/source;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Dr. Michael Bojkovic – Perfect Clarity, LLC.**

    c.  The point of contact name and last known contact information for each client/customer introduced to KNOWMENTUM by Rakesh Dixit, Feron Kutsomarkos, E-INTEGRATE, MEDIA SHARK or HEALTHPLAN;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant client/customer relationships that are responsive to this interrogatory would be exclusive to work performed in the healthcare exchange industry. Any client/customer relationships unrelated to the healthcare exchange industry are extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: By Rakesh Dixit – Dr. Michael Bojkovic (for Perfect Clarity, LLC); otherwise unknown.**

     d.  The date(s) on which each client/customer identified in sections "b" and "c" of this interrogatory engaged KNOWMENTUM to perform work;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: exact dates are unknown, otherwise see answer to interrogatory 1(e) below.**

     e.  The time period during which KNOWMENTUM performed work for each client/customer identified in sections "b" and "c" of this interrogatory;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: 2015-2016 – Perfect Clarity, LLC.**

     f.  A detailed description of the work performed for each client/customer identified in sections "b" and "c" of this interrogatory;

4

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: data center stand-up, cloud enablement of integration components and health benefits application definition, design & prototype for Perfect Clarity, Inc.**

  g. The person(s) at KNOWMENTUM that were responsible for performing the work for each client/customer identified in sections "b" and "c" of this interrogatory;

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Alex Pokushalov, otherwise unknown.**

  h. The total yearly payments received by KNOWMENTUM in consideration for the work performed for each client identified in sections "b" and "c" of this interrogatory; and

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Labor payments provided by Perfect Clarity, LLC in the total amount of $696,755.**

  i. If applicable, the date and circumstances of the termination of the client relationship with each client identified in sections "b" and "c" of this interrogatory.

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Perfect Clarity, LLC – contract ended.**

2.      Describe in detail all intellectual property You acquired from E-INTEGRATE, MEDIA SHARK, Rakesh Dixit, Feron Kutsomarkos and/or HEALTHPLAN. In your answer to this interrogatory, provide:

a.   The name(s) and description(s) for each acquired item of intellectual property;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: none.**

b.   The terms under which You acquired each item of intellectual property, including the date(s) of acquisition, whether it was acquired with a written or oral agreement, the name and last known contact information for each party to such agreement, the terms of such agreement (e.g., scope of grant, duration, and enforcement provisions), and all consideration associated with such agreement;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or**

defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

      c.   The name, date of execution and location of all written agreements concerning Your acquisition of such intellectual property identified in section "a" of this interrogatory;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

      d.   For each intellectual property identified in section "a" of this interrogatory, describe whether KNOWMENTUM is the current owner of such intellectual property; and

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

  e. For each intellectual property identified in section "a" of this interrogatory that KNOWMENTUM no longer owns, describe how, when and under what terms You disposed of, sold, licensed, or otherwise transferred such intellectual property.

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: not applicable.**

3.    For each officer, owner, manager, director, member, employee or contractor of KNOWMENTUM, provide the following information for the time frame from January 1, 2012 to present:

    a.   Name and last known contact information;

**ANSWER: Other than owner Gerry Beacht prior to 2018, unknown. Rakesh Dixit has been the owner since 2018. No other employees since at least early 2018.**

    b.   Yearly compensation and all benefits paid to such person;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. The requested information about compensation and benefits does nothing to impact the likely existence of any facts related to the elements of the claims and defenses pled in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: as to Gerry Beacht, unknown. As to Rakesh Dixit, none. No other employees since at least early 2018.**

    c.   The dates during which such person worked with KNOWMENTUM;

**ANSWER: Unknown except as laid out in the answer to interrogatory 3(a) above.**

    d.   The KNOWMENTUM supervisor, manager or director of such person;

**ANSWER: None.**

    e.   The job responsibilities of such person; and

**ANSWER: As to Gerry Beacht, unknown. As to Rakesh Dixit, dormant company, no business activity.**

    f.   The reason for such person's termination or separation from KNOWMENTUM.

**ANSWER: As to Gerry Beacht, business transfer. As to Rakesh Dixit, still owns.**

4.      Describe in detail all work performed by KNOWMENTUM for E-INTEGRATE, MEDIA SHARK, Feron Kutsomarkos, Dr. Michael Bojkovic and/or FOCUS IT, LLC, including the following information:

    a.   The date(s) on which KNOWMENTUM was first engaged to perform work;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: First engaged for perform work for Perfect Clarity, LLC, a company owned by Dr. Michael Bojkovic, in January 2015, otherwise none.**

b. The time period during which KNOWMENTUM performed work;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: January 2015 – January 2016 for Perfect Clarity, LLC, otherwise none.**

c. A description of the work performed by KNOWMENTUM;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare**

11

**exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: data center stand-up, cloud enablement of integration components and health benefits application definition, design & prototype for Perfect Clarity, LLC.**

d.   The person(s) at KNOWMENTUM responsible for performing the work;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Alex Pokushalov.**

e.   The total yearly payments received by KNOWMENTUM in consideration for the work performed;

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R.**

12

**Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: Labor payments provided by Perfect Clarity, LLC in the total amount of $696,755.**

　　f.　The yearly amounts paid by KNOWMENTUM to Rakesh Dixit, and his relatives and spouse, Feron Kutsomarkos, Gerry Beacht, and Alex Pokusholov;

**OBJECTION: Interrogee objects to this interrogatory as irrelevant, immaterial, oppressive, violative of privacy interests and merely serves to annoy, embarrass, and harass. First, none of the parties' claims or defenses have any elements impacted by any of this information. Second, even if this information was relevant the collection, compilation, and documentation of this information would require daily commitments of substantial time, effort, and expense. Third, due process, justice, and equity prevent the invasion of privacy contemplated by this interrogatory. Fourth, this directly targets Mr. Dixit's family members without any plausible basis for connecting this information with the issues in this case. Under Fed. R. Civ. P. 26(g) the attorney signing this set of interrogatories was certifying it was "not interposed for any improper purpose, such as to *harass*," but that appears to be**

13

the only possible purpose for this interrogatory. **Fed. R. Civ. P. 26(g)(1)(B)(ii) (emphasis added).**

      g.   The date and circumstances of the termination of the relationship with Dr. Bojkovic and/or FOCUS IT, LLC.

**OBJECTION: Interrogee objects to this interrogatory as overbroad, irrelevant, immaterial, and generally exceeding the scope of discovery under Fed. R. Civ. P. 26(b) because it regards matters wholly irrelevant to any party's claims or defenses. At best, the only arguably relevant intellectual property information that is responsive to this interrogatory would be exclusive to operations in the healthcare exchange industry. Any intellectual property unrelated to the healthcare exchange industry is extraneous to any of the issues in this case.**

**ANSWER: Subject to and without waiving the above specific and general objections, Interrogee answers as follows: The relationship was with Perfect Clarity, LLC, per the agreement with Perfect Clarity, LLC, which was completed on December 31, 2015, per the contract provided by Dr. Bojkovic, and attended in closing on January 20, 2016 in which the hand-off was accepted and acknowledged by Dr. Bojkovic in writing.**

14

## VERIFICATION

Pursuant to 28 U.S. Code § 1746 and Sections 92.52 and 92.525, Florida Statues, I declare under penalty of perjury that the foregoing Declaration is true and correct, and to the best of my knowledge and belief.

_____
Declarant

As to Objections:

/s/ Dustin D. Deese
DUSTIN D. DEESE
Florida Bar No. 0634441
Primary Email: dustin@deeselegal.com
Secondary Email: dustin.deese@yahoo.com
DUSTIN D. DEESE, PA
P.O. Box 1720
Dade City, Florida 33526
Telephone: 813-517-9732
Telefax: 813-574-2664
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 28, 2019, I served the foregoing document via e-mail to all counsel of record in this action.

/s/ Dustin D. Deese
Attorney