# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**HEALTHPLAN SERVICES, INC.,**

    **Plaintiff,**

v.                                                           **Case No. 8:18-cv-2608-T-23AAS**

**RAKESH DIXIT, et al.,**

    **Defendants.**

_____/

## AMENDED ORDER[1]

This order follows Wednesday's discovery conference. For the reasons stated at the hearing, the following is **ORDERED**:

1. In the joint notice provided to the court for this discovery conference (Doc. 191), Healthplan points to many discovery issues still unresolved between the parties despite this court's July 30th order (Doc. 141).

    a. Therefore, Rakesh Dixit, Media Shark Productions, Inc., and Knowmentum, Inc. (collectively, the Dixit defendants) must complete the following by **Thursday October 31st:**

        i. Provide supplement responses to Dixit Request for Production Numbers 12, 17, 21, 24, 25, 26, 27, 30, 35, 39; Knowmentum Requests for Production Numbers 16, 21,

---

[1] The order is amended only to change the deadline for the Dixit defendants to file a response to Healthplan's motion for specific fees and costs. As updated below in paragraph 2(b), the deadline to respond is Thursday November 14th.

1

22, 30, 46, 48, 49, 58, 61; and Media Shark Requests for Productions Numbers 21, 31, 59, 65, 68, 72 (Doc. 141, ¶ 3) by updating Bates numbers that correspond with each production request;

  ii. Update their initial disclosures with phone numbers and addresses, if known, for individuals disclosed in the Dixit defendants' initial disclosures (Doc. 141, ¶ 8);

  iii. Amend responses to Healthplan's interrogatories (Doc. 141, ¶ 10); and

  iv. Provide privilege logs to Healthplan containing: (1) Bates number of the withheld document; (2) description of document; (3) document date; (4) document author; (5) reason for document's creation; (6) subject of document; (7) people who received a copy or the document was addressed to; and (8) any other relevant facts to the elements of the particular privilege or protection asserted (Doc. 141, ¶7).

 b. Healthplan must identify any remaining claimed deficiencies to the Dixit defendants by **Friday November 15th.**

 c. Then, the Dixit defendants have until **Friday November 22nd** to cure or otherwise address any remaining deficiencies claimed

      by Healthplan.

2. Healthplan's first and second motions for fees, sanctions, and order to show cause why the Dixit defendants should not be held in contempt of court order (Docs. 168, 190) are **GRANTED** to the extent that the Dixit defendants must pay Healthplan's reasonable attorney's fees and costs incurred for following up on the previously ordered discovery (Doc. 141), preparing the two sanctions motions, and adding these already resolved discovery issues to the joint notice of discovery disputes. The Dixit defendants' failure to comply with the July 2019 order over the last eleven weeks was not substantially justified and other circumstances do not make an award of expenses against the Dixit defendants unjust. Within Healthplan's motion, the request for additional sanctions and an order to show cause why the Dixit defendants should not be held in contempt is **DENIED WITHOUT PREJUDICE.** The following timeline must be met:

    a. Healthplan's motion for specific fees and costs must be filed with support from affidavits and fee records by **Thursday, October 31st.**

    b. If the Dixit defendants wish to object to the amount of fees and costs requested by Healthplan, their response is due by **Thursday, November 14th.**

    c.    If the Dixit defendants have not complied with this court's July 30th order (Doc. 141) by the dates in paragraph 1 for these discovery issues: (1) amend requests for productions responses (paragraph 1(a)(i)); (2) update initial disclosures (paragraph 1(a)(ii)); (3) amend interrogatory responses (paragraph 1(a)(iii)); and (4) provide privilege log with required information specified (paragraph 1(a)(iv)), then Healthplan may renew their motion for sanctions.  If Healthplan wishes to renew its requests for sanctions and an order to show cause, it must do so by **Friday December 6th.**  The Dixit defendants' expediated response is due by **Friday December 13th.**

3.    Healthplan's motion for protective order to prevent confidential disclosures (Doc. 160) is **GRANTED IN PART** and **DENIED IN PART.**

    a.    E-Integrate, represented by Mr. Shaym Dixit, received a third-party subpoena from Blue Shield of California (BSC) as part of its litigation against Healthplan in California.  Mr. Dixit produced two sets of documents in response to BSC's subpoena.  The first production is not at issue in Healthplan's motion for protective order because Healthplan's counsel in California already reviewed and marked the documents that should have been

       labeled as confidential. Healthplan contends the second production of documents also contained confidential information and should not have been produced without Healthplan reviewing them and designating documents as confidential based on this court's protective order. BSC alerted Healthplan to the production and BSC is delaying its review of the documents pending Healthplan's review.

b.    Healthplan is permitted to review the second set of documents and label documents as confidential before turning the documents over to BSC. All defendants must treat documents designated as confidential[2] accordingly under this court's protective order (Doc. 104, ¶ 3) and only can produce those documents to third parties in compliance with this court's protective order.

c.    Going forward, if either side receives a subpoena for documents containing possible trade secrets or confidential information, the party must share the documents to be produced with the other side in sufficient time for the reviewing party to have two weeks to review the documents and designate any documents as

---

[2] When using the terminology "designated as confidential," there are additional designations provided in the protective order that could apply, but the process for treating the documents after a designation is given remains the same regardless if it is confidential, highly confidential—attorney's eyes only, or highly confidential—computer code. (*See* Doc. 104).

5

      confidential. If there is an issue of whether the document should be designated as confidential, then the disputing party must follow the process in this court's protective order (Doc. 104, ¶ 4(f)). Again, if either side designates documents as confidential, the other party is to treat the documents accordingly as specified in this court's protective order (Doc. 104, ¶ 3).

    d.    Healthplan's remaining requests (Doc. 169, p. 10) are **DENIED.**

4. Healthplan's motion for protective order limiting Feron Kutsomarkos and E-integrate (the Kutsomarkos defendants) from taking duplicative depositions (Doc. 167) is **DENIED IN PART** and **GRANTED IN PART.**

    a.    The Kutsomarkos defendants may proceed in taking separate depositions in the state action and federal action.

    b.    But for any duplicative depositions (i.e., the same witness being deposed in both actions), the Kutsomarkos defendants must minimize the witness's travel time and expenses and hold the depositions on consecutive days, if not on the same day for the convenience of the witness.

    c.    Any deposition in the federal action is limited to seven hours as prescribed by the Federal Rules of Civil Procedure.

5. The Kutsomarkos defendants' motion to compel 2108 Version of

        Healthplan's Software Code (Doc. 170) is **DENIED.**

6. Healthplan's oral motion to compel immediate inspection of Ms. Kutsomarkos' laptop in Mr. Dixit's possession (Doc. 195) is **GRANTED.**

    a. Based on the testimony, Mr. Dixit retained the laptop but backed up the hard drive to an external hard drive because of the age of the original hard drive. Mr. Dixit then replaced the original hard drive in the computer with a new hard drive, and Mr. Dixit continues to use the computer.

    b. Mr. Dixit must turn over the external hard drive containing the backup of the original hard drive to his counsel, Dustin Deese or John Hightower, by **noon on Saturday October 19th.**

    c. Mr. Dixit must use his best efforts to locate the original hard drive and turn it into his counsel no later than **noon on Saturday October 19th.** Mr. Dixit must document his efforts and provide that documentation, through his counsel, to Mr. Fernandez.

    d. Mr. Dixit must not access any data on the external hard drive or the original hard drive.

    e. Upon receipt of each hard drive, Mr. Dixit's counsel must email Healthplan showing they have received the hard drive.

    f. Mr. Dixit's counsel must file a notice of compliance no later than **noon on Monday October 21st.**

    g.    Once Healthplan receives notice from Mr. Dixit's counsel, Healthplan must comply with the protective order on the selection of a technical or damage expert. (Doc. 104, ¶4(e)).

7. Healthplan's oral motion for the Kutsomarkos defendants to amend their responses to the document requests (Doc. 196) is **GRANTED IN PART** and **DENIED IN PART.**

    a.    Healthplan is to provide the Kutsomarkos defendants with a list of requested financial documents by **Thursday October 31st.**

    b.    The Kutsomarkos defendants are to identify those documents in their prior production either by the Bates numbers or by the production folders previously created by the Kutsomarkos defendants no later than **Friday November 15th.**

    c.    Between now and October 31st, the parties should meet and confer about this issue.

8. For the remaining discovery issues identified by the Kutsomarkos defendants in the joint notice (Doc. 191), the court orders:

    a.    On Monday October 21st at 10 a.m., counsel for Healthplan and the Kutsomarkos defendants must meet at Mr. Fernandez's office to discuss the Kutsomarkos defendants' remaining discovery issues.

    b.    The parties must file a notice of compliance confirming the meet

      and confer happened as scheduled.

   c.    The parties must discuss the scope of Healthplan's email production, develop a timeline for the production of Healthplan's emails, and discuss Healthplan's request for the Kutsomarkos defendants to identify their financial documents within their document production.

**ORDERED** in Tampa, Florida, on October 18, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge