HEALTHPLAN SERVICES, INC.,

    Plaintiff,

v.

RAKESH DIXIT,
FERON KUTSOMARKOS,
E-INTEGRATE, INC.,
KNOWMENTUM, INC, and
MEDIA SHARK PRODUCTIONS, INC.,

    Defendants.
_____/

## JOINT NOTICE OF COMPLIANCE

The parties, through their respective undersigned attorneys, hereby provide this Joint Notice of Compliance pursuant to the Court's Orders (ECF Nos. 198 & 199, "Orders"), directing the parties to hold a weekly in-person meet and confer in order to resolve the parties' ongoing discovery disputes.

Pursuant to the Court's Order D.E. 198, par. 8, an in-person meet and confer was held as follows:

1. **Time/Place:** Monday, October 21, 2019, 10:00 a.m. ET at the offices of Brinks, Gilson & Lione, 401 E. Jackson St., Suite 3500, Tampa, FL 33602.

2. **In-Person Attendees:** Dustin Deese (Counsel for Defendants Rakesh Dixit, E-Integrate, Inc., Knowmentum, Inc., and Media Shark Productions, Inc.), Shyamie Dixit, Jr., (Counsel for Defendants Feron Kutsomarkos, E-Integrate,

Inc., Defendants), Alejandro J. Fernandez, and Stephen J. Leahu (Counsel for Plaintiff HealthPlan Services, Inc.).

3. **Video Attendees:** Evi T. Christou (Counsel for HealthPlan Services, Inc.).

4. **Duration of Meeting:** The meeting commenced at approximately 10:00 a.m. and concluded at approximately 11:25 a.m.

The parties discussed the following discovery issues:

1. **HealthPlan's Attorneys' Eyes Only Designations:** Lead counsel for HealthPlan and the Kutsomarkos Defendants discussed the Attorneys' Eyes Only designations for HealthPlan's Copyrighted Videos and Scripts and certain financial documents evidencing payments from HealthPlan to E-Integrate and MediaShark. HealthPlan agreed to limit the Attorneys' Eyes Only designations for these specific documents to Confidential.

2. **HealthPlan's Damages Related Positions:** Lead counsel for HealthPlan and the Kutsomarkos Defendants discussed HealthPlan's damages production pursuant to Fed. R. Civ. P. 26 and requests for production, generally. HealthPlan contends that (1) it has produced documents identified to date, and identified those documents with specificity in its requests to document requests; and (2) this Court has already held that HealthPlan need not specify all damages related information before it has made such calculations in connection with HealthPlan's expert reports, which are not due until December 18, 2019.

The Kutsomarkos Defendants assert that HealthPlan must produce discovery regarding each category of damages claimed, for example: Per HealthPlan's First

Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), served April 17, 2019, and its Second Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), served August 19, 2019: HealthPlan claimed, relating to the eight (8) counts of its First Amended Complaint, compensatory damages in connection with each count; lost profits in connection with each count; unjust enrichment and disgorgement of Defendants' gains, profits, savings, and advantages realized by Defendants, including without limitation avoided software development costs, in connection with each count; exemplary and punitive damages; reasonable royalties in connection with trade secret counts; statutory damages in connection with Defendants' willful copyright infringement; and, costs and reasonable attorney's fees incurred in connection with all counts. HealthPlan must produce documents or other evidentiary material "as under Rule 34" on which each computation is based and it must include those materials bearing on the nature and extent of the injuries it suffered.

In addition, the Kutsomarkos Defendants assert that, given HealthPlan's position argued before the Court during the October 17, 2019 discovery conference, and the resultant favorable ruling of the Court denying the production of the 2018 code – HealthPlan's alleged damages are limited to the time *before* the implementation of HealthPlan's 2018 version of the ExchangeLink system. The parties should immediately submit a stipulated order reflecting this reality as this temporal limitation bears on the scope of discovery, evidentiary relevance, and other considerations critical to effective trial preparation. Otherwise, Defendants

will be forced to file a motion requesting this limiting order under judicial estoppel and other applicable doctrines.

Lead counsel reached an impasse on this issue but will discuss it further at the next weekly meet and confer.

3. **HealthPlan's Privilege Log:** Lead counsel for HealthPlan and the Kutsomarkos Defendants discussed amending HealthPlan's privilege log to include pre-filing communications between HealthPlan's counsel and Dr. Michael Bojkovic/Perfect Clarity's attorneys. HealthPlan agreed to amend its privilege log to incorporate by reference the privilege log related to the *Bojkovic v. Dixit* action.

The Kutsomarkos Defendants also asserted that HealthPlan produce documents covered by the HPS-Bojkovic common-interest agreement. Lead counsel reached an impasse on this issue but will discuss it further at the next weekly meet and confer.

4. **HealthPlan's E-mail Collection and Production Efforts:** Lead counsel for HealthPlan and the Kutsomarkos Defendants discussed HealthPlan's ongoing efforts to collect and produce e-mails pursuant to Defendants' proposed custodians and search terms. Alejandro Fernandez provided Shyamie Dixit a chart comprising the total number of hits of e-mails identified by the proposed search terms for each custodian and indicated that the proposed search terms must be narrowed due to the voluminous amount of e-mails with hits thus far. Shyamie Dixit indicated he would consult with his clients and narrow the search terms. Once the search terms are narrowed to a proportional number, and the scope of the e-mails to be reviewed is

ascertained, HealthPlan will be in a position to provide a specific timeline for the production of such e-mails.

5. **E-Integrate & Kutsomarkos' Initial Disclosures:** Lead counsel for HealthPlan and the Kutsomarkos Defendants discussed E-Integrate and Kutsomarkos' failure to amend their Rule 26 initial disclosures to contain contact information for certain individuals and entities referenced therein. Shyamie Dixit indicated he would confer with E-Integrate and Feron Kutsomarkos to determine the extent to which they can further amend their initial disclosures.

6. **Inspection of Computer Code:** Lead counsel for HealthPlan and the Kutsomarkos Defendants discussed scheduling inspection of HealthPlan's ExchangeLink® code. Shyamie Dixit indicated he would consult with his expert regarding availability and will propose dates to HealthPlan so the parties can schedule a date for the computer code inspection.

Lead counsel Alejandro Fernandez, Dustin Deese and Shyamie Dixit also discussed the location, time and weekday on which the weekly in-person meet and confers were to take place pursuant to the Court's Order, D.E. 199, par. 2. Lead counsel selected the following convenient dates and times for the weekly in-person meet and confers to take place in November, although not on the same weekday or time due to lead counsels' variable availability:

1. **October 30, 2019** at 1:30 p.m. EST at the office of Dixit Law Firm.
2. **November 8, 2019** at 10:00 a.m. EST at the offices of Brinks Gilson & Lione.
3. **November 13, 2019** at 10:00 a.m. EST at the office of Dixit Law Firm.

4. **November 20, 2019** at 10:00 a.m. EST and the offices of Brinks Gilson & Lione.

5. **November 26, 2019** at 10:00 a.m. EST and the office of Dixit Law Firm.

To the extent discovery disputes still remain at the November 26, 2019 meet and confer, lead counsel will agree and identify dates in December for additional weekly in-person meet and confers in another joint notice. If lead counsel cannot agree to a schedule of weekly in-person meet and confer dates in December, the parties will meet every Friday at 3:00 p.m. in one of the conference rooms outside Tampa Courtroom 10B.

Dated: October 21, 2019                                                    Respectfully Submitted,

*/s/ Dustin D. Deese*
Dustin D. Deese (FBN: 063441)
P.O. Box 172-
Dade City, Florida 33526
E-mail: dustin@deeselegal.com

Justin L. Dees (FBN: 48033)
Jeffrey W. Gibson (FBN: 568074)
Thomas R. Farrior (FBN: 111965)
MacFarlane, Ferguson & McMullen
201 N. Franklin Street, Suite 2000
Tampa, FL 33602
E-mail: jg@macfar.com
E-mail: trf@macfar.com
E-mail: jdees@macfar.com
Telephone No. (813) 273-4200
Telefacsimile No. (813) 273-4396

*Attorneys for Defendants Rakesh Dixit, E-Integrate, Inc., Knowmentum, Inc., and Media Shark Productions, Inc.*

*/s/ Evi T. Christou*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 54037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
E-mail: afernandez@brinksgilson.com
E-mail: sleahu@brinksgilson.com
Telephone No. (813) 275-5020
Telefacsimile No. (813) 275-5021

William H. Frankel (IL No. 3127933)
*Admitted Pro Hac Vice*
Andrew J. Avsec (IL No. 6292313)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
E-mail: aavsec@brinksgilson.com

*/s/Shyamie Dixit*
Shyamie Dixit, Jr. (FBN: 719684)
Robert L. Vessel (FBN: 314536)
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
E-mail: sdixit@dixitlaw.com
E-mail: rvessel@dixitlaw.com
Telephone No. (813) 252-3999
Telefacsimile No. (813) 252-3997

*Attorneys for Defendants Feron Kutsomarkos and
co-counsel for E-Integrate, Inc.*

E-mail: wfrankel@brinksgilson.com
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20006
E-mail: echristou@brinksgilson.com
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Attorneys for Plaintiffs
HealthPlan Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 21, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

<em>/s/ Evi T. Christou</em>