# Exhibit 2(a)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

eCOMSYSTEMS, INC.　　　　　　　　Case No. 8:10-cv-01531-VMC-MAP

　　Plaintiff,

v.

SHARED MARKETING SERVICES, INC.,
and ACE HARDWARE CORPORATION,

　　Defendants.
_____/

## AFFIDAVIT OF MICHAEL J. COLITZ, III, ESQ.
## AS TO REASONABLENESS OF ATTORNEYS' FEES

STATE OF FLORIDA　　　　　　)
COUNTY OF HILLSBOROUGH　　)

BEFORE ME, the undersigned authority, personally appeared Michael J. Colitz, III, who, being first duly sworn, deposes and says:

1.　　I am an attorney-at-law who is admitted to the Bar of the State of Florida. I am registered to Practice before the United States Patent and Trademark Office. I have been admitted to the Florida Bar since 1999. I have been admitted to practice before the United States Patent and Trademark Office since 1993.

2.　　I have been a partner of the law firm of GrayRobinson, P.A. in Tampa, Florida for approximately three (3) years. I was previously a partner at the law firm of Holland & Knight, LLP. I practice exclusively in the area of Intellectual Property law.

3.　　I am a 1991 graduate of the University of Notre Dame with a Bachelor of Science in Mechanical Engineering. I obtained my law degree from Stetson University College of Law in 1998.

4. I have always limited my practice to intellectual property law, including patent, trademark, and copyright litigation, and related prosecution and licensing. I have been substantively involved in over fifty (50) intellectual property law cases in various federal courts throughout the country.

5. I am a Registered Patent Attorney, and I am also Board Certified by the Florida Bar in Intellectual Property Law. I am a member in good standing of the District Courts for the Northern, Middle and Southern Districts of Florida, the U.S. Court of Appeals for the Eleventh Circuit, and the U.S. Court of Appeals for the Federal Circuit.

6. I frequently lecture on various topics relating to intellectual property law. I also occasionally teach patent law to graduate level engineering students at the University of South Florida.

7. I am aware of and knowledgeable of the amount customarily charged by attorneys and allowed by courts as a reasonable attorneys' fee for handling intellectual property cases.

8. I have been called upon to express an opinion as to what would constitute a reasonable attorneys' fee for the services rendered by Matthew J. Dowd and Floyd B. Chapman as attorneys for eCOMSYSTEMS, Inc. in the above captioned litigation.

9. I have reviewed the professional qualifications of Messrs. Dowd and Chapman. Mr. Dowd has been Registered to Practice before the United States Patent and Trademark Office since March 19, 2001 and has practiced law for over four years. Mr. Chapman has practiced law for over 18 years and has specialized in patent litigation for more than 17 years. Both attorneys practice with the firm of Wiley Rein, LLP in Washington, D.C.

10. I reviewed the time entries and billing narratives for Messrs. Dowd and Chapman for various motions filed in the litigation. A summary of these time entries and billing narratives is attached hereto as Exhibit "A."

11. I reviewed the time entries associated with the following motions:

   a. Plaintiff eCOMSYSTEMS, Inc.'s Motion to Compel Defendants to Supplement Responses to Interrogatory Numbers 2, 3, 4, 7 and 8 [Dkt. 90];

   b. Plaintiff eCOMSYSTEMS, Inc.'s Motion to Compel Shared Marketing Services to Produce Documents [Dkt. 104];

   c. Plaintiff eCOMSYSTEMS, Inc.'s Motion to Sanction and Compel Shared Marketing Services to Produce Documents [Dkt. 119];

   d. Plaintiff eCOMSYSTEMS's Motion for Sanctions Against Shared Marketing Services, Inc. for Failure to Respond to Second Set of Interrogatories [Dkt. 120];

   e. Plaintiff eCOMSYSTEMS's Motion to Compel and for Sanctions Against Shared Marketing Services, Inc. for Failure to Attend the 30(b)(6) Deposition [Dkt. 136].

12. In connection with Dkt. 90 (item 11(a) above), Mr. Dowd claims a fee in an amount totaling $12,220.20 for a total of 29.2 hours; Mr. Chapman claims a fee in an amount totaling $1,398.60. for a total of 2.8 hours.

13. In connection with Dkt. 104 (item 11(b) above), Mr. Dowd claims a fee in an amount totaling $15,986.70 for a total of 38.2 hours; Mr. Chapman claims a fee in an amount totaling $2,047.95 for a total of 4.1 hours.

14. In connection with Dkt. 119 and Dkt. 120 (items 11(c) and 11(d) above), Mr. Dowd claims a fee of $11,969.10 for a total of 28.6 hours; Mr. Chapman claims a fee in an amount of $2,197.80 for a total of 4.4 hours.

15. In connection with Dkt. 136 (item 11(e) above), Mr. Dowd claims a fee of $2,619.00 for a total of 6.0 hours; Mr. Chapman claims a fee in an amount of $258.75 for a total of .2 hours.

16. Mr. Dowd's standard billing rate during 2011 was $465/hr. Since 2012 Mr. Dowd's standard billing rate has been $485.00. However, Mr. Dowd's effective billing rate in this matter was substantially lower than his standard billing rate. This was achieved both by a significant reduction in the number of billable hours requested for reimbursement and a 10% discount to his standard billing rate.

17. Mr. Chapman's standard billing rate during 2011 was $555/hr. Since 2012, Mr. Chapman's standard billing rate has been $585.00. However, Mr. Chapman's effective billing rate in this matter was substantially lower than his standard billing rate. This was achieved both by a significant reduction in the number of billable hours requested for reimbursement and a 10% discount to his standard billing rate.

18. I have reviewed and examined the noted time entries in this case and have considered the following factors:

    a. the time and labor required;

    b. the novelty and difficulty of the legal and factual questions;

    c. the skill requisite to be perform the legal service properly;

    d. the exclusion of other employment by the attorneys due to the acceptance of the case;

    e. the customary fees of the bar and the fees awarded by the courts for similar services;

    f. the time and preparation for the motion;

    g.    the time and limitations imposed by the client or by the circumstances;

    h.    the amount involved and the results obtained;

    i.    the experience, reputation and ability of the attorney(s).

19. The Affiant is of the opinion that the total number of hours sought for reimbursement and the effective hourly billing rates (as reflected in Exhibit A) are reasonable and not excessive for a case such as this and are of the magnitude that would have been charged by lawyers of the same skill level under similar circumstances.

20. The Affiant believes that the total fees sought for reimbursement as reflected in Exhibit A were necessarily incurred in the successful prosecution of this case.

Further affiant sayeth naught.

_____
Michael J. Colitz, III

Sworn to and subscribed before me this 27th day of April, 2012, by Michael J. Colitz, III, who is ■ personally known OR ☐ has produced _____ as identification.

My commission expires:
*(seal)*

_____
(Signature of Notary)

_Angela Sosik_
(Printed Name of Notary Public)

# 3123653 v2



ANGELA SOSIK
MY COMMISSION # EE 129780
EXPIRES: September 13, 2015
Bonded Thru Notary Public Underwriters

# Exhibit 2(b)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| eCOMSYSTEMS, INC., | Case No.: 8:10-cv-01531-VMC-MAP |
| Plaintiff, | Judge Virginia M. Hernandez Covington |
| v. | Magistrate Judge Mark A. Pizzo |
| SHARED MARKETING SERVICES, INC., and ACE HARDWARE CORPORATION | Jury Trial Demanded |
| Defendants. / | |

## PLAINTIFF eCOMSYSTEMS, INC.'S ACCOUNTING OF ATTORNEY FEES AND EXPENSES AS AWARDED BY COURT ORDER OF MARCH 16, 2012

Plaintiff eComSystems, Inc. ("eComSystems") hereby respectful submits its accounting of attorneys fees and expenses, and its memorandum in support, in response to the Court's March 16, 2012, Order. (Dkt. No. 157.)

In the March 16 Order, the Court granted five discovery motions filed by eComSystems. (*See* Dkt. Nos. 90, 104, 119, 120, 136.) Pursuant to the Order, Defendant Shared Marketing Services, Inc. ("SMS") was ordered to comply with a number of outstanding discovery obligations. The deadline for doing so was ten days from the Order, *i.e.*, March 26, 2012. Prior to the deadline, eComSystems had received no communication from SMS regarding its efforts, if any, to comply with the Court's Order.

On March 27, counsel for eComSystems wrote to Rick Lattanzio, president of SMS, to inquire whether SMS had any intention of complying with the Court's Order. In

response, Mr. Lattanzio made clear that SMS has made no effort to comply and that SMS does not intend to comply with the Court's Order.[1] On March 28, 2012, eComSystems filed a Status Update to inform the Court about SMS's failure to comply with the Court's most recent order.

**Reasonable Attorney Fees**

In calculating an award of attorney fees, the starting point is to multiply (1) the number of hours reasonably expended by (2) a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" may then be adjusted for the results obtained. *Id.* at 435-37; *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir. 1988).

The first step in the computation of the lodestar is determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). As the party seeking attorney fees, eComSystems bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.*; *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).

eComSystems hereby submits a declaration of Michael J. Colitz III in support of the reasonable hourly rates. As explained in the declaration, such rates are entirely within the normal range patent litigations. Moreover, the rates are reasonable considering all the

---

[1] Counsel for eComSystems notes that Mr. Lattanzio did contact counsel for eComSystems on April 19, 2012. Mr. Lattanzio indicated, inter alia, that SMS is still not represented by counsel. Absent some change in circumstances, eComSystems intends to file its motion for default judgment in short order.

relevant factors, including the complexity of the patent infringement suit—five patents covering computer-based methods of creating customized advertisements.

eComSystems also submits declarations from its counsel Floyd B. Chapman and Matthew J. Dowd, describing their relevant legal experience. The declarations of Mr. Chapman and Mr. Dowd set forth the substantial experience and expertise of eComSystems counsel.

The second step of the lodestar calculation is determining the reasonable number of hours expended. The court must determine "the number of hours (tempered by billing judgment) spent in the legal work on the case." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). "Billing judgment" instructs to exclude hours that would not reasonably be billed to a client "irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted).

The court may also consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

Case 8:10-cv-02603-SDM-AAS Document 663 Filed 04/30/12 Page 10 of 17 PageID 3762971

professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Here, eComSystems has submitted a chart itemizing the hours spent by its attorneys on the five motions at issue. As explained in the declaration of Mr. Chapman and Mr. Dowd, the time entries as presented on the attached exhibit are identical to the time billed to eComSystems for the five motions at issue. *See City of Brunswick, Ga. v. United States*, 661 F. Supp. 1431, 1447 (S.D. Ga. 1987) ("[T]here is no requirement in this Circuit that 'contemporaneous time records' constitute the only acceptable method of documentation."), *rev'd on other grounds*, 849 F.2d 501 (11th Cir. 1988). Furthermore, the attached table identifies "the general subject matter of [the] time expenditures," and such an identification is sufficient. *See Hensley*, 461 U.S. at 437 n.12.

The number of hours requested for the five motions is imminently reasonable, given that eComSystems was successful on five motions to compel. eComSystems notes that several time entries describe legal work performed for this case but not directly related to the motions and fee request presently at issue. As explained in the declarations of Mr. Chapman and Mr. Dowd, counsel has reduced the number of hours based on their good-faith based effort to conservatively estimate the time spent solely on the motions at issue.

**Fees and Expenses Relating to the Individual Motions**

eComSystems provides below a summary of the fees and costs attributable to each of the individual motions.

| Motion (by Dkt. No.) | Fees / Costs sought |
|---|---|
| Dkt. No. 90 | $13,618.80 |
| Dkt. No. 104 | $18,034.65 |
| Dkt. No. 119 | $7,083.45 |
| Dkt. No. 120 | $7,083.45 |
| Dkt. No. 136 | $4,334.33 (including costs) |
| **TOTAL:** | **$50,154.68** |

Note that, because the motions for Docket Nos. 119 and 120 were prepared in tandem, the attorney fees were calculated based on evenly split work for the two motions. In other words, the total hours devoted to Docket Nos. 119 and 120 are shown together in the attached summary, and the requested fees are equal for each motion.

**CONCLUSION**

For the foregoing reasons, eComSystems respectfully requests that the Court grant its requests for attorney fees and costs in the amount identified above.

Dated: April 27, 2012          Respectfully submitted,

/s/ Matthew J. Dowd
_____
Dineen Pashoukos Wasylik
Florida Bar No. 0191620
CONWELL KIRKPATRICK, PA
2701 North Rocky Point Drive, Suite 1200
Tampa, Florida 33607
813-282-8000; 813-282-8800 (fax)
dwasylik@ckbusinesslaw.com

James Remenick (pro hac vice)
Matthew J. Smith (pro hac vice)
REMENICK, PLLC
1025 Thomas Jefferson Street, NW, Suite 175
Washington, DC 20007
T:202.570.7380; F:888.570.7381
jremenick@remenicklaw.com
msmith@remenicklaw.com

Floyd B. Chapman (pro hac vice)
Robert J. Scheffel (pro hac vice)
Matthew J. Dowd (pro hac vice)
WILEY REIN, LLP
1776 K Street, NW
Washington, D.C. 20006
202-719-7000; 202-719-7049(fax)
fchapman@wileyrein.com
rscheffel@wileyrein.com
mdowd@wileyrein.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of April 2012, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, and was served by e-mail and first-class mail on the following:

Mr. Rick Lattanzio
Shared Marketing Services, Inc.
444 North Michigan Avenue, 28th Floor
Chicago, IL 60611
Rlattanzio@sharedmarketing.com

*/s/ Matthew J. Dowd*_____

# Exhibit 2(c)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

eCOMSYSTEMS, INC.,

    Plaintiff,

v.                                              Case No. 8:10-cv-1531-T-33MAP

SHARED MARKETING SERVICES, INC.,
and ACE HARDWARE CORPORATION,

    Defendants.

_____/

**ORDER**

This cause is before the Court on Plaintiff's accounting of attorney's fees and expenses (doc. 163). This Court previously entered an Order granting five discovery motions (docs 90, 104, 119, 120, and 136) and awarding Plaintiff reasonable expenses, costs, and attorney's fees associated with these motions, in addition to costs associated with Defendant Shared Marketing Services, Inc.'s failure to appear at a noticed 30(b)(6) deposition (doc. 157). Plaintiff requests a total of $50,154.68 for the fees and costs associated with these motions and costs associated with the 30(b)(6) deposition. Upon this Court's review, Plaintiff's costs for the 30(b)(6) deposition and the fees and costs associated with the discovery motions appear justified; however, Mr. Chapman's calculation as to his fee for the filing of doc. 136 appears to be in error. *See* doc. 163 p. 5 and 163-4 p. 16.

Mr. Chapman lists his hourly rate at $575.00 and having billed .2 hours in regards to doc. 136.[1] By the Court's calculation, this would result in a fee of $115.00, less any

---

[1] I note Mr. Chapman's calculation included a 10% discount.

discount. However, Mr. Chapman seeks $258.75, which amounts to an hourly rate of $1293.75. The Court will calculate his fee according to the hourly billing rate and 10% discount he has set forth in his accounting and award $103.50 as it relates to doc. 136. Accordingly, it is

> ORDERED:

> 1. Plaintiff is awarded reasonable attorney's fees, costs, and expenses in the amount of $49,999.43.

DONE and ORDERED at Tampa, Florida on June 5, 2012.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record