# Exhibit 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HEALTHPLAN SERVICES, INC.,**

    **Plaintiff,**

v.                                              CASE NO.: 8:18-cv-02608-SDM-AAS

**RAKESH DIXIT,** *et al.***,**

    **Defendants.**

_____/

**DECLARATION OF RICHARD E. FEE
REGARDING REASONABLE ATTORNEYS' FEES AND COSTS
AWARED UNDER COURT'S OCTOBER 18, 2019 AMENDED ORDER**

I, Richard E. Fee, declare as follows:

    1.    I am over the age of 18, and I have personal knowledge of the facts set forth herein.

    2.    I am a Founding Partner with the Tampa law firm of Fee & Jeffries, P.A.

    3.    I make this Declaration in support of Healthplan Services, Inc.'s Motion for Specific Fees and Costs (the "Fees Motion").

    4.    Since 1989, I have been a member in good standing of The Florida Bar.

    5.    Throughout my 30 year career as an attorney, I have focused my practice on the litigation of business disputes, especially those involving intellectual property. Since 1990, I have regularly practiced before this Court as well as all the other Federal District Courts located in Florida, many other Federal District Courts around the nation, and in numerous Circuit Courts throughout the State of Florida.

6. In addition to being a member in good standing of The Florida Bar, I am also admitted to practice before, and am in good standing with, numerous federal courts, including the following:

    a. U.S. Supreme Court (since 1994);

    b. U.S. Court of Appeals, Federal Circuit (since 2000);

    c. U.S. Court of Appeals, Eleventh Circuit (since 1990);

    d. U.S. Court of Federal Claims (since 2011);

    e. U.S. District Court, District of Colorado (since 2007);

    f. U.S. District Court, Middle District of Florida (since 1989);

    g. U.S. District Court, Northern District of Florida (since 1997);

    h. U.S. District Court, Southern District of Florida (since 1995);

    i. U.S. District Court, District of Michigan (since 2013);

    j. U.S. District Court, Eastern District of Texas (since 2010); and

    k. U.S. District Court, Northern District of Texas (since 1996).

7. I have not been suspended or disbarred from practice before any court or administrative body. I have never had an application for admission to practice before any court or administrative body denied. No sanction or contempt citation has been imposed against me by any court or administrative body.

8. Since 2008, I have been Board Certified by The Florida Bar as an Intellectual Property Law Specialist. I also served on The Florida Bar's Intellectual Property Board Certification Committee for six (6) years and served as Vice-Chair and then Chair of that committee.

9. For five (5) years I served as an Adjunct Professor of Law at Stetson University Law School, where I developed the curriculum and taught Federal Civil Pretrial Practice and

Strategy, which as the name implies, focused on the process and tactics of litigating a civil case in federal court.

10. I am AV-rated by Martindale Hubble and have held this rating continuously for almost 20 years. In addition, I have been recognized by my peers by repeated annual selection to *Florida Trend*'s Florida Legal Elite and as one of Florida's SuperLawyers.

11. Based on my 30 years' litigation experience described above, I am familiar with the hourly rates customarily charged by attorneys practicing business litigation before this Court. I am also familiar with the time and labor needed to accomplish litigation tasks involved in a business litigation case such as this.

12. I am familiar with the method for determining reasonable attorneys' fees set forth by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983). Under that methodology, courts should begin with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from this calculation. *Id.* at 434.

13. Plaintiff's counsel requested that I render an opinion as to the reasonableness of the attorneys' fees and costs awarded to Plaintiff in the Court's October 18, 2019 Amended Order [Dkt. #200] (the "Amended Order").

14. In connection with preparing such an opinion, I have discussed this case with Plaintiff's lead counsel Alejandro Fernandez. I have also reviewed: (a) the Amended Order; (b) Plaintiff's Motion for Specific Fees and Costs; (c) Plaintiff's Motion for Sanctions, Fees, and Order to Show Cause Why Dixit Defendants Should Not Be Held In Contempt of Court Order [Dkt. #168] and the exhibits thereto; (d) Plaintiff's Second Motion for Sanctions, Fees, and Order to Show Cause Why Dixit Defendants Should Not Be Held In Contempt of Court Order

3

[Dkt. #190] and the exhibits thereto; and (e) detailed billing records for the legal services for which Plaintiff seeks an award of attorneys' fees and costs. Finally, I reviewed the background and credentials of the attorneys for whose services Plaintiff seeks an award of attorneys' fees.

15.   First, it is my opinion that the 99.55 hours claimed by Plaintiff's counsel for attorney time is reasonable for the tasks identified in paragraph 2 of the Amended Order (the "Awarded Services"). It is my understanding that, although attorney Andrew Avsec performed some tasks in connection with the Awarded Services, Plaintiff is not seeking fees for his services. Thus, my opinion takes into account that the 99.55 hours claimed by Plaintiff excludes 1.3 hours for Mr. Avsec's legal services that could have been included. This fact makes the 99.55 attorney hours claimed by Plaintiff, all the more reasonable. It is also my opinion that the 1.5 hours of services expended by the paralegal, Cindy Lovell, are also reasonable.

16.   The second step in determining the amount of reasonable attorneys' fees requires determining the reasonable hourly rate for the professionals rendering the legal services for Plaintiff. In light of the experience and qualifications of Plaintiff's counsel, Alejandro Fernandez, William Frankel, Evi Christou, as well as the extent and quality of written legal work (described above) filed with this Court by Plaintiff's counsel, it is my opinion that claimed hourly rates of $605 for Mr. Fernandez, $825 for Mr. Frankel, and $335 for Ms. Christou are reasonable in this case.

17.   I note that the hourly rate requested for Mr. Frankel in this case is higher than comparable attorneys' in the Tampa Bay area. However, in light of the unusual circumstances in the case, the vast number of other law firms possessing intellectual property law specialists that could not represent Plaintiff due to conflicts, and the relatively small number of hours claimed for Mr. Frankel's services, it is my opinion that $825 is a reasonable hourly rate for his services

in this case. It is further my opinion that an hourly rate of $200, rather than $265, for the paralegal services of Ms. Lovell is both customary and reasonable in Tampa, Florida.

18.   The next step in determining a reasonable attorneys' fee involves simply multiplying the reasonable hours for the services rendered by each legal professional by their respective reasonable hourly rates. In this case: Mr. Fernandez reasonably rendered 58.8 hours of services at a reasonable hourly rate of $605, for a total of $35,574.00; Mr. Frankel reasonably rendered 6.65 hours of services at a reasonable hourly rate of $825, for a total of $5,486.25; Ms. Christou rendered 34.10 hours of services at a reasonable hourly rate of $355, for a total of $12,105.50; and Ms. Lovell reasonably rendered 1.5 hours of services at a reasonable hourly rate of $200, for a total of $300.00. Thus, in my opinion the reasonable fees for the legal services awarded to Plaintiff in the Amended Order total $53,465.75.

19.   I have reviewed the costs claimed by Plaintiff and have reviewed those costs in the context of the information and materials described above. It is my opinion that the claimed costs totaling $600.00 are reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tampa, Florida, this 29TH day of October, 2019.

_____
Richard E. Fee

5