UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
a Florida corporation,
    Plaintiff,

vs.                                                 Case No.: 8:18-cv-02608-SDM-AAS

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS, an individual,
E-INTEGRATE, INC., a Florida corporation,
KNOWMENTUM, INC, a Florida
corporation, and
MEDIA SHARK PRODUCTIONS, INC., a
Florida corporation,

    Defendants.
_____/

**NOTICE OF INTENT AND MOTION TO WITHDRAW AS CO-COUNSEL FOR DEFENDANT E-INTEGRATE, INC. AND COUNSEL FOR FERON KUTSOMARKOS, AND MOTION TO STAY AND EXTEND ALL DEADLINES FOR THIRTY DAYS**

    Attorneys Shyamie Dixit and Robert Vessel, of the Dixit Law Firm (collectively referred to as "Counsel" or "Dixit Law Firm"), pursuant to Local Rule 2.03(b), file this Notice of Intent and Motion to Withdraw, requesting an order from the Court allowing them to withdraw as co-counsel for Defendant E-INTEGRATE, INC. ("E-Integrate") and counsel FERON KUTSOMARKOS ("Kutsomarkos") (collectively referred to as "Defendants "). Dixit Law Firm further requests that, after ten (10) days, the Court enter an order relieving Counsel of their responsibilities for the Defendants. In support, Dixit Law Firm states the following:

    1.     Circumstances have arisen that make it necessary for Counsel to withdraw as attorneys for Defendants.

    2.     For example, irreconcilable differences have arisen between Counsel and the Defendants that preclude Counsel from continuing to represent them in these proceedings.

1

3. In light of the foregoing, the undersigned attorneys and law firm move to withdraw as counsel for the Defendants.

4. One of the most important criteria for the delivery of effective legal services is an open, effective, and comfortable avenue for communication. Unfortunately, interactions of late have made it impossible for Dixit Law Firm to communicate in that fashion. Simply put, Dixit Law Firm is not able to provide further assistance or work for the Defendants in this lawsuit. *See Florida Rules of Professional Conduct 4.1.16(b)*.

5. "[C]ase law demonstrates that permission to withdraw, while always within the discretion of the court, is granted if the attorney can show that his or her withdrawal won't prejudice the client *or* if there is good cause. [Citations omitted.]" *Albert v. DRS Techs., Inc.*, No. 6:11-cv-869-Orl-36DAB, 2012 U.S. Dist. LEXIS 194212, at *5 (M.D. Fla. Apr. 18, 2012).

6. The withdrawal of Counsel should not cause undue delay or prejudice, for example: Defendants' document production is complete (*i.e., E-Integrate and Kutsomarkos have produced everything, and there are no additional documents or information in their possession, custody, or control*); and, all that remains are depositions of E-Integrate's Corporate Representative (Mr. Rakesh Dixit), which has co-counsel, and Kutsomarkos, who is inclined to proceed *pro se*.

7. Given that Plaintiff has not, cannot, and refuses to articulate its damages in this case, **because there are none**, there's not much left to do in this case except have a trial on the merits.

8. However, Plaintiff is litigating this case for discovery purposes and sanctions, not damages, as evidenced by its recent motion for fees demanding "over $54,000 in attorney's fees and costs" for simple motions (*see* Doc. No. 206).

9. Notwithstanding, Defendants request 30 days from the date of the order on this motion to find new counsel for Kutsomarkos; as such, the Defendants request a stay and extension of all deadlines for 30 days from the date of the order on this Motion.

10. This motion should be granted because Counsel has shown that withdrawal will not prejudice any party *and* that there is good cause. Therefore, Counsel requests permission to withdraw from further representation of the Defendants.

WHEREFORE, for the reasons stated above, Shyamie Dixit and Robert L. Vessel, and the Dixit Law Firm, and all its attorneys, pray for an Order of this Court, after ten (10) days, permitting them to withdraw as counsel, and giving the Defendants 30 days in which to find new counsel.

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), undersigned counsel communicated via email with the attorneys of records in this case regarding the substance of and relief requested in the foregoing Motion: Plaintiff's counsel failed or refused to respond, and it is assumed Plaintiff is opposed to the relief requested.

**CERTIFICATE THAT THE PARTIES CONFERRED**

Pursuant to Local Rule 2.03(b), undersigned counsel has given ten (10) days' notice to the parties and/or client affected thereby, and to opposing counsel.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing is being emailed on November 1, 2019, to all counsel of record who are CM/ECF participants, and by email and hand delivery to Feron Kutsomarkos and E-Integrate, Inc., c/o Rakesh Dixit.

Respectfully submitted,
***DIXIT LAW FIRM***
*/s/ Shyamie Dixit*
Shyamie Dixit, Esq. (sdixit@dixitlaw.com)

Florida Bar No.: 719684
Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
Florida Bar No.: 314536
3030 N. Rocky Point Drive West, Suite 260
Tampa, FL 33607
Telephone: (813) 252-3999
Fax: (813) 252-3997