UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
    Plaintiff,

v.                                                                        CASE NO.: 8:18-cv-02608-SDM-AAS

RAKESH DIXIT, *et al*.,
    Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO SHYAMIE DIXIT AND ROBERT VESSEL'S
MOTION TO WITHDRAW AS CO-COUNSEL FOR
DEFENDANT E-INTEGRATE, INC. AND COUNSEL FOR FERON KUTSOMARKOS,
AND MOTION TO STAY AND EXTEND ALL DEADLINES FOR THIRTY DAYS
[DKT. 208]**

      Plaintiff HealthPlan Services, Inc. (herein "HPS" or "Plaintiff") hereby opposes Attorneys Shyamie Dixit and Robert Vessel's (herein "Mr. Dixit") Motion To Withdraw As Co-Counsel For Defendant E-Integrate, Inc. And Counsel For Feron Kutsomarkos, And Motion To Stay And Extend All Deadlines For Thirty Days (the "Motion"). It would be inappropriate for Mr. Dixit to withdraw from the case during an ongoing investigation into apparent spoliation by his clients and his brother, Rak Dixit. Moreover, the Motion fails to comply with the Local Rules, contains a fraudulent certification, and fails to provide a legitimate basis for withdrawal as required by the Florida Rules of Professional Conduct. Finally, his request that all case deadlines be extended for 30-days so that Defendant Kutsomarkos can find new counsel is mooted by his admission that Defendant Kutsomarkos will proceed *pro se*. For the reasons detailed below, Mr. Dixit's Motion should be denied.

1

I.      ARGUMENT

      A.      **Mr. Dixit's Motion Is Calculated to Avoid Penalties for Sanctionable Conduct, Cause Delay, and Prejudice HPS**

As the Court is well aware, Defendants have engaged in a pattern of conduct from the beginning of the case that shows a creative array of strategies for delaying the case, hiding the ball in discovery, shirking discovery obligations, ignoring court orders, and driving up the expense of litigation. The litany of abuses cannot be recited within the space limitations, but are detailed in the following documents: Dkt. 68 and 81 (*Healthplan's Motions To Compel Amended Initial Disclosures*); See Dkt. 168 (*Plaintiff's First Motion for Sanctions*); Dkt. 190 (*Plaintiff's Section Motion for Sanctions*). Dkt. 93 (Court's Order granting motion to compel); Dkt. 141 (Court's Order granting several motions to compel); Dkt. 200 (Court's Order Granting Sanctions and ordering compliance with defendants' discovery obligations, including Mr. Dixit's client Defendant E-Integrate). As detailed in those documents, Mr. Dixit has been an integral part of his clients' and indeed, his brother Rak Dixit's, efforts to obstruct discovery and harass HPS (e.g., Mr. Shyamie Dixit served initial disclosures with 350 individuals with no information about them and required two court orders to correct them; he sent tens of thousands of obviously confidential documents to a third-party, Blue Shield of California, without review or any confidentiality designations, requiring significant motion practice; he induced HPS to process tens of thousands of pages into TIFF format, Bates stamp and designate such documents on his behalf, only to later refuse to use Bates stamped documents; and he produced documents without metadata). All of those discovery failures harmed HPS and increased the cost of litigation. Moreover, Mr. Dixit and his clients were complicit in the conduct that led to the Court's sanction order. *See* Dkt. 200 (Court's Order Granting Sanctions). The sanctions issue is pending, and HPS has not yet been paid for those abuses.

2

Equally concerning, Mr. Dixit allowed his client Defendant Kutsomarkos to self-collect documents from a computer that she kept from her work at HPS. Rather than produce the native files from the laptop, Defendant Kutsomarkos PDF'd everything, removing all metadata. Then the laptop was inexplicably transferred to his brother Rak Dixit – who then stripped the hard drive out of the Kutsomarkos laptop, allegedly transferring responsive documents to a backup external drive. *See* Oct. 15, 2019, Hearing Transcript, 78:21 – 88:14. The Court ordered production of the backup external drive and the original hard drive, see Dkt. 200, but the Defendants again refuse to comply with the court's order and provide the backup and the original hard drive to Plaintiff's forensics expert. According to the Defendants, "there may be a gold mine on there." (Dkt. No. 191, Plaintiff's Exhibit G, Custodian Deposition of Rakesh Dixit dated September 11, 2019, 36:15-22). Mr. Shyamie Dixit should not be able to extricate himself in the middle of a spoliation investigation in which his conduct is at issue. At a minimum, any spoliation by his clients occurred on his watch.

Notably, it is clear that Mr. Dixit's withdrawal has nothing to do with his concerns about representing his current clients. Indeed, during the November 8, 2019 meet and confer, HPS asked Mr. Dixit to confirm that he would not represent the defendants behind the scenes after he withdraws. *See* Dkt. 212 at ¶ 12. That is, that he would not continue acting as counsel not of record. He refused. Id. Mr. Dixit cannot avoid the fallout from defendants' egregious discovery conduct that has taken place under his watch, but continue to wreak havoc on the orderly disposition of the case from behind the scenes. The Court should not permit such an arrangement.

### B. Mr. Dixit's Motion to Withdraw Fails to Allege a Legitimate Basis

Lawyers are officers of the court with independent responsibilities to the court. Having

3

brought a client to the court, the attorney cannot adversely affect the orderly administration of the court by abandoning the client to his or her own devices before the court. *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001) (denying withdrawal because client would be vulnerable and no showing of cause to withdraw). "The court's power [to grant or deny a motion for leave to withdraw] is predicated upon the necessity of effective and orderly administration of his court." *Fisher v. State,* 248 So. 2d 479, 485 (Fla. 1971).

The Florida Rules of Professional Conduct allow an attorney to withdraw from representing a client only if one of the following legitimate bases is satisfied:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (5) other good cause for withdrawal exists.

Rule 4-1.16(b). The burden is on Mr. Dixit to establish one of the bases. *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001). However, Mr. Dixit's withdrawal fails to meet any of these bases.

Mr. Dixit argues that "irreconcilable differences" have arisen between Counsel and Defendants, explaining only that "interactions of late have made it impossible for Dixit Law Firm to communicate" in an "open, effective and comfortable avenue for communication." Dkt. 208 ¶¶ 2 and 4. Further, Mr. Dixit argues that the withdrawal of Counsel should not cause undue delay or prejudice because "Defendants' document production is complete (*i.e., E-Integrate and Kutsomarkos have produced everything, and there are no additional documents or information in*

*their possession, custody, or control*)".[1]  Id. at ¶ 6.  None of these excuses fall into the first four categories, so presumably, Mr. Dixit believes that these boilerplate representations are sufficient to establish "good cause".

As set forth in the preceding section, Mr. Dixit refuses to commit to ceasing his representation of the defendants completely.  Moreover, his clients are in the middle of a spoliation investigation. Mr. Dixit appears to be withdrawing to avoid accountability for the mess that he has helped create, leaving his client, Defendant Kutsomarkos, without an attorney.[2]  That is not "good cause", and the abandonment of his client at this stage will adversely affect the orderly administration of the court during this spoliation investigation.  *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001).

    **C.**    **Mr. Dixit's Motion Fails to Comply with Local Rules.**

Middle District of Florida rules are clear that "[n]o attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving 10 days' notice to the party or client affected thereby, and to opposing counsel." M.D. Fla. L.R. 2.03.  Mr. Dixit did not provide 10 days notice before filing his Motion and therefore failed to comply with the local rules.

Perhaps even more egregious than his failure to comply with the Local Rules, is the patently false Certificate attached to his Motion.  The Certificate states "Pursuant to Local Rule 2.03(b),

---

[1] This is an incredible misrepresentation given the state of the case, including the sanctions and spoliation issues that his clients face.  The parties have not been able to conduct a single fact deposition because of Defendants' discovery failures; expert discovery is likewise in its infancy. Moreover, the deposition of Feron Kutsomarkos is in fact scheduled for late January.
[2] Defendant Kutsomarkos is located in Michigan, and it is unclear how she is going to participate in the proceedings without a local attorney.

undersigned counsel has given ten (10) days' notice to the parties and/or client affected thereby, and to opposing counsel." Dkt. 208 at 3. That is false. Mr. Dixit informed opposing counsel of his withdrawal *one* day before filing his Motion to Withdraw. Mr. Dixit's communication is attached as Exhibit A. Mr. Dixit's Motion cannot be granted based on a falsified Certificate.

### D. Motion to Stay and Extend All Deadlines for Thirty-Days Should Be Denied.

In addition to withdrawal, the Motion requests "30 days from the date of the order on this motion to find new counsel for Kutsomarkos; as such, the Defendants request a stay and extension of all deadlines for 30 days from the date of the order on this Motion." The Motion is clear that the only basis for the request to further delay the case is so Kutsomarkos can find new counsel. However, the Motion itself admits that Kutsomarkos "is inclined to proceed *pro se*." Dkt. 208 at ¶ 6. During the November 8, 2019 meet and confer, Mr. Dixit repeated that Kutsomarkos will proceed *pro se*. See See Dkt. 212 at ¶ 12. Since Kutsomarkos will not be seeking new counsel, there is no basis for granting a further 30-day delay to all deadlines.

## II. CONCLUSION

For the forgoing reasons, HPS requests that the Motion be denied. Moreover, HPS requests that Mr. Shyamie Dixit not be permitted to refile his Motion until the following conditions are met:

- The investigation into his clients' spoliation of Kutsomarkos's HPS laptop is resolved.
- Mr. Dixit certifies to the court that he will not provide advice or act as counsel to any Defendants' in this or any related matter.
- He provides 10 days' notice of his withdrawal pursuant to M.D. Fla. L.R. 2.03.
- Mr. Dixit be subject to this Court's jurisdiction, and any fees assessed attributable to his litigation conduct to date, until the case is fully resolved.

Dated: November 15, 2019

Respectfully Submitted,

*/s/ Andrew J. Avsec*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone: (813) 275-5020
Facsimile: (813) 275-5021

Andrew J. Avsec
(IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel
(IL ARDC No. 3127933)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
aavsec@brinksgilson.com
wfrankel@brinksgilson.com
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Evi T. Christou (D.C. Bar No.1600066)
*Admitted Pro Hac Vice*
echristou@brinksgilson.com
**BRINKS GILSON & LIONE, P.C.**
1775 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
Telephone No. (202) 296-6923
Facsimile No. (202) 296-8701

*Attorneys for Plaintiff
HealthPlan Services, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

  I HEREBY certify that on November 15, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

<i>/s/ Evi T. Christou</i>