**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| HEALTHPLAN SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 8:18-cv-2608-T-23AAS |
| ) | |
| RAKESH DIXIT, FERON ) | |
| KUTSOMARKOS, E-INTEGRATE, INC., ) | |
| KNOWMENTUM, INC., and MEDIA ) | |
| SHARK PRODUCTIONS, INC. ) | |
| ) | |
| Defendants. | |

**PLAINTIFF HEALTHPLAN SERVICES INC.'S MOTION FOR SANCTIONS, FEES AND ORDER TO SHOW CAUSE WHY DIXIT DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT OF COURT SANCTIONS ORDER [ECF NO. 200]**

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.01(g), Plaintiff HealthPlan Services, Inc. ("HealthPlan"), by and through their undersigned counsel, respectfully moves this Court for sanctions and fees against Defendants Rakesh Dixit, Media Shark Productions, Inc. and Knowmentum, Inc. (collectively, "Dixit Defendants") and an order to show cause, and in support of this motion state as follows:

**I.   INTRODUCTION**

Particularly with respect to the issues of spoliation and the laptop computer now in the possession of Defendant Rakesh Dixit, the Dixit Defendants are in contempt of this Court's October 18 Order, ECF No. 200 ("Sanctions Order"). The Sanctions Order was clear: "Healthplan's oral motion to compel **immediate** inspection of Ms. Kutsomarkos' laptop in Mr. Dixit's possession (Doc. 195) is **GRANTED**." (emphasis added). Notwithstanding, the Dixit

Defendants refuse to provide the ordered "immediate inspection." Instead, they resort to a number of waived and frivolous objections to delay and derail any inspection by HealthPlan, and demand a "self-inspection" as an alternative to an inspection by HealthPlan's expert. This directly violates the Sanctions Order.

First, the Dixit Defendants had ample opportunity to raise and argue objections or an alternative inspection process in the Notice of Discovery Issues and during the hearing of October 16. Instead, they acceded to the inspection process set forth by the Court. Rak Dixit himself stated the process was "Very good." Oct. 16, 2019 Hr'g Tr., ECF No. \_\_\_, 88:15. All objections not raised before the Sanctions Order are waived.

Second, regarding the inspection process, HealthPlan was to identify an expert pursuant to the protective order, ECF No. 104. HealthPlan promptly did so. After identification, the protective order permits a ten-day period for the Dixit Defendants to object for "good cause." The Dixit Defendants objected in a one-liner email, but provided no "good cause." In fact, at no time did the Dixit Defendants object to the designated expert's specific credentials or raise any conflicts. Rather, they now claim assert that *all* experts not *jointly* selected by all the parties are objectionable *per se*. Accordingly, the Dixit Defendants essentially demand that the forensic expert be jointly selected by all the parties. There is no such requirement in the Court's Order or in the protective order. Quite the contrary, the Sanctions Order and the hearing transcript are clear that *HealthPlan* was to select and pay for an expert to conduct the inspection on behalf of HealthPlan.

Third, in disregarding the Court ordered inspection process, the Dixit Defendants contend it is sufficient for the Dixit Defendants to perform what is effectively a "self-review"

of the laptop and hard drives. However, for good reasons, this alternative process was already rejected by the Court. On its face, such a process destroys the integrity of any inspection and permit the Dixit Defendants to further cover up any spoliation.

As detailed here, in the granted sanctions motions, and in the weekly notices of the Court-ordered conferences, the Dixit Defendants remain undeterred and mock the Court's Sanctions Order. Severe sanctions pursuant to this Court's inherent powers and Rule 37 are necessary based on Defendants' perceived impunity to fee awards[1] and sanctions; their widespread, non-stop discovery abuses; their active obstruction of access to what Rak Dixit referred to as a "gold mine" of documents; and/or apparent efforts to cover up suspected spoliation.

To address the Dixit Defendants' contempt, HealthPlan moves the Court to: (i) order the immediate hand-over of the Kutsomarkos laptop and associated hard drives to HealthPlan's designated expert for a full forensic inspection; (ii) order the Dixit Defendants and their attorneys to show cause why they should not be held in contempt; (iii) instruct the jury at trial that the Dixit Defendants have engaged in bad faith litigation misconduct by violating this Court's Sanctions Order; and (iv) find Defendants' litigation misconduct to support a fee award at the conclusion of this case. Further, HealthPlan seeks an immediate award of its attorneys' fees and costs incurred in connection with this motion including the fees associated with the

---

[1] The Dixit Defendants openly discount the Court's power to enforce a grant of attorneys' fees. That is because they claim, along with the other defendants, to have no money and no intention of paying *any* fees award.

meet and confers related to the spoliation issue.

<u>**MEMORANDUM OF LAW**</u>

II. **STANDARD OF LAW**

    A. **The Sanctions Order**

After extensive briefing and oral arguments, this Court granted numerous discovery motions made by HealthPlan. *See* Order, ECF No. 141 ("Discovery Order"). Thereafter, the Court granted two motions for sanctions, among other oral motions, as a result of Dixit Defendants' continuing discovery abuses. *See* Order, ECF No. 200 ("Sanctions Order").

The Court unambiguously held that "HealthPlan's oral motion to compel *immediate inspection* of Ms. Kutsomarkos' laptop in Mr. Dixit's possession (Doc. 195) is **GRANTED**." Sanctions Order, p7. (italics added) The Court set forth a clear protocol for HealthPlan's inspection of the laptop and the associated new and original hard drives referenced during the hearing. *Id*. In relevant part, the protocol was that Mr. Dixit's counsel would "email HealthPlan" showing that Mr. Dixit's counsel had received the laptop/hard drive(s). *Id*. Thereafter, "*HealthPlan* must comply with the protective order on the selection of a technical or damage expert." Sanctions Order, p8. (emphasis added) Upon selection by HealthPlan of a suitable expert, Mr. Dixit's counsel was to permit inspection by HealthPlan's expert. *Id*. at 7.

The Sanctions Order is fully consistent with the Court's directive at the Oct. 16 hearing, which Rak Dixit expressly agreed to:

> Court: Let's not do anything else to [the laptop], let's leave it pristine, and then it will be transferred to Mr. Deese so that once Mr. Fernandez has gone through what he needs to go through to have the vendor approved, then *he can have the vendor take the hard drive*.
>
> Rak Dixit: Very good.

Oct. 16, 2019 Hr'g Tr., ECF No. ___, 88:10-15. The Court also directed HealthPlan's counsel as follows: "At this point, let's get the hard drive, you can start the approval process for *your forensic experts*, *they can review it, they can determine what in fact occurred, what's available*." *Id*. at 89:18-20. (emphasis added).

As a reminder, the Protective Order contains a very straight-forward process for selecting experts. (Dkt. 104 at pp. 7-8.) The Protective Order states that the parties "may not disclose Confidential, Highly Confidential -Attorney's Eyes Only, or Highly Confidential - Computer Code information to a technical or damages expert or consultant… until the party proposing to make the disclosure serves certain disclosures on the designating party." *Id*. "If the designating Person has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten (10) calendar days after service of the identification." *Id*.

### B. Waived Objections And Arguments

Arguments that could have been raised in briefing or oral arguments but were not are waived. *Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 U.S. Dist. LEXIS 75959, at *3 (S.D. Fla. May 30, 2013) ("The Defendants may not present arguments, lose, and then say, 'wait, actually, here's another reason . . . .' The parties' arguments should not

be moving targets, like clay pigeons, that the Court is forced to repeatedly chase after and shoot down."); *Valley Health Sys., LLC v. Eighth Judicial Dist. Court of Nev.*, 252 P.3d 676, 679-80 (Nev. 2011) (refusing to consider new arguments raised in objection to a discovery commissioner's report and recommendation that could have been raised before the discovery commissioner but were not).

### C. Rule 37 Sanctions And Attorneys' Fees For Failure To Obey Court Orders

A court may award sanctions pursuant to its inherent authority. *People for the Ethical Treatment of Animals v. Dade City's Wild Things*, 2018 U.S. Dist. LEXIS 8761, at *2 (M.D. Fla., Jan. 19, 2018). "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted).

Federal Rule of Civil Procedure 37 provides that a court shall award sanctions, including expenses incurred as a result of filing a discovery motion, if the party's failure to comply with its discovery obligations is not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C); *see, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048-49 (11th Cir. 1994) (imposing monetary sanctions against party and its counsel for failure to obey a discovery order). Sanctions may be imposed for noncompliance with a court order even without a showing of willfulness or bad faith on the part of the disobedient party. *See BankAtlantic*, 12 F.3d at 1049 (only when a court imposes the most severe sanctions is a finding of willfulness or bad faith failure to comply necessary).

Courts enjoy broad discretion to fashion appropriate sanctions for discovery order

violations. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Among the sanctions options available under Rule 37, courts may treat as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A).

### III. THE DIXIT DEFENDANTS' NON-STOP DISCOVERY ABUSES WARRANT IMPOSITION OF SEVERE SANCTIONS AND AN ORDER TO SHOW CAUSE

#### A. The Dixit Defendants' Violation Of The Sanctions Order Granting Immediate Inspection Of The Kutsomarkos Laptop

The Sanctions Order requires Dixit Defendants to *immediately* produce the Kutsomarkos laptop and associated hard drives for inspection. ECF 200, p7. More than a month after the Sanctions Order, Dixit Defendants refuse to even schedule an inspection. To excuse their flagrant violation of the Sanctions Order, they raise new objections and arguments that were long ago waived and are, in any event, baseless.

##### 1. Dixit Defendants' Waived Objections to Inspection

The Doctrine of Waiver prohibits a party losing a motion from raising arguments that they could have raised before the order but did not. *Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 U.S. Dist. LEXIS 75959, at *3 (S.D. Fla. May 30, 2013) ("The Defendants may not present arguments, lose, and then say, 'wait, actually, here's another reason . . . .' The parties' arguments should not be moving targets, like clay pigeons, that the Court is forced to repeatedly chase after and shoot down.") This is precisely what the Dixit Defendants now attempt.

The Dixit Defendants refuse to comply with the Court-ordered inspection based on new arguments of relevance and confidentiality. These objections and arguments were never raised in the Notice of Discovery Issues, ECF Nos. 191 or 193. Nor were they raised at the Oct. 16

hearing concerning these issues. That is, over the course of briefing and oral arguments, the Dixit Defendants' counsel did not raise a single objection or argument regarding the inspection process. In fact, far from objecting to the inspection, the Dixit Defendants expressly acceded to it. Rak Dixit himself stated under oath that the process was "Very good." Oct. 16, 2019 Hr'g Tr., ECF No. ___, 88:15. The Dixit Defendants cannot now, after losing, say, "wait, actually, here's another reason…." *Id.*

Regardless, the relevance objection is absurd and made in bad faith. Rak Dixit himself conceded that the laptop is likely to contain a "gold mine" of relevant documents. Custodian Deposition of Rakesh Dixit dated September 11, 2019, 36:15-22, Notice of Discovery Issues, ECF No. 191, Plaintiff's Exhibit G. Moreover, information garnered from the forensic inspection is calculated to determine what documents exist on the laptop, what documents may have been deleted, when and by whom, among other valuable information. *See* Notice of Discovery Issues, ECF No. 191, 10-11. This is far from irrelevant to the apparent spoliation efforts to the defendants-in-suit.

The confidentiality objection is equally specious. First, HealthPlan has offered to designate all information on the laptop as "Highly Confidential--Attorneys' Eyes Only" pursuant to the protective order, ECF No. 104. This cures any argument regarding confidentiality. Second, the documents on the laptop are not even the property of Rak Dixit, but rather were in the custody and control of Feron Kutsomarkos until the sudden and recent transfer of the laptop. The notion that Rak Dixit has a claim to the confidentiality of the contents of the laptop is false, and amounts to yet another excuse for not complying with the Sanctions Order.

### 2. Dixit Defendants' Frivolous, Blanket Objection To All Forensic Experts Selected By HealthPlan And Other Efforts To Delay And Derail Inspection

In accordance with the Sanctions Order, on Oct. 30, 2019, HealthPlan duly identified Eric Russel Brown, a highly qualified forensic expert employed by Epiq, a national e-discovery vendor. *See* Exhibit 1. Pursuant to the protective order, HealthPlan provided Dixit Defendants with Mr. Brown's *curriculum vitae* and the executed "Acknowledgement and Order to Be Bound By Protective Order." *Id*. The Dixit Defendants responded with a one-liner written objection to Mr. Brown. *See* Johnny Hightower Email of Nov. 8, 2019, Exhibit 2. Dixit Defendants provided no good cause for their objection, as required by the protective order. In fact, Dixit Defendants take no issue with Mr. Brown's qualifications as an expert and identified no conflict regarding Mr. Brown's work history.

Rather, to delay and derail inspection, Dixit Defendants verbally asserted a blanket objection: *any and all* forensic experts that HealthPlan selects and hires are necessarily biased, and thus unfit to conduct the ordered inspection. As a threshold matter, this argument was never raised in briefing or the October 16 hearing, and thus was waived. *See Manno* at *3. Further, the Court made clear throughout the Sanctions Order and at the October 16 hearing that it was HealthPlan's expert that would be performing the inspection. *See supra*, Section II.A. Thus, far from a "good cause" objection as required by the protective order, p8, their blanket objection violates the spirit and letter of the Sanctions Order granting *HealthPlan* an *immediate inspection* of the laptop. It also violates the Court's unambiguous directive to have HealthPlan's vendor "take the hard drive." Oct. 16, 2019 Hr'g Tr., ECF No. ___, 88:14.

In yet another effort to delay and derail HealthPlan's inspection, the Dixit Defendants

demand to supplant the Court-ordered process with an ineffectual document review conducted by themselves. Specifically, the Dixit Defendants demand a process whereby *the Dixit Defendants*: (i) use a *jointly* selected expert to image the laptop; (ii) maintain the image of the laptop and review it themselves; and (iii) produce any responsive documents that were not previously produced. This process, of course, violates the Sanctions Order and the Court's instructions at the Oct. 16 hearing. Of critical importance, the Dixit Defendants' process destroys the integrity of the ordered forensic evaluation and, not by coincidence, affords the Dixit Defendants an unrestricted opportunity to cover up spoliation and continue withholding documents.

The bottom line is that the Dixit Defendants' objections and arguments are waived, baseless, and calculated to obstruct HealthPlan from the Court-ordered immediate inspection of the Kutsomarkos laptop and related hard drives.

### 3. Dixit Defendants' Refusal To Schedule Inspection Substantially Harms HealthPlan

The Dixit Defendants' refusals to produce the Kutsomarkos laptop and associated hard drives is harming HealthPlan. By delaying the ordered inspection, the Dixit Defendants continue to waste weeks and months crucial to HealthPlan's discovery. Additionally, the Dixit Defendants' brazen refusal to comply with the Sanctions Order may well be a continuing attempt to cover up spoliation. Thus, the Dixit Defendants' are depriving HealthPlan of evidence confirming or refuting their and/or the Kutsomarkos Defendants' spoliation by withholding the underlying evidence itself. Further, still, in keeping with their strategy from the inception of this case, Dixit Defendants are forcing HealthPlan to spend massive resources to acquire that which Dixit Defendants know HealthPlan has entitlement to. Here, the laptop

inspection issue was briefed, argued and ruled upon at great expense to HealthPlan. Forcing HealthPlan to re-litigate this issue needlessly wastes HealthPlan's and this Court's limited resources. Such harms are calculated, and willful, and will not stop without Court intervention. Finally, Defendants have brazenly stated that they will not pay the Court's sanction orders, so they appear to be undeterred by previous sanctions.

### B. Dixit Defendants' Willful Violations Of The Sanctions Order As Well As Their Unbroken History Of Discovery Abuses Warrants Additional Sanctions And An Order To Show Cause

This is the *third* sanctions motion that Dixit Defendants have forced HealthPlan to file as a result of Dixit Defendants' discovery misconduct. At this stage of litigation, Rak Dixit concedes that he *should* know better:

> R. Dixit: I know that I'm the big boy here and you're just punishing me because I should know better.
>
> Court: There you go. Exactly. Exactly.

Oct. 16 H'g Tr., ECF No. ___, 92:4-8. Unfortunately, while he knows what he *should* do, he does not do it. In this instance, the Dixit Defendants are their using attorneys to withhold the Kutsomarkos laptop from inspection through obviously frivolous arguments, thus promulgating the contempt showed by the Dixit Defendants.

Under Rule 37, it is incumbent on the Court to force Dixit Defendants' compliance with the federal rules and Court Orders, including the Sanctions Order. To purge Dixit Defendants contempt, HealthPlan moves the Court to order the immediate hand-over of the Kutsomarkos laptop and associated hard drives to HealthPlan's designated expert for a full forensic inspection. Given the history of violating this Court's orders and the lack of any justification for their contemptuous refusal to produce the laptop for inspection, HealthPlan

further moves for an order that Dixit Defendants and their attorneys show cause why they should not be held in contempt. Likewise, HealthPlan moves for a jury instruction that the Dixit Defendants have engaged in bad faith litigation misconduct by violating this Court's Sanctions Order. Further, HealthPlan seeks a finding of litigation misconduct to be considered as part of a fee award at the conclusion of this case. Further still, HealthPlan seeks an immediate award of its attorneys' fees and costs incurred in connection with this motion.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting HealthPlan's present motion for sanctions and an order to show cause why Dixit Defendants and their attorneys should not be held in contempt.

### Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with counsel for Dixit Defendants on at least two occasions regarding the relief sought in this motion and they oppose said relief.

Dated: November 19, 2019

Respectfully Submitted,

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone: (813) 275-5020
Facsimile: (813) 275-5021

>Andrew J. Avsec
>(IL ARDC No. 6292313)
>*Admitted Pro Hac Vice*
>William H. Frankel
>(IL ARDC No. 3127933)
>*Admitted Pro Hac Vice*
>**BRINKS GILSON & LIONE**
>NBC Tower, Suite 3600
>455 N. Cityfront Plaza Drive
>Chicago, Illinois 60611
>aavsec@brinksgilson.com
>wfrankel@brinksgilson.com
>Telephone: (312) 321-4200
>Facsimile: (312) 321-4299
>
>Evi T. Christou (D.C. Bar No.1600066)
>*Admitted Pro Hac Vice*
>echristou@brinksgilson.com
>**BRINKS GILSON & LIONE, P.C.**
>1775 Pennsylvania Avenue, NW
>Suite 900
>Washington, DC 20006
>Telephone No. (202) 296-6923
>Facsimile No. (202) 296-8701
>
>*Attorneys for Plaintiff*
>*HealthPlan Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 19, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

>*/s/ Alejandro J. Fernandez*
>Alejandro J. Fernandez (FBN: 32221)
>Stephen J. Leahu (FBN: 0054037)
>**BRINKS GILSON & LIONE**
>SunTrust Financial Centre, Suite 3500

                    401 E. Jackson Street
Tampa, FL  33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone:  (813) 275-5020
Facsimile:  (813) 275-5021