# Exhibit 1

| | |
|---|---|
| **From:** | Fernandez, Alex |
| **To:** | Dustin Deese; Johnny Hightower |
| **Cc:** | HPSv.Dixit et al Litigation Group |
| **Subject:** | Forensics Expert Disclosure |
| **Date:** | Wednesday, October 30, 2019 1:12:58 PM |
| **Attachments:** | Russel Brown CV 2019.pdf |
| | EPIQ Protective Order - Reviewed and Approved by EPIQ Legal Counsel 20191030.pdf |

Counsel:

Attached is the forensic expert we're disclosing in connection with the laptop collection, together with his executed Appendix A agreement.  Thanks.

Best,
Alex

**Alejandro J. Fernandez**
Shareholder
Board Certified in Intellectual Property
813.275.5022 **|** Direct
813.420.8658 **|** Mobile
afernandez@brinksgilson.com
www.brinksgilson.com
**BRINKS GILSON & LIONE**
SunTrust Financial Centre - Suite 3500 **|** 401 East Jackson Street **|** Tampa, FL 33602



**Please Note:** This message is intended for the individual or entity named above and may constitute a privileged and confidential communication. If you are not the intended recipient, please do not read, copy, use, or disclose this message. Please notify the sender by replying to this message, and then delete the message from your system. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HEALTHPLAN SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAKESH DIXIT, ET AL.<br><br>Defendants. | Case No. 8:18-CV-02608-~~SDM-AAS~~ -T-23AAS |

## PROTECTIVE ORDER

This protective order ("Order") is entered on the date noted below, and effective as of November 1, 2018 ("Effective Date").

1.  The Parties have represented that they, and potentially third parties, will be producing documents and providing testimony and other information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.  Definitions:

    a.  "Party" means a named party in this case. "Person" means an individual or an entity. "Recipient" means a Person who receives information via the discovery process in this case.

    b.  "Litigation" means the above captioned case, Healthplan Services, Inc. v. Rakesh Dixit, an individual, Feron Kutsomarkos, an individual, E-Integrate, Inc., a Florida corporation, Knowmentum, Inc., a Florida corporation, and Media Shark Productions, a

1

Florida corporation, pending in the United States District Court for the Middle District of Florida, Tampa Division, and any related actions or appeals therefrom.

    c.    "Confidential" information is information concerning a Party's or a Person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that Party's or Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.  Confidential Information further includes personally sensitive information protected by state and federal law, regulation or rule.

    d.    "Highly Confidential – Attorney's Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that constitutes business or technical trade secrets or plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that Party's or Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court, including particularly sensitive confidential information that a Party or Person believes in good faith cannot be disclosed to a Recipient without threat of injury because such information contains trade secret or other proprietary or commercially sensitive information.

    e.    "Highly Confidential – Computer Code" information is any source code (including comments contained therein), human-readable programming language text that defines software, firmware, or electronic hardware descriptions, object code, Register Transfer Level ("RTL") files, Hardware Description Language ("HDL") files, or other hardware description language, live data (i.e. data as it exists residing in a database or databases), or pseudo-source-code (i.e., a notation resembling a programming language but not intended for

2

actual compilation, which usually combines some of the structure of a programming language with an informal natural-language description of the computations to be carried out) the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court.

f. Information is not Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code if it is disclosed in a printed publication, is lawfully within the public domain, was known to the Recipient without obligation of confidentiality before the designating Party or Person disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order or other obligation.

3. <u>Designation of Information as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code:</u>

a. A designation of information as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code means that the Party or Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A document or thing is designated as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code when it is clearly and prominently marked or otherwise designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – COMPUTER CODE." A Party or Person may make documents or things containing Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information available for inspection and copying without designating them as confidential without forfeiting a claim of confidentiality, so long as the designating Party or

3

Person causes copies of the documents or things to be marked as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code at the time they are provided to the Recipient.

 c. A Party or Person designates information in deposition testimony as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code by stating on the record at the deposition that the information is Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code or by advising the opposing Party and the stenographer and videographer in writing, within twenty-one (21) calendar days after receipt of the final deposition transcript, that the information is Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code. All deposition testimony will be treated as Highly Confidential – Attorney's Eyes Only until the expiration of the 21-day period for designation of confidentiality. If a Person present at a deposition is not authorized under this Protective Order to receive Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information to be disclosed by counsel or the witness at the deposition under the terms of this Protective Order, that Person shall leave the deposition room while such information is being disclosed or used during the deposition.

 d. A Party's or Person's failure to designate information as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code at the time of production or within the 21-day deposition designation period does not constitute forfeiture of a claim of confidentiality as to any information, document, thing, interrogatory answer, admission, pleading or testimony so long as such designation is made in a timely manner once

the Party or Person realizes and reasonably determines that such designation is appropriate.

e. A Person who has designated information as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code may withdraw the designation by written notification to all Parties in the case.

f. If a Party disputes a designation of information as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code, the Party shall notify the Party or Person that designated the information as confidential. The written notice shall provide the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and propose a new designation for such materials. The Party and the designating Party or Person shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied twenty-one (21) calendar days after notice of the dispute, unless within that 21-day period, the designating Party or Person files a motion with the Court to maintain the original designation. The designating Party or Person bears the burden of proving that the information is properly designated as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code. The information shall remain subject to the original designation until the Court rules on the dispute. A Party's failure to contest a designation of information as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code is not an admission that the information was properly designated as such, nor is a Party under any obligation to challenge designations within a set period of time after production.

4. <u>Use and Disclosure of Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential –Computer Code information:</u>

5

  a. Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information may be used only in connection with the Litigation, and not for any other purpose, including any proceedings before the United States Patent and Trademark Office and/or any foreign proceedings.

  b. Control and distribution of all information protected by this Protective Order shall be the responsibility of the attorneys of record and any Party or Person having possession, custody, or control of such information pursuant to this Protective Order.

  c. Absent written permission from the designating Party or Person, or further Order by the Court, the Recipient may not disclose Confidential information to any Person other than the following: (i) a Recipient Party's outside litigation counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) in-house counsel of a Party whose primary job responsibility is to handle legal matters for the Party; (iii) no more than two (2) employees of a Party directly involved in the Litigation and whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) stenographers and/or videographers, and personnel assisting the stenographers and/or videographers; (v) experts, consultants, including trial consultants and survey or mock jury participants, and their respective staffs; (vi) the Court and personnel assisting the Court; (vii) entities selected by the disclosing party and retained by the Recipient for the purpose of document hosting and processing; and (viii) any other person with the prior written consent of the designating Person. Prior to disclosing information subject to this Protective Order to any Person identified in categories 4(c)(ii), (iii), (v), (vii), and (viii) above, and subject to the further conditions identified in 4(e) below, the Person must review the Protective Order and agree to

6

be bound by the provisions of the Protective Order by signing a copy of Appendix A, which signature shall be maintained by counsel for the Recipient. Notwithstanding the foregoing, Persons identified in categories 4(c)(ii) and (iii) may only have access to the following categories of Confidential Information: (a) Confidential Information either already filed under seal with the Court or included for review with draft pleadings prepared by Persons in category 4(c)(i), (b) Confidential Information contained in expert reports, and (c) Confidential Information disclosed in written discovery responses, including any mandatory disclosures such as infringement and invalidity contentions.

   d.  Absent written permission from the designating Party or Person or further order by the Court, the Recipient may not disclose Highly Confidential – Attorney's Eyes Only information to any Person other than those identified in paragraph 4(c)(i), (iv), (v), (vi), (vii), and (viii). Prior to disclosing information subject to this Protective Order to any Person identified in categories 4(c) (v), (vii) and (viii) above, and subject to the further conditions identified in 4(e) below, the Person must review the Protective Order and agree to be bound by the provisions of the Protective Order by signing a copy of Appendix A, which signature shall be maintained by counsel for the Recipient. Further, absent written permission from the designating Party or Person, or further order by the Court, the Recipient may not disclose Highly Confidential – Computer Code information to any Person other than those identified in paragraph 4(c)(iv), (v), (vi), (vii), and (viii).

   e.  A Party may not disclose Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information to a technical or damages expert or consultant pursuant to paragraph 4(c) or 4(d) of this Protective Order until the Party

7

proposing to make the disclosure serves the designating Person with a written identification of the technical or damages expert or consultant along with a copy of his or her curriculum vitae that sets forth the full name of the expert or consultant and the city and state of his or her primary residence, the expert's or consultant's current employer(s), each Person or entity from whom the expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and identifies (by name and number of the case, filing date, and location of court) any litigation in which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If the designating Person has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten (10) calendar days after service of the identification. Unless the Parties resolve the dispute within ten (10) calendar days after service of the objection, the designating Person must move the Court promptly for a ruling, and the Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information may not be disclosed to the expert or consultant without the Court's approval.

   f.  Notwithstanding paragraphs 4(a), (c), (d), and (e), information subject to this Protective Order may be disclosed on a confidential basis and only for purposes of the Litigation to: (i) any employee of the designating Party or Person who had access to the information as part of the ordinary course of his or her employment; (ii) the author of the

information; and (iii) any Person, whether or not affiliated with the designating Party, who is identified in the document as a recipient of the information.

g.  A Party who wishes to disclose Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information to a Person not authorized under paragraph 4(c), (d), (e), or (f) must first make a reasonable attempt to obtain the designating Person's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

5.  <u>Highly Confidential – Computer Code information</u>: Human-readable computer program code files and object code, as well as hardware may be made available only for inspection, not produced, as provided for in a separate Order regarding the inspection of computer code to be entered into by the Parties, and shall be designated as "Highly Confidential – Computer Code."

6.  <u>Inadvertent Disclosure</u>: Inadvertent disclosures of information protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. Information unintentionally produced or disclosed without designation as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the Recipient.

7.  <u>Filing Under Seal With The Court</u>:

a.  This Protective Order does not, by itself, authorize the filing of any document under seal. No party shall file a document under seal without first having obtained an order

9

granting leave to file under seal on a showing of particularized need. A Party wishing to file under seal a document containing information it has designated as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code, the Party must move the Court, consistent with Local Rules of the Court for permission to file the document under seal.

  b.  If a Party wishes to file in the public record a document that another producer has designated as Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code, the Party shall provide at least five (5) business days advance written notice to the producer of the document so that the producer may move the Court to require that the document be filed under seal. If within five (5) business days of receiving such notice the producer moves the Court for permission for the document to be filed under seal, the Party wishing to file the document shall file the document under seal unless the Court denies the producer's motion prior to the time that the document is filed. The producer of the document shall also within the aforementioned five (5) business day period provide the Party with a public-record version of the document that redacts any Confidential, Highly Confidential – Attorney's Eyes Only, Highly Confidential – Computer Code information such that the redacted version of the document may be filed in the public record.

  8.  <u>Document Disposal</u>: Upon the conclusion of the Litigation, each Party must return to the designating Party or Person all documents and copies of documents containing the designating Person's Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential, Highly Confidential –

Attorney's Eyes Only, or Highly Confidential – Computer Code information. Alternatively, the Party may destroy all documents and copies of documents containing Confidential, Highly Confidential – Attorney's Eyes Only, and Highly Confidential – Computer Code information. The Party returning or destroying Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Protective Order.

9. <u>Effect on Party's Use of Its Own Information</u>: Nothing in this Protective Order shall restrict any Party to the Litigation or its attorneys from disclosing or using, in any manner and for any purpose, its own Confidential, Highly Confidential – Attorney's Eyes Only, or Highly Confidential – Computer Code information.

10. <u>Amendments by the Parties</u>: The Parties may seek to amend this Protective Order by filing a joint stipulation identifying the modification.

11. <u>Survival of Obligations</u>: This Protective Order's obligations regarding Confidential, Highly Confidential – Attorney's Eyes Only, and Highly Confidential – Computer Code information survive the final disposition of the Litigation until a Party agrees otherwise in writing or a court order otherwise directs. "Final disposition," as used in this Protective Order, shall be deemed to be the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time pursuant

11

to applicable law.

Date: May 16, 2019

_____
Amanda Arnold Sansone
United States Magistrate Judge

## APPENDIX A

### ACKNOWLEDGMENT AND ORDER TO BE BOUND
### BY PROTECTIVE ORDER

I, _Aaron Russel Brown_, [print or type full name], of _EPIQ, Two Ravinia Drive, Atlanta Ga. 30346_ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was entered by the parties in the case of Healthplan Services, Inc. v. Rakesh Dixit, an individual, Feron Kutsomarkos, an individual, E-Integrate, Inc., a Florida corporation, Knowmentum, Inc., a Florida corporation, and Media Shark Productions, a Florida corporation, pending in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:18-cv-02608-SDM-AAS. I agree to comply with and be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

This _30_ day of _October_, 2019.

_____
Signature

13



# Russel Brown
*Senior Forensic Consultant, Forensics and Collections*



Russel Brown is a Senior Forensic Consultant with Epiq, and he has over 20 years Information Technology experience, combined with 15 years of computer forensic experience. He has worked with numerous Fortune 500 companies regarding matters of fraud, corporate malfeasance, accounting irregularities and IP theft. He has been involved in major e-Discovery projects at all levels to provide both investigative, collection, consultation, and litigation support services to clients.  Russel has extensive experience managing large, complex forensic projects. He has testified as an expert in both state and Federal courts on numerous occasions.  Mr. Brown has attended over 800 hours of formal digital forensic, investigative, and e-Discovery training.

Prior to Epiq, Mr. Brown was the Director of Computer Forensics at Global Legal Discovery.  In this role at Global, he was responsible for the day to day operations involving computer forensic identification, preservation, analysis, production and presentation of findings to Global's clientele. Russel was also responsible for the design and construction of a forensic and evidence laboratory used in the acquisition, processing and storage of all types of ESI evidence.  Mr. Brown also worked for KPMG as a Senior Forensic Examiner supporting investigative efforts of corporate financial audits and compliance to SAS 99 and Sarbanes Oxley requirements and regulations.

Mr. Brown also served as the Vice President, CFO and Director of Forensics at Computel Inc., which he founded. in 1994.  Computel was originally as an IT consulting company, and provided IT and telecommunications services to a wide variety of companies requiring central office telecommunications management, and long distance carrier based technology. Russel was responsible for the design, installation and programming of the central office telecommunications switch and supporting systems, as well as investigative operations, including call trace analysis through telecom systems in support of subpoenas served to the supported telecom companies.  Computel transitioned to litigation forensic support services, and Mr. Brown provided investigative and forensic consulting and analysis for large, complex cases.  Mr. Brown has worked on numerous high-profile cases, including the Enron and WorldCom matters.

**CONTACT INFORMATION**

**EPIQ**
Two Ravinia Drive
Suite 850
Atlanta, GA 30346

+1 770 317 2656 mobile
Russel.Brown@epiqglobal.com

[www.epiqglobal.com](www.epiqglobal.com)



Mr. Brown and Computel have also collaborated with outside investigative firms, including the Pinkerton Agency, to provide procedural methodology, technology design and forensic electronic data support in multiple large-scale fraud matters

## TESTIMONY

Mr. Brown has prepared expert digital forensic analysis reports, and provided both written and oral expert testimony in state and Federal courts.

He has provided expert testimony in the following matters:

- **Deposition** - Expert Testimony in United States District Court Northern District of Georgia involving case #s 1:10-CV-848-HTW, 1:10-CV-2174-HTW and 1:10-CV-2173-HTW (April 2012)
- **Oral Court Testimony** – State of Georgia Superior Court of Chatham County Civil Action File No. DR11-0116-FR (May 2012)
- **Written Affidavit** - Sixteenth Judicial Circuit Court of Jackson County Missouri in Civil Action File No. 1216-CV13048 (June 2013)
- **Written Affidavit** - Superior Court of Cobb County in the State of Georgia in Civil Action File No.: 13-1-4783-51 (June 2013)
- **Written Affidavit** - Superior Court of Muscogee County in the State of Georgia in Civil Action File No.: SU10CV2025-F (July 2013)
- **Deposition** - Expert Testimony in the Superior Court of COBB COUNTY, State of Georgia for defense involving case # 10-1-526-35 (August 2013)
- **Deposition** – Expert Testimony in the Superior Court of MUSCOGEE COUNTY, State of Georgia for Plaintiff involving case # SU-10-CV-2025-F (August 2013)
- **Written Affidavit** - Superior Court of Muscogee County in the State of Georgia in Civil Action File No.: SU10CV2025-F (August 2013)
- **Deposition** - Expert Testimony in the Superior Court of MUSCOGEE COUNTY, State of Georgia for Plaintiff involving case # SU-10-CV-2025-F (September 2013)
- **Deposition** - Expert Testimony in the Superior Court of COBB COUNTY, State of Georgia for defense involving case # 10-1-526-35 (February 2014)
- **Oral Court Testimony** - Cobb County Superior Court Civil Case No. 10-1-526-35 (May 2014)
- **Third Party Independent Expert** - Superior Court of Fulton County Special Master for civil action no. 2016CV275981 (2016 - 2017)

## CERTIFICATIONS

Mr. Brown holds the following certifications:

- Cellebrite Certified Physical Analyst (CCPA)
- Cellebrite Certified Operator (CCO)
- Guidance Software EnCase Certified Examiner (EnCE)
- Microsoft Certified Systems Engineer: (MCSE)
- Microsoft Certified Professional (MCP)



# EDUCATION

**Master of Business Administration** - Business - American Intercontinental University, 2006

**Bachelor of Science** - Information Technology - University of Phoenix, 2004

**Associate Degree** - Mechanical Engineering - Middle Georgia College, 1981

**Associate Degree** –Physics – Middle Georgia College - 1981


# RELEVANT CAREER HISTORY

**EPIQ**
Senior Forensic Consultant  2017- Present

**DTI**
Senior Forensic Consultant  2015-2017

**GLOBAL LEGAL DISCOVERY**
Senior Forensic Consultant  2011-2015

**KPMG**
Senior Forensic Consultant  2006-2008

**COMPUTEL, INC.**
Vice President  1994-2015


# RELEVANT TRAINING

- "X-Ways Forensics", X-Ways (2017)
- "Cellebrite Certified Operator (CCLO)", Cellebrite (2016)
- "Cellebrite Certified Physical Analyst (CCPA)", Cellebrite (2016)
- "Drug & DUI Investigations", GAPPI (2016)
- "Ethics & State Board Update", GAPPI (2016)
- "Homeland Security – Behavioral Detection", GAPPI (2016)
- "Digital Forensic Principles for First Responders", GAPPI (2016)
- "Legal Matters for Investigators", GAPPI (2016)
- "Nuts & Bolts Clinical Testing", GAPPI (2015)
- "Drones in the Private Investigation Business", GAPPI (2015)
- "Conducting use of Force Investigations", GAPPI (2015)
- "Adult Crime Investigations", GAPPI (2015)
- "Building Blocks for an Ethical Business", GAPPI (2015)
- "Identifying Lies & Missing Information with Statement Analysis", GAPPI (2015)
- "ACE Prep & Certification", ADUC (2014)



- "IP Theft (In House to Courtroom)", ADUC (2014)
- "Case Strategy (Summation & EDiscovery)", ADUC (2014)
- "IOS Collections & Analysis (Bypassing Encryption)", ADUC (2014)
- "There & Back (FTK >> Summation)", ADUC (2014)
- "Data Processing (Summation)", ADUC (2014)
- "Social Media Forensics", ADUC (2014)
- "Macintosh Forensics", ADUC (2014)
- "Google Forensics", AIS Inc. (2013)
- "Corporate Investigations", AIS Inc. (2013)
- "Malware Analysis", CEIC 2013
- "NTFS Logfile Forensics", CEIC 2013
- "Examining Volume Shadow Copies", CEIC 2013
- "Incident Response Investigations", CEIC 2013
- "Custom Analysis EnCase 7", CEIC 2013
- "MAC OSX Forensics", CEIC 2013
- "Memory Forensics", CEIC 2013
- "Certified Cellebrite UFED Physical Examiner Course", Cellebrite 2012
- "Certified Cellebrite UFED Mobile Device Examiner Course", Cellebrite 2012
- "Rules, Laws & Ethics", SEIC 2011
- "Practical Spy Tools", SEIC 2011
- "Internet Crimes Against Children", SEIC 2011
- "Electronic Bug Detection", SEIC 2011
- "Identity Theft", SEIC 2011
- "The Three Faces of Polygraphs", SEIC 2011
- "Firearm Forensics", SEIC 2011
- "Georgia Open Records Act", SEIC 2011

## PROFESSIONAL ASSOCIATIONS

- Georgia Association of Professional Private Investigators (GAPPI)
- Association of Certified Fraud Examiners (ACFE)
- The American Society of Digital Forensics & eDiscovery (ASDFED)