**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |  |
|---|---|---|
| HEALTHPLAN SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 8:18-cv-2608-T-23AAS |
| | ) | |
| RAKESH DIXIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION**
**TO HEALTHPLAN SERVICES, INC.'S**
**MOTION FOR SPECIFIC FEES AND COSTS [Doc. 206]**

Defendants, Rakesh Dixit, KnowMentum, Inc., and Media Shark Productions, Inc. (collectively "Defendants"), respond in opposition to Plaintiff HealthPlan Services, Inc.'s Motion for Specific Fees and Costs [Doc. 206] (the "Motion"), as laid out below.

**The Amount of Fees Awarded Should Exclude All Work Related to Seeking Amendment of the Responses to the Requests for Production.**

HealthPlan Services, Inc. ("HPS") misled the Court with erroneous statements in the Joint Notice of Discovery Issues [Doc. 123] filed July 22, 2019 ("July Notice"). In the July Notice, HPS represented that Defendants never amended their responses to the requests for production served upon them by HPS. This is was simply untrue and a misrepresentation to the Court. Instead, the original responses were served in February 2019 and the amended responses were served May 31, 2019. Indeed, those amended responses specifically amended the individual responses to the very same individual requests identified by HPS in the July Notice. Quite simply, HPS engaged in unnecessary and pointless work related to efforts to

compel these amended responses because they had already been amended according to HPS's demands. Therefore, to award any fees for work related to this issue would be unreasonable and must be excluded from the Court's calculations.

**The Amount of Fees Awarded Should At Most Be Limited to the Rates Approved in the *Gian Biologics* case.**

The Motion refers to *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, as an example of a court finding the rates of HPS's counsel to be reasonable. However, that court found reasonable the rate of $455 an hour for Mr. Fernandez and $350 an hour for Mr. Leahu. As such, the Court in this matter should apply rates no higher than those used in *Gian Biologics*.

**The Amount of Fees Awarded Should Exclude all Work that Related to Shyamie Dixit.**

The billing records at Exhibit 5 of the Motion include work related to dealings with Shyamie Dixit. As this Court knows, Shyamie Dixit does not and did not represent the Defendants at issue in present Motion. Therefore, work related to dealings with Shyamie Dixit have nothing to do with the basis for this Court's award and should be excluded accordingly.

**The Amount of Fees Awarded Should Exclude all Work Reasonably Associated With Normal Discovery.**

The meet and confer efforts related to responses to interrogatories were necessary and important exercises that accompany typical discovery interactions. Those efforts would have been required and would have occurred regardless. Defendants had not violated anything related to the interrogatories at those points in time. As such those efforts should be excluded.

WHEREFORE, Defendants, Rakesh Dixit, KnowMentum, Inc., and Media Shark Productions, Inc., request this honorable Court enter an order limiting the award of attorney's fees and costs consistent with the above exclusions, and for such other relief that is equitable and just.

Dated: November 21, 2019.

Respectfully submitted,

**DUSTIN D. DEESE, P.A.**

*/s/ Dustin D. Deese*
_____
**Dustin D. Deese, Esq.**
Florida Bar No. 634441
Primary: dustin@deeselegal.com
P.O. Box 1720
Dade City, FL 33526
Tel.: 813-517-9732
Fax: 813-574-2664
*Attorney for Rakesh Dixit,*
*KnowMentum, Inc., Media Shark*
*Productions, Inc., and E-Integrate, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2019, a true and accurate copy of this filing was filed via the CM/ECF electronic filing system through which copies are served by email to all counsel of record.

*/s/ Dustin D. Deese*
_____
**Certifying Attorney**