**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| HEALTHPLAN SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 8:18-cv-2608-T-23AAS |
| ) | |
| RAKESH DIXIT, FERON ) | |
| KUTSOMARKOS, E-INTEGRATE, INC., ) | |
| KNOWMENTUM, INC., and MEDIA ) | |
| SHARK PRODUCTIONS, INC. ) | |
| ) | |
| Defendants. | |

**PLAINTIFF HEALTHPLAN SERVICES INC.'S RENEWED MOTIONS FOR SANCTIONS, FEES AND ORDER TO SHOW CAUSE WHY DIXIT DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

Pursuant to Fed. R. Civ. P. 37 and L.R. 3.01(g), and the Court's Order of Oct. 18, 2019, ECF No. 198, Plaintiff HealthPlan Services, Inc. ("HealthPlan"), by and through their undersigned counsel, respectfully moves this Court for sanctions and fees against Defendants Rakesh Dixit, Media Shark Productions, Inc. and Knowmentum, Inc. (collectively, "Dixit Defendants") and an order to show cause, and in support of this motion states as follows:

**I.     INTRODUCTION**

Unfortunately, the Court's formidable warnings, orders and sanctions have not compelled the Dixit Defendants to abide by the Federal Rules of Civil Procedure or cooperate in discovery. Undeterred, they did not supplement initial disclosures, provide promised responses to HealthPlan's document requests and interrogatories, or provide privilege logs. By design, the Dixit Defendants' litigation misconduct has unjustly prevented HealthPlan from

preparing its claims and defenses, needlessly duplicated HealthPlan's legal fees, and wasted nearly a *year* of HealthPlan's time.

HealthPlan's only recourse remains this Court's sanctions power, under this Court's inherent powers and Rule 37.  After a year of the Dixit Defendants' litigation misconduct, multiple granted motions to compel and for sanctions, and protracted months of wasted meet/confer efforts, the only remaining remedies are extreme.  Accordingly, HealthPlan moves for a Court order: (i) requiring a certification of complete compliance with the Order of Oct. 18, 2019, ECF No. 200 ("Sanctions Order"), and in the event of failing to be fully compliant, an entry of default judgment against the Dixit Defendants; (ii) finding litigation misconduct by the Dixit Defendants; (iii) requiring the Dixit Defendants and their attorneys to show cause why they should not be held in contempt; and (iv) requiring that the Dixit Defendants immediately, jointly and severally, pay HealthPlan's fees and expenses incurred in connection with the present motion.

## MEMORANDUM OF LAW

### II.    STANDARD OF LAW

#### A.  Rule 37 Sanctions And Attorneys' Fees For Failure To Obey Court Orders

A court may award sanctions pursuant to its inherent authority. *People for the Ethical Treatment of Animals v. Dade City's Wild Things*, 2018 U.S. Dist. LEXIS 8761, at *2 (M.D. Fla., Jan. 19, 2018).  "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted).

Federal Rule of Civil Procedure 37 provides that a court shall award sanctions, including expenses incurred as a result of filing a discovery motion, if the party's failure to comply with its discovery obligations is not substantially justified. *See* Fed. R. Civ. P. 37(b)(2)(C); *see, e.g., BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048-49 (11th Cir. 1994) (imposing monetary sanctions against party and its counsel for failure to obey a discovery order). Sanctions may be imposed for noncompliance with a court order even without a showing of willfulness or bad faith on the part of the disobedient party. *See BankAtlantic*, 12 F.3d at 1049 (only when a court imposes the most severe sanctions is a finding of willfulness or bad faith failure to comply necessary).

Courts enjoy broad discretion to fashion appropriate sanctions for discovery order violations. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Among the sanctions options available under Rule 37, courts may treat as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A).

### B. Discovery and Sanctions Order

After extensive briefing and oral arguments, this Court granted numerous discovery motions made by HealthPlan. *See* Order of July 30, 2019, ECF No. 141 ("Discovery Order"). In addition, the Discovery Order required that, no later than noon on Aug. 26, the Dixit Defendants: (i) amend responses to interrogatories (para. 10); (ii) produce a first batch of documents responsive to numerous requests for production (para. 3); and (iii) provide a reasonable timeframe for production of remaining documents (para. 3).

The Dixit Defendants refused to obey the Court's Discovery Order, thus requiring multiple motions for sanctions. *See* Motions for Sanctions, ECF Nos. 168 and 190 ("Sanctions

Motions"). After a lengthy hearing, the Court granted the Sanctions Motions, finding that Dixit Defendants violated the Discovery Order. Sanctions Order, ECF No. 200, para. 2. The Court held that "the Dixit defendants' failure to comply with the July 2019 order … was not substantially justified and other circumstances do not make an award of expenses against the Dixit defendants unjust." *Id*.

Further, the Sanctions Order set forth a strict timeline for compliance with the Discovery Order by the Dixit Defendants. Among other things, the Sanctions Order ordered the Dixit Defendants to amend request for production responses, update initial disclosures, amend interrogatory responses and provide a privilege log by Oct. 30, 2019.

### III. THE DIXIT DEFENDANTS' ESCALATING VIOLATIONS OF THE JULY 30 ORDER AND THE SANCTIONS ORDER REQUIRE SEVERE SANCTIONS

**A. To Feign Compliance With The Discovery Order And The Sanctions Order, Dixit Defendants Re-Served The *Same* Responses To HealthPlan's Requests But Redated Them With A New Caption And Signature Block**

**1. The Dixit Defendants' False Amendments Requires Sanctions**

The Dixit Defendants falsified compliance with the Discovery Order and the Sanctions Order as relates to amending their Responses to HealthPlan's requests for production. That is, rather than amend the responses to discovery requests, the Dixit Defendants' *re-dated* them from May 31 to November 4; *re-captioned* them as "second amended;" and had their lead counsel, Dustin Deese and Johnny Hightower, sign and certify service of the documents. A true and correct copy of the May 31 Amended Responses (*see* Exhibit 1) and the November 4 Second Amended Responses (*see* Exhibit 2) establishes Dixit Defendants' deception. The same is true of Knowmentum's and Media Shark's purportedly amended responses to discovery requests. As to *all* of the Dixit Defendants' second amended responses

to discovery requests, there is *no difference* relative to the previously served May 31 responses. Indeed, the amended responses still include the promise to produce documents by June 17, showing that the Dixit Defendants did not bother to even read the responses.

Immediately upon discovery of the Dixit Defendants' failure to amend, this was raised with counsel for the Dixit Defendants, who represented that they had accidentally served an incorrect, earlier version of the responses and simply had to send the correct "better version." *See* Notice of Discovery Issues, ECF No. 214, p.3. They would do it, they promised, later that day, depending on whether a root canal permitted, or at the latest, the following Monday. Now, after weeks of stalling and follow-up meet/confers and excuses, unquestionably there was never a "better version."

Beyond mere mishaps and oversights, the Dixit Defendants' use of a falsely certified amendment is outrageous, and warrants severe penalties. In addition to violating the Discovery Order and the Sanctions Order by not providing *bona fide* amended responses to HealthPlan's requests for production, the Dixit Defendant's counsel violated Fed. R. Civ. P. 26(g)(3). That is, by signing the responses, they falsely certified that—after reasonable inquiry—the disclosure was "complete and correct at the time it was made." There is no question that the Dixit Defendants' counsel did not undertake any reasonable inquiry or verify that the documents were complete and correct at the time they were made. Quite the contrary, it is evident that they were well aware of the scheme to feign compliance with the Discovery Order and the Sanctions Order.

Such tactics—when taken with the history of evasion and litigation misconduct—warrant severe sanction against the Dixit Defendants and their attorneys.

## 2. The Dixit Defendants' Document Production Is An Unreliable Mess

Under the guise of supplemental productions, the Dixit Defendants' have produced and re-produced the same documents on multiple occasions. Rather than produce *new* documents on a rolling basis as long promised, they have simply taken the productions of co-defendants and produced it as their own, apparently to increase the volume of their production and make it appear they are producing documents. In this way, the Dixit Defendants appear to have simply produced some 300,000+ pages of documents on behalf of Knowmentum, when such documents were already produced by Kutsomarkos and/or E-Integrate. Unfortunately, it is enormously burdensome to determine what is responsive to particular discovery requests because Dixit Defendants have all failed to identify responsive documents on a request-by-request basis, as required by the Rules.

Moreover, all the while, the Dixit Defendants admit they have not even reviewed an entire trove of documents—purportedly too many to house in counsel's office—which are said to be in the custody of Rak Dixit.

Nor have the Dixit Defendants produced documents in native format with all preserved metadata, or TIFF/load files, as required by the Order Regarding Discovery of Electronically Stored Information, ECF No. 105. As to native files or TIFF/load files, the Dixit Defendants maintain they are in the custody of former counsel, Holland & Knight. However, the Dixit Defendants refuse to request Holland & Knight to hand over such documents for review.

This is far from the Dixit Defendants' numerous representations that there would be a rolling production, and itself constitutes another violation of the Discovery Order and the Sanctions Order requiring further sanctions pursuant to Rule 37(b)(2)(A) and (C).

### B. The Dixit Defendants' Refusal To Amend Interrogatory Responses Violates The Discovery Order

#### 1. The Dixit Defendants' Continue Dodging Deadlines

After the October 31 deadline to amend interrogatory responses, the Dixit Defendants repeatedly promised to further amend their interrogatory responses as discussed below. After yet another meet and confer on the issue, the Dixit Defendants committed to "to fully meet all obligations on any pending issues by no later than November 29th." *See* Notice of Discovery Issues, ECF No. 219, p.8. The Dixit Defendants failed to properly amend such interrogatories.

#### 2. The First Amended Responses From The Dixit Defendants Continue To Deprive HealthPlan of Discovery

The Dixit Defendants' amended interrogatory responses remain grossly deficient, and do not comply with the Discovery Order, the Sanctions Order, the Fed. R. Civ. P., or the Dixit Defendants' prior promises to provide full responses.

Among the most egregious examples of non-responsive answers, Rak Dixit drafted a lengthy, non-responsive and barely intelligible ten-page narrative as a response to question 1a. *See* Dixit Defendants First Amended Responses To HealthPlan's Interrogatories ("Dixit Interrogatory Responses"), Exhibit 3, p3-13. He then incorporated by reference the entire ten-page response to question 1a into numerous subsequent subparts of the interrogatories. *See* Dixit Interrogatory Responses, p14, 1b-e. Such subparts call for, among other information, "[t]he name(s), contact information, employment title and development role for each author, developer or programmer of each software, program, tool and device comprising the Pre-Existing Property," as well as extensive additional information crucial to HealthPlan's trade secret and copyright allegations. *Id.* The response incorporated by reference into 1b-e,

however, contains no responsive information as to subparts 1b-e. *Id*. Simply put, each incorporation by reference in 1b-e dodged the interrogatory altogether. The same is true of other sections, which the Dixit Defendants agreed to supplement weeks ago, but have not.

Another egregious example of the Dixit Defendants' failure to properly amend relates to financial interrogatories, which the Dixit Defendants wholesale refuse to answer or provide *any* discovery. Dixit Interrogatory Responses, Exhibit 3, p.21. Rather, they assert a belated objection that was waived. *See* HealthPlan's Second Motion for Sanctions, ECF No. 190, p4 and fn. 2. Even if it was not waived—which it is—the Court already considered and rejected the argument that financial information is not discoverable. Specifically, in May, the Court considered arguments from defendants that they need not produce financial documents of direct and indirect transactions between Rak Dixit, his various sham companies and Feron Kutsomarkos. The Court rejected this argument:

> …if there were payments that were made directly or indirectly from these individuals to her, I think that that would be relevant and appropriately proportional for those documents to be produced.

May 22, 2019 Hr'g Tr. 20:19-23. Even so, the Dixit Defendants have not produced financial records beyond limited tax returns, and have refused to respond to HealthPlan's central interrogatories on this point.

For these, and numerous other deficiencies not cured by the Dixit Defendants, the Dixit Defendants remain in violation of the Discovery Order and the Sanctions Order. The harm caused by the Dixit Defendant's refusal to provide proper interrogatory responses was addressed in HealthPlan's prior motions. *See, e.g.*, HealthPlan's Second Motion for Sanctions, ECF No. 190, p.7.

The Dixit Defendants continue to lack any justification for their *months* of delays, broken stipulations and violations of the Discovery Order and the sanctions Order. Accordingly, pursuant to Rule 37(b)(2)(A) and (C), the Dixit Defendants must be sanctioned for this violation.

### C. The Dixit Defendants Are Violating Multiple Additional Aspects Of The Discovery Order And The Sanctions Order

#### 1. Failure to Supplement Initial Disclosures

The Dixit Defendants have refused to comply with the Court's order to supplement their discovery requests. Rather than comply, they falsely represent that they have no more contact information about any of the individuals identified in their voluminous discovery requests. This is demonstrably false. As one example, the Dixit Defendants are most certainly aware of the contact information for Clyde Fritz, who was recently set for a deposition on November 7, 2019 as a fact expert in the state court litigation, and was set to be deposed at the offices of Shyamie Dixit. *See* Notice of Cancellation, Exhibit 4. Nevertheless, the Dixit Defendants falsely maintain that his information is "unknown at this time." *See*, Dixit's Amended Initial Disclosures, Exhibit 5, p7. Their refusal to provide his contact information in the initial disclosures demonstrates a willful refusal to cooperating in the most basic discovery, let alone the Discovery Order or the Sanctions Order. This continuing violation of the Discovery Order and the Sanctions Order likewise warrants sanctions pursuant to Rule 37(b)(2)(A) and (C), the Dixit Defendants must be sanctioned for this violation. It should likewise be sanctioned pursuant to Rule 26(g) as a false certification of the initial disclosures by Rak Dixit's attorneys.

### 2. Failure to Produce Privilege Logs

The Dixit Defendants raised privilege as an objection to numerous requests for production. *See*, *e.g.,* Dixit Responses to Requests for Production, Exhibit 2, no. 46. Yet they now claim there is no need to produce privilege logs because there are no privileged documents.

### D. Rule 37 Sanctions Should Be Awarded Immediately

For the same reasons detailed in the Second Motion for Sanctions, ECF No. 190, p.9, this Court should award sanctions immediately.

### E. Dixit Defendants' Willful Violations Of The Sanctions Order, The Discovery Order As Well As Their History Of Discovery Abuses, Warrants Findings Of Litigation Misconduct, Adverse Inferences And An Order To Show Cause

The Dixit Defendants are engaged in a brash, deliberate and exceptional abuse of the justice system. From serving falsely certified responses to discovery requests in response to multiple Court orders to withholding all forms of discovery, Rak Dixit and each of the companies he controls, are engaged in widespread litigation abuses. These are not innocent actors. As explained before, Rak Dixit is over-seasoned as a repeat defendant engaged in *years* of lawsuits. Worse, the discovery abuses are all facilitated and executed by a knowing team of attorneys of record in this action, including Rak Dixit's brother, Shyamie Dixit.[1] They should *all* be held accountable for their own parts in abusing the discovery process. Given the present motion and past motions for sanctions renewed herein, HealthPlan moves for findings

---

[1] Not surprisingly, in the face of imminent sanctions and other negative findings, the attorneys for Rak Dixit and his sham companies are now fleeing, attempting to leave only Dustin Deese. *See* Shyamie Dixit Motion to Withdraw, ECF No. 208 and Johnny Hightower Motion to Withdraw, ECF No. 223. Their withdrawal from the case should *not*, however, cut off accountability for their misconduct.

of litigation misconduct and an order to show cause why the Dixit Defendants and their attorneys should not be held in contempt.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting HealthPlan's renewed motions for sanctions and an order to show cause why Dixit Defendants and their attorneys should not be held in contempt.

### Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred multiple times with counsel for Dixit Defendants regarding the relief sought in this motion and they oppose said relief.

Dated:  December 5, 2019                                    Respectfully Submitted,

*/s/ Alejandro J. Fernandez*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**BRINKS GILSON & LIONE**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL  33602
afernandez@brinksgilson.com
sleahu@brinksgilson.com
Telephone:  (813) 275-5020
Facsimile:  (813) 275-5021

Andrew J. Avsec
(IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel
(IL ARDC No. 3127933)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois  60611

12

                                              aavsec@brinksgilson.com
                                              wfrankel@brinksgilson.com
                                              Telephone: (312) 321-4200
                                              Facsimile: (312) 321-4299

                                              Evi T. Christou (D.C. Bar No.1600066)
                                              *Admitted Pro Hac Vice*
                                              echristou@brinksgilson.com
                                              **BRINKS GILSON & LIONE, P.C.**
                                              1775 Pennsylvania Avenue, NW
                                              Suite 900
                                              Washington, DC 20006
                                              Telephone No. (202) 296-6923
                                              Facsimile No. (202) 296-8701

                                              *Attorneys for Plaintiff*
                                              *HealthPlan Services, Inc.*

## **CERTIFICATE OF SERVICE**

       I HEREBY certify that on December 5, 2019, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

                                              */s/ Alejandro J. Fernandez*
                                              Alejandro J. Fernandez (FBN: 32221)
                                              Stephen J. Leahu (FBN: 0054037)
                                              **BRINKS GILSON & LIONE**
                                              SunTrust Financial Centre, Suite 3500
                                              401 E. Jackson Street
                                              Tampa, FL 33602
                                              afernandez@brinksgilson.com
                                              sleahu@brinksgilson.com
                                              Telephone: (813) 275-5020
                                              Facsimile: (813) 275-5021