UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HEALTHPLAN SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 8:18-cv-2608-T-23AAS |
| ) | |
| RAKESH DIXIT, FERON ) | |
| KUTSOMARKOS, E-INTERGRATE, ) | |
| INC., KNOWMENTUM, INC., and ) | |
| MEDIA SHARK PRODUCTIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF HEALTHPLAN
SERVICES, INC.'S MOTION FOR SANCTIONS, FEES AND ORDER
TO SHOW CAUSE WHY DIXIT DEFENDANTS SHOULD NOT BE
HELD IN CONTEMPT OF COURT SANCTIONS ORDER [ECF NO. 200]**

Defendants, Rakesh Dixit, Knowmentum, Inc., and Media Shark Productions, Inc. (collectively "Defendants"), respond in opposition to Plaintiff HealthPlan Services, Inc.'s ("HPS") Motion for Sanctions, Fees and Order to Show Cause Why Dixit Defendants Should Not Be Held in Contempt of Court Sanctions Order [ECF No. 200] (the "Motion"), as laid out below.

**The Real Situation**

The Motion is a brazen attempt to manufacture, inflate, and oversell a fictitious conflict, where instead exists a simple difference of interpretation that would have been resolved cooperatively but for the obstinance of HPS's counsel. Defendants' counsel understood the Court to be ordering merely the forensic imaging of the hard drives at issue for preservation purposes only. Thus, allowing for forensic examination in the future should the need and

justification arise. However, HPS's counsel insisted that the Court had ordered a full forensic examination of the drives without limitation. Defendants' counsel expended all their creative energies attempting to fashion a cooperative solution with HPS's counsel but all these efforts were spurned outright.

A. **Comments of the Court and HPS's Counsel During the October 16th Hearing Directly Lead to the Conclusion that the Drives were to be Forensically Imaged Only, and Preserved Accordingly.**

This Court asked Mr. Fernandez "what do you propose . . . what would be your request?" In response he asked to "have somebody forensically image the laptop and that's it." He went on to say "[a]ll we're doing is creating a forensic image . . ." Indeed, every time Mr. Fernandez attempted to argue further on this front the Court stopped him and exhorted, "[a]t this point let's take what is available."

B. **The Very Different Legal Standards for Ordering Mere Imaging Versus Carte Blanche Examination Supports Defendants' Counsels' Reasonable Understanding of the Court's Order to be for Imaging the Drives Only.**

This very Court reviewed the high standard for forensic examination of a personal device in *Garret v. University of South Florida Board of Trustees*, 2018 WL 4383054 (M.D.Fla. Sept. 14, 2018).

WHEREFORE, Defendants, Rakesh Dixit, KnowMentum, Inc., and Media Shark Productions, Inc., request this honorable Court enter an order:

(i) denying the Motion in its entirety;

(ii) clarifying this Court's Order at Doc. 200;

(iii) and granting such other relief that is equitable and just.

Dated: December 6, 2019.

>Respectfully submitted,
>
>*/s/ Dustin D. Deese*
>**Dustin D. Deese, Esq.**
>Florida Bar No. 634441
>Primary: dustin@deeselegal.com
>Dustin D. Deese, P.A.
>P.O. Box 1720
>Dade City, FL 33526
>Tel.: 813-517-9732
>Fax: 813-574-2664
>*Attorney for Rakesh Dixit, KnowMentum, Inc., Media Shark Productions, Inc., and E-Integrate, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2019, a true and accurate copy of this filing was filed via the CM/ECF electronic filing system through which copies are served by email to all counsel of record.

>*/s/ Dustin D. Deese*
>Attorney