# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,

    Plaintiff,

v.

Case No.: 8:18-cv-2608-T-23AAS

RAKESH DIXIT, FERON KUTSOMARKOS, E-INTEGRATE, INC., KNOWMENTUM, INC., and MEDIA SHARK PRODUCTIONS, INC.,

    Defendants.
_____/

## ORDER

HealthPlan Services, Inc. seeks sanctions and fees against Rakesh Dixit, Media Shark Productions, Inc., and Knowmentum, Inc. (collectively, the Dixit defendants) and an order to show cause why the Dixit defendants should not be held in contempt. (Doc. 218). HealthPlan asks the court to: (i) order the immediate hand-over of Feron Kutsomarkos's laptop and associated hard drives to HealthPlan's designated expert for a full forensic inspection; (ii) order the Dixit defendants and their attorneys to show cause why they should not be held in contempt; (iii) instruct the jury at trial that the Dixit defendants have engaged in bad faith litigation misconduct by violating this court's prior order; and (iv) find the Dixit defendants' litigation misconduct to support a fee award at the end of this case. (Doc. 218, p. 3). Besides HealthPlan's motion for sanctions, the court construes these requests as a

1

motion for the Dixit defendants to comply with this court's order at Doc. 200. The Dixit defendants oppose this motion. (Doc. 229).

At the October 16 hearing, this court granted HealthPlan's oral motion to compel immediate inspection of Ms. Kutsomarkos's laptop in Mr. Rakesh Dixit's possession. (Doc. 200. ¶ 6). The court required Mr. Dixit to turn over the hard drives from Ms. Kutsomarkos's laptop to his attorneys by Saturday October 19. (*Id.* at ¶ 6.b). Mr. Dixit complied, and Mr. Dixit's counsel has the hard drives. (Doc. 201). The court required HealthPlan to comply with the parties' protective order for the selection of the expert. (Doc. 200, ¶ 6.g). HealthPlan identified an expert and gave the Dixit defendants ten days to object as required by the protective order. (Doc. 218, p. 2). Counsel for the Dixit defendants responded by saying "we object to your expert designation in relation to the hard drive matter address in the Order at Doc. 200." (Doc. 218-2).

HealthPlan argues the Dixit defendants must comply with the court's October 16 order (Doc. 200) directing inspection of the hard drives once HealthPlan followed the protocol from the protective order (Doc. 104) for selecting a suitable expert for the laptop examination (Doc. 218, p. 4). HealthPlan asserts it complied with the protective order by disclosing the expert to the Dixit defendants and gave the Dixit defendants ten calendar days to disclose their written objections to the expert. (*Id.* at p. 5). HealthPlan argues the Dixit defendants waived any objections to the laptop inspection. (*Id.* at pp. 5–6). HealthPlan asserts the Dixit defendants did not provide

2

good cause for objecting to HealthPlan's selected expert. (Doc. 218-2). HealthPlan speculates the Dixit defendants' refusal to turn over the hard drive to the expert may be an attempt to cover up spoliation by the Dixit defendants. (Doc. 218, p. 10).

In response, the Dixit defendants argue HealthPlan's comments at the October 16 hearing suggested the drives were only to be forensically imaged. (Doc. 229, p. 2). The Dixit defendants also argue a different legal standard exists for permitting a forensic examination of the hard drives rather than permitting a mere image and cite *Garrett v. University of South Florida Board of Trustees*, No. 8:17-cv-2874-T-23AAS, 2018 WL 4383054 (M.D. Fla. Sept. 14, 2018).

First, at the October 16 hearing, the court asked if HealthPlan wanted to do an "actual forensic search of the laptop." (Doc. 203, p. 79). HealthPlan responded:

> Very simple. We have somebody forensically image the laptop and that's it. They get to keep the laptop. All we're doing is creating a forensic image so that we can evaluate the documents that were produced and ensure that they're properly preserved and that we've received the entirety of the documents that we've requested.

(*Id.* at p. 82). HealthPlan explained why the forensic imaging and subsequent search and review were necessary at the October 16 hearing. (*Id.* at pp. 78–82).

The Dixit defendants' reliance on *Garrett* for the legal standard is misplaced. In *Garrett*, the plaintiff produced the recording sought by the defendant, but the defendant requested a forensic examination to see if there was evidence of an attempt to tamper with the recording. 2018 WL 4383054, at *4. Here, counsel for Ms. Kutsomarkos noted Ms. Kutsomarkos provided pdf versions of documents from the

3

laptop. (Doc. 203, p.79). However, the pdf files scrubbed the metadata from the documents and that metadata should be available on the hard drives. (*Id.* at p. 80). Also, the computer in *Garrett* was a personal computer, but here the computer was Ms. Kutsomarkos's business computer and she gave it to Mr. Dixit, her employer.

Discovery into electronically stored information, including forensic examinations, is subject to the scope of discovery under Rule 26(b). Fed. R. Civ. P. 34(a); *U&I Corp. v. Advanced Medical Design, Inc.*, 251 F.R.D. 667, 672 (M.D. Fla. Mar. 26, 2008). When deciding whether to permit forensic examinations of electronic devices, courts consider the privacy interest of the party whose devices are to be examined. *Bradfield v. Mid-Continent Cas. Co.*, No. 5:13-CV-222-Oc-10PRL, 2014 WL 4626864, at *4 (M.D. Fla. Sept. 15, 2014) (citations omitted); *Valdes v. Greater Naples Fire Rescue Dist.*, No. 2:17-CV-417-FtM-29CM, 2018 WL 4281472, at *6 (M.D. Fla. Sept. 7, 2018). Courts also consider whether the party (whose devices are to be examined) withheld requested discovery; whether the party cannot or will not search for requested discovery; and to extent to which the party complied with past discovery requests. *Bradfield*, 2014 WL 5626864, at *4 (citation omitted).

The Middle District of Florida Discovery Handbook also outlines the limits of electronic discovery. Middle District Discovery (2015) at VII(C). As for forensic examinations, the Handbook states: "Inspection of an opponent's computer system is the exception, not the rule and the creation of forensic image backups of computers should only be sought in exceptional circumstances which warrant the burden and

4

cost." Middle District Discovery 2015 at VII(E).

Since Ms. Kutsomarkos did not correctly comply with prior discovery requests by producing from the laptop incorrectly formatted documents with limited information, the court determined a forensic examination of the laptop was warranted. (Doc. 203, p. 88). Ms. Kutsomarkos also conducted her own search of the emails rather than having an expert or her attorney conduct the search. (*Id.* at p. 80). Also, Mr. Dixit, another defendant, searched and recovered the same files Ms. Kutsomarkos produced in the native format. (*Id.* at p. 79). HealthPlan also conveyed certain documents that should have come from a professional search of the laptop were missing. (*Id.* at p. 81). These factors satisfy exceptional circumstances to warrant a forensic examination. Noting, the cost and burden for the forensic examination is falling on HealthPlan, who wants to confirm everything was turned over to them. (*Id.* at p. 85).

Thus, it is **ORDERED:**

(1) HealthPlan's motion for the Dixit defendants to comply with this court's order (Doc. 218) is **GRANTED.**

(2) HealthPlan's motion for fees, sanctions, a jury instruction, and order to show cause why the Dixit defendants should not be held in contempt of court order (Doc. 218) are **GRANTED** to the extent that the Dixit defendants must pay HealthPlan's reasonable expenses incurred for the meet and confers with the Dixit defendants about this issue and filing

its motion. The Dixit defendants' failure to comply with the October 2019 order at Doc. 200 was not substantially justified and other circumstances do not make an award of expenses against the Dixit defendants unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). HealthPlan's requests for additional sanctions, a jury instruction, and an order to show cause are **DENIED WITHOUT PREJUDICE** pending the forensic examination of the laptop**.** The following timeline must be met:

    a.    HealthPlan and the Dixit defendants are to meet and confer to discuss HealthPlan's reasonable expenses by **Friday January 3, 2020.**

    b.    If the parties cannot agree to reasonable expenses, then HealthPlan's motion for reasonable expenses must be filed with support from affidavits and fee records by **Friday January 10, 2020.**

    c.    The Dixit defendants' response is due by **Friday January 24, 2020.**

(3)    Mr. Deese, lead counsel for the Dixit defendants, must turn over the hard drives to counsel for HealthPlan by **5 pm on Monday December 23, 2019**.

**ORDERED** in Tampa, Florida on December 19, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge