UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,

 Plaintiff,

v.             Case No.: 8:18-cv-2608-T-23AAS

RAKESH DIXIT, FERON
KUTSOMARKOS, E-INTEGRATE,
INC., KNOWMENTUM, INC., and
MEDIA SHARK PRODUCTIONS,
INC.,

 Defendants.
_____/

## ORDER

  HealthPlan Services, Inc. moved for fees, sanctions, and order to show cause because Rakesh Dixit, Media Shark Productions, Inc., and Knowmentum, Inc. (collectively, the Dixit defendants) violated the July 29 discovery order. (Docs. 168, 178). The court granted HealthPlan's motion to the extent that the Dixit defendants must pay HealthPlan's reasonable attorney's fees and costs incurred for following up on the previously order discovery from the July 29 hearing, preparing the two sanctions motions, and adding already resolved discovery issues to the joint notice of discovery disputes. (Doc. 200, ¶ 2). After the parties failed to agree on a reasonable amount of fees and costs, HealthPlan now seeks an award of $54,065.75 in attorney's fees and costs. (Doc. 206). The Dixit defendants oppose the motion. (Doc. 221).

## I. BACKGROUND

HealthPlan sued Rakesh Dixit, Feron Kutsomarkos, E-Integrate, Knowmentum, and Media Shark Productions for misappropriating a trade secret, infringing a copyright, breaching a contract, and violating Florida's Deceptive and Unfair Trade Practices Act. (Doc. 37). The Dixit defendants unsuccessfully moved to dismiss HealthPlan's complaint. (Docs. 49, 76). After the court issued the order denying the Dixit defendants' motion to dismiss, the court held a preliminary pretrial conference and directed the parties to file an updated case management report. (Docs. 107, 109). The parties filed a case management report (Doc. 113), and the court incorporated the report in the Case Management and Scheduling Order (Doc. 116).

Before the June 25 Case Management and Scheduling Order, the court handled various discovery motions between the two parties. (Docs. 103, 104, 105, 106, 119). The discovery disputes continued between the two parties with additional discovery conferences. (Docs. 128, 197). At the July 29 hearing, the court provided an extensive list of discovery issues to be resolved between the parties, specifically HealthPlan and the Dixit defendants. (Doc. 141). However, conflicts continued between HealthPlan and the Dixit defendants, and the court revisited the same discovery issues from the July 29 hearing at the October 16 hearing. (Docs. 191, 193, 200).

HealthPlan moved for sanctions against the Dixit defendants (Docs. 168, 178), which the court granted to the extent that the Dixit defendants must pay the

reasonable attorney's fees and costs associated with following up on discovery from the July 29 hearing, preparing the two sanctions motions, and adding already resolved discovery issues to the joint notice of discovery disputes. (Doc. 200, ¶ 2). The Dixit defendants' failure to comply with the July 29 order was not substantially justified and other circumstances did not make an award of expenses against the Dixit defendants unjust. (*Id.*). The court ordered HealthPlan to submit its motion for attorney's fees and costs. (*Id.* at ¶ 2.a). HealthPlan now seeks an award of $54,065.75 in attorney's fees and costs. (Doc. 206). The Dixit defendants object to the HealthPlan's hourly rate and HealthPlan's number of hours expended. (Doc. 221).

## II. ANALYSIS

HealthPlan now seeks an award of $54,065.75 in attorney's fees and costs:[1]

| Timekeeper | Hours | Rate per Hour | Total |
|---|---|---|---|
| Alejandro Fernandez (Partner/Shareholder) | 58.80 | $605 | $35,574.00 |
| William Frankel (Partner/Shareholder) | 6.65 | $825 | $5,486.25 |
| Evi Christou (Associate) | 34.10 | $355 | $12,105.50 |
| Cindy Lovell (Paralegal) | 1.5 | $265 | $397.50 |
| **Total** | **101.5** | | **$53,563.25** |

---

[1] HealthPlan's motion asks for $54,065.75 in attorney's fees and costs. (Doc. 206). However, HealthPlan's own chart as replicated above puts the total of attorney fees at $53,563.25. (*Id.* at p. 6). HealthPlan then seeks to recover $600 in costs. (*Id.* at p. 10). This would bring the total amount to $54,163.25.

The initial burden of proof that the fee is reasonable falls on HealthPlan, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433; *Norman,* 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.,* 775 F.2d 1565, 1571 (11th Cir. 1985).

Most or all of these factors are subsumed in the calculation of the lodestar:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman,* 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n.

11 (1984). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. Uni. of S. Ala.,* 911 F.2d 604, 610 (11th Cir. 1990).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The court may also use its own expertise and judgment to assess the value of an attorney's services. *Id.* at 1303; *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.,* 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Servs.,* 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). When reducing fees, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice,* 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

The court will address the reasonableness of the hourly rates charged before addressing the reasonableness of the time entries.

5

A.  **Reasonable hourly rate**

The court may decide a reasonable rate based on its own expertise and judgment. *Norman,* 836 F.2d at 1303-04. The court looks to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes,* 168 F.3d at 437; *Cullens v. Ga. Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market is Tampa, Florida.

Three attorneys—William Frankel, Alejandro Fernandez, and Evi Christou—and one paralegal—Cindy Lovell—performed work for HealthPlan. Mr. Frankel, who is a shareholder at Brinks Gilson & Lione, has been practicing law since 1980. He has extensive experience in federal litigation in intellectual property disputes encompassing patent, trademark, copyright, trade secrets, and unfair competition. His hourly rate is $825. Mr. Fernandez, who also is a shareholder at Brinks Gilson & Lione, has been practicing law since 2005. He is a board-certified intellectual property attorney, and his hourly rate is $605. Ms. Christou, who is an associate at Brinks Gilson & Lione, has been practicing law since 2015, and her hourly rate is $355. Finally, Ms. Lovell, who is a paralegal at Brinks Gilson & Lione with decades of intellectual property litigation experience, has a $265 hourly rate.

HealthPlan argues attorneys in highly complex, high-stakes federal cases

command high hourly rates. (Doc. 206, p. 4). HealthPlan points to an award for attorney's fees in *eComSystems, Inc. v. Shared Marketing Servs. Inc, et al.*, Case. No. 8:10-cv-1531-T-33-MAP (M.D. Fla. June 5, 2012) in which the court awarded an hourly rate of $575 in 2011 for a local, board certified intellectual property attorney at GrayRobinson. (Doc. 206, p. 4). HealthPlan also points to an award of $455 per hour for Attorney Fernandez received in *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, Case No. 2:15-cv-645-JES-CM (M.D. Fla. Nov. 4, 2016). (Doc. 206, p. 5). The Dixit defendants argue HealthPlan's hourly rate should be at most limited to the rates found to be reasonable by the court in *Gian*. (Doc. 221, p. 2).

HealthPlan's proposed hourly rates are excessive for a fee award. HealthPlan has not met its burden to provide evidence for fee awards for these billable rates in the relevant market. *See Norman*, 836 F.2d at 1299 (citations omitted). First, what an attorney can collect from his client does not transfer dollar for dollar to what a court should order the attorney may recover on a motion for sanctions from the opposing party. *See Barnes*, 168 F.3d at 428. Second, the court recognizes the case's overall complexity, but this fee award addresses a more mundane dispute over discovery of documents and not the underlying intellectual property legal theories. To expect the court to award the hourly rate of more senior attorneys, specifically Attorney Fernandez who is a shareholder, to handle the vast majority of hours billed for their discovery disputes is unreasonable when HealthPlan has two capable associates who could handle more of the day to day discovery issues.

7

HealthPlan's rates are above what the courts typically awards as appropriate rates in the Middle District of Florida.[2] According to the Florida Bar's 2018 Economics and Law Office Management Survey published in March 2019, the median hourly rate is $300.[3] While the court recognizes this is the median average and hourly rates are both below and above this, the rates requested by HealthPlan far exceed the median hourly rate. The appropriate hourly rates for an attorney's fee award in the relevant market for Attorneys Frankel, Fernandez, and Christou are $550, $400, and $250, respectively. *See MWR Holdings, LLC v. Academy of Tampa, Inc.*, No. 8:14-cv-1325-T-30MAP, 2014 WL 5590998, at *1 (M.D. Fla. Nov. 3, 2014) (hourly rates between $400 and $475 were reasonable given the respective attorneys' experience and the market rate in Tampa, Florida); *Dynamic Designs Distrib., Inc. v. Nalin Mfg., LLC*, No. 8:13-cv-707-T-33TBM, 2014 WL 11279821, at *2 (M.D. Fla. June 16, 2014) (hourly rates between $195 and $330 were reasonable). Also, the paralegal who worked on this case billed $265 per hour. The same Florida Bar survey found $125 is the median hourly rate for paralegals, which is reasonable. Thus, Ms. Lovell's rate

---

[2] Both Attorneys Frankel and Christou are based in different locations than Attorney Fernandez. Even though the attorneys are based in different legal markets, the attorneys are only able to recover the reasonable hourly rates for the relevant market, Tampa. *See Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 8:03-cv-1377-T-17MAP, 2011 WL 4382450, at *7–9 (M.D. Fla. Aug. 9, 2011) (holding an hourly rate based on the New York City rates was unreasonable and reduced to match prevailing hourly rate in the relevant market, Tampa).

[3] The Florida Bar, *Results of 2018 Economics and Law Office Management Survey* (March 2019), https://www-media.floridabar.org/uploads/2019/03/2018-Economics-Survey-Report-Final.pdf.

is reduced to $125.

### B. Reasonable hours and time entries

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Rowe*, 472 So. 2d at 1150. To prevail in its request for attorney's fees, the moving party should present accurate records that detail the work the attorneys performed. *Id.* Inadequate documentation may reduce the fees requested. *Id.*; *Hensley*, 461 U.S. at 433. The court may also reduce hours it finds excessive or unnecessary. *Rowe*, 472 So. 2d at 1150.

After the moving party provides sufficient documentation to support an attorney's fees award, the burden shifts to the opposing party to point out with specificity which hours should be reduced. *22nd Century Prop., LLC v. FPH Prop., LLC*, 160 So. 3d 135, 142–43 (Fla. Dist. Ct. App. 2015) (quotation and citation omitted). Conclusory objections and generalized statements are not given much weight. *Gray v. Lockheed Aeronautical Sys., Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). Hours to which the opposing party fails to object with specificity are accepted as reasonable. *Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1333–34 (M.D. Fla. May 13, 2002) (citations omitted). And the court must review the billing log to determine whether the work was unnecessary, excessive, redundant, included improper billing or clerical work performed by attorneys. *See Barnes,* 168 F.3d at 428.

The Dixit defendants argue the court should exclude all work related to

9

seeking amendment of the response to the requests for production because HealthPlan mislead the court by stating the Dixit defendants had not amended their responses when they had. (Doc. 220, pp. 1–2). The Dixit defendants argue the court should exclude all the work related to dealings with Attorney Shyamie Dixit, counsel for Ms. Kutsomarkos and E-Integrate, because Attorney Dixit does not represent the Dixit defendants. (*Id.* at p. 2). The Dixit defendants argue the court should exclude all work reasonably associated with normal discovery. (*Id.*). HealthPlan sufficiently documented the hours requested, and the Dixit defendants failed to meet their burden on which entries should be reduced. The Dixit defendants' arguments are generalized statements and conclusory objections. After the court's review of HealthPlan's billing log, the hours billed by HealthPlan are reasonable.

**C. Costs**

HealthPlan seeks to cover the costs associated with Lexis research charges relating to its first and second motions for fees and the October 16 Discovery Conference. (Doc. 206, p. 10). HealthPlan seeks $600 in costs and provides an affidavit from Attorney Richard Fee to show the request is reasonable. (Doc. 206, Ex. 4, ¶ 19).

The Dixit defendants did not object to the costs presented by HealthPlan. (Doc. 221). Since the Dixit defendants did not object and HealthPlan shows the costs are reasonable, HealthPlan is award its requested costs.

### D. Final Calculation

After making the reductions in the hourly rates and multiplying the hours reasonably expended by the reduced hourly rates, HealthPlan should be awarded **$36,490.00** in attorney's fees and costs. HealthPlan's award is calculated as follows:

| Timekeeper | Hours | *Adjusted* Rate per Hour | Total |
|---|---|---|---|
| Alejandro Fernandez (Partner/Shareholder) | 58.80 | $400 | $23,520 |
| William Frankel (Partner/Shareholder) | 6.65 | $550 | $3,657.50 |
| Evi Christou (Associate) | 34.10 | $250 | $8,525 |
| Cindy Lovell (Paralegal) | 1.5 | $125 | $187.50 |
| **Costs** | | | $600.00 |
| **Total** | **101.5** | | **$36,490.00** |

### III. CONCLUSION

HealthPlan's motion for attorney's fees and costs (Doc. 206) is **GRANTED in part and DENIED in part**. HealthPlan is awarded reasonable attorney's fees and costs of **$36,490.00** to be paid within thirty days from this order.

**ORDERED** in Tampa, FL on December 20, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge