**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HEALTHPLAN SERVICES, INC.,**

    **Plaintiff,**

v.                                                             **Case No.: 8:18-cv-2608-T-23AAS**

**RAKESH DIXIT, FERON KUTSOMARKOS, E-INTEGRATE, INC., KNOWMENTUM, INC., and MEDIA SHARK PRODUCTIONS, INC.,**

    **Defendants.**
_____/

## ORDER

Attorneys Shyamie Dixit and Robert Vessel[1] seek permission to withdraw from representing Feron Kutsomarkos and E-Integrate, Inc. (Doc. 208). Attorney Dustin Deese also seeks permission to withdraw from representing Rakesh Dixit, Knowmentum, Inc., Media Shark Productions, Inc., and E-Intergrate, Inc. (Doc. 236). Plaintiff HealthPlan Services, Inc. opposes both motions. (Docs. 217, 244). Attorney Dixit also renews his motion. (Doc. 255).

"A motion to permissively withdraw is a matter in the discretion of the court." *Obermaier v. Driscoll*, No. 2:00-CV-214-FTM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000). Under Local Rule 2.03, the court may permit attorneys to

---

[1] While the motion to withdraw includes Robert Vessel, Attorney Shyamie Dixit is the only attorney who has appeared from the Dixit Law Firm.

1

withdraw if doing so does not cause a continuance or delay in the case. If permitting attorneys to withdraw would cause delay or a continuance, counsel must establish "compelling ethical considerations." *See Alfonso v. Straight Line Installations, LLC, and Jonathon Snyder*, No. 6:08-cv-1842-Orl-35DAB (M.D. Fla. Apr. 16, 2019).

In deciding what are compelling ethical circumstances, the court is "guided by the Florida Rules of Professional Conduct." *Albert v. DRS Technologies, Inc.*, No. 6:11-cv—869-Orl-36DAB, 2012 WL 12898965, at *2 (M.D. Fla. Apr. 18, 2012). Under the Florida Rules of Professional Conduct,

> (a) **When Lawyer Must Decline or Terminate Representation**. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
>> (1) the representation will result in violation of the Rules of Professional Conduct or law;
>> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
>> (3) the lawyer is discharged;
>> (4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
>> (5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.
>
> (b) **When Withdrawal Is Allowed**. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:
>
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

> (3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (5) other good cause for withdrawal exists.

Fla. R. of Professional Conduct 4-1.16. The movant has the burden of establishing one of these grounds.

As discussed at the January 24 hearing, Attorney Deese's and Dixit's motions to withdraw are deficient and Attorney Dixit's "renewed" motion fares no better. All three motions fail to establish one of the Rule 4-1.16 grounds and show the compelling ethical considerations required under Local Rule 2.03(b) when permitting withdraw would likely cause a continuance or delay. Instead, Attorney Dixit's motion vaguely cites "irreconcilable differences." (Doc. 208, p. 1). His "renewed" motion again vaguely cites "irreconcilable differences" and adds, with citation to Rule 4-1.16, his client discharged his representation. (Doc. 255, p. 2). Attorney Deese's motion states "professional considerations require termination of the representation." (Doc. 236, p. 2).

All three motions ignore that Rule 4-1.16 repeats in sub-sections (a) and (b) the phrase "[e]xcept as stated in subdivision (c) . . . ." Importantly, "subdivision (c)" states in pertinent part: "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Fla. R. of Professional Conduct 4-1.16(c).

3

Not one of the three pending withdraw motions give any specific cause—much less good cause—for permitting defense counsel to withdraw at this time. On the contrary, the court is in the middle of addressing alleged discovery misconduct, including sanctionable conduct (and possibly even spoliation of evidence), in the face of looming case deadlines. The court stayed the upcoming discovery deadlines pending the parties' jointly requested continuation of the January 24 hearing to February 25 to permit one final opportunity to comply with numerous discovery orders prior to fashioning appropriate sanctions, including possibly recommending case-dispositive sanctions.

Importantly, all but two defendants are business entities and Local Rule 2.03(e) states corporate entities "may appear and be heard only through counsel." Attorney Dixit has been seeking to withdraw for almost three months and Attorney Deese for over a month. No substitute counsel has appeared. To permit counsel to withdraw would leave these corporate entities voiceless during an ongoing discovery dispute to the detriment of the corporate defendants, the plaintiff, and the court.

Accordingly, Attorney Dixit's motions to withdraw as counsel (Docs. 208 & 255) and Attorney Deese's motion to withdraw as counsel (Doc. 236) are **DENIED without prejudice.**

**ORDERED** in Tampa, Florida on January 28, 2020

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge