UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
a Florida corporation,
    Plaintiff,

vs.    Case No.: 8:18-cv-02608-SDM-AAS

RAKESH DIXIT, an individual,
FERON KUTSOMARKOS, an individual,
E-INTEGRATE, INC., a Florida corporation,
KNOWMENTUM, INC, a Florida
corporation, and
MEDIA SHARK PRODUCTIONS, INC., a
Florida corporation,

    Defendants.
_____/

**THIRD MOTION TO WITHDRAW AS CO-COUNSEL FOR DEFENDANT
E-INTEGRATE, INC. AND COUNSEL FOR FERON KUTSOMARKOS**

Attorney Shyamie Dixit, of the Dixit Law Firm (referred to as "Counsel" or "Dixit Law Firm"), pursuant to Local Rule 2.03(b), files this Third Motion to Withdraw, requesting an order from the Court allowing Dixit Law Firm to withdraw as co-counsel for Defendant E-INTEGRATE, INC. ("E-Integrate") and as counsel FERON KUTSOMARKOS ("Kutsomarkos") (collectively referred to as "Defendants "). In support, Dixit Law Firm states the following:

1. Since Dixit Law Firm's First Motion to Withdraw (Doc. 208), on November 1, 2019, circumstances continue to make it **mandatory** for Dixit Law Firm to withdraw as attorneys for Defendants. However, the Magistrate continues to deny Counsel's Motions to Withdraw (*see* Docs. 208, 255, and 257).

2. The Magistrate asserts that Counsel's "motions to withdraw are deficient [because the] motions fail to establish one of the Rule 4-1.16 grounds and show the compelling ethical

1

considerations required under Local Rule 2.03(b) when permitting withdraw would likely cause a continuance or delay." The Magistrate also asserts that the "motions ignore that Rule 4-1.16 repeats in sub-sections (a) and (b) the phrase '[e]xcept as stated in subdivision (c) …,' [and] 'subdivision (c)' states in pertinent part: 'When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.' Fla. R. of Professional Conduct 4-1.16(c)." The Magistrate further demands "specific cause" before permitting defense counsel to withdraw.

3. Counsel respectfully responds that the Magistrate is requiring a level of "specific cause" that cannot be provided because (i) Defendants specifically and explicitly discharged Dixit Law Firm as their counsel in this action, (ii) Defendants have not consented to the disclosure of any privileged or confidential information, and (iii) Counsel cannot state more, as it would call for, or require the disclosure of, privileged and confidential attorney-client communications.

4. Accordingly, undersigned counsel is ethically obligated to file this motion for leave to withdraw (**again**) pursuant to Rule 4-1.16(a)(3) of the Rules Regulating the Florida Bar, which provides:

> **When Lawyer Must Decline or Terminate Representation**. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if […] the lawyer is discharged.

5. As explained above, Counsel cannot continue to represent Defendants in these proceedings; Dixit Law Firm is not able to provide further assistance or work for the Defendants in this lawsuit (*see* Rule 4-1.16(b) of the Rules Regulating the Florida Bar); and, the Defendants have indicated that they will not be retaining new counsel.

6. Counsel relies on ABA formal ethics opinion issued on December 19, 2016. *See* ABA Std'g Comm. on Ethics & Prof'l Resp., Formal Op. 476 (Dec. 19, 2016) ("Confidentiality

Issues when Moving to Withdraw for Nonpayment of Fees in Civil Litigation"). To balance the client's interest in privilege and confidentiality with the Magistrate's interest in making an informed decision on a motion to withdraw, the formal opinion advises a lawyer seeking to withdraw as counsel of record to do the following:

7. **First**, the lawyer should submit a motion to withdraw that discloses no client information other than, perhaps, a reference to the need to withdraw for "professional considerations." In addition, the lawyer may disclose the procedural steps taken prior to filing the motion, such as providing notice to the client. The lawyer may also update the court on the procedural status of the litigation. *Id.* at 9; *and, see* Counsel's First Motion (Doc. 208).

8. **Second,** if the court insists on additional information, the lawyer should then "seek[] to persuade the court to rule on the motion without requiring the disclosure of confidential client information," and assert "all non-frivolous claims of confidentiality and privilege." *Id*; *and, see* Counsel's Second Motion (Doc. 255).

9. **Third,** if the court still insists on receiving additional information before ruling on the motion to withdraw, then the lawyer should, pursuant to Rule 1.6(b)(5), provide "only such information as is reasonably necessary to satisfy the needs of the court and preferably by whatever restricted means of submission, such as in camera review under seal, or such other procedures designated to minimize disclosure as the court determines is appropriate." *Id*; *and, see* Counsel's Third Motion *sub judice*.

10. **Finally**, if the court "expressly orders" the lawyer to make full, public disclosure of the otherwise confidential information, then Rule 1.6(b)(6) would permit the disclosure to allow the lawyer "to comply with a court order." *Id.*

11. Counsel is extremely concerned, however, that if the Magistrate were to expressly order Counsel to make full, public disclosure of the otherwise privileged and confidential information, **the Magistrate's impartiality may reasonably be questioned in this proceeding and, therefore, the Magistrate should recuse herself pursuant to 28 U.S.C.A. § 455**.

12. In light of the foregoing, the undersigned attorney and law firm move to withdraw (**again**) as counsel for the Defendants.

13. If the Court requests additional information underlying this motion, undersigned counsel will offer further details in an *in camera* hearing in order to preserve attorney-client confidences. However, "[t]he lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient" (*see* Comment, Rule 4-1.16 of the Rules Regulating the Florida Bar).

14. This motion should be granted because Counsel has shown that withdrawal will not prejudice any party *and* that there is good cause. Therefore, Counsel requests permission to withdraw from further representation of the Defendants.

WHEREFORE, for the reasons stated above, Shyamie Dixit, of the Dixit Law Firm, and all its attorneys, pray for an Order of this Court permitting them to withdraw as counsel.

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), Plaintiff's counsel has consistently and repeatedly opposed the relief requested, including during the hearing on January 24, 2020.

**CERTIFICATE THAT THE PARTIES CONFERRED**

Pursuant to Local Rule 2.03(b), undersigned counsel has given more than ten (10) days' notice to the parties and clients affected thereby, and to opposing counsel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing is being emailed on February 12, 2020, to all counsel of record who are CM/ECF participants, and by email delivery to Feron Kutsomarkos and E-Integrate, Inc., c/o Rakesh Dixit.

> Respectfully submitted,
> ***DIXIT LAW FIRM***
> */s/ Shyamie Dixit*
> Shyamie Dixit, Esq. (sdixit@dixitlaw.com)
> Florida Bar No.: 719684
> Robert L. Vessel, Esq. (rvessel@dixitlaw.com)
> Florida Bar No.: 314536
> 3030 N. Rocky Point Drive West, Suite 260
> Tampa, FL 33607
> Telephone: (813) 252-3999
> Fax: (813) 252-3997