UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTHPLAN SERVICES, INC.,
    Plaintiff,

v.                                                      CASE NO.: 8:18-cv-02608-SDM-AAS

RAKESH DIXIT, *et al.*,
    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO SECOND MOTION FOR WITHDRAWAL OF DUSTIN D. DEESE [DKT. 274] AND THIRD MOTION [OF SHYAMIE DIXIT] TO WITHDRAW AS CO-COUNSEL FOR DEFENDANT E-INTEGRATE, INC. AND COUNSEL FOR FERON KUTSOMARKOS [DKT. 264]

Plaintiff HealthPlan Services, Inc. (herein "HPS" or "Plaintiff") hereby responds to Second Motion For Withdrawal Of Dustin D. Deese [Dkt. 274] And Third Motion [of Shyamie Dixit] To Withdraw As Co-Counsel For Defendant E-Integrate, Inc. And Counsel For Feron Kutsomarkos [Dkt. 264]. HPS has opposed previous motions to withdraw from Mr. Deese and Mr. Dixit because (1) the withdrawal would adversely affect the orderly administration of the Court and this case in particular; and (2) because the corporate defendants would be left without counsel. The Court has noted these realities and denied defense counsels' prior attempts to withdraw. See Dkt. 238 and 257. In doing so, the Court further acknowledged that the Defendants had numerous outstanding discovery obligations and urgent deadlines that it must meet before the February 25 hearing. Dkt. 257. As the Court stated in its order:

> The court stayed the upcoming discovery deadlines pending the parties' jointly requested continuation of the January 24 hearing to February 25 to permit **one final opportunity to comply with numerous discovery orders** prior to fashioning appropriate sanctions, including possibly recommending case-dispositive sanction. Importantly, all but two defendants are business entities and Local Rule 2.03(e) states corporate entities 'may appear and be heard only through counsel.' Attorney Dixit has been seeking to withdraw for almost three months and Attorney Deese for over a month. Defendants have not identified any substitute counsel during

1

> this time; nor have other counsel appeared on their behalf. As this Court has noted, "*[t]o permit counsel to withdraw would leave these corporate entities voiceless during an ongoing discovery dispute to the detriment of the corporate defendants, the plaintiff, and the court.*"

Id. (Emphasis added)

To date, this Court has denied counsel's attempts to withdraw from the case, in large part so that counsel could assist Defendants in correcting the numerous violations of its orders. This was only fair to HPS as some of the outstanding discovery issues date back over a year, and for a portion of that time, Defendants had used a rotating cast of attorneys to avoid discovery obligations. It would have significantly prejudiced HPS to further delay the case while Defendants again looked for new counsel. The Court's actions were extremely fair and generous to Defendants because it afforded them more time than they deserved to procure new counsel and address a number of Court Orders.

However, Defendants, and their counsel, failed to take advantage of their "one final opportunity", set for February 21, 2020 by 5 p.m. (Dkt. 258), to comply with the Court's outstanding discovery orders. HPS moved for default judgment. Indeed, the only new developments between the January 24 and February 21 deadline, were Defendants' further violations of Court orders: (1) Rakesh Dixit produced a backup hard drive that only further demonstrated the extent of Defendants' efforts to deceive the Court and destroy relevant evidence; (2) Rakesh Dixit failed to pay monetary sanctions that became due; and (3) Rakesh Dixit failed to respond to HPS' Motion for fees (Doc. 260). See Dkt. 273.

The February 21 compliance date has come and gone, the February 25 hearing has come and gone, and the final opportunity to comply has come and gone. The case is in a default posture. See Dkt. 273. Accordingly, the justifications for keeping counsel in the case (i.e., so these corporate entities would not be rendered voiceless during an ongoing discovery dispute) is no longer present. Defendants had counsel, and they failed to further the case or comply with the Court's orders.

Rule 37 is clear that if outstanding sanctions motions are granted, the Court must order "the

party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay HPS's "reasonable expenses incurred in making the motion." F.R.C.P. §§ 37(a)(5) and 37(b)(2()(C). Several of HPS outstanding motions seek sanctions under Rule 37, including Docs. 226, 248, and 273, and several have already been granted with fees outstanding. To the extent these motions are granted, Defendants' counsel may owe fees for their part in the discovery misconduct. For example, the Defendants' counsel identified over 350 potential witnesses without identifying information in their initial disclosures, and despite numerous orders and numerous motions to compel, the Defendants have refused to provide disclosures that comply with the Federal Rules, and Defendants refused to pay sanctions for violations of those orders. (Orders at Docs. 141 and 200.) The attorneys bear responsibility for such conduct.

The Dixit Defendants' re-dated discovery responses that they had served on May 31 to November 4, simply re-captioned them as "second amended," and their lead counsel, Dustin Deese and Johnny Hightower, signed and certified service of the documents.[1] (See. Doc. 226 at 4-5). Defendants counsel was also intimately involved in the events leading up to and following the Laptop spoliation. (Doc 273 at 3-7; 21-23). Although there are over a dozen orders Defendants are presently violating, at the most recent hearing, Defendants' counsel repeatedly did nothing other than reassert the same excuses that this Court rejected when it issued the orders in the first instance. They did not provide any cause or justification for why the Defendants have not come into compliance. For example, the Defendants did nothing to show cause for why they have yet to pay a single monetary sanction imposed by the Court. Moreover, Defendants' counsel, on one

---

[1] Approximately 2 hours before the hearing, Mr. Deese circulated a document titled: DEFENDANT RAKESH DIXIT'S CORRECTED SECOND AMENDED RESPONSE TO PLAINTIFF HEALTHPLAN SERVICES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-50) (propounded December 19, 2018). As Mr. Deese acknowledged at the hearing, the long belated service of this document did not change the outstanding production issues, but merely updated the written responses. The Court had first ordered that Defendants supplement this response approximately *seven months* earlier on July 30, 2019. (Doc. 141)

hand, have argued that they had no ability to act on behalf of their clients, but on the other hand, have produced an updated discovery response 2 hours before the February 25 hearing (days after the Court's deadline) with absolutely no notice to HPS' counsel. In short, Defendants' counsel have undoubtedly been part of the sanctionable conduct.

To the extent that the outstanding sanctions issues are resolved against defendants and their counsel and the payment of other sanctions fees are outstanding, HPS maintains that the Court's granting of the withdrawals will not relieve the attorney of any appropriate disciplinary responsibility for their role in sanctionable conduct. *Fisher v. State*, 248 So. 2d 479, 484 (Fla. 1971).

The Defendants have had many months to find new counsel and had failed to do so. HPS further understood that Defendants' March 20 deadline to respond to HPS's motion for default judgment will not be extended due to Defendants' failure to find counsel. Finally, HPS understands that Defendants' counsel will be responsible for their part in the sanctionable conduct, even if the withdrawal is granted. Given the present circumstances, HPS no longer objects to the motions to withdraw.

Dated: March 2, 2020

Respectfully Submitted,

*/s/ Andrew J. Avsec*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**AKERMAN, LLP**
SunTrust Financial Centre, Suite 1700
401 E. Jackson Street
Tampa, FL 33602
alejandro.fernandez@akerman.com
stephen.leahu@akerman.com
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

Andrew J. Avsec
(IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel
(IL ARDC No. 3127933)
*Admitted Pro Hac Vice*
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
aavsec@brinksgilson.com
wfrankel@brinksgilson.com
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

*Attorneys for Plaintiff*
*HealthPlan Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 2, 2020, I electronically filed the foregoing document with the Clerk of the Court CM/ECF, which will send notification of this filing to all counsel of record in this action.

*/s/ Andrew J. Avsec*
Alejandro J. Fernandez (FBN: 32221)
Stephen J. Leahu (FBN: 0054037)
**AKERMAN, LLP**
SunTrust Financial Centre, Suite 1700
401 E. Jackson Street
Tampa, FL 33602
alejandro.fernandez@akerman.com
stephen.leahu@akerman.com
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

Andrew J. Avsec
(IL ARDC No. 6292313)
*Admitted Pro Hac Vice*
William H. Frankel
(IL ARDC No. 3127933)
*Admitted Pro Hac Vice*

5

**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
[aavsec@brinksgilson.com](mailto:aavsec@brinksgilson.com)
[wfrankel@brinksgilson.com](mailto:wfrankel@brinksgilson.com)